UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISA SVENSSON,<br>                 Plaintiff,<br><br>            v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a<br>PUTNAM INVESTMENTS , INC. and,<br>LAWRENCE J. LASSER<br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04-12711 PBS |

**ANSWER AND SEPARATE DEFENSES OF
DEFENDANT PUTNAM, LLC d/b/a
PUTNAM INVESTMENTS f/k/a
<u>PUTNAM INVESTMENTS, INC.</u>**

Putnam, LLC d/b/a Putnam Investments f/k/a Putnam Investments, Inc. ("Putnam") responds to the Amended Complaint and Jury Demand of plaintiff, Lisa Svensson ("Svensson"), as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. Putnam denies all allegations contained in Paragraph 1 of the Amended Complaint. Putnam further states that Svensson no longer is employed by Putnam because, among other reasons, she was not a constructive or effective manager and attempted to impede and undermine the careers of subordinates and colleagues. Putnam provided Svensson ample opportunities to modify her behavior. Ultimately, Putnam offered to retain Svensson in a non-managerial position, but she refused.

2. Putnam admits that Svensson's employment terminated on September 15, 2003. Putnam denies all remaining allegations in Paragraph 2 of the Amended Complaint and further

states that any hindrances Svensson believes that she confronted were a result of her own professional shortcomings and were unrelated to her gender.

3. Putnam denies the allegations in Paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint purports to summarize Svensson's allegations. To the extent Paragraph 4 of the Amended Complaint contains any allegations of fact or conclusions of law, Putnam denies same.

5. Putnam denies the allegations in Paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. Putnam admits that Svensson invokes this Court's jurisdiction.

7. Putnam admits that Svensson invokes this Court's jurisdiction.

8. Putnam admits that it maintains a place of employment in Boston, Massachusetts and conducts business in this District. Putnam admits that venue is proper in this District.

## PARTIES

9. Putnam lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Amended Complaint.

10. Putnam denies the allegations in Paragraph 10 of the Amended Complaint.

11. Putnam lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Amended Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Putnam denies the allegations in Paragraph 12 of the Amended Complaint.

13. Putnam admits the genuineness of the letter attached as Exhibit A to the Amended Complaint and states that the document is the best evidence of its contents.

14. Putnam admits the genuineness of the letter attached as Exhibit B to the Amended

Complaint and states that the document is the best evidence of its contents.

15. Putnam lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Amended Complaint.

### ALLEGATIONS COMMON TO ALL CLAIMS

16. Paragraph 16 of the Amended Complaint states a legal conclusion to which no response is required.

17. Putnam admits that Svensson was employed as an Analyst at Lord Abbett & Co. in New York. Putnam lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Putnam denies the allegations in Paragraph 18 of the Amended Complaint.

19. Putnam admits the genuineness of the June 9, 1994 letter and states that the document is the best evidence of its terms. Putnam lacks sufficient knowledge to admit or deny that Svensson received any admonitions when she interviewed with Putnam. Putnam denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Putnam admits that Svensson signed an offer letter dated June 14, 1994 accepting a position at Putnam. Putnam lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Putnam admits the first sentence of Paragraph 21 of the Amended Complaint. Putnam admits that between 1994 and 2003, Svensson received salary increases, bonuses, and restricted stock grants, and she was also afforded the opportunity to participate in various employee benefit programs, as well as stock option and deferred compensation plans. Putnam denies the remaining allegations in Paragraph 21 of the Amended Complaint, specifically Svensson's statements that she "received excellent annual performance evaluations" and

"repeated praise from supervisors and colleagues". Putnam states that throughout her employment, Svensson demonstrated an inability to work and communicate well with others, which resulted in numerous issues with and complaints from her male and female managers, peers and subordinates. Putnam counseled Svensson about her professional shortcomings throughout her employment.

22. Putnam denies the allegations in Paragraph 22 of the Amended Complaint. Putnam further states that the International Growth Team was disbanded and reorganized as a result of its poor investment performance which led to Putnam's termination of the Chief Investment Officer, while others (including Svensson) were permitted to seek a different position within Putnam. Svensson found a position with the Global Equity Research ("GER") group.

