UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
LISA SVENSSON,                         )
                     Plaintiff,        )
                                       )
           v.                          )   CIVIL ACTION
                                       )   NO. 04-12711 PBS
PUTNAM INVESTMENTS LLC, f/k/a          )
PUTNAM INVESTMENT, INC. and,           )
LAWRENCE J. LASSER,                    )
                                       )
                     Defendants.       )
_____ )

## ANSWER OF DEFENDANT LAWRENCE J. LASSER

Lawrence J. Lasser ("Lasser"), by his undersigned counsel, responds to the Amended Complaint and Jury Demand as follows:

### Preliminary Statement

1.  Paragraph 1 of the Amended Complaint contains a characterization of this action, to which no response is required. To the extent an answer may be deemed required, Lasser admits that he was formerly the Chief Executive Officer of Putnam, and denies the remaining allegations of Paragraph 1. Lasser specifically denies that plaintiff is entitled to any relief whatsoever.

2.  Lasser denies the allegations of Paragraph 2 of the Amended Complaint, except to admit that plaintiff's employment terminated.

3.  These allegations contained in Paragraph 3 of the Amended Complaint are not directed at Lasser. To the extent a response is required, they are denied.

4.  Paragraph 4 of the Amended Complaint contains a characterization of this action, to which no response is required. To the extent a response is required, Lasser

BOS1474580.3

denies the allegations of Paragraph 4. Lasser specifically denies that plaintiff is entitled to any relief whatsoever.

5. Paragraph 5 of the Amended Complaint refers to one unidentified defendant, not both defendants. To the extent Paragraph 5 refers to Lasser, he denies the allegations of Paragraph 5.

## Jurisdiction and Venue

6. Paragraph 6 of the Amended Complaint contains conclusions of law to which no response is required.

7. Paragraph 7 of the Amended Complaint contains conclusions of law to which no response is required.

8. Paragraph 8 of the Amended Complaint contains conclusions of law to which no response is required.

## Parties

9. Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint contains allegations not directed at Lasser. To the extent a response is required from Lasser, the allegations in Paragraph 10 of the Amended Complaint are denied.

11. Lasser admits the allegations in Paragraph 11 of the Amended Complaint.

## Exhaustion of Administrative Remedies

12. Lasser denies the allegations of Paragraph 12 of the Amended Complaint, except to admit that plaintiff filed charges with the MCAD and EEOC .

13. Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13 of the Amended Complaint.

14. Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint contains conclusions of law to which no response is required; to the extent an answer is required, Lasser denies those allegations.

### Allegations Common to All Claims

16. Lasser admits that plaintiff is female. With respect to the remaining allegations of Paragraph 16 of the Amended Complaint, Lasser states Paragraph 16 contains conclusions of law to which no response is required.

17. Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 17 of the Amended Complaint.

18. The allegations contained in Paragraph 18 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 18.

19. The allegations contained in Paragraph 19 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 19.

20. The allegations contained in Paragraph 20 of the Amended Complaint are not directed at Lasser. To the extent a response is required,  Lasser states that he lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 20.

21. The allegations contained in Paragraph 21 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 21.

22. The allegations contained in Paragraph 22 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser states that he lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24.

25. The allegations contained in Paragraph 25 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25.

26. The allegations contained in Paragraph 26 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser states that he lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 26.

27.     The allegations contained in Paragraph 27 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 27.

28.     Some of the allegations contained in Paragraph 28 of the Amended Complaint are not directed at Lasser.  To the extent the allegations refer to Lasser, he denies those allegations.

29.     The allegations contained in Paragraph 29 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser states that he lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 29.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 30.

31.     Lasser admits that Charles Haldeman became Putnam's Head of Investments in or around October 2002 and reported to Lasser.  With regard to the remaining allegations of Paragraph 31 of the Amended Complaint, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 31.

32.     Some of the allegations in Paragraph 32 of the Amended Complaint are not directed at Lasser.  To the extent the allegations refer to Lasser, he denies those allegations.

33.     The allegations contained in Paragraph 33 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33.

34. Some of the allegations contained in Paragraph 34 of the Amended Complaint are not directed at Lasser. To the extent the allegations refer to Lasser, he denies those allegations.

35. Some of the allegations contained in Paragraph 35 of the Amended Complaint are not directed at Lasser. To the extent the allegations refer to Lasser, he denies those allegations.

36. Some of the allegations contained in Paragraph 36 of the Amended Complaint are not directed at Lasser. To the extent the allegations refer to Lasser, he denies those allegations.

37. Lasser denies the allegations in Paragraph 37 of the Amended Complaint, except to admit that he was advised that Brooks offered plaintiff several options, including the option of remaining employed with Putnam in a non-managerial role.

