UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISA SVENSSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-12711 PBS |
| PUTNAM INVESTMENTS LLC, f/k/a | ) | |
| PUTNAM INVESTMENTS, INC. and, | ) | |
| LAWRENCE J. LASSER | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT, PUTNAM INVESTMENTS LLC f/k/a PUTNAM INVESTMENTS, INC.'S PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 37(a), now comes the Plaintiff, Lisa Svensson, by and through

her attorneys, and requests the Court to: (1) overrule Defendant, Putnam Investments, Inc.'s

Objections and Responses to Plaintiff's First Request for Production of Documents, (2) order

Defendant to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's

order on this motion full, complete and responsive documents in compliance with the Rules, in

respective of Document Requests No. 2, 7, 8, 10, 11, 12, 16, 18, 19, 20 and 22; and, (3) impose

sanctions upon Defendant, Putnam Investments, Inc. and their counsel, including awarding

Plaintiff reasonable attorneys' fees and costs incurred as the result of the Defendant's failures to

have responded to Plaintiff's Request for Production of Documents in accordance with the Rules.

The grounds for this motion are set forth in the following memorandum.

### PROCEDURAL HISTORY

Counsel for Plaintiff sent Plaintiff's First Request for of Documents to the Defendant,

Putnam Investments, Inc. on August 9, 2005. A copy is attached hereto at Exhibit "A."

Defendant provided document responses on September 16, 2005. A copy is attached hereto at

Exhibit "B." Thereafter, Defendant produced the actual documents responsive to Plaintiff's

Requests on October 3, 2005. Following the discovery conference that was held on October 25,

2005, as detailed more fully below, Defendant has agreed to produce some additional documents

in approximately two weeks time from that date, but has otherwise declined to produce

responsive documents, thereby necessitating this motion.

## CERTIFICATE AS TO COMPLIANCE WITH LOCAL RULE 37.1

Plaintiff has complied with Local Rule 37.1. Plaintiff's counsel outlined in detail the

document requests that it was seeking to include in their motion to compel and requested a

discovery conference with Defendants' counsel. See copy of letter attached hereto as Exhibit

"C." A lengthy discovery conference was held on October 25, 2005 between John K. Weir,

Nancie L. Edgren, Joseph Kociubes, Rachael Splaine Rollins, Louis Rodrigues, and Carrie

Campion. Thereafter, the parties also communicated electronically to try to narrow the scope of

the documents Plaintiff was seeking. Copies of the e-mails and other correspondence are

attached hereto at Exhibits "D," "E" and "F".

The parties have not been able to resolve their dispute regarding the following document

requests:

## MEMORANDUM

Request No. 2

Request No. 2 seeks all documents and records concerning Putnam's terminations,
denials of promotion and demotions of Putnam employees from January 1, 1994 to the present
including names, addresses, job descriptions, seniority and gender of the persons affected by
each such adverse employment decision.

Putnam objected on the basis that the request is overly broad and unduly
burdensome and calls for the production of documents unrelated to the instant litigation and/or
documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam
also objected to the request in that it calls for the production of confidential and proprietary
information.

Following the discovery conference, Defendant proposed the following:

Our position is that during 2000 and 2001, the period when Svensson was a PM in Global Growth, her comparators were the PM's in Global Growth (there are approximately 50 other comparators). During 2002, her only full year in GER, her comparators were Analysts in GER (there were approximately 10-15 comparators). Because she did not go through a compensation cycle for 2003, she has no relevant comparators for that year.

Plaintiff then proposed to limit the comparators to the investment professionals in the Domestic or International Value, Core and Growth Teams for the years 2000-2003 inclusive, and the Research Department professionals for the years 2002 and 2003.

Defendant's response is that this request is too broad.

The request seeks documents relating to the time period during which Lisa Svensson was employed by Putnam. Svensson has the right to determine whether Putnam's terminations disproportionately affected female investment professionals investment in the Domestic or International Value, Core and Growth Teams for the years 2000-2003 inclusive, and the Research Department professionals for the years 2002 and 2003.


Request No. 7

All documents which relate to or support any of the admissions, denials, denials of knowledge or information or other allegations contained in Defendant's Answer, including but not limited to paragraphs.

Putnam noted that Request No. 7 was incomplete in that specific paragraphs were not indicated. In addition, Putnam objected to the request on the grounds that it does not describe any types or categories of document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

Following the discovery conference, Plaintiff limited the scope of these requests to paragraphs 18-40, 43 and 49-51 of the Amended Complaint, and with respect to Requests Nos. 10 and 11 only, to the events referenced in Paragraphs 21,22, 24- 30, 32, 35, 36-40, 43 and 49-51.

Defendant continued to object on the basis that this request seeks attorney judgments and thought processes.

This is not a valid objection. Plaintiff is seeking any and all documents regarding the denials contained in Defendant's Answer, which denials must, at least in part, be supported by documents contained in Putnam's files. Plaintiff understands that documents prepared by attorneys may in certain circumstances be protected, and therefore is willing to exclude all documents prepared by attorneys after November 12, 2005, the date that Attorney Weir sent a letter to Putnam's former General Counsel notifying them of potential litigation. Otherwise,

Plaintiff is requesting any and all responsive documents which relate to or support any denials or allegations contained 18-40, 43 and 49-51 of the Amended Complaint.

Request No. 8

All documents which relate to, or support, any of the affirmative defenses asserted in Putnam's Answer.

Putnam objects to this request on the grounds that the request does not describe any document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

Following the discovery conference, Plaintiff proposed to exclude from the scope of this Request any Bingham-generated documents after November 12, 2003.

Putnam wants documents sent by Putnam to Bingham generated by the Putnam Law Department excluded as well.

This is not a valid objection. Plaintiff is seeking any and all documents which relate to or support any of the Affirmative Defenses. It is Defendant's burden to prove the Affirmative Defenses. Plaintiff understands that documents prepared by attorneys may in certain circumstances be protected and therefore is willing to exclude all documents prepared by attorneys after November 12, 2005, the date that Attorney Weir sent a letter which notified Putnam of potential litigation. Otherwise, Plaintiff is requesting any and all responsive documents which relate to or support any of the Affirmative Defenses in Putnam's Answer.

Request No. 10

Any and all documents concerning Plaintiff's employment with Putnam, including, without limitation, job descriptions, manuals, handbooks, performance reviews and evaluations, warnings, documents concerning job performance, company policies, and documents concerning denial of promotions to Plaintiff, demotions of Plaintiff, transfers of Plaintiff, and the termination of Plaintiff on September 15, 2003.

Putnam objects to Request No. 10 on the grounds that it is vague, overly broad, and unduly burdensome and calls for the production of document unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce job descriptions of all positions Svensson held during her tenure at Putnam to the extent such descriptions exist, Putnam's employee handbook, and the voting sheet on Svensson's candidacy for Managing Director. Putnam also refers Svensson to documents produced in response to Requests No. 1, 4 and 5.

Following the discovery conference, Plaintiff narrowed this request to the events referenced in Paragraphs 21, 22, 24- 30, 32, 35, 36-40, 43 and 49-51 of the Amended Complaint.

This objection is not valid. Plaintiff is alleging that she was discriminated against on the basis of sex. Therefore, documents concerning her employment with Putnam, particularly with regard to denials of promotions, demotions, transfers and termination are certainly relevant. In addition, Putnam did not separately designate to which responses the individual documents were being produced, so it is difficult to tell if any documents were produced in response to this request. Also, there are additional documents responsive to this request that were not produced, because Svensson was up for Managing Director four times and there were no documents produced related to her demotion in 2002 from a Portfolio Management position back to the Research Department.

Request No. 11

Any and all documents concerning any and all meetings, communications, and conversations between Putnam's Management and any former or current employee of Putnam relating in any manner to the issues raised in Plaintiff's Complaint.

