UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LISA SVENSSON,                            *
      Plaintiff,                        *
                                        *
                                        *   CIVIL ACTION NO. 04-12711
v.                                        *
                                        *
PUTNAM INVESTMENTS LLC, f/k/a             *
PUTNAM INVESTMENTS, INC. and              *
LAWRENCE J. LASSER                        *
      Defendants                        *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO EXTEND DISCOVERY DEADLINE AND OTHER CORRESPONDING DEADLINES

The Plaintiff hereby submits this Motion to Extend Discovery and other corresponding deadlines. Specifically, Plaintiff requests an extension of the deadline for fact discovery up to and through July 1, 2006. Correspondingly, the Plaintiff's initial expert disclosures would be extended up to August 1, 2006, the Defendant's initial expert disclosures would be extend to September 1, 2006, with the expert discovery deadline of October 1, 2006, the Summary Judgment Motion filing deadline of November 1, 2006, Opposition to Summary Judgment due December 1, 2006, and the final Pretrial hearing to be held in January of 2007.

As grounds for this Motion to Extend, the Plaintiff states as follows:

1. At the Scheduling Conference held on May 2, 2005, the Court accepted the deadlines, for the most part, proposed in the Parties' Local Rule 16.1 Joint Statement.

2. As a result of the Scheduling Conference, the Court issued a Scheduling Order, a copy of which is attached hereto at Exhibit A.

3. The deadline for fact discovery as set forth in the Scheduling Order was February 1, 2006.

4. Pursuant to the Scheduling Order, this matter was set for mediation for the Fall of 2005. Initially the mediation was scheduled for July 25, 2005. The mediation was then rescheduled to November 8, 2005 in order to allow the parties to conduct discovery. The parties then filed a Joint Motion to Reschedule the Mediation in order to conduct more discovery and have a "meaningful mediation." The mediation was rescheduled for January 11, 2006.

5. This case was mediated by the Honorable M.J. Alexander on January 11, 2006. The matter was not resolved during mediation. During the mediation, the Honorable M.J. Judge Alexander raised the possibility of further mediation, however she indicated that further discovery was necessary due to the factual disputes as presented to her.

6. Prior to the mediation, the parties conducted and are still in the process of completing discovery. To date, initial disclosures have been made, Plaintiff has served Defendants with Interrogatories and First Requests for Production of Documents, Defendants have served Plaintiff with Interrogatories and Requests for Production of Documents, Plaintiff's deposition has been taken, as well as the Depositions of Josh Brooks, Mary McNamee and Lauren Allansmith. Plaintiff has responded to Defendant's written discovery and Defendant has responded to Plaintiff's written discovery, although there is a hearing scheduled regarding Putnam's Proposed Protective Order, as detailed more fully below.

7. Plaintiff is in the process of scheduling and obtaining dates for the depositions of William Landes, Richard Tibbets, Kelly Morgan, Ed Haldeman, Lawrence Lasser,

Darren Peers (who currently resides in California), and Ellis Eckland (who lives in Chicago). Plaintiff also may depose Konstantin Stoev who lives in Switzerland. Additional time is needed to get service on the witnesses who are no longer Putnam employees.

8. Plaintiff is also in the process of noticing the deposition of the Person with the Most Knowledge for Putnam.

9. Additional written discovery may also be required.

10. During the course of discovery, in order to obtain the requested documents, Plaintiff had to file a Motion to Compel on Putnam and only received Putnam's documents pursuant to Court order following a hearing on Plaintiff's Motion, on Friday, January 6, 2006. Plaintiff may need to engage in additional motion practice regarding the adequacy of the production and Plaintiff may also need to engage in additional motion practice regarding Putnam's Answers to Interrogatories which were very incomplete and unresponsive. Resolution of these issues is important prior to taking the remaining depositions.

11. In addition, there is also an ongoing question as to whether all of the requested documents have been produced because the documents that were produced were extensively redacted allegedly because they contained confidential information. The issue regarding confidentiality has not yet been decided by the Court and is scheduled for a hearing before M.J. Bowler on January 20, 2006. It is anticipated that some of the documents/and or information that Putnam claims to be confidential will have to be produced to Plaintiff. After the production, the Plaintiff will require additional time to determine if further discovery is needed.

12. The parties contemplated initially that there would be several more months of discovery following the scheduled mediation that was originally slated to be held in the Fall of 2005. The Plaintiff never understood it to be the Court's intention to allow only three weeks to complete discovery after mediation. In fact, Judge Saris specifically directed the parties to take some of the "key depositions" prior to mediation. Accordingly, Plaintiff was focused on taking the depositions needed for the mediation.

13. The parties had agreed in the Fall of 2005 to hold depositions prior to the mediation that were necessary to have meaningful settlement discussions and otherwise agreed that they would not extend the discovery deadline until after the mediation.

14. Due to the extensive amount of depositions and other discovery that is necessary, more time will be needed to complete discovery. At this point it is virtually impossible to complete discovery by February 1, 2006.

15. Plaintiff's counsel conferred with Putnam's counsel following the mediation about extending discovery. Putnam's counsel represented that they are not willing to extend discovery for the length of time proposed by Plaintiff's counsel, but would confer with their client as to what they would agree to.

16. Likewise, Plaintiff's counsel conferred with Lasser's counsel regarding the proposed extension of discovery. Lasser's counsel indicated that they would not agree to the Plaintiff's proposed extension of discovery up to July 1, 2006.

17. There has been no previous request to extend the discovery deadline.

18. For all of the above reasons, Plaintiff requests that the discovery deadline and deadline for disclosure of expert testimony and other corresponding deadlines be

extended. The Parties anticipate that they will be able to disclose expert witnesses and complete discovery within this time.

19. Neither Party will be prejudiced by these extensions.

WHEREFORE, the Plaintiff respectfully requests that the deadline for fact discovery be extended up through and including July 1, 2006, and that the other corresponding deadlines be extended as well, including the Plaintiff's initial expert disclosures up to August 1, 2006, the Defendant's initial expert disclosures to September 1, 2006, with the expert discovery deadline of October 1, 2006, the Summary Judgment Motion filing deadline of November 1, 2006, Opposition to Summary Judgment due December 1, 2006, and the final Pretrial hearing to be held in January of 2007.

Respectfully submitted,
The Plaintiff,
By her attorneys,

/s/ Nancie L. Edgren
Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

and

/s/ John K. Weir
John K. Weir, Esq. Admitted Pro Hac Vice
John K. Weir Law Offices
300 Park Avenue
Suite 1700
New York, New York, 10022
212-572-5374

Date: January 13, 2006
344481/file no. 21312-1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Lisa Svensson
Plaintiff,

      V.                                       Civil Action Number
                                               04-12711-PBS

Putnam Investments, et al
Defendant.                                    May 2, 2005

## SCHEDULING ORDER

Saris, D.J.,

Fact Discovery deadline: 2/1/06

Plaintiff's expert designation deadline: 3/1/06

Defendant's expert designation deadline: 4/1/06

Expert discovery deadline: 5/1/06

Summary Judgment Motion filing deadline: 6/1/06

Opposition to Summary Judgment Motions: 7/1/06

Hearing on Summary Judgment or Pretrial Conference: 7/12/06 at 2:00 p.m.

Case to be referred to Mediation program: Fall, 2005

                                                             By the Court,

                                                             /s/ Robert C. Alba
                                                             Deputy Clerk