UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 04-12711 PBS |
| PUTNAM INVESTMENTS LLC, f/k/a ) | |
| PUTNAM INVESTMENTS, INC. and, ) | |
| LAWRENCE J. LASSER ) | |
| Defendants. ) | |

### DEFENDANT PUTNAM'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE AND OTHER CORRESPONDING DEADLINES

Defendant, Putnam Investments, LLC, f/k/a Putnam Investments, Inc. ("Putnam"), opposes Plaintiff's Motion to Extend Discovery and Other Corresponding Deadlines (the "Motion to Extend") that seeks to expand discovery and other deadlines from February 1 through July 1, 2006. Plaintiff has not demonstrated good cause for the extension; and her approach to discovery has been both dilatory and abusive. The Motion to Extend should be denied.

1.  This case arises in the aftermath of Putnam's termination of plaintiff in September, 2003, after Putnam learned that plaintiff's review of one of four analysts who reported to her essentially was dishonest. Contemporaneously, Putnam also learned that another of plaintiff's analysts was leaving because of his treatment by plaintiff. Plaintiff was told that she would no longer be supervising other employees and was offered several other employment options, which included an option that she remain employed as an analyst without any reduction in her compensation (which had been $655,000 in 2002), benefits or title. When plaintiff refused to accept any of the alternatives presented to her, but instead demanded a promotion and

guaranteed compensation of $1 Million per year for two years, Putnam had no choice but to terminate her. Following that termination, plaintiff asserted various gender-based claims.

2. On May 2, 2005, Judge Saris, after concluding the Rule 16 scheduling conference, issued her scheduling order which provided, "Fact Discovery deadline: 2/1/06." A nine-month period for discovery -- to which plaintiff registered no objection -- hardly is remarkable given that this case involves employment claims of a single individual.

3. Local Rule 16.1(G) states that the "scheduling order ... can be modified only by order of the judge ... and only upon showing of good cause supported by affidavits, and other evidentiary materials, or referenced to pertinent portions of the record." *See e.g., Cabana v. Forcier*, 2000 F.R.D. 9 (D.Mass. 2001) (good cause not shown when the additional expert plaintiff wished to depose was unlikely to provide testimony different from previously deposed experts). Here, plaintiff confuses *what* she wants with the concept of good cause based upon a record.

4. Following the Rule 16 conference, Putnam seasonably served interrogatories and a document request on June 8, 2005. Given that plaintiff is an individual, producing her discovery material hardly could be taxing. Nevertheless, plaintiff did not produce the requested documents or respond to interrogatories until August 31, 2005. *Affidavit of Rachael Rollins, Para. 5 ("Rollins Affid.")*.

5. Plaintiff did find time to depose a female former employee of Putnam on August 31, 2005. That deposition was noteworthy only in its breathtaking irrelevance. Plaintiff's name barely was mentioned. The deponent never supervised nor reported to nor worked on the same

team as plaintiff.[1] *Rollins Affid. Para. 6.* Plaintiff proceeded on the apparent theory that the fact that Putnam terminated another female employee somehow had probative value for plaintiff's case. (Plaintiff neatly overlooked the detail that during the several years after the 2001 stock market crash, Putnam reduced its workforce from 7000 to approximately 3200).

6.  Plaintiff did eventually serve interrogatories and a document request, but not until August 9, 2005.[2] Ignoring Local Rule 26.1 (c), plaintiff propounded 32 interrogatories, many with multiple subparts. Putnam immediately left plaintiff's counsel a message about the non-conforming interrogatories and offered to answer 25 interrogatories of plaintiff's choosing. Having received no response to its message, on September 7, 2005 Putnam reminded plaintiff of the Local Rule and invited her again to designate the 25 interrogatories to which she wished Putnam to respond. *Rollins Affid. Para. 7-8.* Rather than timely respond or even reply to Putnam's offer, six weeks later on October 20, 2005 plaintiff simply served another set of non-conforming interrogatories. *Id. at 9.*

7.  Plaintiff's document requests were objectionable on numerous grounds. On October 25, 2005, the parties conferenced in an effort to resolve their disagreement over the

---

[1] This Court has made clear that, without a showing of relevance, such co-employees are not relevant comparators. *Jackson v. Harvard University*, 111 F.R.D. 472, 474 (D.Mass. 1986) (denying discovery of information relating to schools other than the Business School because the Plaintiff offered no evidence to refute the Defendant's assertion that each school was autonomous in its personnel decisions).

