```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


* * * * * * * * * * *   *    Civil Action No. 04-12711-PBS
                        *
LISA SVENSSON           *
                        *    BBO No. 351000
        Plaintiff,      *
                        *
v.                      *    Reply Memorandum
                        *    of Plaintiff
PUTNAM INVESTMENTS,     *    Svensson
LLC f/k/a PUTNAM INVEST-*
MENTS, INC. and LAWRENCE*
J. LASSER,              *
                        *
        Defendants.     *
                        *
* * * * * * * * * * *   *
```

Plaintiff Lisa Svensson submits this Reply Memorandum to the opposition of defendant Putnam Investments, LLC ("Putnam") because, in its opposition to Svensson's motion to extend discovery dates, defendant Putnam has misstated the facts, omitted other material facts and has failed to present an accurate statement of the prior proceedings and events in this case.

In particular, Svensson submits the following points for consideration by the court:

1.  Notably, in this dispute as to whether the fact discovery period should be extended as requested by Svensson in her motion, U.S. Magistrate Judge Alexander observed only last week at the conclusion of the January 11, 2006, mediation

session, that as there were unresolved issues of fact, further discovery was necessary and would be appropriate. Edgren Affidavit, ¶15.

2. That there are unresolved issues of fact and necessary depositions not yet taken in this case is due in very great part to the fact that Putnam has not either timely or completely produced documents. See Edgren affidavit, ¶2-14; Weir Affidavit ¶¶2-5. In fact, Putnam's' most recent production occurred only on January 6, 2006, and included many completely redacted pages and redacted portions of documents, all for reasons that remain unexplained. Weir Affidavit, ¶3.

3. Moreover, it was not until January 6, 2006, that Putnam served a revised privilege log. Weir Affidavit, ¶6. Counsel for Svensson believe that many of the withholdings are not justified and will have to be ruled upon by the court. Id.

4. Additionally, the parties' contentions as to the scope of a confidentiality order will not be decided by the court until the hearing on January 20, 2006.

5. Putnam's complaint that depositions have not been concluded by this time is without merit as it makes no sense at all to undertake many of the necessary depositions without Svensson's counsel having been able to review and analyze all of the documents that should be produced by Putnam.

6.  Putnam urges that Svensson should not be allowed to take the depositions that Svensson has identified.  Incredibly, Putnam even objects to the taking of a Rule 30(b)(6) deposition of Putnam.  Putnam's opposition makes the claim that Svensson has not "offer[ed] any explanation of the need for this particular discovery."  This is disingenuous at best.  One of the needed deponents is the deposition of party defendant Lasser, formerly Chief Executive Officer of Putnam.  Five others (Morgan, Landes, Tibbets, O'Malley and Peers) were identified in Putnam's own initial disclosures as persons with discoverable information.  The other two to date, Ed Haldeman, a Putnam official who now has become Lasser's successor as CEO, and Konstantine Stoev, a former Putnam employee whom Svensson supervised, were identified in Svensson's initial disclosure as persons with discoverable information.

Accordingly Svensson has demonstrated sufficient good cause for the extension of the discovery deadline requested and, in the interests of fairness and justice the extensions requested should be allowed.  To do otherwise would inflict great prejudice upon Svensson and would prevent a fair trial on the merits of the case.

                                          LISA SVENSSON, plaintiff,

                                          By her attorneys,

                                          BARRON & STADFELD, P.C.

```
                                    s/ Kevin F. Moloney
                                    Kevin F. Moloney BBO No. 351000
                                    100 Cambridge Street, Suite 1310
                                    Boston, Massachusetts 02114
                                    Tel.: 617.723.9800/531.6569
Dated: January 19, 2006
```

Certificate of Service.

A copy of the within document was transmitted via the CM/ECF System to counsel of record: Joseph L. Kociubes and Rachael Splaine Rollins, BINGHAM MCCUTCHEN, LLP, 150 Federal Street, Boston, Massachusetts 02110, and David S. Rosenthal and Carrie J. Campion, NIXON PEABODY, LLP, 100 Summer Street, Boston, Massachusetts 02110 02110; and, by e-mail to John K. Weir, JOHN K. WEIR LAW OFFICES, LLC, 300 Park Avenue, Suite 1700, New York, New York 10022.

```
                                    s/ Kevin F. Moloney
Dated: January 19, 2006
```

[345451.1]