UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *   *    Civil Action No. 04-12711-PBS
                          *
LISA SVENSSON             *
                          *    BBO No. 351000
         Plaintiff,       *
                          *    Affidavit
v.                        *    of
                          *    Nancie L. Edgren
PUTNAM INVESTMENTS,       *
LLC f/k/a PUTNAM INVEST-  *    (Declaration pursuant
MENTS, INC. and LAWRENCE  *    to 28 U.S.C. §1746)
J. LASSER,                *
                          *
         Defendants.      *
                          *
* * * * * * * * * * * *   *
```

1.  My name is Nancie L. Edgren.  I am an attorney at Barron &
    Stadfeld, P.C.  I am a member of the bar of this court and
    co-counsel for plaintiff Lisa Svensson ("Svensson") in this
    case.  I have personal knowledge of the facts set forth
    herein.

2.  Pursuant to the Scheduling Order in this case, all
    discovery exchanges required by Fed. R. Civ. P. 26(A)(1)
    and Local Rule 26.2(A) were to be completed on or before
    June 15, 2005.

3.  While defendant Putnam Investments, LLC ("Putnam") served
    its initial disclosures (Exhibit "A," annexed) on June 15,
    2005, it did not actually produce any documents, whether
    identified in its June 15 initial disclosure or requested
    by Svensson in her August 9, 2006, request for documents,
    until October 3, 2005.

4.  Svensson's production of requested documents and answers to
    interrogatories in each instance took place within the
    applicable time limits as extended by agreements with
    counsel for Putnam except out of the approximately 2,000
    pages produced by Svensson within those agreed upon limits,
    approximately 30 pages were produced on August 29 at the
    deposition of Lauren Allansmith.

5.   When, on October 6, 2005, Putnam responded to Svensson's
     interrogatories by refusing to answer any of them on the
     grounds that the number of interrogatories exceeded the
     applicable amount allowed, Svensson, on October 20, 2005,
     served a revised First Set of Interrogatories, which
     contained only 16 numbered interrogatories. See Exhibit
     "B," annexed.

6.   Putnam did not serve responses to the revised set of
     interrogatories until November 18, 2005, even though the 16
     interrogatories included in the revised set were virtually
     the same as the corresponding interrogatories included in
     the initial, but larger, set.

7.   Although Putnam served a response to Svensson's Request for
     Production of Documents on September 16, 2005, it did not
     produce any of the documents requested therein until
     October 3, 2005.

8.   On October 25, 2005, the counsel participated in a lengthy
     conference call in order to narrow the dispute concerning
     Svensson's request for production.  As a result of these
     discussions, counsel for Svensson significantly narrowed
     Svensson's document requests but counsel for the parties
     were not able to agree on all issues.  Nonetheless, Putman
     indicated that it would produce additional documents but it
     claimed that it would take additional time to obtain and
     provide them.

9.   On November 4, 2005, as Putnam had not produced any
     additional documents, Svensson filed a motion to compel
     production.

10.  Putnam delayed until December 8, 2005, which was only five
     days prior to the hearing on December 13, 2005, on
     Svensson's motion to compel production, to provide certain
     additional documents (Bates Nos. PRM 01087-01528).

11.  Putnam has not produced documents in a timely manner.  For
     example, it was only at 6:00 p.m. on November 28, 2005, the
     night before the Mary McNamee deposition that was scheduled
     for November 29, 2005, that Putnam produced additional
     documents relating to the McNamee deposition (Bates Nos.
     00762-01086; see letter from Attorney Rollins, annexed
     hereto as Exhibit "C."  By way of another example, it was
     only at 11:43 a.m. on December 13, 2005, about two hours
     prior to the hearing on the motion to compel, that Putnam

produced a privilege log.  See copy of facsimile attached hereto at Exhibit "D."

12.   It is not accurate to state that at the hearing on the motion to compel that the court "denied most of [Svensson's] requests."  In fact, in addition to producing additional documents on the Thursday before the hearing, Putnam represented to the court at the hearing that it would produce additional documents in response to the Svensson request for production.

