UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *    *    Civil Action No. 04-12711-PBS
                           *
LISA SVENSSON              *
                           *    BBO No. 351000
        Plaintiff,         *
                           *    Order
v.                         *    Governing Discovery
                           *    of Confidential
PUTNAM INVESTMENTS,        *    Information
LLC f/k/a PUTNAM INVEST-   *
MENTS, INC. and LAWRENCE   *
J. LASSER,                 *
                           *
        Defendants.        *
                           *
* * * * * * * * * * *      *
```

Defendant Putnam Investments LLC ("Putnam"), having moved to the court to enter a protective order concerning confidentiality of certain documents and information, and plaintiff Lisa Svensson ("Svensson"), having served an opposition to the particular relief sought by Putnam, and the Court (Bowler, U.S. M. J.) at the January 20, 2006, hearing of the said motion having indicated an intent to enter a protective order, and the parties by their counsel having conferred in an effort to resolve differences as to such an order, pursuant to Fed. R. Civ. P 26(c), to maintain the confidentiality of certain information to be produced in this action, and the Court having approved such order:

IT IS HEREBY ORDERED:

1.	All documents or tangible things within the meaning of Fed. R. Civ. P. 34 (whether in writing, in electronic form, on magnetic tape or in any other format), including transcripts of oral deposition testimony or recorded statement of counsel, such as, by way of example and not limitation, deposition transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, company records and reports) and the information contained in them, which have been or are produced in discovery in this litigation shall be used solely for purposes of this litigation.

2.	For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean any document or tangible thing within the meaning of Fed. R. Civ. P. 34 (whether in writing, in electronic form, on magnetic tape or in any other format), including transcripts of oral deposition testimony or recorded statement of counsel, such as, by way of example and not limitation, deposition transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, company records and reports) and the information contained in them and any instrument that comprises, embodies or summarizes information that a producing party considers confidential within the meaning of Fed. R. Civ. P. 26 and desires not to be

made public; provided, however, that no documents or tangible things or the information contained therein that: (1) have been or are in the public domain; and/or, (2) heretofore were filed with the Court in this case, shall be "CONFIDENTIAL INFORMATION" within the meaning of this Order..

    3.   If, in the course of proceeding in this action, any party, or non-party subpoenaed in connection with this action to produce documents or testify in deposition (hereinafter, the "producing party") is required or undertakes to disclose CONFIDENTIAL INFORMATION, the following procedures shall be employed.  Any CONFIDENTIAL INFORMATION contained in any document or tangible thing shall be designated as such by the producing party by marking each page with the following legend: "CONFIDENTIAL".  In like manner, any copy made of such document or thing or any abstract, summary or memorandum embodying said CONFIDENTIAL INFORMATION shall bear on its face one of the aforesaid legends.  In the event such labeling or marking is inadvertently omitted, such marking shall be made within five (5) days after production of the document or tangible thing to be marked.  Until such five (5) day period has elapsed after receipt, the receiving party will treat documents and things, which have been received and which have not been so marked, as being "CONFIDENTIAL" information.  Further, material that a producing party neglects to designate as "CONFIDENTIAL" within

five (5) days of production, may at any time after production be so designated by appropriate written notice to counsel for the receiving party or parties, but no party shall be in breach of this Order for any disclosures made prior to receipt of such notice that otherwise would have been authorized by this Order but for the subsequent designation by notice.

4. Depositions.

a. Oral deposition testimony may be designated as "CONFIDENTIAL" by the producing party making an appropriate statement on the record at the time of the deposition or by identifying, within fifteen (15) days following receipt of a copy of the transcript, in writing to counsel for the party taking the deposition, the specific pages of the transcript that are so designated.  The designation should be made on the record whenever possible.  However, irrespective of whether any designation is made at the time a deposition is taken, the entire transcript of each such deposition shall be regarded as "CONFIDENTIAL" during said fifteen (15) day term.  Further, material that a party neglects to designate as "CONFIDENTIAL" within fifteen (15) days following receipt of a copy of the deposition transcript, may at any time after receipt of the deposition transcript be so designated by appropriate written notice to counsel for the other party or parties, but no party shall be in breach of this Order for any disclosures made prior

to receipt of such notice that otherwise would have been authorized by this Order but for the subsequent designation by notice.

    b.   If an attorney for any producing party believes that questions put to a witness being examined in a deposition will disclose CONFIDENTIAL INFORMATION of his or her client, or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL INFORMATION, such attorney shall so notify the attorney of the inquiring party and may, at his or her option, direct that the deposition of such witness, or confidential portions thereof, shall be taken in the presence of only qualified recipients for the parties and the reporter.

    c.   No copy of any transcript of any deposition that is designated as containing CONFIDENTIAL INFORMATION shall be prepared or furnished by the reporter to any person other than the attorneys of record for the parties.

    d.   Subject to the foregoing, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION of which such person has prior knowledge. If any witness is represented by an attorney who is not a qualified recipient with respect to such information, then a written Undertaking shall be made by such

5

attorney in the form of Exhibit "A," hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of CONFIDENTIAL INFORMATION disclosed during the examination.

    5.   <u>Disclosure of Information Designated "CONFIDENTIAL."</u>

Information designated "CONFIDENTIAL" shall not, without the consent of the producing party or further Order of the Court or as may be required by law, be disclosed to anyone other than a "qualified recipient," which term shall mean:

    a.   The Court and such of the clerks and other personnel of the U.S. District Court, District of Massachusetts, as the Court, from time to time, may determine.

    b.   Attorneys of record for a party in this action and other persons regularly members of, employed by, or associated with such attorneys and their law firms who are assisting the attorneys of record in this case;

    c.   Expert witnesses and consultants retained in connection with the above-captioned action, subject to said person's executing, prior to disclosure, an Undertaking, in the form annexed hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. Counsel to whom CONFIDENTIAL INFORMATION is to be provided shall keep in their files the originals or copies of all such signed Undertakings.;

6

    d.    The parties;

    e.    Plaintiff Svensson's husband, provided he executes an undertaking in the form annexed hereto as Exhibit "B" stating that he has read this Protective Order and agrees to be bound as to his actions after entry of this Order by the provisions hereof.

