UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| * * * * * * * * * * * * * * * *<br>*<br>LISA SVENSSON             *<br>*<br>       Plaintiff,      *<br>*<br>v.                                  *<br>*<br>PUTNAM INVESTMENTS, LLC  *<br>and LAWRENCE LASSER,     *<br>*<br>       Defendants.    *<br>*<br>* * * * * * * * * * * * * * * * | Civil Action No. 04-12711-PBS<br><br>BBO No. 351000<br><br>Motion<br>of<br>Plaintiff Lisa Svensson,<br>Pursuant to Fed. R. Civ. P. 37(a)(2),<br>for an Order Compelling Defendant<br>Putnam Investments LLC to Answer<br>Interrogatory Nos.3, 4, 5, 7, 9, 10 and 12<br>and, Pursuant to Fed. R. Civ.<br>P. 37(a)(2)(4), for an Award<br>of Attorneys' Fees and Expenses<br><br>and<br>Request for Hearing and Oral Argument<br><br>and<br>Certificate as to Compliance With<br>Local Rule 37.1 |

    Plaintiff Lisa Svensson ("Svensson") moves the court to enter an order compelling defendant Putnam Investments, LLC ("Putnam") to answer Interrogatory Nos. 3, 4, 5, 7, 9, 10 and 12, as limited in time period covered and scope of employees inquired about (see accompanying memorandum), because Putnam, having interposed numerous unwarranted objections, has failed to answer virtually all of the questions at issue.

    The grounds for this motion are set forth more particularly in Svensson's "Memorandum in Support of her Motion, Pursuant to Fed. R. Civ. P. 37(a)(2), for an Order Compelling...[Putnam]... to Answer  Interrogatory Nos.3, 4, 5, 7, 9, 10 and 12 and, Pursuant to Fed. R. Civ. P. 37(a)(2)(4), for an Award  of Attorneys' Fees and Expenses" ("Svensson's memorandum") which is filed herewith.[1]

---

[1] Filed separately herewith are: (1) Svensson's memorandum (redacted); (2) Svensson's memorandum (unredacted); (3) First Affidavit of Lisa Svensson; (4) Second Affidavit of Lisa Svensson; (5) Exhibit 2 to Second Affidavit of Lisa Svensson; (6) Third Affidavit of Lisa Svensson; (7) Exhibit 2 to Third Affidavit of Lisa Svensson; (8) Affidavit of Kevin F. Moloney; (9) Exhibits to the Affidavit of Kevin F. Moloney; and, (10) Motion of Lisa Svensson to Impound Certain Documents.  The motion to impound is filed as to Svensson's memorandum

<u>Request for Hearing and Oral Argument</u>.

Plaintiff Svensson requests a hearing and oral argument.

<u>Certificate as to Compliance with Local Rule 37.1</u>.

On April 14, 2006, in a telephone conversation initiated by plaintiff's counsel (Kevin F. Moloney) with counsel for defendant Putnam (Louis Rodriques), counsel discussed resolution of Putnam's objections and responses to the Svensson interrogatories but the parties were unable to resolve their differences. This followed numerous other telephone conversations and e-mails over many days and weeks between counsel for plaintiff (Messrs. Moloney and Weir) and counsel for Putnam (Messrs. Kociubes and Rodriques) and discussion at the April 11, 2006, Svensson deposition of present Chief Executive Office of Putnam, Charles Haldeman between counsel for plaintiff (Mr. Weir) and counsel for Putnam (Mr. Kociubes) all concerning the parties' differences as to the proper determination of male and female comparators of Svensson, which did not result in agreement.

LISA SVENSSON, plaintiff

By her attorneys,

BARRON & STADFELD, P.C.

/s/ Kevin F. Moloney
Kevin F. Moloney  BBO No. 351000
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569

and

/s/ John K. Weir
John K. Weir, admitted PHV
JOHN K. WEIR LAW OFFICES, LLC
300 Park Avenue, Suite 1700
New York, New York 10022
Tel.: 212.572.6374

<u>Certificate of Service</u>.
This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 20, 2006.          /s/ Kevin F. Moloney

[354770.1]

---

(unredacted) (No. 2, above) and Nos. 3, 5, 7 and 9, above, in light of the protective order concerning confidential information. By filing these documents in paper format with her motion to impound, Svensson does not concede that the information to be impounded is confidential information within the meaning of the protective order.