UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA SVENSSON,<br><br>                  Plaintiff,<br><br>                  v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a<br>PUTNAM INVESTMENTS, INC. and<br>LAWRENCE J. LASSER.,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 04-12711 PBS |

## AFFIDAVIT OF LOUIS A. RODRIQUES

**LOUIS A RODRIQUES**, being first duly sworn, deposes and says:

1. I am a partner at the law firm of Bingham McCutchen LLP and am one of the attorneys representing the defendant Putnam Investments LLC f/k/a Putnam Investments, Inc. ("Putnam") in connection with this matter. I submit this affidavit in support of Putnam's Opposition to Plaintiff's Motion for an order compelling answers to Interrogatory Nos. 3, 4, 5, 7, 9, 10 and 12 and for an award of attorneys fees and expenses.

2. I certify that a true and accurate portion of the deposition transcript of Charles "Ed" Haldeman, Chief Executive Officer of Putnam Investments, is attached hereto as Exhibit 1.

3. I certify that a true and accurate portion of the deposition transcript of Richard B. Tibbetts, Putnam's Chief of Human Resources, is attached hereto as Exhibit 2.

4. On April 14, 2006, Ms. Svensson's counsel, Kevin Maloney called me and asked whether Putnam would withdraw all of its objections to Ms. Svensson's interrogatories. When I declined, Mr. Maloney responded, "I guess we've conferred then." Mr. Maloney offered to limit the interrogatories to all Investment Division professionals. When I asked Mr. Maloney how all

LITDOCS/640216.1

-2-

such professionals were relevant to Ms. Svensson's claims, and offered to discuss each interrogatory one at a time, Mr. Maloney declined, and filed the present motion 14 days later.

Signed under the pains and penalties of perjury this 11th day of May, 2006.

_____

Louis A. Rodriques

-3-

## CERTIFICATE OF SERVICE

I, Rachael Splaine Rollins, hereby certify that on this 11 day of May, 2006, a true copy of the foregoing document was served via first class mail upon the attorney(s) of record for each other party:

Kevin Maloney
Nancie Edgren
Barron & Stadfeld, P.C.
100 Cambridge Street
Boston, MA 02114

John K. Weir
John K. Weir Law Offices LLC
300 Park Avenue - Suite 1700
New York, NY 10022

                                             /s/ Rachael Splaine Rollins
                                             Rachael Splaine Rollins

LITDOCS/640216.1

**<u>EXHIBIT 1</u>**

LITDOCS/640304.1

```
1        Q.  (BY MR. WEIR)  Do you know whether Lisa
2   Svensson's deferred compensation is being retained?
3        A.  I don't know.
4            MR. KOCIUBES:  Are you asking about
5   vested or unvested?
6        Q.  (BY MR. WEIR)  Either.
7        A.  I don't know.
8        Q.  Now, in the time frame of 2003, was there
9   something called the investment division management
10  committee at Putnam?
11       A.  Investment division --
12       Q.  IDMC?
13       A.  Never heard that name before.
14       Q.  So you don't know --
15       A.  Never heard it.
16       Q.  -- what responsibilities, if any, that
17  group had?
18       A.  No, never heard of it before.
19       Q.  Okay.
20       A.  I'd be surprised if it existed.
21       Q.  Okay.
22       A.  Maybe it predate-- but you said 2003.
23           MR. KOCIUBES:  Wait for a question.
24       Q.  (BY MR. WEIR)  How about 2004?
```

**EXHIBIT 2**

LITDOCS/640304.1

11/17/2005  Brooks, Joshua H.

1   responsibilities, did you prepare any
2   written documentation concerning that
3   decision?
4   A.  Certainly seems both likely and
5   possible, but I don't remember anything
6   specific.
7   Q.  Were you ever told by anyone at
8   human resources that you were required to
9   do such?
10  A.  I don't remember.
11  Q.  Was the idea to offer Lisa the
12  opportunity to depart the firm in lieu of
13  accepting this deprivation of her
14  management responsibilities, was that your
15  idea alone?
16  A.  I remember it as -- I don't know
17  whether it was my idea alone, but I
18  certainly remember it as a part of my
19  thinking to try and endeavor to give Lisa
20  as many options in trying to resolve the
21  situation as I could.
22  Q.  Okay.  Do you recall anyone else
23  having input into that idea?
24  A.  Certainly, I think I would have

```
 1   discussed it with Kelly and Mary McNamee,
 2   but I don't recall.  I would imagine I
 3   also would have discussed it with Steve
 4   Oristaglio and potentially Ed Haldeman.
 5       Q.  Do you recall ever having a
 6   discussion with Larry Lasser?
 7       A.  I remember once the decision had
 8   been made that we were going to offer Lisa
 9   these alternatives, I do remember that
10   Larry mentioned to me he had heard about
11   that.  I assumed at the time he had heard
12   from HR, but I wasn't certain and I didn't
13   ask.
14       Q.  Was this a face-to-face meeting or
15   a telephone discussion?
16       A.  No, it would have been face to
17   face.
18       Q.  Do you remember the context?
19       A.  It was, I believe, at the end of a
20   regular meeting I would have had with Ed,
21   Steve and Larry, the purpose of which was
22   to discuss progress on research, how
23   things were going, et cetera.
24       Q.  Was this a regular meeting?
```

11/17/2005  Brooks, Joshua H.

```
1    A.   It was.
2    Q.   And then at some point you got
3  around to discussion of Lisa Svensson?
4    A.   No, not -- That wasn't part of that
5  meeting, it was more a -- I remember it
6  being after the meeting, walking out of
7  the room, Larry mentioned to me that he
8  had heard about this.
9    Q.   That's all he said, he'd heard
10 about it?
11   A.   Yeah.  I described it a little bit
12 to him.
13   Q.   What did you say to him?
14   A.   I described it as I -- much as I
15 already have, that it appeared that Lisa
16 had been acting egregiously towards the
17 people who worked for her in her
18 management capability and that --
19   Q.   Are those -- Is that a quote,
20 acting egregiously?
21   A.   No, but it's directionally correct.
22 And that I was endeavoring to create an
23 alternative for her to continue to -- to
24 allow her to continue to play a meaningful
```