```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


* * * * * * * * * * * *     Civil Action No. 04-12711-PBS
                      *
LISA SVENSSON         *
                      *     BBO No. 351000
          Plaintiff,  *
                      *     Fourth Affidavit
v.                    *     of
                      *     Lisa Svensson
PUTNAM INVESTMENTS,   *
LLC f/k/a PUTNAM INVEST- *  (Declaration pursuant
MENTS, INC. and LAWRENCE *  to 28 U.S.C. §1746)
J. LASSER,            *
                      *
          Defendants. *
                      *
* * * * * * * * * * * *
```

1. My name is Lisa Svensson. I am the plaintiff in this case. I was employed as an investment professional in the Investment Management Division of defendant Putnam Investments, LLC f/k/a Putnam Investments, Inc. ("Putnam") from July 1994 through September 15, 2003. A copy of my resume is annexed to the Second Affidavit of Lisa Svensson ("Second Svensson Affidavit"), filed April 20, 2006, as Exhibit 1. I have personal knowledge of the facts set forth herein.

2. On April 20, 2006, I also filed the Third Affidavit of Lisa Svensson ("Third Svensson Affidavit").

3. Accompanying the Second Svensson Affidavit as Exhibit 2 was a spreadsheet entitled "Analysis of Male Comparators" and

accompanying the Third Svensson Affidavit as Exhibit 2 was a spreadsheet entitled "Analysis of Female Comparators."

4. Since the filing of the Second and Third Svensson Affidavits and based upon further research, I have prepared a Restated and Amended Analysis of Male Comparators and a Restated and Amended Analysis of Female Comparators, copies of which accompany this affidavit as Exhibits "1" and "2," respectively.

5. There are four changes in the "Restated and Amended Analysis of Male Comparators" which are included in Exhibit 1 hereto:

    a. Justin Scott: I have deleted a "1" for "Similar Tenure" because he joined Putnam more than three years before I was first employed by Putnam.

    b. Paul Warren: I have added a "1" for "Promotion Pool" because he was promoted in 2000.

    c. Jeffrey Knight: I have added a "1" for "Similar Tenure" because he joined Putnam in 1993.

    d. Manuel Weiss: I have added a "1" for "Promotion Pool" because he was promoted in 2000.

6. There are three changes in the "Restated and Amended Analysis of Female Comparators" which are included in Exhibit 2 hereto:

    a. Jeanne Mockard: I have added a "1" for "Demotion Pool" because for a prior period her performance was not as good as mine was.

      b.    Jeanne Mockard: I have added a "1" for "Promotion Pool" because she was listed as a potential candidate for promotion in 2003.

      c.    C. Beth Cotner: I have added a "1" for "Demotion Pool" because she was demoted at the same time I was demoted.

7. Except as modified by the Restated and Amended Analyses accompanying this affidavit as Exhibits 1 and 2, I restate and reaffirm the contents of the Second and Third Affidavits.

8. Accompanying this affidavit as Exhibit "3" is a chart entitled "Analysis of Male Comparators by Employment Action Taken (disparate treatment)" and as Exhibit "4" a chart entitled "Analysis of Male and Female Comparators by Employment Action Taken(disparate impact)". The males and females referred to therein are included in the Restated and Amended Analysis of Male Comparators.

9. Exhibits 3 and 4 set out for the disparate treatment and disparate impact allegations, respectively, the male and female comparators for each of the employment actions taken against me (failure to compensate, failure to promote, demotion and termination).

10. The Mary McNamee Affidavit ("McNamee Affidavit"), filed by Putnam May 11, 2006, ¶7, states that, "These portfolio managers are all managed in separate groups and are compensated differently, in both the marketplace and at

3

Putnam. They are also not interchangeable." This is incorrect. Exhibit "5," entitled "Male Comparators Who Transferred Between Teams," and Exhibit "6," entitled "Female Comparators Who Transferred Between Teams," both of which accompany the instant affidavit, provide factual analyses of the transfers among teams of the 91 comparators.[1] The summary at the end of each exhibit shows that 30 of the 67 identified males (45%) made at least one transfer over this period and that eight of the 24 female comparators (33%) made at least one transfer.

11. The McNamee Affidavit, ¶ 7, states that "A value manager does not generally switch to managing in a growth style, and visa versa [sic]. A quantitative manager generally does not switch to a fundamental style of managing equities. Nor does a fixed income manager all of a sudden switch to managing equities." This is incorrect. Exhibits 5 and 6 show that these changes did occur.

12. The data also show that 13% of the male comparators and 4% of the female comparators transferred between portfolio management style teams of various types, including transfers between growth and core styles, as well as transfers between large cap, mid cap and small cap, and

---

[1] The sources of this information are the Putnam Officers Directories 1994, 1996-2002, and 2004, and my personal knowledge.

between international and domestic; that one male comparator moved from the quantitative team to the large cap growth team; and that other comparators (one male, two female) transferred from fixed income to equities.

13. The McNamee Affidavit, ¶ 8, states that, "Twenty eight have had their employment terminated involuntarily, 26 have resigned voluntarily, and the rest remain employed." Since Putnam has not produced in this case any information with respect to any comparators, it is impossible for me or the court to test the accuracy of this claim that these were "voluntary" terminations or if they were in fact dismissals or constructive dismissals.

14. On August 28, 2003, Putnam, acting through Joshua Brooks, ("Brooks") offered me three options: (1) to be demoted to an entry level analyst position with no chance to earn more money or to be promoted; (2) to accept a severance package consisting of 18 weeks of my base pay and half of my prior year's bonus with the added incentive that Putnam would give me my prior compensation (which I later learned was subject to my signing a release of all of my legal rights with respect to my position as a member of a protected class under Title VII); and, (3) to pretend to work as an analyst for Putnam while I sought employment elsewhere,

5

with the explicit statement that I would leave Putnam by a date to be agreed upon, but without any severance payment.

15. In its "Motion for a Protective Order Quashing Plaintiff's Rule 30 (b)(6) Deposition Notice," Putnam claims that I "refused Putnam's alternative proposals that [I] seek alternative employment elsewhere at Putnam..." Motion, p. 3. This is not true as such an option was never offered. <u>See</u> Putnam document PRM 00356, a copy of which accompanies this affidavit as Exhibit "7," which is the document Brooks provided when I asked him to set down in writing Putnam's terms.

16. The McNamee Affidavit, ¶ 9, states that there are 37 comparators who hold or held the position of Chief Investment Officer or the equivalent. This is incorrect. Analysis of the list of comparators as of July 2002, shows that only 13 of them (ten males and 3 females) held that title in 2002 or prior thereto.

17. During the years 1999-2003, I reported directly to four individuals: (a) 1999 through early March 2002: Robert Swift; (b) Last part of March 2002 to January 2003: Stephen Gorman; (c) Upon being promoted to Associate Director of Research in January, 2003 until April 2003: William Landes; and, (d) April 2003,until my termination by Putnam on

6

September 15, 2003: Brooks.

18. From December 1997 through early March 2002, I was a member of the International Growth Equity team. This team managed the following mutual funds: Global Growth, International New Opportunities, and Worldwide Equity. In addition, the team managed institutional accounts that mirrored the funds as well as an international large capitalization product and Global Growth ex-Japan.

Signed under penalty for perjury this 8th day of June 2006.

*Lisa Svensson*
Lisa Svensson, plaintiff,

### Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney
Kevin F. Moloney BBO No. 351000
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569

Dated: June 8, 2006

[360428.1]