UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| * * * * * * * * * * * * * * *<br>*<br>LISA SVENSSON                          *<br>                                           *<br>           Plaintiff,                  *<br>                                           *<br>v.                                         *<br>                                           *<br>PUTNAM INVESTMENTS,         *<br>LLC and LAWRENCE              *<br>LASSER,                                 *<br>                                           *<br>           Defendants.               *<br>                                           *<br>* * * * * * * * * * * * * * * | Civil Action No. 04-12711-PBS<br><br>BBO No. 351000<br><br>Exhibit 1 to<br>Plaintiff Svensson's<br>Memorandum in Opposition<br>to Putnam's Motion to<br>Rule 30(b)(6) Deposition Notice |

1.    Exhibit 1 to Svensson's Memorandum in Opposition to Putnam's Motion to Quash Rule 30(b)(6) deposition Notice

                                           LISA SVENSSON, plaintiff,

                                           By her attorneys,

                                           BARRON & STADFELD, P.C.

                                           /s/ Kevin F. Moloney_____
                                           Kevin F. Moloney  BBO No. 351000
                                           100 Cambridge Street, Suite 1310
                                           Boston, Massachusetts 02114
                                           Tel.: 617.723.9800/531.6569

                                           and

                                           John K. Weir_____
                                           John K. Weir, Admitted PHV
                                           John K. Weir Law Offices, LLC
                                           300 Park Avenue, Suite 1700
                                           New York, New York, 10022
                                           Tel.: 212.572.5374

Dated: June 8, 2006                  Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney
Kevin F. Moloney BBO No. 351000
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569

COMMONWEALTH OF MASSACHUSETTS 

| | |
|---|---|
| NORFOLK, SS. | TRIAL COURT<br>LAND COURT DEPARTMENT |
| * * * * * * * * * * * * * * * *<br>LISA SVENSSON,<br>            Plaintiff,<br>v.<br>PUTNAM INVESTMENTS, LLC<br>et al.,<br>            Defendants.<br>* * * * * * * * * * * * * * * * | No. 295906<br><br>Notice, Pursuant to<br>Fed. R. Civ. P. 26 and<br>30(b)(6), of the Taking<br>of the Deposition of<br>Defendant Putnam Investments,<br>LLC on Wednesday, May 31,<br>2006 |

To:  All parties and counsel of record:

Please take notice that, pursuant to Fed. R. Civ. P. 26 and 30(b)(6), at 10:00 a.m. on Wednesday, May 31, 2006, at the offices of Kevin F. Moloney, Barron & Stadfeld, P.C., 100 Cambridge Street, Suite 1310, Boston, Massachusetts 02114, plaintiff Lisa Svensson ("Svensson"), by her attorneys, will take the deposition upon oral examination of defendant Putnam Investments, LLC ("Putnam") before a Notary Public in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths.

You are invited to attend and cross-examine.

The oral examination will continue from day-to-day until

completed.

The definitions used herein and the matters on which examination is requested are set forth below.

### DEFINITIONS.[1]

1. <u>Communication</u>: "communication" means the transmittal of information or opinion (in the form of facts, ideas, inquiries, or otherwise).

2. <u>Document</u>: "document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) ("...including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information or opinion can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form...."), and a draft or non-identical copy is a separate document within the meaning of this term. E-mail and film, video and digital recordings are included within the meaning of "document."

3. <u>Thing or tangible thing</u>: "thing" and "tangible thing" are both synonymous in meaning and equal in scope to the usage of term, tangible thing, in Fed. R. Civ. P. 34(a).

4. <u>Identify (with respect to persons)</u>: When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5  <u>Identity (with respect to persons)</u>: When referring to a person, "identity" means, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that

---

[1] Svensson reserves the right to amend prior to the deposition this statement of definitions.

2

person need be listed in response to subsequent discovery requesting the identification of that person.

6. <u>Identify</u> (with respect to documents): When referring to documents, to "identify" means to give, to the extent known, the

    (a) type of document;
    (b) general subject matter;
    (c) date of the document; and,
    (d) author(s), addressee(s), and recipient(s).

