UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *   *    Civil Action No. 04-12711-PBS
                          *
LISA SVENSSON             *
        Plaintiff,        *    BBO No. 351000
                          *
                          *    Memorandum
                          *    of Plaintiff Lisa Svensson
v.                        *    in Support of her Motion
                          *    for Leave to Take the
PUTNAM INVESTMENTS,       *    Depositions of Konstantin
LLC and LAWRENCE J.       *    Stoev, a Resident of
LASSER,                   *    Zurich, Switzerland, and of
                          *    Ellis Eckland, a Resident of
        Defendants        *    Chicago, Illinois, to Preserve
                          *    Their Testimony for
* * * * * * * * * * *     *    the Trial of This case
```

For purposes of preserving their testimony for presentation at the trial of this case, plaintiff Lisa Svensson ("Svensson") has moved the court for leave:

(1) To take the deposition in Boston, Massachusetts, during the period August 21-25, 2006, of Konstantin Stoev ("Stoev"), a resident of Zurich, Switzerland, who will be traveling from Zurich to Boston to attend his brother's graduation from Wentworth Institute in Boston in that period; and,

(2) To take, in Chicago, Illinois, where he resides and is employed by an investment firm, the deposition of Ellis Eckland in the week of September 19, 2006.

The grounds for this motion are as follows.

Since 2005, Stoev has been, and is, a resident of Zurich, Switzerland. He is employed there by Credit Suisse. During the period 2000-2004, he was employed by defendant Putnam Investments, LLC ("Putnam") as an analyst. In that capacity, starting in 2002, he reported to Svensson, his Team Leader, and later to her in her capacity as Associate Director of Research until the termination of her employment on September 15, 2003. Eckland who was employed by Putnam starting in 2001, also an analyst, reported in like manner and for that period to Svensson.

Svensson believes that the testimony of Stoev and Eckland concerning Svensson and her management skills and abilities at Putnam is necessary to support her contention that she carried out her management duties at Putnam in an appropriate and skillful manner and that her subordinates reacted positively to her leadership.

Further, that whatever complaints Christopher O'Malley and Darren Peers allegedly may have had about Svensson's management skills were not supported by the other males who worked for Svensson in the Research Department during the "investigation" of her performance by Joshua Brooks and the Putnam HR Department in the summer of 2003.

The testimony of Stoev and Eckland at trial is of critical importance to Svensson's case as Putnam intends to call one or

2

more of its employees as trial witnesses to support its claims that Svensson's carrying out of her administrative and management responsibilities justified its termination of her employment.  The testimony at trial of Stoev and Eckland is necessary for Svensson to refute Putnam's claims.

If Stoev and Eckland resided in Massachusetts, their depositions would not be necessary as they would be available to testify at trial.

However, as Stoev is a resident of Zurich, Switzerland, and Eckland is a resident of Chicago, Illinois, they will be unavailable within the meaning of Fed. R. Civ. P. 32(a)(3)(B) to testify at trial as each of them will be beyond the reach of a subpoena.

Svensson recognizes that she has taken the depositions of nine persons and will be taking as the tenth deposition, a Rule 30(b)(6) deposition of Putnam.  The court, however, has the discretion under Local Rule 26.1(C) to relieve Svensson of this limitation.  Under the present circumstances, Svensson urges the court to do so where the depositions are not usual "discovery " depositions but are more in the nature of depositions to preserve and perpetuate testimony of witnesses who will not be available to testify in person at the trial.

Accordingly, Svensson requests the court in the interests of fairness and justice to grant her leave to take the

depositions of Stoev and Eckland to preserve and perpetuate their testimony for presentation at the trial.

        LISA SVENSSON
        plaintiff,

        By her attorneys,

        BARRON & STADFELD, P.C.

        /s/ Kevin F. Moloney_____
        Kevin F. Moloney BBO No. 351000
        100 Cambridge Street, Suite 1310
        Boston, Massachusetts 02114
        Tel: 617.723.9800/531.6569

        and

        /s/ John K. Weir_____
        John K. Weir, Admitted PHV
        John K. Weir Law Offices, LLC
        300 Park Avenue, Suite 1700
        New York, New York, 10022
        Tel.: 212.572.5374

Dated: July 17, 2006

        <u>Certificate of Service</u>.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Kevin F. Moloney_____

Dated: July 17, 2006

[364335.1]