23. Putnam denies the allegations in Paragraph 23 of the Amended Complaint.

24. Putnam admits that Svensson was not promoted to Managing Director, but states that other women were promoted to Managing Director during the same time period. Putnam further states that women voted against Svensson's promotion to Managing Director. Putnam denies the remaining allegations in Paragraph 24 of the Amended Complaint.

25. Putnam lacks sufficient knowledge to admit or deny the first sentence of Paragraph 25 of the Amended Complaint. Putnam specifically denies that Svensson was held to a higher standard than male employees. Putnam denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. Putnam admits that the International Growth Team was reorganized and reduced in size due to its poor investment performance. However, because her interpersonal and management skills created difficulty with her subordinates and colleagues, no team except GER was willing to work with Svensson. At the time of her transfer to GER, Putnam counseled

Svensson that she needed to work on and improve her interpersonal and people management skills.  Putnam denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27.  Putnam denies the allegations in Paragraph 27 of the Amended Complaint, and further states that Svensson was not "forced" to return to the GER group, but that the GER group was the only department at Putnam willing to accept Svensson.

28.  Putnam denies the allegations in Paragraph 28 of the Amended Complaint. Putnam states that all of its personnel decisions with respect to Svensson were based solely on Svensson's job performance.

29.  Putnam denies the allegations in Paragraph 29 of the Amended Complaint.

30.  Putnam denies the allegations in Paragraph 30 of the Amended Complaint.

31.  Putnam denies the allegations in Paragraph 31 of the Amended Complaint. Putnam further states that Charles "Ed" Haldeman ("Haldeman") did meet with Analysts and discussed the importance of suitability of investments, but that Svensson distorts Haldeman's comments.

32.  Putnam admits that Svensson was appointed by William Landes as Associate Director of Research.  Putnam denies the remaining allegations in Paragraph 32 of the Amended Complaint, except to admit that Josh Brooks' ("Brooks") compensation exceeded that of Svensson.

33.  Putnam denies the allegations in Paragraph 33 of the Amended Complaint.

34.  Putnam denies the allegations in Paragraph 34 of the Amended Complaint.

35.  Putnam admits that Svensson discussed the allocation of brokerage commissions with Brooks.  Putnam further states that Brooks agreed with certain of her views and informed Svensson that Putnam's brokerage allocation practice was currently being discussed by Putnam

senior management and the Putnam Funds' Trustees. Putnam denies the remaining allegations in Paragraph 35 of the Amended Complaint.

36. Putnam denies the allegations in Paragraph 36 of the Amended Complaint. Putnam further states that in the late Summer of 2003, after Svensson made critical statements about subordinates, Putnam management investigated those claims. During that investigation, Putnam learned that key statements made by Svensson were false. Putnam also learned disturbing information about Svensson's management of her subordinates, one of whom resigned his employment almost entirely due to Svensson's management style. Putnam further learned that another of Svensson's subordinates was seriously contemplating resignation for the same reason. The review revealed that Svensson had not been forthright with Putnam concerning the performance of her subordinates. Based on that review and other feedback obtained about Svensson's job performance, Putnam concluded that Svensson could no longer function as a manager.

37. Putnam denies the allegations in Paragraph 37 of the Amended Complaint, except that after concluding the interviews referred to in Paragraph 36 above, Brooks did meet with Svensson and offered her several options, including the option of remaining employed with Putnam in a non-managerial role.

38. Putnam denies the allegations in Paragraph 38 of the Amended Complaint. Putnam further states that Svensson refused all of the options outlined by Brooks, and instead demanded an immediate promotion to Managing Director and guaranteed compensation of at least $1 million annually.

39. Putnam denies the allegations in Paragraph 39 of the Amended Complaint. Putnam states that it refused to accede to Svensson's demands, and when Svensson refused to

accept a non-managerial role, Putnam had no choice but to terminate Svensson's employment. Putnam further states that it complied with the terms of the various stock plans then in effect.