38. The allegations contained in Paragraph 38 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38.

39. The allegations contained in Paragraph 39 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39.

40. The allegations contained in Paragraph 40 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 40.

41.     The allegations contained in Paragraph 41 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 41.

42.     The allegations contained in Paragraph 42 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 42.

43.     Lasser denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Lasser denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 45 of the Amended Complaint.

46.     Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 46 of the Amended Complaint.

47.     The allegations contained in Paragraph 47 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 47.

48.     Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 48, except he admits that plaintiff filed charges with the MCAD and the EEOC.

49.     The allegations contained in Paragraph 49 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 49.

50.     The allegations contained in Paragraph 50 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 50.

51.     The allegations contained in Paragraph 51 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51.

52.     Lasser denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Lasser denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Lasser denies the allegations in Paragraph 54 of the Amended Complaint.

## COUNT I
## SEX DISCRIMINATION
## (TITLE VII)

55.     In response to the allegations of Paragraph 55 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-54 of the Amended Complaint, above as if fully stated herein.

56.     Paragraph 56 of the Amended Complaint contains conclusions of law to which no response is required.

57.     Paragraph 57 of the Amended Complaint contains conclusions of law to which no response is required. Lasser admits that plaintiff is female.

58.     The allegations contained in Paragraph 58 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 58.

59.     The allegations contained in Paragraph 59 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 59.

## COUNT II
## VIOLATION OF M.G.L. CH. 151 B §§4

60.     In response to the allegations of Paragraph 60 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-59 of the Amended Complaint above as if stated fully herein.

61.     Paragraph 61 of the Amended Complaint contains conclusions of law to which no response is required.

62.     Paragraph 62 of the Amended Complaint contains conclusions of law to which no response is required; except that Lasser admits that plaintiff is female.

63.     The allegations contained in Paragraph 63 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 63.

64.     The allegations contained in Paragraph 64 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 64.

65.     The allegations contained in Paragraph 65 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 65.

66. The allegations contained in Paragraph 66 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 66.

67. The allegations contained in Paragraph 67 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 67.

### COUNT III
### VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS ACT
### M.G.L. Ch. 93, §102

68. In response to the allegations of Paragraph 68 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-67 of the Amended Complaint above as if fully stated herein.

69. Paragraph 69 of the Amended Complaint contains conclusions of law to which no response is required.

70. The allegations contained in Paragraph 70 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 70.

71. Lasser denies the allegations in Paragraph 71 of the Amended Complaint.

72. The allegations contained in Paragraph 72 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 72.

### COUNT IV
### VIOLATION OF THE MASSACHUSETTS EQUAL PAY ACT
### M.G.L. Ch. 149 §105A

BOS1474580.3

73. In response to the allegations of Paragraph 73 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-72 above, as if fully stated herein.

74. Paragraph 74 of the Amended Complaint contains conclusions of law to which no response is required.

75. The allegations contained in Paragraph 75 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 75.

76. The allegations contained in Paragraph 76 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 76.

77. The allegations contained in Paragraph 77 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 77.

## COUNT V
## BREACH COVENANT OF GOOD FAITH AND FAIR DEALING

78. In response to the allegations of Paragraph 78 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-77 , above.

79. The allegations contained in Paragraph 79 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 79.

80. The allegations contained in Paragraph 80 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 80.

81.     The allegations contained in Paragraph 81 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 81.

## COUNT VI
## BREACH OF CONTRACT

82.     In response to the allegations of Paragraph 82 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-81 of the Amended Complaint above, as if fully stated herein.

83.     The allegations contained in Paragraph 83 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 83.

84.     The allegations contained in Paragraph 84 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 84.

## COUNT VII
## RETALIATION FOR ALLEGING RIGHTS UNDER FEDERAL ANTI-DISCRIMINATION STATUTES

85.     In response to the allegations of Paragraph 85 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-84 of the Amended Complaint, above as if stated fully herein.

86.     The allegations contained in Paragraph 86 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 86.

87.     The allegations contained in Paragraph 87 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 87.

88.     The allegations contained in Paragraph 88 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 88.

89.     The allegations contained in Paragraph 89 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 89.

90.     The allegations contained in Paragraph 90 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 90.

91.     The allegations contained in Paragraph 91 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 91.

## COUNT VIII
## RETALIATION UNDER MASS. GEN. LAW Ch. 151B

92.     In response to the allegations of Paragraph 92 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-91 of the Amended Complaint, above as if fully stated herein.

93.     The allegations contained in Paragraph 93 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 93.

94.   The allegations contained in Paragraph 94 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser denies the allegations in Paragraph 94.