Putnam objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, requires Putnam to speculate as to what Svensson considers to be the "issues raised in Plaintiff's Complaint" and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on the grounds that the request does not describe any types or categories of document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine. Finally, Putnam objects to this request on the grounds that it calls for the production of documents protected by the attorney-client privilege. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to the documents produced in response to Request No. 1.

Following the discovery conference, Plaintiff limited the scope of these requests to paragraphs to the events referenced in Paragraphs 21,22, 24- 30, 32, 35, 36-40, 43 and 49-51 of the Amended Complaint.

Putnam's objections regarding vagueness are not valid and should be perceived by the Court as solely an effort to "stonewall" reasonable discovery. As to the objection that the request calls for production "unrelated to the instant litigation," this objection is, by definition, invalid, lacking in good faith and likely sanctionable. Furthermore, it is highly dubious that all, or even most, of the requested documents are covered by attorney-client privilege, and even if Putnam is claiming that all requested documents are privileged, these documents nevertheless must be separately identified in a privilege log, which log has not been forthcoming to date.

Request No. 12

Any and all documents concerning any litigation, complaints, or charges involving gender discrimination, marital status discrimination, sexual harassment or denial of equal pay claims by female employees of the Defendant, from January 1, 1994 to the present.

Putnam objected on the grounds that the request is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objected to this request on grounds that it calls for the production of documents protected by the attorney-client privilege and the work product doctrine. Putnam also objected to the request on the grounds that it calls for the production of confidential or proprietary information. Finally, Putnam objected to the request for any documents relating to any alleged "marital status discrimination" as marital status is not a protected category under federal law or the laws of the Commonwealth of Massachusetts.

Plaintiff's request was limited to the types of discrimination that are the subject of the present litigation. Plaintiff is entitled to this information as it would tend to prove or disprove that Putnam has a pattern of gender discrimination against investment professionals or other officers. Putnam knows full well that the Complaint further makes allegations of discrimination by the Company against married females with children or who plan to have children, and has failed to date to make any motion to the Court respecting these allegations. Accordingly, until and unless the Court determines that this insidious and pernicious form of discrimination long practiced by Putnam is not actionable, Defendant is entitled to discover facts supportive of this claim, including the existence or charges in which similar allegations were made. In addition, should Putnam claim that all or some of the documents requested are privileged, it is obligated to provide a privilege log identifying the documents.

Request No. 16

Any and all documents prepared by any Putnam employee that relate to each and every personnel decision made with respect to Plaintiff by Putnam, including, but not limited to, all documents reflecting the reasons for, or circumstances surrounding, such personnel decisions.

Putnam objected to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to the request to the extent that it fails to define what Svensson means by "personnel decision." Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

Following the discovery conference, Plaintiff limited the scope of this request to the following categories of individuals: clients, vendors, outside providers of personnel-related services (if any), brokers, executive recruiters. With respect to current or former employees, Plaintiff limited the scope of the request to documents contained in any HR file or executive file regarding Plaintiff maintained by Mary McNamee, Rick Tibbetts, Josh Brooks, William Landes, Kelly Morgan, Ed Haldeman, Larry Lasser, Mitch Schultz, any other member of the Operating Committee or the HR Department in 2003, Patrick O'Donnell, Robert Swift, Steve Gorman, Darren Peers, Konstantin Stoev, Ellis Eckland, Chris O'Malley, Carol MacMullen and Tim Ferguson, as well as other documents which Putnam may seek to introduce into evidence at the trial of this action.

Putnam's objections are not valid. Again, by the response, it is impossible to tell what is being produced and whether any documents are being withheld. As far as the term "personnel decision" Svensson means Putnam's denying Svensson the position of Managing Director on four separate occasions, demoting Svensson and transferring her back to the Research Department, promoting Svensson to Associate Director of Research, mandating a demotion from ADR to an entry-level research position in 2003, and upon her refusal to accept this demotion or to resign and release Putnam from legal liability for its pernicious and unlawful actions, terminating Svensson's employment in September 2003, as well as to decisions made in each year from 1994 to 2003 relating to Svensson's aggregate compensation and benefits.

Request No. 18

Plaintiff's pay stubs, payroll records, earnings records, and other documents reflecting any and all sources and/or amounts of income, earnings or other remuneration from Putnam, obtained during the period from the commencement of Plaintiff's employment with Putnam to the present.

Putnam will produce Svensson's W-2's for the period of her employment by Putnam together with a summary of any deferred or equity compensation that Svensson received while employed by Putnam.

In addition to those documents already produced by Putnam, Plaintiff seeks all documents utilized by Putnam to determine the compensation paid to Plaintiff, e. g., notes or emails from top management to HR concerning the aggregate amount of compensation available to pay investment professionals, or memos or emails related to decisions concerning changes in the aggregate compensation paid to Plaintiff. Plaintiff would agree to limit the scope of further production to the years 2000, 2001, 2002 and 2003.

Plaintiff believes that there are additional documents pertaining to Svensson's deferred or equity compensation and Putnam stocks which have been requested by way of this item, but which have not been produced. All of these documents relate to Plaintiff's damages, and some of these documents also relate to Ms. Svensson's retaliation claim.

Request No. 19

Any and all statements or other communications from financial institutions reflecting stock grants or stock options, whether vested or unvested, provided to Plaintiff from the commencement of her employment with Putnam to the present, including but not limited to Plaintiff's monthly statements during the aforestated period.

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce

documents summarizing Svensson's Putnam and/or Marsh and McLennan restricted shares and/or stock options throughout her employment.

In addition to those documents already produced by Putnam, Plaintiff seeks all documents utilized by Putnam to determine the compensation paid to Plaintiff, e. g., notes or emails from top management to HR concerning the aggregate amount of compensation available to pay investment professionals, or memos or emails related to decisions concerning changes in the aggregate compensation paid to Plaintiff. Plaintiff would agree to limit the scope of further production to the years 2000, 2001, 2002 and 2003.

Request No. 20

Any and all documents prepared by, signed by, sent to Plaintiff by, given to Plaintiff by, or received from any employee or former employee of Putnam concerning Plaintiff's job duties or job performance while in Putnam's employ.

Putnam objected to this request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

Following the discovery conference, Plaintiff limited the scope of these requests to paragraphs 18-40, 43 and 49-51 of the Amended Complaint.

Defendant contends that Plaintiff's request is still too broad.

It is impossible to tell from Putnam's response whether there are any other documents responsive to this request that have not been produced. For example, there exists in Putnam's files (unless destroyed) correspondence from clients, notes from clients and other current or former employees regarding Svensson prepared while she was employed by Putnam, including e.g., congratulatory notes from Kelly Morgan, that have not been produced. Plaintiff is entitled to these documents.

Request No. 22

Any and all documents that relate to any communications between Putnam and present or former employees or agents of Putnam which relate to Plaintiff during the period of her employment with Putnam.

Putnam objected to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.

Following the discovery conference, Plaintiff limited the scope of these requests to paragraphs 18-40, 43 and 49-51 of the Amended Complaint and to communications with the

following individuals: Mary McNamee, Rick Tibbetts, Josh Brooks, William Landes, Kelly Morgan, Ed Haldeman, Larry Lasser, Mitch Schultz, any other member of the Operating Committee or the HR Department in 2003, Patrick O'Donnell, Robert Swift, Steve Gorman, Darren Peers, Konstantin Stoev, Ellis Eckland, Chris O'Malley, Carol MacMullen and Tim Ferguson.

Putnam's objections are not valid to the extent the Defendant Putnam has not already agreed to produced these documents. The documents being sought are relevant to Plaintiff's employment with Putnam. Plaintiff is however willing to limit this request for documents relating to Plaintiff's job performance or issues raised in the Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court allow her Motion to Compel further production of documents from the Defendant, Putnam Investments, Inc.