[2] August 9, 2005 was also the day that Plaintiff's Responses to Putnam's Discovery Requests were due. Plaintiff missed this deadline -- which Putnam had agreed to 30 days earlier -- and had to be reminded by Putnam that her Responses were delinquent. Three weeks later, and nearly three months after being served with the Discovery Requests, Plaintiff proffered her Responses.

LITDOCS/627711.1

scope of plaintiff's interrogatories and document requests.[3] Plaintiff's response to the conference was to file a motion to compel on November 4, 2005, which this Court substantially denied on December 13, 2005. *Rollins Affid, Para. 16.*

8. Plaintiff's objectionable approach to discovery has not been limited to her noncompliance with the rules or her overbroad definition of what is relevant. Plaintiff, despite seeking confidential salary and performance information about other employees of Putnam, steadfastly has refused to sign an agreement promising to keep that information confidential, and has thereby forced Putnam to move for a protective order.[4] This Court scheduled a hearing on that matter for January 6, 2006. Plaintiff responded by moving for a continuance. The hearing is presently scheduled for January 20, 2006.

9. After nearly 9 months, plaintiff has taken three depositions. She has deposed the female former employee mentioned above who had no knowledge of plaintiff's performance issues; Joshua Brooks, the head of the unit in which plaintiff was employed, who terminated her; and, Mary McNamee, the Human Resources officer involved in terminating plaintiff. *Rollins Affid., Para. 7, 13 and 14.* While Brooks and McNamee probably are the two individuals with the most relevant knowledge of the reasons for plaintiff's termination, those depositions roamed far afield. Brooks overlapped with plaintiff at Putnam for only about 6 months. *Id. at Para.*

---

[3] The parties conferenced in an attempt to narrow plaintiff's document requests, many of which were extremely overbroad. For example, in Document Request No. 2, plaintiff sought

> [a]ll documents and records concerning Putnam's terminations, denials of promotion, and demotions of Putnam employees from January 1, 1994 to the present including names, addresses, job titles, job descriptions, seniority and gender of the persons affected by each such adverse employment decision.

Putnam had thousands of employees during the years in question and plaintiff apparently wanted the information for the most senior officers to the most junior mail room clerks.

[4] Plaintiff had a confidentiality agreement with Putnam. However, when she left Putnam, she took with her considerable amounts of confidential propriety information -- information that she had agreed not to remove from Putnam's premises. Therefore, Putnam had good reason to be concerned about releasing confidential information to her. *Svensson depo.* at pp. 6-10.

4

*12.* Nonetheless, his deposition consumed 266 pages of transcript and lasted from about 11:45 am to 6:30 pm. *Id.* Plaintiff inquired into such topics as Brooks' compensation in 1990 with Delaware Management (a company unaffiliated with Putnam); his subsequent compensation at Delaware Management; how Putnam compensated him for the deferred compensation he forfeited at Delaware Management when he accepted the Putnam offer; management metrics he instituted in the months and years since plaintiff was terminated; S.E.C. inquiries into Putnam in the years after plaintiff was terminated; and, most outrageously of all, whether Brooks was romantically involved with the female who succeeded plaintiff. *Id.* Plaintiff also felt the need to inquire into the compensation of Ms. McNamee, a Human Resources employee whose position could not at all be considered comparable to plaintiff's. *Id. at 17.*

10. Despite her claim that she now needs more discovery, plaintiff has passed on chances to do just that. In December, plaintiff indicated she wanted to take additional depositions. Putnam tendered Kelly Morgan (plaintiff's immediate supervisor) for deposition on December 22, 2005. *Rollins Affid, Para. 15.* Plaintiff responded by declining to take the depositions before the mediation that occurred January 11, 2006. *Rollins Affid., Para. 16.*

11. In her Motion to Extend at Paragraph 7, plaintiff -- without so much as offering any explanation of the need for the particular discovery she wishes to conduct -- seeks another seven depositions, plus one or more Rule 30(b)(6) depositions. Plaintiff appears to believe that by making the discovery process sufficiently expensive, she can extract a settlement from Putnam.

12. Plaintiff has had ample opportunity to explore her claims against Putnam. She has not demonstrated good cause for extending the discovery period.

WHEREFORE, Putnam prays that the Motion to Extend be denied.

                                         PUTNAM, LLC d/b/a PUTNAM INVESTMENTS LLC, f/k/a PUTNAM INVESTMENTS, INC.

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO# 276360
Louis A. Rodriques, BBO# 424720
Rachael Splaine Rollins, BBO# 641972
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: January 17, 2006

LITDOCS/627711.1