13.   At the hearing, the court (Bowler, U.S.M.J.) ordered Putnam to produce the additional documents on or before January 6, 2006.

14.   Putnam produced additional documents in the late afternoon of January 6, 2005.

15.   On January 11, 2006, a mediation session was held by U.S. M.J. Alexander, as mediator, for approximately two hours. At the conclusion of the mediation session, the mediator observed that as there remained factual disputes, further factual discovery would be necessary and appropriate, adding that upon completion of such further discovery, she would be pleased to conduct further mediation session.

    Signed under penalty for perjury on this 19th day of January 2006.

                    S/Nancie L. Edgren
                    _____
                    Nancie L. Edgren

                    LISA SVENSSON, plaintiff,

                    By her attorneys,

                    BARRON & STADFELD, P.C.

                    s/ Kevin F. Moloney_____
                    Kevin F. Moloney  BBO No. 351000
                    100 Cambridge Street, Suite 1310
                    Boston, Massachusetts 02114
Dated: January 19, 2006    Tel.: 617.723.9800/531.6569
                    Certificate of Service
    A copy of the within document was transmitted via the CM/ECF System to counsel of record: Joseph L. Kociubes and

3

Rachael Splaine Rollins, BINGHAM MCCUTCHEN, LLP, 150 Federal Street, Boston, Massachusetts 02110, and David S. Rosenthal and Carrie J. Campion, NIXON PEABODY, LLP, 100 Summer Street, Boston, Massachusetts 02110 02110; and, by e-mail to John K. Weir, JOHN K. WEIR LAW OFFICES, LLC, 300 Park Avenue, Suite 1700, New York, New York 10022.

<u>s/ Kevin F. Moloney</u>

Dated: January 19, 2006

[345441.1]

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LISA SVENSSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-12711 PBS |
| PUTNAM INVESTMENTS LLC, f/k/a | ) | |
| PUTNAM INVESTMENTS, INC. and, | ) | |
| LAWRENCE J. LASSER | ) | |
| Defendants. | ) | |

## DEFENDANT PUTNAM'S INITIAL DISCLOSURES
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Defendant Putnam, LLC ("Putnam") submits the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

### PRELIMINARY STATEMENT

These initial disclosures represent the product of Putnam's investigation of this matter to date. Further investigation and discovery may bring to light additional information. Putnam thus reserves the right to amend and supplement these initial disclosures, pursuant to Federal Rule of Civil Procedure 26, as the parties obtain additional information regarding Plaintiff's claims and Putnam's defenses thereto. The description of any individual in this disclosure statement does not waive any right Putnam has or may acquire to assert that the individual contains or possesses confidential or privileged information that is not subject to discovery. Putnam reserves the right to supplement or amend its disclosures at any time before trial and to utilize subsequently discovered evidence at trial or in connection with pre-trial proceedings.

## INITIAL DISCLOSURES

**I.   Fed.R.Civ.P. 26(a)(1)(A): Individuals**

The following individuals may have discoverable information relative to Plaintiff's claims against Putnam and which Putnam may use to support its defenses against Plaintiff's claim.[1]

*Plaintiff*:

Lisa Svensson
54 Hull Street
Newton, MA  02460

*Defendant*:

Joshua Brooks
Putnam Investments
One Post Office Square
Boston, MA  02109
*Mr. Brooks may be contacted through Putnam's attorneys of record.*
*Subjects: communications between Brooks and Svensson, Svensson's performance as a member of Global Equity Research, the alleged investigation conducted by Human Resources concerning Svensson, and the circumstances giving rise to Svensson's termination.*

Rick Tibbetts
Putnam Investments
One Post Office Square
Boston, MA  02109
*Mr. Tibbetts may be contacted through Putnam's attorneys of record.*
*Subjects: communications between Tibbetts and Svensson, promotion and compensation decisions for Investments Group during Svensson's employment.*

---

[1]   Putnam lists these individuals because they were in some way involved in the incidents leading up to Ms. Svensson's termination. Ms. Svensson, of course, had contact with many other individuals throughout the course of her employment with Putnam.