    f.    Witnesses at deposition, trial witnesses, prospective trial or deposition witnesses or other persons interviewed, or consulted with, by any party in connection with the providing by such person(s) of evidence in this case or information relevant to the subject matter of this litigation, to the extent that such person(s) had prior knowledge of the CONFIDENTIAL INFORMATION being disclosed to them; and,

    g.    The persons referred to in § 8(b), <u>infra</u>, under the conditions therein described.

    6.    <u>Disclosure of CONFIDENTIAL INFORMATION During Trial</u>.

Disclosure of CONFIDENTIAL INFORMATION during trial shall take place as may be determined by the Court at that time, the Court not being bound to the definition herein of CONFIDENTIAL INFORMATION or by the fact that a party, pursuant to this Order, may have designated such documents or things or the information contained therein as CONFIDENTIAL INFORMATION.

    7.    <u>Filing of Information Designated as "CONFIDENTIAL."</u>

Notwithstanding the aforesaid, the provisions of this

Order shall not preclude the filing of "CONFIDENTIAL INFORMATION" in any affidavits, briefs, memoranda of law, or other papers, or at trial, without prejudice to the producing party's right to seek impoundment.  The parties shall provide the producing party five (5) business days notice prior to filing any "CONFIDENTIAL INFORMATION, thereby providing the producing party opportunity to seek impoundment.  The CONFIDENTIAL INFORMATION shall be filed under seal and shall remain confidential unless or until the Court otherwise orders.

    8.   <u>General Provisions.</u>

    a.   All CONFIDENTIAL INFORMATION shall be held in confidence by each qualified recipient with respect to such information to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient with respect to such information.  All disclosed CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified recipients with respect to such information, including appropriate storage when not in use by the qualified recipient.

    b.   Nothing herein shall prevent any party to this case from interviewing any person or persons who have or may have

knowledge or information relevant to the subject matter of this action; provided, however, that any such person prior to providing or receiving any CONFIDENTIAL INFORMATION within the meaning of this Order, executes an Undertaking in the form annexed hereto as Exhibit A, stating that he or she has read the Protective Order and agrees to be bound by its provisions. Counsel for a party by whom or to whom CONFIDENTIAL INFORMATION is so provided shall keep in their files originals or copies of all such signed Undertakings.

    c.   Nothing herein shall restrict a qualified recipient with respect to such information from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION solely for use in connection with this action, and all such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL INFORMATION, respectively, under the terms of this Order.

    d.   A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the propriety of a designation by the producing party of any information as "CONFIDENTIAL" information, the parties shall give written notice to the producing parties of such

disagreement and the party and the producing party shall use reasonable efforts first to dispose of such dispute in good faith on an informal basis.  This Protective Order shall not foreclose any party to this action from moving this Court, with prior notice to the producing party, for an order that materials designated as CONFIDENTIAL INFORMATION are, in fact, not confidential. On such motion, the party claiming confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).  Challenged CONFIDENTIAL INFORMATION shall remain CONFIDENTIAL INFORMATION unless and until the Court determines that the material in question is not within the scope of protection afforded by Fed. R. Civ. P. 26(c). Nothing in this Protective Order shall be deemed to preclude any party, including any producing party, from applying to the Court for additional protective orders, or from the parties agreeing among themselves to modification of this Protective Order, subject to the approval of the Court, or from complying with other legal obligations.

    e.    Upon final termination of this action, whether by dismissal, final judgment after appeal, or by settlement, each party shall return to the producing party all documents and things or transcripts of deposition or trial, together with all copies, summaries, and abstracts thereof, in whatever form

stored or reproduced which have been designated as including "CONFIDENTIAL INFORMATION" pursuant hereto.  Alternatively, an attorney of record for the party to whom documents were produced may certify in writing to the producing party that all original and reproductions or portions thereof that have not been so returned have been shredded beyond recognition.

    f.   This Order shall be controlling for all purposes relevant to the prosecution or defense of this action, and shall supersede any other agreements respecting confidentiality heretofore entered into by the parties on or after September 15, 2003, the date of the termination of plaintiff's employment by Putnam, with any witnesses, prospective witnesses, interviewees or other persons who have or may have knowledge of facts or information relevant to the subject matter of this action and/or which may lead to the discovery of admissible evidence.

    g.   The use or disclosure of CONFIDENTIAL INFORMATION by or on behalf of plaintiff Svensson in a manner authorized or required by this Order shall not be used by any defendant in this action as a basis for any claim that plaintiff Svensson has violated any provision concerning confidentiality of Putnam information in any agreement that may have been signed by her prior to her termination of employment by defendant Putnam. Moreover, nothing herein shall be utilized by any party as a

11

basis for any contention in this case or otherwise that Putnam has or does not have any right to the confidentiality of any information provided to Svensson during her employment by Putnam.

                                            It is so Ordered

                                            _____
                                            Bowler, U.S. M. J.

Dated: February __, 2006

AGREED TO:

LISA SVENNSON, plaintiff

By her attorneys,

BARRON & STADFELD, P.C.

s/ Kevin F. Moloney
Kevin F. Moloney BBO No. 351000
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569

and
John K. Weir, Admitted PHV
JOHN K. WEIR LAW OFFICES, LLC
300 Park Avenue, Suite 1700 New York, NY 10022


PUTNAM INVESTMENTS, LLC, defendant,

By its attorneys,

s/ Joseph L. Kociubes
Joseph L. Kociubes BBO No. 276360
Louis A. Rodrigues BBO No. 424720
Rachel Splaine Rollins BBO No. 641972

150 Federal Street
Boston, Massachusetts 02110
Te.: 617.951.8000


LAWRENCE J. LASSER, defendant,

By his attorneys,

NIXON PEABODY LLP


s/ David S. Rosenthal
David S. Rosenthal   BBO No. 429260
Carrie J. Campion    BBO No. 656451
100 Summer Street
Boston, Massachusetts 02110
Tel.: 617.345.1000

Dated: February 6, 2006

[347465.1]

**Exhibit A**

Case 1:04-cv-12711-PBS     Document 50-2     Filed 02/08/2006     Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *    *    Civil Action No. 04-12711-PBS
                           *
LISA SVENSSON              *
                           *    BBO No. 351000
       Plaintiff,          *
                           *    Undertaking Pursuant to
v.                         *    Order Governing Discovery
                           *    of Confidential
PUTNAM INVESTMENTS,        *    Information
LLC f/k/a PUTNAM INVEST-   *
MENTS, INC. and LAWRENCE   *
J. LASSER,                 *
                           *
       Defendants.         *
                           *
* * * * * * * * * * *      *
```