7. <u>Identity</u> (with respect to documents): When referring to documents, "identity" means, to the extent known, the

    (a) type of document;
    (b) general subject matter;
    (c) date of the document; and,
    (d) author(s), addressee(s), and recipient(s).

8. <u>Parties</u>: plaintiff, defendant-in-counterclaim, defendant, plaintiff-in counterclaim, as well as a party's full or abbreviated name or a pronoun referring to a party means that party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

9. <u>Person</u>: "person" means any natural person or any business, legal, or governmental entity or association.

10. <u>Concern and concerning</u>: "concern" and "concerning" mean, respectively, refer to, describe, evidence or constitute, and referring to, describing, evidencing, or constituting.

11. <u>State the Basis</u>: When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall,

    a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information or opinion regarding the alleged facts or legal conclusions referred to by the interrogatory;

3

    b.    identify each and every communication that forms any part of the source of the party's information or opinion regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place identifying the personal involved) which form any part of the party's information or opinion regarding the alleged facts or legal conclusions referred to in the interrogatory; and,

    d.    state separately any other fact, which forms the basis of the party's information or opinion regarding the alleged facts or conclusions, referred to in the interrogatory.

13.  <u>Factual basis</u>: "factual basis" includes, without limitation,

    a.    the identity of each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information or opinion regarding the alleged facts or legal conclusions referred to;

    b.    the identity of each and every communication which forms any part of the source of the party's information or opinion regarding the alleged facts or legal conclusions referred to;

    c.    the statement of the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place identifying the personal involved) which form any part of the party's information or opinion regarding the alleged facts or legal conclusions referred to; and,

    d.    the separate statement of any other fact that forms the basis of the party's information or opinion regarding the alleged facts or conclusions referred to.

14.  <u>Affiliate</u>: "affiliate" means any person who or which directly, or indirectly through one or more intermediaries,

4

controls, is controlled by, or is under common control with, any other person.

15. <u>You</u>, <u>your</u>, <u>yourself</u>: "you," "your" and "yourself" mean the person(s) to whom or which the following interrogatories, request for production of documents or request for admissions, as the case may be, is directed and by whom they are to be answered or responded to, and any <u>Affiliate</u> thereof.

16. <u>Svensson</u>: "Svensson" means plaintiff Lisa Svensson.

17. <u>Putnam</u>: "Putnam" means defendant Putnam Investments, LLC.

18. <u>Lasser</u>: "Lasser: means defendant Lasser.

19. <u>Haldeman</u>: "Haldeman" means Putnam's resent Chief Executive Officer.

20. <u>IMD</u>: "IMD" means Putnam's Investment Management Division.

21. <u>IDMC</u>: "IDMC" means the Investment Division Management Committee at Putnam.

22. <u>360</u>: "360" means the Putnam 360° Peer Feedback Survey as used at Putnam.

23. <u>Year end review</u>: "year end review" means t means a document evidencing a review of a person's performance at Putnam for the year involved.

24. <u>Performance review</u>: "Performance review" means a document evidencing a review of a person's performance at Putnam.

25. <u>Investment Division & ISD Human Resources Updates</u>: "Investment Division & ISD Human Resources Updates" means a form of the same name as used at Putnam.

26. <u>PDPR</u>: "PDPR" means the Performance and Development Planning and Review form as used at Putnam.

27. <u>Managing Director</u>: "Managing Director" means the position of that name at Putnam.

28. <u>MD</u>: "MD" means Managing Director.

29.  <u>Partner</u>: "partner" means the position of that name used at Putnam.

30.  <u>Complaint</u>: "complaint" means Svensson's complaint in this case as amended.

31.  <u>Putnam's answer</u>: "Putnam's answer" means Putnam's answer filed in this case.

32.  <u>Lasser's answer</u>: "Lasser's answer" means Lasser's answer filed in this case.