40. Putnam admits that Mary McNamee presented Svensson with a document indicating that Putnam was terminating her employment. Svensson did not sign the severance agreement offered by Putnam. Putnam denies the remaining allegations in Paragraph 40 of the Amended Complaint.

41. Putnam denies the allegations in Paragraph 41 of the Amended Complaint.

42. Putnam denies the allegations in Paragraph 42 of the Amended Complaint.

43. Putnam denies the allegations in Paragraph 43 of the Amended Complaint.

44. Putnam denies the allegations in Paragraph 44 of the Amended Complaint.

45. Putnam admits that Svensson had rights to stock options and deferred compensation, subject to the terms of the relevant plans.

46. Putnam admits that Svensson had rights to stock options, subject to the terms of the relevant plans. Putnam denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Putnam admits that it received a letter dated November 12, 2003 from Svensson's attorney.

48. Putnam admits that Svensson filed a Charge with the Massachusetts Commission Against Discrimination, which was thereafter filed with the Equal Employment Opportunity Commission.

49. Putnam admits the genuineness of the March 5, 2004 letter and states that the document is the best evidence of its terms.

50. Putnam admits the genuineness of the March 10, 2004 letter and states that the

document is the best evidence of its terms.

51. Paragraph 51 of the Amended Complaint contains various non sequitors. Putnam states that Svensson has received what she is entitled to receive according to the terms of the relevant plan.

52. Putnam denies the allegations in Paragraph 52 of the Amended Complaint.

53. Putnam denies the allegations in Paragraph 53 of the Amended Complaint.

54. Putnam denies the allegations in Paragraph 54 of the Amended Complaint.

## COUNT I
## SEX DISCRIMINATION (TITLE VII)

55. Putman repeats and incorporates by reference its responses to Paragraphs 1-54 of the Amended Complaint as set forth herein.

56. Paragraph 56 of the Amended Complaint paraphrases the provisions of Title VII, and requires no response.

57. Putnam admits that Svensson is a woman and that Putnam is subject to Title VII. The remainder of Paragraph 57 of the Amended Complaint states a legal conclusion to which no response is required.

58. Putnam denies the allegations in Paragraph 58 of the Amended Complaint.

59. Putnam denies the allegations in Paragraph 59 of the Amended Complaint.

## COUNT II
## VIOLATION OF M.G.L. CH. 151B, § 4

60. Putnam repeats and incorporates by reference its responses to Paragraphs 1-59 of the Amended Complaint as set forth herein.

61. Paragraph 61 of the Amended Complaint paraphrases the provisions of M.G.L. c. 151B, § 4, and requires no response.

62.    Paragraph 62 of the Amended Complaint states a legal conclusion to which no response is required.

63.    Putnam denies the allegations in Paragraph 63 of the Amended Complaint.

64.    Putnam denies the allegations in Paragraph 64 of the Amended Complaint.

65.    Putnam denies the allegations in Paragraph 65 of the Amended Complaint.

66.    Putnam denies the allegations in Paragraph 66 of the Amended Complaint.

67.    Putnam denies the allegations in Paragraph 67 of the Amended Complaint.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS
## EQUAL RIGHTS ACT, M.G.L. CH. 93, § 102

68.    Putnam repeats and incorporates by reference its responses to Paragraphs 1-67 of the Amended Complaint as set forth herein.

69.    Paragraph 69 of the Amended Complaint paraphrases the provisions of M.G.L. c. 93, § 102, and requires no response.

70.    Putnam denies the allegations in Paragraph 70 of the Amended Complaint.

71.    Putnam denies the allegations in Paragraph 71 of the Amended Complaint.

72.    Putnam denies the allegations in Paragraph 72 of the Amended Complaint.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS
## EQUAL PAY ACT, M.G.L. CH. 149, § 105A

73.    Putnam repeats and incorporates by reference its responses to Paragraphs 1-72 of the Amended Complaint as set forth herein.