## COUNT IX
## FRAUDULENT INDUCEMENT AND MISREPRESENTATION

95.   In response to the allegations of Paragraph 95 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-94 of the Amended Complaint above, as if fully stated herein.

96.   The allegations contained in Paragraph 96 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 96.

97.   The allegations contained in Paragraph 97 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser admits the allegation of Paragraph 97 that Plaintiff joined Putnam as an analyst.  Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations.

98.   The allegations contained in Paragraph 98 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser admits the allegation of Paragraph 98 that Plaintiff relocated to Boston.  Lasser lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations.

99.   The allegations contained in Paragraph 99 of the Amended Complaint are not directed at Lasser.  To the extent a response is required, Lasser lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 99.

100. The allegations contained in Paragraph 100 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 100.

101. The allegations contained in Paragraph 101 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 101, except admits that plaintiff's employment terminated.

102. The allegations contained in Paragraph 102 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 102.

103. The allegations contained in Paragraph 103 are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 103.

104. The allegations contained in Paragraph 104 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 104.

105. Lasser denies the allegations of Paragraph 105 of the Amended Complaint, except to admit that plaintiff's employment terminated.

## COUNT X
## VIOLATION OF §§510 OF ERISA, 29 U.S.C. §1140

106. In response to the allegations of Paragraph 106 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-105 of the Amended Complaint, above as if stated fully herein.

BOS1474580.3

107. The allegations contained in Paragraph 107 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 107.

108. The allegations contained in Paragraph 108 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 108.

## COUNT XI
## CONVERSION/UNJUST ENRICHMENT

109. In response to the allegations of Paragraph 109 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-108 of the Amended Complaint, above.

110. The allegations contained in Paragraph 110 of the Amended Complaint are not directed at Lasser. To the extent a response is required, Lasser denies the allegations in Paragraph 110, except admits that plaintiff was compensated for her services while employed at Putnam.

111. Lasser denies the allegations in Paragraph 111 of the Amended Complaint.

112. Lasser denies the allegations in Paragraph 112 of the Amended Complaint.

## COUNT XII
## AIDING AND ABETTING DISCRIMINATION IN VIOLATION OF TITLE VII M.G.L. Ch. 151B

113. In response to the allegations of Paragraph 113 of the Amended Complaint, Lasser incorporates by reference his responses to Paragraphs 1-112 of the Amended Complaint, above, as if stated fully herein.

114. Lasser denies the allegations in Paragraph 114 of the Amended Complaint.

115. Lasser denies the allegations in Paragraph 115 of the Amended Complaint.

**The remainder of the Amended Complaint constitutes plaintiff's prayer for relief, to which no response is required. Lasser specifically denies that plaintiff is entitled to any relief whatsoever.**

**Lasser denies all allegations of the Amended Complaint not otherwise answered above.**

### FIRST AFFIRMATIVE DEFENSE

**If plaintiff suffered any harm, which Lasser denies, it was the product of plaintiff's own acts or omissions.**

### SECOND AFFIRMATIVE DEFENSE

**Plaintiff's claims are barred, wholly or in part, by the applicable statutes of limitations.**

### THIRD AFFIRMATIVE DEFENSE

**Plaintiff's complaint, in whole or in part, fails to state a claim as to which relief may be granted.**

## FOURTH AFFIRMATIVE DEFENSE

Any actions taken with respect to plaintiff's employment were taken with legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

If plaintiff suffered any injury, which is denied, her recovery is barred by her failure to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's state-law claims are preempted, in whole or in part, by the Employee Retirement Income Security Act, 29 U.S.C. §§1001, et seq.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Counts III, IV, VI, IX, XI allege violations of the same grievance as forms the basis of Count II (violation of M.G.L. c. 151B, §4), G.L.c. 151B provides the exclusive remedy for such claims and the civil actions contained in Counts III, IV, V, VI, IX, XI are excluded under the exclusivity provisions of M.G.L. c. 151B, §9.

WHEREFORE, plaintiff's complaint should be dismissed with prejudice, or in the alternative judgment should enter in favor of Lasser on all of plaintiff's claims, and Lasser should be awarded his costs and attorneys' fees and such other relief as may be appropriate and just.

                LAWRENCE J. LASSER

                By his attorneys,

                _____
                David S. Rosenthal (BBO #429260)
                Carrie J. Campion (BBO #656451)
                Nixon Peabody LLP
                100 Summer Street
                Boston, MA  02110-2131
                617-345-1000

**Of Counsel:**
Daniel A. Pollack
Pollack & Kaminsky
114 West 47th Street, Suite 1900
New York, NY 10036
(212) 575-4700

Dated:  March 17, 2005