Respectfully submitted,
The Plaintiff, By her attorneys,

/s/ Nancie L. Edgren
Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800
and

/s/ John K. Weir
John K. Weir, Esq. Admitted Pro Hac Vice
John K. Weir Law Offices
300 Park Avenue
Suite 1700
New York, New York, 10022
212-572-5374

Date: November __, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LISA SVENSSON, | \* |
| Plaintiff, | \* |
| | \* |
| | \* |
| | \* CIVIL ACTION NO. 04-12711PBS |
| | \* |
| v. | \* |
| | \* |
| | \* |
| PUTNAM INVESTMENTS LLC, f/k/a | \* |
| PUTNAM INVESTMENTS, INC. and | \* |
| LAWRENCE 1. LASSER | \* |
| Defendants | \* |
| | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>PLAINTIFF, LISA SVENSSON'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO THE DEFENDANT, PUTNAM INVESTMENTS LLC, f/k/a
PUTNAM INVESTMENTS, INC.</u>

Pursuant to Fed.R.Civ.Proc.26 and 34, Plaintiff Lisa Svensson, ("Svensson"),
requests Defendant Putnam Investments, LLC, f/k/a Putnam Investments, Inc.
("Putnam") respond to the following request for production of documents within the time
prescribed by the rules.

<u>Definitions and Instructions</u>

1.1 In responding to this discovery request, you are required to comply with the
applicable provisions of Fed.R.Civ.P. 26-37 which, in pertinent part, are as follows:

1.1.1. <u>Fed.R.Civ.P. 26</u>; <u>General Provisions Governing Discovery: Duty of
Disclosure</u>;...(b) <u>Discovery Scope and Limits</u>. Unless otherwise limited by order of the
court in accordance with these rules, the scope of discovery is as follows:

REQUEST NO.5

All polices and procedures for determining which positions are subject to a job elimination, termination, job transfer or demotion.

REQUEST NO.6

All documents which relate in any manner whatsoever to any communication between Plaintiff and Putnam a) between January 1, 2003 and September 15, 2003; and b) between September 15, 2003 and the present time.

REQUEST NO.7

All documents which relate to or support any of the admissions, denials, denials of knowledge or information or other allegations contained in Defendant's Answer, including but not limited to paragraphs.

REQUEST NO.8.

All documents which relate to, or support, any of the affirmative defenses asserted in Putnam's Answer.

REQUEST NO.9

All documents which Putnam intends to offer into evidence at the trial of this action.

REQUEST NO. 10

Any and all documents concerning Plaintiff's employment with Putnam, including, without limitation, job descriptions, manuals, handbooks, performance reviews and evaluations, warnings, documents concerning job performance, company policies, and documents concerning denial of promotions to Plaintiff, demotions of Plaintiff, transfers of Plaintiff, and the termination of Plaintiff on September 15, 2003.

REQUEST NO. 11

Any and all documents concerning any and all meetings, communications, and conversations between Putnam's Management and any former or current employee of Putnam relating in any manner to the issues raised in Plaintiff's Complaint.

REQUEST NO. 12

Any and all documents concerning any litigation, complaints, or charges involving gender discrimination, marital status discrimination, sexual harassment or

4

REQUEST NO. 20

Any and all documents prepared by, signed by, sent to Plaintiff by, given to Plaintiff by, or received from any employee or former employee of Putnam concerning Plaintiff's job duties or job performance while in Putnam's employ.

REQUEST NO. 21

Any and all documents which relate to any complaints or criticisms of Plaintiff at anytime during Plaintiff's employment with Putnam.

REQUEST NO. 22

Any and all documents that relate to any communications between Putnam and present or former employees or agents of Putnam which relate to Plaintiff during the period of her employment with Putnam.

Respectfully submitted,
The Plaintiff,
By her attorneys,


John K. Weir, Esq.
John K. Weir Law Offices LLC
300 Park Avenue
New York, NY 10022
212.572.6374


Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

Dated: August 9, 2005
[330749]

## CERTIFICATE OF SERVICE

I, Nancie L. Edgren, Esq. hereby certify that on this date I caused a true and accurate copy of the above document to be served by pre-paid first class mail upon the following:

Joseph L. Kociubes, Esquire
Rachael Splaine Rollins, Esquire
Carol Head, Esquire
BINGHAM MCCUTCHEN, LLP
150 Federal Street
Boston, MA 02110; and

David S. Rosenthal, Esquire
Carrie J. Campion, Esquire
NIXON PEABODY, LLP
100 Summer Street
Boston, MA 02110

Dated: August 9, 2005

Nancie L. Edgren, Esq.

[330749]

7

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA SVENSSON,                                        )
                            Plaintiff,                )
                                                     )
                                                     )
                        v.                           )        CIVIL ACTION
                                                     )        NO. 04-12711 PBS
PUTNAM INVESTMENTS LLC, f/k/a                        )
PUTNAM INVESTMENTS, INC. and,                        )
LAWRENCE J. LASSER                                   )
                            Defendants.               )
                                                     )

## DEFENDANT PUTNAM'S RESPONSES TO THE
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## BY PLAINTIFF SVENSSON

Defendant, Putnam Investment LLC, f/k/a Putnam Investments, Inc. ("Putnam") hereby responds to Plaintiff's First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.     Putnam's responses shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that any statement or characterization in the request is accurate or complete.

2.     Putnam objects to these requests to the extent that they seek documents protected by the attorney-client privilege, the work-product doctrine or are otherwise protected from disclosure.

3.     Putnam objects to any definition, request or instruction that purports to impose any obligation not expressly provided for in the Federal Rules of Civil Procedure.

4.     Putnam will produce the documents which it has agreed to produce in response to this request at a mutually-agreeable date, time and place.

## SPECIFIC RESPONSES

REQUEST NO. 1

Plaintiff's complete employment file or files.

RESPONSE NO. 1

Putnam will produce Svensson's personnel file.

REQUEST NO. 2

All documents and records concerning Putnam's terminations, denials of promotion, and demotions of Putnam employees from January 1, 1994 to the present including names, addresses, job titles, job descriptions, seniority and gender of the persons affected by each such adverse employment decision.

RESPONSE NO. 2

Putnam objects to this request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam also objects to this request in that it calls for the production of confidential and proprietary information.

REQUEST NO. 3

All documents and records reflecting all information relevant in any way to Putnam's decision to terminate Plaintiffs employment.

RESPONSE NO. 3

Putnam will produce documents responsive to this request and also refers Svensson to documents produced in response to Request No. 1.

REQUEST NO. 4

All policies and guidelines for the prevention of gender discrimination, sexual harassment or denial of equal pay to females in the Putnam workplace.

RESPONSE NO. 4

Putnam will produce documents responsive to this request, if any.

REQUEST NO. 5

All polices and procedures for determining which positions are subject to a job elimination, termination, job transfer or demotion.

RESPONSE NO. 5

Putnam will produce documents responsive to this request, if any.

REQUEST NO. 6

All documents which relate in any manner whatsoever to any communication between Plaintiff and Putnam a) between January 1, 2003 and September 15, 2003; and b) between September 15, 2003 and the present time.

RESPONSE NO. 6

Putnam objects to this request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 7

All documents which relate to or support any of the admissions, denials, denials of knowledge or information or other allegations contained in Defendant's Answer, including but not limited to paragraphs.

RESPONSE NO. 7

Putnam notes that Request No. 7 is incomplete in that Svennson has not indicated any specific paragraphs in the Defendant's Answer. In addition, Putnam objects to this request on the grounds that the Request does not describe any types or categories of document(s) that Svennson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

REQUEST NO. 8

All documents which relate to, or support, any of the affirmative defenses asserted in Putnam's Answer.

RESPONSE NO. 8

Putnam objects to this request on the grounds that the Request does not describe any document(s) that Svennson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

REQUEST NO. 9

All documents which Putnam intends to offer into evidence at the trial of this action.

RESPONSE NO. 9

Putnam has not yet determined which documents it intends to offer into evidence at trial. Once determined, these documents will be produced to the extent required by the Federal Rules of Civil Procedure.