Kelly Morgan
Putnam Investments
One Post Office Square
Boston, MA 02109
*Ms. Morgan may be contacted through Putnam's attorneys of record.*
*Subjects: Svensson's historical performance at Putnam, the alleged investigation conducted by Human Resources concerning Svensson, and the circumstances giving rise to Svensson's termination.*

Mary McNamee
Putnam Investments
One Post Office Square
Boston, MA 02109
*Ms. McNamee may be contacted through Putnam's attorneys of record.*
*Subjects: Putnam's rejection of Svensson's attempt to exercise rights under the equity plan, the alleged investigation conducted by Human Resources concerning Svensson, the circumstances giving rise to Svensson's termination.*

Linda Grace
Putnam Investments
One Post Office Square
Boston, MA 02109
*Ms. Grace may be contacted through Putnam's attorneys of record.*
*Subjects: Efforts made by Putnam to counsel Svensson concerning her performance and interpersonal skills.*

Chris O'Malley
Putnam Investments
One Post Office Square
Boston, MA 02109
*Mr. O'Malley may be contacted through Putnam's attorneys of record.*
*Subjects: Svensson's performance in Global Equity Research, certain of the events giving rise to Svensson's termination.*

William Landes
Twenty One Hundred Capital Group
28 State Street, Suite 3700
Boston, MA 02109
*Subjects: Svensson's transfer to and performance in Global Equity Research.*

Darren Peers
NWQ Investment Management Company, LLC
2049 Century Park East, 16th Floor
Los Angeles, CA 90067
*Subjects: Svensson's performance in Global Equity Research, certain of the events giving rise to Svensson's termination.*

## II.    Fed.R.Civ.P. 26(a)(1)(B): Documents

Putnam believes, based on investigations thus far, that the below listed documents, data compilations and tangible things in the possession, custody and control of Putnam may be used by Putnam to support its defenses. Putnam makes this disclosure without waiver of its right to withhold the production of any documents or information on the basis of any claim of privilege or other immunity, or on the basis of the proprietary nature of the information contained therein until such time as the parties enter an appropriate confidentiality stipulation. Putnam reserves the right to supplement these documents as its discovery and investigation continue.

Ms. Svensson's personnel file

Ms. Svensson's 360° Reviews

## III.    Fed.R.Civ.P. 26(a)(1)(C): Computation of Damages

This category is not applicable to Defendant.

## IV.    Fed.R.Civ.P. 26(a)(1)(D): Potential Liability of Insurance Carriers

Putnam does not anticipate that any insurance policy will be applicable to this action.

PUTNAM, LLC,

By its attorneys,

Joseph L. Kociubes, BBO# 276360
Louis A. Rodriques, BBO# 424720
Rachael Splaine Rollins, BBO# 641972
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated:  June 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon plaintiff's counsel by hand (Boston) and by first class mail (New York) on June 8, 2005.

Rachael Splaine Rollins

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

```
************************************
LISA SVENSSON,                     *
                 Plaintiff,        *
                                   *
                                   *
                                   *       CIVIL ACTION NO. 04-12711PBS
           v.                      *
                                   *
                                   *
PUTNAM INVESTMENTS LLC, f/k/a      *
PUTNAM INVESTMETNS, INC. and       *
LAWRENCE J. LASSER                 *
                 Defendants        *
************************************
```

### PLAINTIFF, LISA SVENSSON'S FIRST SET OF INTERROGATORIES PROPOUNDED TO THE DEFENDANT, PUTNAM INVESTMENTS, LLC, f/k/a PUTNAM INVESTMENTS, INC.

Pursuant to Fed.R.Civ.Proc. Rule 33, Plaintiff Lisa Svensson, ("Svensson"), requests Defendant Putnam Investments, LLC, f/k/a Putnam Investments, Inc. to answer the following interrogatories within the time prescribed by the Rules.