_____ I, _____, state, under the penalty for perjury that:

1. My present home address is
   _____

2. My present employer is and the address of my present employment is
   _____

3. My present occupation is and my job description is
   _____

4. I have received a copy of the February \_\_, 2006, Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I have been designated by a party to this action to receive CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL" pursuant to the Protective Order.

7. I will comply with all of the provisions of the

      Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL INFORMATION that may be disclosed to me.

9. I will return all CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared related thereto, to counsel for the party that designated me to receive CONFIDENTIAL INFORMATION.

10. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Signed under the penalty for perjury this ___ day of _____, 2006.

                                                _____

[347466.1]

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *    *   Civil Action No. 04-12711-PBS
                           *
LISA SVENSSON              *
                           *   BBO No. 351000
         Plaintiff,        *
                           *   Undertaking Pursuant to
v.                         *   Order Governing Discovery
                           *   of Confidential
PUTNAM INVESTMENTS,        *   Information
LLC f/k/a PUTNAM INVEST-   *
MENTS, INC. and LAWRENCE   *
J. LASSER,                 *
                           *
         Defendants.       *
                           *
* * * * * * * * * * *      *
```

I, _____, state, under the penalty for perjury that:

1. My present home address is
   _____

2. My wife, Lisa Svensson, is plaintiff in this case.

3. I have received a copy of the February __, 2006, Protective Order in this case.

4. I have carefully read and understand the provisions of the Protective Order.

5. I have been designated by plaintiff to receive CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL" pursuant to the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL INFORMATION that may be disclosed to

LITDOCS/820514.1

2

      me.

9.    I will return all CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared related thereto, to counsel for plaintiff.

10.   I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Signed under the penalty for perjury this ___ day of _____, 2006.

                                                         _____

[347467.1]