33.  <u>Identified males</u>: "identified males" means the following persons:

      1.   Block, Richard;
      2.   Bloemker, Robert;
      3.   Brooks, Joshua;
      4.   Bodgar, Mark;
      5.   Boselli, John;
      6.   Bukovac, R. J.;
      7.   Byrne, Joshua;
      8.   Cervone, Richard;
      9.   Clark, Dana;
     10.  Davis, Simon;
     11.  DeChristopher, Brian;
     12.  Dexter, Stephen;
     13.  Divney, Kevin;
     14.  Eigerman, Nathan;
     15.  Elavia, Tony;
     16.  England, Richard;
     17.  Geer, Bartlett;
     18.  Gorman, Stephen;
     19.  Gerber, David;
     20.  Gillis, Roland;
     21.  Graham, Andrew;
     22.  Greenleaf, Bradford;
     23.  Hadden, Peter;
     24.  Hamlin, David;
     25.  Haslett, Thomas;
     26.  Joseph, Joseph;
     27.  Kamshad, Omid;
     28.  King, David;
     29.  Knight, Jeffrey;
     30.  Lannum, Coleman;
     31.  Lindsey, Jeffrey;
     32.  Lode, Geirulv;

     33. Makino, Shigeti;
34. Malak, Saba;
35. Marrkand, Paul;
36. Matteis, Andrew;
37. Mehta, Sandeep;
38. Melhuish, Nicholas;
39. Miller, Christopher;
40. Miller, Daniel;
41. Moore, Colin;
42. Moore, Gerald;
43. Morris, Dirk;
44. Mufson, Michael;
45. Mullin, Hugh;
46. Nance, Michael;
47. Norchi, Terrance;
48. Oler, Stephen;
49. O'Malley, Christopher;
50. Prusko, James;
51. Santos, Dave;
52. Scanlon, Paul;
53. Scott, Justin;
54. Sellito, Tino;
55. Shadek, Edward;
56. Simon, Sheldon;
57. Smith, Leo;
58. Sorensen, Eric;
59. Stack, Michael;
60. Stairs, George;
61. Sullivan, William;
62. Swift Robert;
63. Weiss, Manuel;
64. Wetlaufer, Eric;
65. Warren, Paul;
66. Wiess, James; and,
67. Yogg, Michael.

34. <u>Identified females</u>: "identified females" means the following persons:

1. Allansmith, Lauren
2. Burke, Andrea;
3. Cotner, C. Beth;
4. Drew, Maria;
5. Farrell, Deborah;
6. Holding, Pamela;
7. Jones, Elizabeth;
8. Kalus-Bystrycky, Ivka;

9. Korn, Karen;
   10. Kuenstner, Deborah;
   11. Leichter, Jennifer;
   12. McCormack, Susan;
   13. McMullen, Carol;
   14. Mockard, Jeanne;
   15. Morgan, Kelly;
   16. Parker, Margery;
   17. Peters, Carmel;
   18. Sievert, Jean;
   19. Smith, Margaret;
   20. Spatz, Erin;
   21. Svensson, Lisa;
   22. Thomsen, Rosemary;
   23. Wheeler, Diane; and,
   24. Williams, Fayval.

## THE SUBJECT MATTERS.[2]

The subject matters of the deposition will be one or more of the following:

1. The facts alleged by Svensson in any one or more of ¶¶ 1-5, 18-54, 58-59, 63-67, 71-72, 76-77, 79-81, 83-84, 86-91, 93-94, 96-105, 107-108, 110-112 and 114-115 of the complaint.

2. Any contention on Putnam's or Lasser's part that the facts alleged in any one or more of ¶¶ 1-5, 18-54, 58-59, 63-67, 71-72, 76-77, 79-81, 83-84, 86-91, 93-94, 96-105, 107-108, 110-112 and 114-115 of the complaint in any respect(s) is (are): (a) not true, (b) incorrect, (c) inaccurate, (d) incomplete, and/or (e) false.

3. The factual basis(es) of any contention on Putnam's or Lasser's part that the facts alleged in any one or more of

---

[2] Svensson reserves the right to amend prior to the deposition this statement of the subject matters.

8

¶¶ 1-5, 18-54, 58-59, 63-67, 71-72, 76-77, 79-81, 83-84, 86-91, 93-94, 96-105, 107-108, 110-112 and 114-115 of the complaint in any respect(s) is (are): (a) not true, (b) incorrect, (c) inaccurate, (d) incomplete, and/or (e) false.