74.    To the extent that Paragraph 74 of the Amended Complaint paraphrases the provisions of M.G.L. c. 149, § 105A, no response is required. To the extent that Paragraph 74 of

the Amended Complaint alleges that Putnam violated the provisions of M.G.L. c. 149, § 105A, Putnam denies that allegation.

    75.    Putnam denies the allegations in Paragraph 75 of the Amended Complaint.

    76.    Putnam denies the allegations in Paragraph 76 of the Amended Complaint.

    77.    Putnam denies the allegations in Paragraph 77 of the Amended Complaint.

## COUNT V
## BREACH OF COVENANT OF
## GOOD FAITH AND FAIR DEALING

    78.    Putnam repeats and incorporates by reference its responses to Paragraphs 1-77 of the Amended Complaint as set forth herein.

    79.    Putnam denies the allegations in Paragraph 79 of the Amended Complaint.

    80.    Putnam denies the allegations in Paragraph 80 of the Amended Complaint.

    81.    Putnam denies the allegations in Paragraph 81 of the Amended Complaint.

## COUNT VI
## BREACH OF CONTRACT

    82.    Putnam repeats and incorporates by reference its responses to Paragraphs 1-81 of the Amended Complaint as set forth herein.

    83.    Putnam denies the allegations in Paragraph 83 of the Amended Complaint.

    84.    Putnam denies the allegations in Paragraph 84 of the Amended Complaint.

## COUNT VII
## RETALIATION FOR ALLEGING RIGHTS UNDER
## FEDERAL ANTI-DISCRIMINATION STATUTES

    85.    Putnam repeats and incorporates by reference its responses to Paragraphs 1-84 of the Amended Complaint as set forth herein.

86. Putnam admits that Svensson and her counsel have made various allegations but deny that they are true, and further deny the remaining allegations in Paragraph 86 of the Amended Complaint.

87. Putnam denies the allegations in Paragraph 87 of the Amended Complaint.

88. Putnam denies the allegations in Paragraph 88 of the Amended Complaint.

89. Putnam denies the allegations in Paragraph 89 of the Amended Complaint.

90. Putnam denies the allegations in Paragraph 90 of the Amended Complaint.

91. Putnam denies the allegations in Paragraph 91 of the Amended Complaint.

## COUNT VIII
## RETALIATION UNDER M.G.L. CH. 151B

92. Putnam repeats and incorporates by reference its responses to Paragraphs 1-91 of the Amended Complaint as set forth herein.

93. Putnam denies the allegations in Paragraph 93 of the Amended Complaint.

94. Putnam denies the allegations in Paragraph 94 of the Amended Complaint.

## COUNT IX
## FRAUDULENT INDUCEMENT
## AND MISREPRESENTATION

95. Putnam repeats and incorporates by reference its responses to Paragraphs 1-94 of the Amended Complaint as set forth herein.

96. Putnam admits that Svensson was employed by Lord Abbett & Co. when she received an offer from Putnam. Putnam denies the remaining allegations in Paragraph 96 of the Amended Complaint.

97. Putnam admits that Svensson joined Putnam in the position of Analyst with a base compensation of $125,000 and an initial bonus of $150,000, and other employment benefits.

Putnam lacks sufficient knowledge of the reasons why Svensson left her employment with Lord Abbett. Putnam denies the remaining allegations in Paragraph 97 of the Amended Complaint.

98. Putnam admits that Svensson relocated to Boston. Putnam lacks the sufficient knowledge to admit or deny the terms of the financing for the purchase of her home, or the proffered reasons why Svensson purchased a home. Putnam denies the remaining allegations in Paragraph 98 of the Amended Complaint.

99. Putnam denies the allegations in Paragraph 99 of the Amended Complaint.

100. Putnam denies the allegations in Paragraph 100 of the Amended Complaint.

101. Putnam denies the allegations in Paragraph 101 of the Amended Complaint except to state that Svensson was not promoted to Managing Director or Partner.