REQUEST NO. 10

Any and all documents concerning Plaintiff's employment with Putnam, including, without limitation, job descriptions, manuals, handbooks, performance reviews and evaluations, warnings, documents concerning job performance, company policies, and documents concerning denial of promotions to Plaintiff, demotions of Plaintiff, transfers of Plaintiff, and the termination of Plaintiff on September 15, 2003.

RESPONSE NO. 10

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce job descriptions of all positions Svensson held during her tenure at Putnam to the extent such descriptions exist, Putnam's employee handbook, and the voting sheet on Svensson's candidacy for Managing Director. Putnam also refers Svensson to documents produced in response to Request Nos. 1, 4 and 5,

REQUEST NO. 11

Any and all documents concerning any and all meetings, communications, and conversations between Putnam's Management and any former or current employee of Putnam relating in any manner to the issues raised in Plaintiff's Complaint.

RESPONSE NO. 11

Putnam objects to this request on the grounds that it is vague, overly broad and unduly burdensome, requires Putnam to speculate as to what Svensson considers to be the "issues raised in Plaintiff's Complaint" and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on the grounds that the Request does not describe any types or categories of document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine. Finally, Putnam objects to this request on the grounds that it calls for the production of documents protected by the attorney-client privilege. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to the documents produced in response to Request No. 1.

REQUEST NO. 12

Any and all documents concerning any litigation, complaints, or charges involving gender discrimination, marital status discrimination, sexual harassment or denial of equal pay claims by female employees of the Defendant, from January 1, 1994 to the present.

RESPONSE NO. 12

Putnam objects to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on grounds that it calls for the production of documents protected by the attorney-client privilege and the work-product doctrine. Putnam also objects to this request in that it calls for the production of confidential and proprietary information. Finally, Putnam objects to the request for any documents relating to any alleged "marital status discrimination" as marital status is not a protected category under federal law or the laws of the Commonwealth of Massachusetts.

REQUEST NO. 13

Any and all written statements or affidavits, and all documents concerning any interviews, of any of the witnesses identified in Putnam's Automatic Disclosures.

RESPONSE NO. 13

Putnam objects to this request on grounds that it calls for the production of documents protected by the work-product doctrine.

REQUEST NO. 14

Any and all documents constituting communications between Putnam and Defendant Lasser relating in any manner whatsoever to the issues raised by this lawsuit since January 1, 1994.

RESPONSE NO. 14

Putnam objects to this request on the grounds that it is vague, overly broad and unduly burdensome, requires Putnam to speculate as to what Svennson considers to be the "issues raised by this litigation," and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on the grounds that the Request does not describe any document(s) that Svennson seeks to have produced and thus can only be responded to by Putnam by revealing information protected by the work-product doctrine. Subject to and limited by the foregoing specific and general objections, Putnam is willing to produce any documents constituting communications between Lasser and any Putnam employee (former or present) regarding

Svensson during the period from January 1, 2002 to the date of Svennson's termination, to the extent that such documents exist.

REQUEST NO. 15

Any and all documents that relate to the terms and conditions of Plaintiff s employment with Putnam, including, but not limited to, personnel policies, procedures and practices of Defendant in effect at any time during the period of Plaintiff's employment with Putnam.

RESPONSE NO. 15

Putnam objects to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1, 4 and 5.

REQUEST NO. 16

Any and all documents prepared by any Putnam employee that relate to each and every personnel decision made with respect to Plaintiff by Putnam, including, but not limited to, all documents reflecting the reasons for, or circumstances surrounding, such personnel decisions.

RESPONSE NO. 16

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to the request to the extent that it fails to define what Svennson means by any "personnel decision." Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

REQUEST NO. 17

Any and all documents that relate to Plaintiff's job performance while employed by Putnam prepared by persons other than employees of Putnam.

RESPONSE NO. 17

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce documents from any vendors or clients regarding Svensson's job performance, if any.

REQUEST NO. 18

Plaintiff's pay stubs, payroll records, earnings records, and other documents reflecting any and all sources and/or amounts of income, earnings or other remuneration from Putnam, obtained during the period from the commencement of Plaintiff's employment with Putnam to the present.

RESPONSE NO. 18

Putnam will produce Svensson's W-2s for the period of her employment by Putnam, together with a summary of any deferred or equity compensation that Svennson received while employed by Putnam.

REQUEST NO. 19

Any and all statements or other communications from financial institutions reflecting stock grants or stock options, whether vested or unvested, provided to Plaintiff from the commencement of her employment with Putnam to the present, including but not limited to Plaintiff's monthly statements during the aforestated period.

RESPONSE NO. 19

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce documents summarizing Svennson's Putnam and/or Marsh & McLennan restricted shares and/or stock options throughout her employment with Putnam.

REQUEST NO. 20

Any and all documents prepared by, signed by, sent to Plaintiff by, given to Plaintiff by, or received from any employee or former employee of Putnam concerning Plaintiff's job duties or job performance while in Putnam's employ.

RESPONSE NO. 20

Putnam objects to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

REQUEST NO. 21

Any and all documents which relate to any complaints or criticisms of Plaintiff at anytime during Plaintiff's employment with Putnam.

RESPONSE NO. 21

Putnam objects to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents responsive to Request Nos. 1, 3 and 10.

REQUEST NO. 22

Any and all documents that relate to any communications between Putnam and present or former employees or agents of Putnam which relate to Plaintiff during the period of her employment with Putnam.

RESPONSE NO. 22

Putnam objects to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.

PUTNAM, LLC,
By its attorneys,

Joseph L. Kociubes, BBO# 276360
Louis A. Rodriques, BBO# 424720
Rachael Splaine Rollins, BBO# 641972
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: September 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon plaintiff's counsel by hand (Boston) and by Federal Express (New York) on September 16, 2005.

Rachael Splaine Rollins

# EXHIBIT C

BARRON
&STADFELD PC
ATTORNEYS

100 CAMBRIDGE STREET SUITE 1310
BOSTON, MASSACHUSETTS 02114

DIRECT DIAL
617-531-6577

(617) 723-9800
FAX (617) 523-8359
WWW.BARRONSTAD.COM

E-MAIL
nle@barronstad.com

October 25, 2005

**VIA FACSIMILE**

Rachel Splaine Rollins, Esquire
Bingham, McCutchen, LLP
150 Federal Street
Boston, MA  02110

Re:     Svensson v. Putnam Investments

Dear Attorney Rollins:

In follow up to my letter to you last week and in preparation for the discovery conference now scheduled for today at 11:00 a.m., outlined below are the specific document responses with which we take issue:

1.     Request No. 2

Request No. 2 seeks all documents and records concerning Putnam's terminations, denials of promotion and demotions of Putnam employees from January 1, 1994 to the present including names, addresses, job descriptions, seniority and gender of the persons affected by each such adverse employment decision.

Putnam objected on the basis that the request is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.  Putnam also objected to the request in that it calls for the production of confidential and proprietary information.

The request seeks documents relating to the time period during which Lisa Svensson was employed by Putnam.  Svensson has the right to determine whether Putnam's terminations disproportionately affected female investment professionals and sales and marketing officers..  In hopes of more narrowly tailoring the request, Plaintiff is willing to limit the request to July 1994 to the present and is willing to limit the request to investment professionals and sales and marketing officers.

2.     Request No. 6

All documents which relate in any manner whatsoever to any communication



2.      Request No. 6

All documents which relate in any manner whatsoever to any communication between Plaintiff and Putnam a) between January 1, 2003 and September 15, 2003; and b) between September 15, 2003 and the present time.

Putnam objected to this request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.

This is not a valid objection. Part of the defense of this matter is based on the allegation that there were ongoing performance issues regarding Lisa Svensson and that her complaints respecting brokerage commissions were being addressed. Plaintiff has the right to determine whether information was communicated to her regarding her alleged performance issues or Putnam's alleged efforts to deal with her complaints respecting brokerage commissions. Plaintiff also has the right to explore through document requests and other methods of pretrial discovery whether Plaintiff was being told the reasons for the actions being planned against her in the months leading up to her termination and after her termination. This request related to two very limited time periods and the requested documents therefore should be produced.