### Definitions and Instructions

1.1    In responding to this discovery request, you are required to comply with the applicable provisions of Fed.R.Civ.P. 26-37 which, in pertinent part, are as follows:

1.1.1.  <u>Fed.R.Civ.P. 26; General Provisions Governing Discovery: Duty of Disclosure;...</u>(b) <u>Discovery Scope and Limits.</u>  Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1)  <u>In General.</u>  Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any

books, documents, or other tangible things and the identity and location persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

1.1.2. Fed.R.Civ.P.33 – Interrogatories to Parties

(b) Answer and Objections.

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reason for objection and shall answer to the extent the interrogatory is not objectionable.

(2) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.

(3) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court to good cause shown.

(4) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) Option to Produce Business Records.

Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the

2

interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

### *Definitions*

The words "Putnam" or "Defendant Corporation" include parents, subsidiaries, and corporate affiliates of Putnam Investments, LLC, f/k/a Putnam Investments, Inc., both before and after that particular relationship was established.

The word "document" refers to, and includes, but is not limited to, writings, drawings, graphs, charts, records, and every other type of data compilation, including all forms of computer storage and retrieval.

The words "during the relevant time period" shall mean the period of time from January 1, 1994 to the present.

## **INTERROGATORIES**

### INTERROGATORY NO. 1

Please state fully and completely each and every basis, reason, criteria, or factor which the Defendant Corporation alleges or contends was relied upon by Putnam for terminating the Plaintiff's employment, including the names, job title and gender of all persons who determined each basis, reason, criteria, or factor for her termination.

### INTERROGATORY NO. 2

Please state the Defendant Corporation's estimate of value of each element of the Plaintiff's compensation at the time of discharge, including salary, bonus, stock, stock options, life insurance, health insurance, and pension plan, and state the basis by which Defendant Corporation arrived at the value.

### INTERROGATORY NO. 3

With respect to Putnam's entire exempt employment force, please state:

a.     The name of each job category and subcategory from January 1, 1994 to date;

b.     The duties performed and responsibilities fulfilled by employees in each job category and subcategory,

c.      The names and number of female employees within each job category and subcategory each year from January 1, 1994 to date.

d.      The names and number of female employees with children within each job category and subcategory each year from January 1, 1994 to date.

INTERROGATORY NO.4

For each employee identified in answer to Interrogatory No.3, who was terminated during the period from January 1, 1994 to the present, state:

a.      The name and gender of the employee;
b.      The job category or subcategory in which the employee worked;
c.      The nature of the termination, e.g. as layoff, voluntary quit, discharge for cause, discharge without case, etc.
d.      A statement of any transfer offered to the employee prior to his/her termination as an alternative to termination.
e.      The age and marital status of each such employee at the time of termination;
f.      The years of service of the employee at the time of termination;
g.      The years of service of all other employees remaining in the terminated employee's place of business or other working areas at the time of termination (stated in such a manner as can be correlated with the answers to subparagraph f),
h.      The name and gender of the replacement, if any, or person assuming the job duties for each such terminated employee;
i.      The years of service of the replacement for each terminated employee;
j.      A statement of each and every reduction in pay, or downgrading in job position, experienced by the terminated employee within five years prior to the date of his or her termination.

INTERROGATORY NO.5

For each employee identified in answer to Interrogatory No. 3, who was denied promotion demoted or had other adverse employment action taken against them, state:

a.      The name and gender of the employee;
b.      The job category or subcategory in which the employee worked;
c.      The nature of the adverse employment action taken;
d.      The age and marital status of each such employee;
e.      The year of service of the employee at the time of the adverse employment action;
f.      A statement of each and every reduction in pay, or downgrading in job position experienced by the employee against whom the adverse employment action was taken.