4. Putnam's and Lasser's responses to ¶¶ 1-5, 18-54, 58-59, 63-67, 71-72, 76-77, 79-81, 83-84, 86-91, 93-94, 96-105, 107-108, 110-112 and 114-115 of the complaint.

5. The factual basis(es) of Putnam's and Lasser's responses to ¶¶ 1-5, 18-54, 58-59, 63-67, 71-72, 76-77, 79-81, 83-84, 86-91, 93-94, 96-105, 107-108, 110-112 and 114-115 of the complaint.

6. Putnam's and Lasser's affirmative defenses alleged in their respective answers to the complaint.

7. The factual basis(es) of Putnam's and Lasser's affirmative defenses alleged in their respective answers to the complaint.

8. The subject matters of Svensson interrogatories to Putnam.

9. Putnam's responses (and the subject matters thereof) to Svensson's interrogatories.

10. The subject matters of the categories of the documents and things requested by Svensson in Svensson's first and/or second requests for the production of documents and things in this case.

11. The documents and things (and the information or opinion contained therein) requested by Svensson in Svensson's first and/or second requests for the production of documents and things in this case

12. Putnam's responses to Svensson's first and second requests for the production of documents in this case.

13. The documents and things produced by Putnam in response to Svensson's first or second requests for the production of documents in this case.

14. The information or opinion in the documents and things produced by Putnam in response to Svensson's first or second requests for the production of documents in this case.

15. The information or opinion in the documents and things produced by Putnam in response to Svensson's first or second requests for the production of documents in this case, which, in any respect, was redacted by Putnam in whole or in part.

16. The documents referred to in the Putnam privilege log as amended.

17. The information or opinion in the documents referred to in the Putnam privilege log as amended.

18. The factual basis of the claims in the Putnam privilege log as amended that non-production, in whole or in part, of the

     documents or the information or opinion contained therein, is pursuant to, or justified by, the attorney-client privilege or the work product doctrine.

19. Any one or more of the identified males.

20. Any one or more of the identified females.

21. Putnam's decision making in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified males.

22. The factual basis of Putnam's decision making in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified males.

23. Putnam's employment actions in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified males.

24. The factual basis of Putnam's employment actions in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified males.

25. Putnam's decision making in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified females.

26. The factual basis of Putnam's decision making in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified females.

27. Putnam's employment actions in the period since January 1,

1999, in regard to Svensson and/or any one or more of the identified females.

28. The factual basis of Putnam's employment actions in the period since January 1, 1999, in regard to Svensson and/or any one or more of the identified females.

29. The criteria used by Putnam in the period since January 1, 1999, in its decision making and in its employment actions in regard to Svensson and/or any one or more of the identified males and the identified females.

30. The results of the application in the period since January 1, 1999, of the criteria referred to in the immediately preceding paragraph to Svensson and/or any one or more of the identified males and the identified females.

31. Any of the witnesses in any deposition in this case taken prior to this Rule 30(b)(6) deposition of Putnam.

32. Any of the matters, information or opinion referred to in either the questions or the answers in any deposition in this case taken prior to this Rule 30(b)(6) deposition of Putnam.

33. The participants in the decision making and employment actions in the period since January 1, 1999, concerning Svensson and/or any of the identified males and/or any of the identified females.

34. The respective actions, statements and communications of or

by the participants referred to in the immediately preceding paragraph in the period since January 1, 1999, concerning Putnam decision making and employment actions concerning Svensson and/or any of the identified males and/or any of the identified females.

                        LISA SVENSSON, plaintiff,

                        By her attorneys,

                        BARRON & STADFELD, P.C.

                        Kevin F. Moloney   BBO No. 351000
                        100 Cambridge Street, Suite 1310
                        Boston, Massachusetts 02114
                        Tel.: 617.723.9800/531.6569

Dated: April 26, 2006

<u>Certificate of Service</u>.
A copy of the within document was delivered by messenger to counsel of record: Joseph L. Kociubes, Louis A. Rodriques, BINGHAM, MCCUTCHEN, LLP, 150 Federal Street, Boston, Massachusetts 02110; David S. Rosenthal, NIXON PEABODY LLP, 100 Summer Street, Boston, Massachusetts 02110.

                        Kevin F. Moloney

Dated: April 26, 2006

[355595.1]