102. Putnam denies the allegations in Paragraph 102 of the Amended Complaint.

103. Putnam denies the allegations in Paragraph 103 of the Amended Complaint.

104. Putnam denies the allegations in Paragraph 104 of the Amended Complaint.

105. Putnam admits that Svensson's employment terminated on September 15, 2003. Putnam denies the remaining allegations in Paragraph 105 of the Amended Complaint.

## COUNT X
## VIOLATION OF § 510 OF ERISA, 29 U.S.C. § 1140

106. Putnam repeats and incorporates by reference its responses to Paragraphs 1-105 of the Amended Complaint as set forth herein.

107. Putnam denies the allegations in Paragraph 107 of the Amended Complaint.

108. Putnam denies the allegations in Paragraph 108 of the Amended Complaint.

## COUNT XI
## CONVERSION/UNJUST ENRICHMENT

109.   Putnam repeats and incorporates by reference its responses to Paragraphs 1-108 of the Amended Complaint as set forth herein.

110.   Putnam denies the allegations in Paragraph 110 of the Amended Complaint.

111.   Putnam denies the allegations in Paragraph 111 of the Amended Complaint.

112.   Putnam denies the allegations in Paragraph 112 of the Amended Complaint.

## COUNT XII
## AIDING AND ABETTING
## DISCRIMINATION IN VIOLATION OF
## TITLE VII AND M.G.L. CH. 151B

113.   Putnam repeats and incorporates by reference their responses to Paragraphs 1-112 of the Amended Complaint as set forth herein.

114.   Putnam denies the allegations in Paragraph 114 of the Amended Complaint.

115.   Putnam denies the allegations in Paragraph 115 of the Amended Complaint.

## SEPARATE DEFENSES

Putnam reserves the right to amend its Answer and to add additional defenses as discovery and investigation may warrant.

## FIRST SEPARATE DEFENSE

Any harm suffered by Svensson was caused by her own acts and omissions.

## SECOND SEPARATE DEFENSE

Svensson's claims are barred, wholly or in part, by the applicable statute of limitations.

## THIRD SEPARATE DEFENSE

To the extent that Counts III, IV, V, VI, IX, XI allege violations of the same grievance as forms the basis of Count II (violation of M.G.L. c. 151B, § 4), G. L. c. 151B provides the

exclusive remedy for such claims and the civil actions contained in Counts III, IV, V, VI, IX, XI are excluded under the exclusivity provisions of M.G.L. c. 151B, § 9.

### FOURTH SEPARATE DEFENSE

Any action taken by Putnam with respect to Svensson's employment was for legitimate, non-discriminatory reasons.

### FIFTH SEPARATE DEFENSE

Count V fails to state a claim upon which relief can be granted because Svensson was not terminated to deprive her compensation the she had earned, but not yet received, prior to termination.

### SIXTH SEPARATE DEFENSE

Count VI alleges Breach of Implied Contract and is barred by the Statute of Frauds, M.G.L. c. 259, § 1.

### SEVENTH SEPARATE DEFENSE

To the extent that Count XI refers to deferred compensation or other plans covered by ERISA, it is preempted by the exclusivity provisions of ERISA, e.g., 29 U.S.C. §§ 1144, 11321.

### EIGHTH SEPARATE DEFENSE

Svensson has alleged no facts warranting an award of punitive damages.

### NINTH SEPARATE DEFENSE

Svensson's claims are barred, wholly or in part, on the grounds that she has failed to mitigate her damages, if any, as required by law.

**WHEREFORE**, defendant Putnam prays that this Court dismiss Svensson's Complaint with prejudice; award Putnam its costs and attorneys' fees for defending this action; and grant Putnam such other relief as may be appropriate and just.

        PUTNAM, LLC d/b/a PUTNAM INVESTMENTS LLC, f/k/a PUTNAM INVESTMENTS , INC.

        By its attorneys,

        ____/s/ Joseph L. Kociubes_____
        Joseph L. Kociubes, BBO# 276360
        Rachael Splaine Rollins, BBO# 641972
        Carol Head, BBO# 652170
        BINGHAM MCCUTCHEN LLP
        150 Federal Street
        Boston, MA  02110
        (617) 951-8000

Dated:  March 7, 2005