3.      Request No. 7

All documents which relate to or support any of the admissions, denials, denials of knowledge or information or other allegations contained in Defendant's Answer, including but not limited to paragraphs.

Putnam noted that Request No. 7 was incomplete in that specific paragraphs were not indicated. In addition, Putnam objected to the request on the grounds that it does not describe any types or categories of document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

This is not a valid objection. Request No. 7 was not incomplete. Plaintiff is seeking any and all documents regarding the denials contained in Defendant's Answer, which denials must, at least in part, be supported by documents contained in Putnam's files. Plaintiff understands that documents prepared by attorneys may in certain circumstances be protected, and therefore is willing to exclude all documents prepared by attorneys after November 12, 2005, the date that Attorney Weir sent a letter to Putnam's former General Counsel notifying them of potential litigation. Otherwise, Plaintiff is requesting any and all responsive documents which relate to or support any denials or allegations contained in all of the paragraphs of the Answer.

4.      Request No. 8

All documents which relate to, or support, any of the affirmative defenses asserted in Putnam's Answer.



Putnam objects to this request on the grounds that the request does not describe any document(s) that Svensson seeks to have produced and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine.

This is not a valid objection. Plaintiff is seeking any and all documents which relate to or support any of the Affirmative Defenses. It is Defendant's burden to prove the Affirmative Defenses. Plaintiff understands that documents prepared by attorneys may in certain circumstances be protected and therefore is willing to exclude all documents prepared by attorneys after November 12, 2005, the date that Attorney Weir sent a letter which notified Putnam of potential litigation. Otherwise, Plaintiff is requesting any and all responsive documents which relate or support any of the Affirmative Defenses in Putnam's Answer.

5.    Request No. 10

Any and all documents concerning Plaintiff's employment with Putnam, including, without limitation, job descriptions, manuals, handbooks, performance reviews and evaluations, warnings, documents concerning job performance, company policies, and documents concerning denial of promotions to Plaintiff, demotions of Plaintiff, transfers of Plaintiff, and the termination of Plaintiff on September 15, 2003.

Putnam objects to Request No. 10 on the grounds that it is vague, overly broad, and unduly burdensome and calls for the production of document unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce job descriptions of all positions Svensson held during her tenure at Putnam to the extent such descriptions exist, Putnam's employee handbook, and the voting sheet on Svensson's candidacy for Managing Director. Putnam also refers Svensson to documents produced in response to Requests No. 1, 4 and 5.

This objection is not valid. Plaintiff is alleging that she was discriminated against on the basis of sex. Therefore, documents concerning her employment with Putnam, particularly with regard to denials of promotions, demotions, transfers and termination are certainly relevant. In addition, Putnam did not separately designate to which responses the individual documents were being produced, so it is difficult to tell if any documents were produced in response to this request. Also, there are additional documents responsive to this request that were not produced, because Svensson was up for Managing Director four times and there were no documents produce related to her demotion in 2002 from a Portfolio Management position back to GER.

6.    Request No. 11

Any and all documents concerning any and all meetings, communications, and conversations between Putnam's Management and any former or current employee of Putnam relating in any manner to the issues raised in Plaintiff's Complaint.



Putnam objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, requires Putnam to speculate as to what Svensson considers to be the "issues raised in Plaintiff's Complaint" and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on the grounds that the request does not describe any types or categories of document(s) that Svensson seeks to have produce and thus cannot be responded to by Putnam without revealing information protected by the work-product doctrine. Finally, Putnam objects to this request on the grounds that it calls for the production of documents protected by the attorney-client privilege. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to the documents produced in response to Request No. 1.

The principal issues in Plaintiff's complaint are as set forth in the description of of the Count in the Amended Complaint. Putnam's objections regarding vagueness are not valid and should be perceived by the Court as solely an effort to "stonewall" reasonable discovery. As to the objection that the request calls for production "unrelated to the instant litigation," this objection is, by definition, invalid, lacking in good faith and likely sanctionable. Furthermore, it is highly dubious that all, or even most, of the requested documents are covered by attorney-client privilege, and even if Putnam is claiming that all requested documents are privileged, these documents nevertheless must be separately identified in a privilege log, which log has not been forthcoming to date.

    7.    Request No. 12

Any and all documents concerning any litigation, complaints, or charges involving gender discrimination, marital status discrimination, sexual harassment or denial of equal pay claims by female employees of the Defendant, from January 1, 1994 to the present.

Putnam objected on the grounds that the request is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objected to this request on grounds that it calls for the production of documents protected by the attorney-client privilege and the work product doctrine. Putnam also objected to the request on the grounds that it calls for the production of confidential or proprietary information. Finally, Putnam objected to the request for any documents relating to any alleged "marital status discrimination" as marital status is not a protected category under federal law or the laws of the Commonwealth of Massachusetts.

Plaintiff's request was limited to the types of discrimination that are the subject of the present litigation. Plaintiff is entitled to this information as it would tend to prove or disprove that Putnam has a pattern of gender discrimination against investment professionals or other officers. Putnam knows full well that the Complaint further makes allegations of discrimination by the Company against married females with children or who plan to have children, and has failed to date to make any motion to the Court respecting these allegations. Accordingly, until and unless the Court determines that this insidious and pernicious form of

Case 1:04-cv-12711-PBS    Document 24    Filed 11/04/2005    Page 30 of 44



discrimination long practiced by Putnam is not actionable, Defendant is entitled to discover facts supportive of this claim, including the existence or charges in which similar allegations were made. In addition, should Putnam claim that all or some of the documents requested are privileged, it is obligated to provide a privilege log identifying the documents.

      8.     Request No. 13

Any and all written statements or affidavits, and all documents concerning any interviews, of any of the witnesses identified in Putnam's Automatic Disclosures.

Putnam objected to this request on the grounds that it calls for the production of documents protected by the work-product doctrine.

Putnam identified Josh Brooks, Rick Tibbetts, Kelly Morgan, Mary McNamee, Linda Grace, Chris O'Malley, William Landes, and Darren Peers as witnesses in the initial disclosures. Plaintiff is entitled to any and all written statements or affidavits taken from any of these witnesses.

      9.     Request No. 14

Any and all documents constituting communications between Putnam and Defendant Lasser relating in any manner whatsoever to the issues raised by this lawsuit since January 1, 1994.

Putnam objected to this request on the grounds that it is vague, overly broad, and unduly burdensome, requires Putnam to speculate as to what Svensson considered to be the "issues raised by this litigation" and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to this request on the grounds that the Request does not describe any document(s) that Svensson seeks to have produced and thus can only be responded to by Putnam by revealing information protected by the work product doctrine. Subject to and limited by the foregoing specific and general objections, Putnam is willing to produced any documents constituting communications between Lasser and any Putnam employee (former or present) regarding Svensson during the period from January 1, 2002 to the date of Svensson's termination, to the extent that such documents exist.

The issues raised by this lawsuit are as expressly stated in the headings for each Count of the Amended Complaint, and include gender discrimination, breach of contract, retaliation and whistle blowing. Svensson's Amended Complaint includes of discriminatory treatment with regard to being demoted in early 2002, her forced return to GER while similarly situated male professionals with inferior performance histories were not forced to leave their portfolio management positions. It further contains allegations relating to her being denied Managing Director status in both 2002 and 2003 (as well as earlier), to her whistle blowing complaints in 2003 regarding improprieties in the allocation of brokerage commissions, and her further mandated demotion in 2003 immediately preceding her unlawful termination from



Putnam's employment. Plaintiff is fully entitled to any documents reflecting or relating to any communications between representatives of the corporate Defendant and Defendant Lasser respecting any of these events, and Putnam's objections based upon lack of relevance are baseless, and indeed, sanctionable. Because Plaintiff tends to prove that Lasser tolerated and indeed fostered a climate of workforce gender discrimination and a hostile environment for female professionals, especially married females with children, throughout the entire time Plaintiff was employed at this institution, Plaintiff believes that the time frame of this request is appropriate. As to the work product objection, Plaintiff fails to understand how communication between non-lawyer employees can conceivably be covered by this request, and as to documents prepared by in-house counsel and sent to Lasser, they may or may not be covered. Plaintiff would accept a log identifying the author, date, and general subject matter as to any communications as to which the "work product" privilege is being asserted.