INTERROGATORY NO.6

Please state whether the Defendant has ever received a complaint of a) sexual harassment or b) discrimination based on gender, or marital status.  If yes, please state:

4

a.      The date when the complaint was received, or when the charge, notice, or action was filed;

b.      The administrative body or court in which the matter was filed, and the docket number or other numerical designation;

c.      The name of the complainant, charging party or Plaintiff;

d.      The current status of the charge, notice or complaint, if it is currently pending;

e.      The disposition of the charge, notice or complaint if it is no longer pending.

INTERROGATORY NO.7

Has Putnam or any of the Putnam's supervisory personnel ever received knowledge of internal complaints or statements relating to any employee's gender, gender bias, or stereotypical comments, ridicule, or joking in the workplace respective any employer's gender? If yes, please state:

a.      The acts or circumstances involved;

b.      The dates of their occurrence;

c.      The names and job titles of those involved;

d.      The names and job titles of those responsible for investigating the acts and/or circumstances;

e.      The date and description of the actions taken by management in response to each such charge or circumstance;

f.      Whether the actions continued after management's response to each such charge or circumstance.

g.      Attach a copy of each and every written report of investigation of any such internal complaints, or state the substance thereof.

INTERROGATORY NO. 8

Please identify all persons with knowledge of Putnam's business practices relevant to claims of gender discrimination, marital status discrimination or sexual harassment or any defense of the Defendant, including:

a.      The name, address, and job title of each such person;

b.      The dates during which each such person knew of the Defendant's business practices;

c.      The substance of all relevant information or knowledge known to each such person;

d.      Whether any such person has given any statement or account, either orally or in writing, of his or her knowledge of the Defendant's business practices.

INTERROGATORY NO. 9

For each employee who was a) denied promotion to Managing Director; or b) denied or refused a partner-level position at Putnam for the period January 1, 1994 to the present, please state:

a.      The name, position, department, salary, gender and marital status of each employee who was denied or refused said promotion or partnership;
b.      The criteria established at Putnam to select employees for promotion to Managing Director or Partner;
c.      The date of each such denial;
d.      The form and manner of communication of each such denial;
e.      The reason for each such denial;
f.      The name, job title, gender and marital status of the person(s) responsible for determining which employees were to receive promotions to Managing Director or Partner.
g.      The names, job titles, gender and marital status of the person(s) who received such promotions at the time of each such denial.

INTERROGATORY NO. 10

Were other employees subject to termination based on the same factors that resulted in Plaintiff's termination? If yes, please state:

a.      The names, job titles, gender and marital status of employees terminated or laid off as a result of these factors;
b.      The dates of their termination(s).
c.      The dates of rehire, if any.

INTERROGATORY NO. 11

Please identify all employees who assumed all or any part of Plaintiff's responsibilities and workload, and state:

a.      Their names, job titles, ages, gender, and marital status;
b.      Their qualifications for the position;
c.      Their salary as of September 15, 2003, and as of the present time.
d.      The length of time employed by Putnam as of September 15, 2003.

INTERROGATORY NO. 12

Please identify the gender makeup of Putnam's workforce at the time of the Plaintiff's termination on September 15, 2003, as follows:

a.      Total employees on a full-time equivalency basis;
b.      By department;

c.     Employees at the level of Managing Director and above;
d.     Employees who performed Portfolio Management responsibilities;
e.     Persons who were designated by Putnam as "Partners".

INTERROGATORY NO. 13

State in chronological order each event leading to the decision to terminate Plaintiff's employment at Putnam.

INTERROGATORY NO. 14

State the name, gender, and marital status of each employee of the Defendant employer who made any complaint to Putnam concerning Plaintiff or her job performance or attitude and for each such complaint state the date of the complaint, the conduct of which the individual complained, and what action, if any, Putnam took in response thereto.