      10.     Request No. 15

      Any and all documents that relate to the terms and conditions of Plaintiff's employment with Putnam, including, but not limited to, personnel policies, procedures and practices of Defendant in effect at any time during the period of Plaintiff's employment with Putnam.

      Putnam objected to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers to documents produced in response to Requests Nos. 1, 4 and 5.

      Putnam's objections are not valid. Again, by the response, it is impossible to tell what is being produced and whether any documents are being withheld. If no documents are being withheld, them Putnam should so state.

      11.     Request No. 16

      Any and all documents prepared by any Putnam employee that relate to each and every personnel decision made with respect to Plaintiff by Putnam, including, but not limited to, all documents reflecting the reasons for, or circumstances surrounding, such personnel decisions.

      Putnam objected to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to the request to the extent that it fails to define what Svensson means by "personnel decision." Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

      Putnam's objections are not valid. Again, by the response, it is impossible to tell



what is being produced and whether any documents are being withheld.  As far as the term "personnel decision" Svensson means Putnam's denying Svensson the position of Managing Director on four separate occasions, demoting Svensson and transferring her back to the Research Department, promoting Svensson to Associate Director of Research, mandating a demotion from ADR to an entry-level research position in 2003, and upon her refusal to accept this demotion or to resign and release Putnam from legal liability for its pernicious and unlawful actions, terminating Svensson's employment in September 2003, as well as to decisions made in each year from 1994 to 2003 relating to Svensson's aggregate compensation and benefits.

      12.     Request No. 17

      Any and all documents that relate to Plaintiff's job performance while employed by Putnam prepared by persons other than employees of Putnam.

      Putnam objected to this request on grounds that it is vague, overly broad, and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce documents from any vendors or clients regarding Svensson's job performance, if any.

      It is impossible to tell from Putnam's response if any documents were in fact produced in response to this request.  This request relates expressly to documents prepared by third parties, e.g. clients, vendors, or executive recruiters, which relate to or comment upon Plaintiff's job performance.  Such documents are certainly relevant to whether Putnam's various personnel decisions (as outlined above) were or were not objectively based in fact, or whether the documents instead contradict Putnam's defense based upon alleged performance issues being a substantial motivating factor in her termination.

      13.     Request No. 18

      Plaintiff's pay stubs, payroll records, earnings records, and other documents reflecting any and all sources and/or amounts of income, earnings or other remuneration from Putnam, obtained during the period from the commencement of Plaintiff's employment with Putnam to the present.

      Putnam will produce Svensson's W-2's for the period of her employment by Putnam together with a summary of any deferred or equity compensation that Svensson received while employed by Putnam.

      There are additional documents pertaining to Svensson's deferred or equity compensation and Putnam stocks which have been requested by way of this item, but which have not been produced.  All of the documents relate to Plaintiff's damages, and some of these documents also relate to Ms. Svensson's retaliation claim.



14.     Request No. 19

Any and all statements or other communications from financial institutions reflecting stock grants or stock options, whether vested or unvested, provided to Plaintiff from the commencement of her employment with Putnam to the present, including but not limited to Plaintiff's monthly statements during the aforestated period.

Putnam objects to this request on grounds that it is vague, overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam will produce documents summarizing Svensson's Putnam and/or Marsh and McLennan restricted shares and/or stock options throughout her employment.

Putnam's objections are not valid. For example, Plaintiff is seeking documents pertaining to the $569,000.00 that Putnam is currently holding in Svensson's name and in her retirement account and the reason as to why Svensson has not been paid what is duly owed to her, in violation of applicable law.

15.     Request No. 20

Any and all documents prepared by, signed by, sent to Plaintiff by, given to Plaintiff by, or received from any employee or former employee of Putnam concerning Plaintiff's job duties or job performance while in Putnam's employ.

Putnam objected to this request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents produced in response to Request Nos. 1 and 3.

It is impossible to tell from Putnam's response whether there are any other documents responsive to this request that have not been produced. For example, there exists in Putnam's files (unless destroyed) correspondence from clients, notes from clients and other current or former employees regarding Svensson prepared while she was employed by Putnam, including e.g., congratulatory notes from Kelly Morgan, that have not been produced. Plaintiff is entitled to these documents.

16.     Request No. 21

Any and all documents which relate to any complaints or criticisms of Plaintiff at anytime during Plaintiff's employment with Putnam.

Putnam objected to this request on grounds that it is overly broad and unduly



burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing specific and general objections, Putnam refers Svensson to documents responsive to Request Nos. 1, 3 and 10.

Again, it is impossible to tell if all of the documents requested and contained in Putnam's files have been produced and or whether additional documentation is being withheld. If documents are being withheld, the objections respecting burdensomeness and not being "reasonably calculated to lead to the discovery of admissible evidence" are entirely without merit and all such documents should be produced forthwith.

17.    Request No. 22

Any and all documents that relate to any communications between Putnam and present or former employees or agents of Putnam which relate to Plaintiff during the period of her employment with Putnam.

Putnam objected to this request on grounds that it is overly broad and unduly burdensome and calls for the production of documents unrelated to the instant litigation and/or documents not reasonably calculated to lead to the discovery of admissible evidence.

Putnam's objections are not valid. The documents being sought are relevant to Plaintiff's employment with Putnam. Plaintiff is however willing to limit this request for documents relating to Plaintiff's job performance or issues raised in the Complaint.

We are prepared to file a Motion to Compel further Responses to Requests for Production of Documents should we fail to resolve our disagreement during the discovery conference.

Sincerely,

BARRON & STADFELD, P.C.

Nancie L. Edgren

cc: John K. Weir, Esq.

[337480-file no. 21312-1]

# EXHIBIT D

**Nancie Edgren**

| | |
|---|---|
| **From:** | Rollins, Rachael Splaine [rachael.rollins@bingham.com] |
| **Sent:** | Wednesday, October 26, 2005 6:16 PM |
| **To:** | JohnKWeir47@aol.com; Nancie Edgren |
| **Cc:** | Kociubes, Joseph L.; Rodriques, Louis A.; Campion, Carrie |
| **Subject:** | Svensson |

Jack,

This email is sent to follow-up on our discussion yesterday.  You asked that we tell you who we thought the comparators were for compensation purposes for Lisa Svensson.  Our position is that during 2000 and 2001, the period when Svensson was a PM in Global Growth, her comparators were the PM's in Global Growth (there are approximately 50 other comparators).  During 2002, her only full year in GER, her comparators were Analysts in GER (there were approximately 10-15 comparators).  Because she did not go through a compensation cycle for 2003, she has no relevant comparators for that year.

You also wanted to know how long it would be to do an email restoration for certain individuals.  We are told by Putnam's IT people that it  will take about two weeks to restore in and out boxes.  The in and out boxes are archived on back-up tapes.  The tapes have to be located and then searched for the boxes that we are looking for.  For some portion of the time period in question, the emails were created using an email  system that Putnam no longer uses.  As a result, those boxes need to be converted so that they can be read by Lotus Notes.  Once the tapes have been located, searched and converted, they then have to be run through another program so that they can be transferred to Putnam's system.  Finally, there is a queue for these requests and while Putnam can make some effort to move this request up the list, Putnam cannot displace requests from Regulators.  As a result, Putnam estimates that the restoration process will take about two weeks.  As soon as  the boxes are
 restored, we shall  review the documents promptly.  At this point, we do not know what the volume is so it is difficult to estimate the time involved, but are prepared to review the materials expeditiously.  We are willing to entertain a priority listing from you.  E.g., you want X's materials as soon as possible, followed by Y's, etc.  We are willing to the extent possible to honor such prioritization from you and produce materials on a rolling basis so that you can receive documents as we review them rather than all at once when the entire review has been completed.