INTERROGATORY NO. 15

Please describe the amount and dates of commissions, bonuses or deferred compensation, stock grants, vesting of stock options, or other form of incentive remuneration which Plaintiff received from January 1, 1994 to the present, including how the amount of the payment for each such commission, bonus, deferred compensation grant, vesting of stock options, or other incentive remuneration was calculated or determined, whether the commission bonus, grant, stock option or other incentive remuneration has been paid to Plaintiff, and if not, the present status of the account, identifying all documents in relation thereto.

INTERROGATORY NO. 16

Set forth in complete detail the employee benefits, which Plaintiff received from Putnam after January 1, 1994, including the dates on which Plaintiff received each such benefit, the present status of all accounts relating to each such benefit. State whether Plaintiff was required to pay any amount for each such benefit.

Respectfully submitted,
The Plaintiff,
By her attorneys,


_____
John K. Weir, Esq.
John K. Weir Law Offices LLC
300 Park Avenue
New York, NY 10022
212.572.6374


_____
Denise L. Page, Esq.
BBO No.  119415
Nancie L. Edgren, Esq.
BBO No.  648665
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

Dated: October 20, 2005
[330748]

## CERTIFICATE OF SERVICE

I, Nancie L. Edgren, Esq. hereby certify that on this date I caused a true and accurate copy of the above document to be served by pre-paid first class mail upon the following:

Joseph L. Kociubes, Esquire
Rachael Splaine Rollins, Esquire
BINGHAM MCCUTCHEN, LLP
150 Federal Street
Boston, MA 02110; and

David S. Rosenthal, Esquire
Carrie J. Campion, Esquire
NIXON PEABODY, LLP
100 Summer Street
Boston, MA 02110

Dated: October 20, 2005

_____
Nancie L. Edgren

[330748]

Exhibit C

**BINGHAM McCUTCHEN**

*Rachael Splaine Rollins*
*Direct Dial:  617.951.8791*
*E-Mail:  rachael.rollinsbingham.com*

November 28, 2005

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

## VIA HAND DELIVERY

Denise L. Page, Esq.
Nancie L. Edgren, Esq.
Barron & Stadfeld, P.C.
100 Cambridge Street
Boston, MA 02114

*Re:     Svensson v. Putnam Investments LLC, et al, CA 04-12711 PBS*

Dear Counsel:

Enclosed please find responsive documents relating to Mary McNamee
bates labeled PRM 00762 - 01086.

Sincerely,

Rachael Splaine Rollins

RSR/nm
Enclosure

Exhibit D

# Facsimile

DATE: December 13, 2005

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Nancie L. Edgren, Esq. | 617-854-8899 or/ | |
| | Barron & Stadfeld, P.C. | 617-523-8359 | |
| FROM: | Rachael Splaine Rollins rachael.rollins@bingham.com | (617) 951-8736 | (617) 951-8791 |

PAGES: (INCLUDING THIS COVER PAGE): 5

RE: *Svensson v. Putnam Investments LLC, et al, CA 04-12711 PBS*

MESSAGE:

For transmission problems, please call (617) 951-8973

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 17223 | Client/Matter No: | 0398860 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | 000312913 | | | |
| Return To: | | | Floor No: | 19 |

LITDOCS/617981.1

**BINGHAM McCUTCHEN**

Louis A. Rodriques
Direct Phone:     (617) 951-8340
Direct Fax:       (617) 951-8736
louis.rodriques@bingham.com

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

December 13, 2005

**VIA FACSIMILE**

Nancie L. Edgren, Esq.
Barron & Stadfeld, P.C.
100 Cambridge Street
Boston, MA 02114

*Re:*   *Svensson v. Putnam Investments LLC, et al, CA 04-12711 PBS*

Dear Nancie:

Enclosed please find defendant Putnam's privilege log in the above-referenced matter.

Please call if you have any questions.

Sincerely,

Louis A. Rodriques

/nm
Enclosure

cc:    John K. Weir, Esq. *(w/ enclosure via regular mail)*

LITDOCS/624807.1