We are looking forward to receiving your  proposed subject matter designations.

Thank you.

Rachael Splaine Rollins
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
P 617.951.8791  F 617.951.8736
Email: rachael.rollins@bingham.com

The information in this transmittal is privileged and confidential and is intended only for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this transmittal is prohibited.  If you have received this transmittal in error, please notify me immediately at (617) 951-8791.

Attachment:  The attachment in this e-mail message is privileged and confidential and is intended only for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this attachment to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this attachment is prohibited.  If you receive this attachment in error, please notify me immediately at (617) 951-8791.

# EXHIBIT E

## Nancie Edgren

| | |
|---|---|
| **From:** | JohnKWeir47@aol.com |
| **Sent:** | Thursday, October 27, 2005 1:22 PM |
| **To:** | rachael.rollins@bingham.com |
| **Cc:** | joe.kociubes@bingham.com; louis.rodriques@bingham.com; ccampion@nixonpeabody.com; Nancie Edgren |

**Subject:** Re: Svensson

Dear Rachel:

Replying to your email of last evening, and further to our discussion on Tuesday re narrowing the scope of the document request, I would propose the following:

1) In order to provide Putnam with comparators relevant to this action for the purpose of responding to this document request (including Request No. 2), and without in any way waiving the right to seek specific additional documents in a second document request at a later date, Plaintiff would propose to limit the comparators to the investment professionals in the Domestic or International Value, Core and Growth Teams for the years 2000-2003 inclusive, and the Research Department professionals for the years 2002 and 2003. Plaintiff cannot, given the allegations of the Amended Complaint, limit the document request in the manner in which you have proposed, and will reluctantly be forced to proceed with the motion to compel if you do not accept our proposed limitation.

2) Re Request No. 6. Plaintiff understands that you have agreed to provide all responsive electronic communications to or from a list of persons at Putnam which Plaintiff would provide. The list is as follows: Mary MacNamee, Rick Tibbetts, Josh Brooks, William Landes, Kelly Morgan, Ed Haldeman, Larry Lasser, Mitch Schultz, and any member of the Operating Committee or the HR Department in 2003 not already included.

3) Re Requests Nos. 7, 10, 11, 14 , 20 and 22, and all other references to the issues or events raised by the Amended Complaint or this lawsuit, Plaintiff would be willing to limit the scope of these requests to paragraphs 18-40, 43 and 49-51 of the Amended Complaint, and with respect to Requests Nos. 10 and 11 only, to the events referenced in Paragraphs 21,22, 24- 30, 32, 35, 36-40, 43 and 49-51.

4) Re Request No. 8, Plaintiff would propose to exclude from the scope of this Request any Bingham-generated documents after November 12, 2003. As to other documents as to which attorney-client or work product privilege is claimed, Putnam would agree to promptly provide a privilege log with respect to these documents, in order to allow Plaintiff an opportunity to determine whether the assertion of privilege is appropriate.

5) Re Request No. 12, Plaintiff would ask that Putnam reconsider its refusal to produce any responsive documents based upon the limits articulated in Nancy Edgren's October 25, 2005 letter. Plaintiff has reason to believe that responsive documents do exist, are not protected by privilege and do not constitute attorney work product of Putnam's attorneys. Plaintiff further believes that production of responsive documents has been routinely ordered by courts in numerous jurisdictions, and would likely be so ordered in this case. If Putnam disagrees, then Plaintiff would request that citation to controlling legal authority be provided.

6) Re Request No. 16, Putnam would be willing to limit the scope of this request to the following categories of individuals: clients, vendors, outside providers of personnel-related services (if any), brokers, executive recruiters. With respect to former employees, Plaintiff would be willing to limit the scope of the request to documents contained in any HR file or executive file re Plaintiff maintained by the individuals identified in paragraphs 2 or 8 of this email, as well as other documents which Putnam may seek to introduce into evidence at the trial of this action.

7) Re Request Nos. 18 and 19, in addition to those documents already produced by Putnam, Plaintiff seeks all documents utilized by Putnam to determine the compensation paid to Plaintiff, e. g., notes or emails

from top management to HR concerning the aggregate amount of compensation available to pay investment professionals, or memos or emails related to decisions concerning changes in the aggregate compensation paid to Plaintiff. Plaintiff would agree to limit the scope of further production to the years 2000, 2001, 2002 and 2003.

8) Re Request No. 22, Plaintiff would be willing to further limit the scope of the request to the individuals identified in Paragraph 2 above, plus the following persons: Patrick O'Donnell, Robert Swift, Steve Gorman, Darren Peers, Konstantin Stoev, Ellis Ecklund, Chris O'Malley, Carol MacMullen and Tim Ferguson.

Accordingly, provided Putnam agrees to produce further responsive documents "seasonably", Plaintiff would be willing to forego a motion to compel, and to agree to provide a more targeted second document request at a future date after depositions have been completed. As to the timing of such production, I would be willing to agree to a 2-week extension of the due date until November 9, 2005, on the following terms: a) We would proceed with the depositions of Mary MacNamee on November 4, 2005 and with 4 hours of testimony from Josh Brooks from 3 PM until 7 PM on November 7, 2005; b) The continued deposition of Josh Brooks and the deposition of Lisa Svensson would be rescheduled to November 16 and 17, 2005, in whatever order is consistent with the schedules of the two witnesses; and c) We would proceed with the mediation on November 8, 2005 as directed by the Court.

Please advise me and Nancy ASAP as to your client's and Larry Lasser's position re all of the above.

Yours truly,

Jack Weir

11/1/2005

# EXHIBIT F

## Nancie Edgren

| | |
|---|---|
| **From:** | Kociubes, Joseph L. [joe.kociubes@bingham.com] |
| **Sent:** | Thursday, October 27, 2005 4:54 PM |
| **To:** | JohnKWeir47@aol.com |
| **Cc:** | Rodriques, Louis A.; ccampion@nixonpeabody.com; Nancie Edgren; Rollins, Rachael Splaine |
| **Subject:** | RE: Svensson |

*Jack, I've noted our comments and reactions in your text after each numbered paragraph, below. If we are misunderstanding anything, please call.      Joe*

-----Original Message-----
**From:** JohnKWeir47@aol.com [mailto:JohnKWeir47@aol.com]
**Sent:** Thursday, October 27, 2005 1:22 PM
**To:** Rollins, Rachael Splaine
**Cc:** Kociubes, Joseph L.; Rodriques, Louis A.; ccampion@nixonpeabody.com; nle@barronstad.com
**Subject:** Re: Svensson

Dear Rachel:

Replying to your email of last evening, and further to our discussion on Tuesday re narrowing the scope of the document request, I would propose the following:

1) In order to provide Putnam with comparators relevant to this action for the purpose of responding to this document request (including Request No. 2), and without in any way waiving the right to seek specific additional documents in a second document request at a later date, Plaintiff would propose to limit the comparators to the investment professionals in the Domestic or International Value, Core and Growth Teams for the years 2000-2003 inclusive, and the Research Department professionals for the years 2002 and 2003. Plaintiff cannot, given the allegations of the Amended Complaint, limit the document request in the manner in which you have proposed, and will reluctantly be forced to proceed with the motion to compel if you do not accept our proposed limitation.

*We think this request is still too broad and goes beyond our understanding of what the case law looks at as comparators.  We shall let you know tomorrow if our position changes.*

2) Re Request No. 6. Plaintiff understands that you have agreed to provide all responsive electronic communications to or from a list of persons at Putnam which Plaintiff would provide. The list is as follows: Mary MacNamee, Rick Tibbetts, Josh Brooks, William Landes, Kelly Morgan, Ed Haldeman, Larry Lasser, Mitch Schultz, and any member of the Operating Committee or the HR Department in 2003 not already included.

*In #6 as modified, you seek electronic communications between the individuals named above which "relate in any manner" to communications between Ms. Svensson and Putnam.  We indicated that we would be prepared to have their electronic in- and out-boxes searched for communications which mention Ms. Svensson.  You refer to 2003, above.  Is that the time period?  If so, we are prepared to agree.*

3) Re Requests Nos. 7, 10, 11, 14 , 20 and 22, and all other references to the issues or events raised by the Amended Complaint or this lawsuit, Plaintiff would be willing to limit the scope of these requests to paragraphs 18-40, 43 and 49-51 of the Amended Complaint, and with respect to Requests Nos. 10 and 11 only, to the events referenced in Paragraphs 21,22, 24- 30, 32, 35, 36-40, 43

and 49-51.

*I'm not sure how the time has been narrowed. The paragraphs you specified cover the entire 9 years of Ms. Svensson's employment by Putnam.*

*As to the specific requests, #7 seeks all documents which "relate to or support" the admissions, denials, lack of knowledge, etc., in the Answer. As we indicated on the phone, our objection is that you seek attorney judgments and thought processes. I'm not sure you've addressed that.*

*In #10, you seek documents "concerning" Ms. Svensson's employment. We have given you her personnel file, the employee handbooks, and similar documents. We objected because, as written, the request is broad enough to see all communications and work product generated by Ms. Svensson or her teams, all communications by or about her by any Putnam employee over the 9 years she worked at Putnam. We indicated that we would entertain a narrowed request, but that the request as written was much too broad. The request does not appear to have been narrowed at all.*

*If in #14 you are seeking communications between Mr. Lasser and Putnam concerning Ms. Svensson's allegations about herself, we are prepared to search for such documents.*

*Our problem with #20 (all documents prepared by Ms. Svensson or given to her or received by any employee or ex-employee of Putnam "concerning Plaintiff's job duties or job performance" over the 9 years of her employment) is that, read literally, it seeks every piece of paper and electronic message she, for example, ever created during the course of performing her job. That is way too broad. We continue to be willing to entertain a more defined request.*

*I do not understand #22. It seems to seek all documents which "relate to communications between" Putnam and its employees which "relate to" Ms. Svensson during the 9 years of her employment. If I'm following it, it is over broad. You more specifically also refer to #22 in Paragraph 8 below. I'm not sure how your proposal concerning #22 here and the one for #22 below relate to each other. Your proposal in Paragraph 8 below is narrower, and is something we can deal with. I'll comment in response to Paragraph 8.*

4) Re Request No. 8, Plaintiff would propose to exclude from the scope of this Request any Bingham-generated documents after November 12, 2003. As to other documents as to which attorney-client or work product privilege is claimed, Putnam would agree to promptly provide a privilege log with respect to these documents, in order to allow Plaintiff an opportunity to determine whether the assertion of privilege is appropriate.

*Since you are using 11/12/03 as the beginning date (a date after Ms. Svensson left Putnam), I'm not sure of the basis for excluding from any privilege log documents generated by Bingham, but not communications sent to Bingham by Putnam or generated by the Putnam Law Department. We are prepared to reconsider if you will tell us what the basis is for such a distinction.*

5) Re Request No. 12, Plaintiff would ask that Putnam reconsider its refusal to produce any responsive documents based upon the limits articulated in Nancy Edgren's October 25, 2005 letter. Plaintiff has reason to believe that responsive documents do exist, are not protected by privilege and do

10/28/2005

not constitute attorney work product of Putnam's attorneys. Plaintiff further believes that production of responsive documents has been routinely ordered by courts in numerous jurisdictions, and would likely be so ordered in this case. If Putnam disagrees, then Plaintiff would request that citation to controlling legal authority be provided.

*I think we just agreed to disagree on #12 and you reserved your right to move to compel.*

6) Re Request No. 16, Putnam would be willing to limit the scope of this request to the following categories of individuals: clients, vendors, outside providers of personnel-related services (if any), brokers, executive recruiters. With respect to former employees, Plaintiff would be willing to limit the scope of the request to documents contained in any HR file or executive file re Plaintiff maintained by the individuals identified in paragraphs 2 or 8 of this email, as well as other documents which Putnam may seek to introduce into evidence at the trial of this action.

*Request 16 seeks documents prepared by any Putnam employee "that relate to each and every personnel decision made with respect to Plaintiff...." I had thought you were going to limit the request in time which you have not done. I'm not sure I understand the first sentence in Paragraph 6 above in this context nor am I sure if you mean "Plaintiff" or "Putnam" in that first sentence. If I understand what you are seeking in the second sentence above and can limit the search to a reasonable time period, we would be willing to accept your proposal.*

7) Re Request Nos. 18 and 19, in addition to those documents already produced by Putnam, Plaintiff seeks all documents utilized by Putnam to determine the compensation paid to Plaintiff, e. g., notes or emails from top management to HR concerning the aggregate amount of compensation available to pay investment professionals, or memos or emails related to decisions concerning changes in the aggregate compensation paid to Plaintiff. Plaintiff would agree to limit the scope of further production to the years 2000, 2001, 2002 and 2003.

*There seems to be a disconnect here. In #18, you requested Ms. Svensson's pay stubs, etc, for the years she worked at Putnam. In #19, you sought documents about her stock grants, options, etc. As I read Paragraph 7 above, you now seem to want, among other things, information about the compensation pools across the entire company. Am I misunderstanding?*

8) Re Request No. 22, Plaintiff would be willing to further limit the scope of the request to the individuals identified in Paragraph 2 above, plus the following persons: Patrick O'Donnell, Robert Swift, Steve Gorman, Darren Peers, Konstantin Stoev, Ellis Ecklund, Chris O'Malley, Carol MacMullen and Tim Ferguson.

*Are you seeking communications about Ms. Svensson from or to the individuals listed in Paragraphs 2 and 8? If so, we would be willing to accept your proposal. You should understand, however, that as the number of individuals whose email in-boxes and our-boxes expands, the amount of time necessary to conduct the search increases. As Rachael indicated to you last night, we are prepared to move as quickly as possible, however.*

Accordingly, provided Putnam agrees to produce further responsive documents "seasonably", Plaintiff would be willing to forego a motion to compel, and to agree to provide a more targeted second document request at a future date after depositions have been completed. As to the timing of such production, I would be willing to agree to a 2-week extension of the due date until November 9, 2005, on the following terms: a) We would proceed with the depositions of Mary MacNamee on November 4, 2005 and with 4 hours of testimony from Josh Brooks from 3 PM until 7 PM on November 7, 2005; b) The continued deposition of Josh Brooks and the deposition of Lisa Svensson would be rescheduled to

November 16 and 17, 2005, in whatever order is consistent with the schedules of the two witnesses; and c) We would proceed with the mediation on November 8, 2005 as directed by the Court.

*Please see Rachael's email of last night. We are told that it should take approximately two weeks (from the time we have an agreement upon the scope of the work so that the technical people can begin working) to restore computer files. In this regard, I note that several of the individuals you have specified have not worked at Putnam for some time, and systems have changed. We shall then need a period of time to review and bates number documents. We have committed to doing that as quickly as possible. At this point, however, we have no idea what the volume of documents will be. Moreover, we discussed the notion that you would define subject fields, thereby narrowing the scope of the search and the potential number of documents which would need to be reviewed. In most cases you have not done that.*

*As for your proposal for the depositions, we can make Mr. Brooks available at 3:00 pm on November 7 and again on November 17 per your suggestion. I am scheduled to be out of town on November 4, but will let you know tomorrow whether we can arrange schedules so that you can depose Ms. McNamee on November 4. I have a hearing on November 16, and can not depose Ms. Svensson on that day. Subject to your schedule, I assume we will be able to agree upon a date in November for Ms. Svensson's deposition. For my part, there is no magic to the sequence.*

Please advise me and Nancy ASAP as to your client's and Larry Lasser's position re all of the above.

Yours truly,

Jack Weir

==========================================================================
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
==========================================================================