UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA SVENSSON,<br><br>      Plaintiff,<br><br>v.<br><br>PUTNAM INVESTMENTS LLC and<br>LAWRENCE J. LASSER,<br><br>      Defendants. | CIVIL ACTION<br>NO. 04-12711-PBS |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITIONS OF KONSTANTIN STOEV, AND ELLIS ECKLAND.**

Defendant, Putnam Investments LLC ("Putnam"), opposes the Plaintiff's Motion for Leave to Take the Depositions of Konstantin Stoev, and Ellis Eckland. Ms. Svensson's motion is incorrectly styled as a motion for leave to take additional depositions, when, in fact, it is a motion to reopen discovery, without good cause, nearly two months after the discovery period has closed and after the discovery deadline has been extended twice. Ms. Svensson's motion is simply an instrument of delay and is improper because she cannot justify why the testimony she now seeks was unavailable to her during the discovery period.

  **I.  Plaintiff's Motion Is Disingenuous Because Nothing Prevented Her From Conducting These Two Depositions During Discovery**

Discovery in this case commenced on May 2, 2005 and was originally scheduled to end on February 1, 2006. At Ms. Svenson's request, that deadline was

LITDOCS/648575.1

extended twice, first to April 30, 2006, and then to May 31, 2006. During the course of those eleven months, Ms. Svensson conducted nine depositions (and the tenth has been noticed) and had every opportunity to notice the depositions of Konstantin Stoev ("Mr. Stoev") or Ellis Eckland ("Mr. Eckland"). She chose not to. Now, nearly two months after the close of discovery, Ms. Svensson seeks to reopen discovery to obtain their testimony, labeling it "of critical importance," Pl. Motion at p. 2. Tellingly, she does not explain why she never made any attempt to notice these depositions within the requisite discovery period. The identities of these individuals are not new to her. She *supervised* them at Putnam. Their location was no mystery to her either. Indeed, in her first motion to extend the discovery period filed in *January*, Ms. Svensson advised the Court that she needed an extended discovery period explicitly so that, among other things, she could depose, among others, Ellis Eckland and Konstantin Stoev. Ms. Svensson advised the Court that Eckland lived in Chicago and that Stoev lived on Switzerland. See Pl. Motion to Extend Discovery Deadline and Other Corresponding Deadlines, at ¶ 7, attached hereto as Exhibit A. Ms. Svensson then proceeded with her permitted 10 depositions, ignoring Messrs. Eckland and Stoev. Ms. Svensson's motion is an improper attempt to delay the close of discovery and should be denied.

The Federal Rules of Civil Procedure were promulgated "to enable courts to maintain a 'tighter rein' on the extent of 'wide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression.'" *Whittingham v. Amherst College,* 163 F.R.D. 170, 171-172, quoting commentary to Rule 26(b)(2). Ms. Svensson's attempt to reopen discovery is the exact type of instrument for delay that the Rules were designed to prevent. She has not articulated good cause for reopening discovery. *Down East Energy Corp. v. Niagara Fire Ins. Co.,* 176 F.3d 7,

13 (1st Cir.1999) ("The trial judge acted well within his discretion in denying Niagara's request to reopen discovery at such a late date without good cause.")  *See also Geremia v. First National Bank of Boston,* 653 F.2d 1 (1st Cir.1981) (decision whether to grant a motion to reopen discovery rests within the sound discretion of the Court).  Without a showing of good cause, Putnam should not now be forced to incur the expenses associated with defending these two additional depositions. *See* Expense and Delay Reduction Plan of the United States District Court for the District of Massachusetts, at p. 24 (Adopted Nov. 18, 1991) ("scheduling orders can not be expected to work well if one or both litigants do not seriously believe that the order will be enforced."); *See* Advisory Committee notes to Fed.R.Civ.P. 30, "counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case."

## II.     Ms. Svensson Has Exhausted Her Ten Depositions And Cannot Justify The Taking Of Additional Depositions

A party that has exhausted the ten depositions permitted under Rule 30 and that wishes to depose additional witnesses must "make a particularized showing of why the discovery is necessary." *General Electric Co. v. Indemnity Insurance Co. of North America*, 2006 WL 1525970 (D.Conn.), quoting *Archer Daniels Midland Co. v. Aon Risk Services Inc.*, 187 F.R.D. 578, 586 (D.Minn.1999).  The moving party must justify *not only* the depositions it wishes to take but the depositions it has already taken.  *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D.Tex.2001). Justifying prior depositions is required because "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to those that she could not justify under the Rule 26(b)(2) standards, and then seek [ ] leave to exceed the limit in order to take depositions that she could not substantiate." *Id.* at 483.

Having already deposed nine witnesses, and having noticed a Rule (30)(b)(6) deposition, Ms. Svensson has made no particularized showing of why these two new depositions are necessary. Assuming *arguendo* that such information were admissible at trial, Ms. Svensson's lone argument to support her motion is that the testimony of these two individuals is essential to show that she performed her managerial duties well. For the reasons stated above, Ms. Svensson cannot justify the sudden need for such testimony nearly two months after the close of the discovery period.

Similarly, Ms. Svensson cannot support the need for these two additional depositions by justifying the depositions she already has taken. For example, Ms. Svensson deposed Putnam's current CEO, whose tenure at Putnam only overlapped with the her for a short period of time; Putnam's current Head of Human Resources, who is responsible for overseeing thousands of employees but had no direct involvement in addressing her managerial issues or her termination; and a former Putnam investment professional, whose only apparent connection to this case is that she is also a female who was terminated.

Ms. Svensson cannot dispute that she was free to elect whom to depose with her ten depositions. She made her decisions, and Putnam should not be forced to reopen discovery simply because Ms. Svensson is unhappy about her decisions in hindsight.

### III. **CONCLUSION**

Having failed to depose Mr. Stoev and Mr. Eckland within the discovery period, having failed to designate each as one of her ten witnesses at deposition, having failed to show a particularized need for their testimony now, and having failed to justify her prior depositions, Putnam requests this Court deny her motion for leave to take these additional depositions.

By its attorneys,

/s/ Joseph Kociubes

Joseph L. Kociubes, BBO #276360
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO # 665231
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 28, 2006.

                                            /s/ Allyson E. Kurker
                                            Allyson E. Kurker, BBO# 665231

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

```
*************************************
LISA SVENSSON,                      *
              Plaintiff,            *
                                    *
                                    *   CIVIL ACTION NO. 04-12711
v.                                  *
                                    *
PUTNAM INVESTMENTS LLC, f/k/a       *
PUTNAM INVESTMENTS, INC. and        *
LAWRENCE J. LASSER                  *
              Defendants            *
*************************************
```

## MOTION TO EXTEND DISCOVERY DEADLINE AND OTHER CORRESPONDING DEADLINES

The Plaintiff hereby submits this Motion to Extend Discovery and other corresponding deadlines. Specifically, Plaintiff requests an extension of the deadline for fact discovery up to and through July 1, 2006. Correspondingly, the Plaintiff's initial expert disclosures would be extended up to August 1, 2006, the Defendant's initial expert disclosures would be extend to September 1, 2006, with the expert discovery deadline of October 1, 2006, the Summary Judgment Motion filing deadline of November 1, 2006, Opposition to Summary Judgment due December 1, 2006, and the final Pretrial hearing to be held in January of 2007.

As grounds for this Motion to Extend, the Plaintiff states as follows:

1. At the Scheduling Conference held on May 2, 2005, the Court accepted the deadlines, for the most part, proposed in the Parties' Local Rule 16.1 Joint Statement.

2. As a result of the Scheduling Conference, the Court issued a Scheduling Order, a copy of which is attached hereto at Exhibit A.

3. The deadline for fact discovery as set forth in the Scheduling Order was February 1, 2006.

4. Pursuant to the Scheduling Order, this matter was set for mediation for the Fall of 2005. Initially the mediation was scheduled for July 25, 2005. The mediation was then rescheduled to November 8, 2005 in order to allow the parties to conduct discovery. The parties then filed a Joint Motion to Reschedule the Mediation in order to conduct more discovery and have a "meaningful mediation." The mediation was rescheduled for January 11, 2006.

5. This case was mediated by the Honorable M.J. Alexander on January 11, 2006. The matter was not resolved during mediation. During the mediation, the Honorable M.J. Judge Alexander raised the possibility of further mediation, however she indicated that further discovery was necessary due to the factual disputes as presented to her.

6. Prior to the mediation, the parties conducted and are still in the process of completing discovery. To date, initial disclosures have been made, Plaintiff has served Defendants with Interrogatories and First Requests for Production of Documents, Defendants have served Plaintiff with Interrogatories and Requests for Production of Documents, Plaintiff's deposition has been taken, as well as the Depositions of Josh Brooks, Mary McNamee and Lauren Allansmith. Plaintiff has responded to Defendant's written discovery and Defendant has responded to Plaintiff's written discovery, although there is a hearing scheduled regarding Putnam's Proposed Protective Order, as detailed more fully below.

7. Plaintiff is in the process of scheduling and obtaining dates for the depositions of William Landes, Richard Tibbets, Kelly Morgan, Ed Haldeman, Lawrence Lasser,

Darren Peers (who currently resides in California), and Ellis Eckland (who lives in Chicago). Plaintiff also may depose Konstantin Stoev who lives in Switzerland. Additional time is needed to get service on the witnesses who are no longer Putnam employees.

8. Plaintiff is also in the process of noticing the deposition of the Person with the Most Knowledge for Putnam.

9. Additional written discovery may also be required.

10. During the course of discovery, in order to obtain the requested documents, Plaintiff had to file a Motion to Compel on Putnam and only received Putnam's documents pursuant to Court order following a hearing on Plaintiff's Motion, on Friday, January 6, 2006. Plaintiff may need to engage in additional motion practice regarding the adequacy of the production and Plaintiff may also need to engage in additional motion practice regarding Putnam's Answers to Interrogatories which were very incomplete and unresponsive. Resolution of these issues is important prior to taking the remaining depositions.

11. In addition, there is also an ongoing question as to whether all of the requested documents have been produced because the documents that were produced were extensively redacted allegedly because they contained confidential information. The issue regarding confidentiality has not yet been decided by the Court and is scheduled for a hearing before M.J. Bowler on January 20, 2006. It is anticipated that some of the documents/and or information that Putnam claims to be confidential will have to be produced to Plaintiff. After the production, the Plaintiff will require additional time to determine if further discovery is needed.

12. The parties contemplated initially that there would be several more months of discovery following the scheduled mediation that was originally slated to be held in the Fall of 2005. The Plaintiff never understood it to be the Court's intention to allow only three weeks to complete discovery after mediation. In fact, Judge Saris specifically directed the parties to take some of the "key depositions" prior to mediation. Accordingly, Plaintiff was focused on taking the depositions needed for the mediation.

13. The parties had agreed in the Fall of 2005 to hold depositions prior to the mediation that were necessary to have meaningful settlement discussions and otherwise agreed that they would not extend the discovery deadline until after the mediation.

14. Due to the extensive amount of depositions and other discovery that is necessary, more time will be needed to complete discovery. At this point it is virtually impossible to complete discovery by February 1, 2006.

15. Plaintiff's counsel conferred with Putnam's counsel following the mediation about extending discovery. Putnam's counsel represented that they are not willing to extend discovery for the length of time proposed by Plaintiff's counsel, but would confer with their client as to what they would agree to.

16. Likewise, Plaintiff's counsel conferred with Lasser's counsel regarding the proposed extension of discovery. Lasser's counsel indicated that they would not agree to the Plaintiff's proposed extension of discovery up to July 1, 2006.

17. There has been no previous request to extend the discovery deadline.

18. For all of the above reasons, Plaintiff requests that the discovery deadline and deadline for disclosure of expert testimony and other corresponding deadlines be

extended. The Parties anticipate that they will be able to disclose expert witnesses and complete discovery within this time.

19.  Neither Party will be prejudiced by these extensions.

WHEREFORE, the Plaintiff respectfully requests that the deadline for fact discovery be extended up through and including July 1, 2006, and that the other corresponding deadlines be extended as well, including the Plaintiff's initial expert disclosures up to August 1, 2006, the Defendant's initial expert disclosures to September 1, 2006, with the expert discovery deadline of October 1, 2006, the Summary Judgment Motion filing deadline of November 1, 2006, Opposition to Summary Judgment due December 1, 2006, and the final Pretrial hearing to be held in January of 2007.

Respectfully submitted,
The Plaintiff,
By her attorneys,

/s/ Nancie L. Edgren
Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

and

/s/ John K. Weir
John K. Weir, Esq. Admitted Pro Hac Vice
John K. Weir Law Offices
300 Park Avenue
Suite 1700
New York, New York, 10022
212-572-5374

Date: January 13, 2006
344481/file no. 21312-1

# EXHIBIT A

Case 1:04-cv-12711-PBS    Document 103-2    Filed 07/28/2006    Page 8 of 8

Case 1:04-cv-12711-PBS    Document 39    Filed 01/13/2006    Page 7 of 7
Case 1:04-cv-12711-PBS    Document 18    Filed 05/02/2005    Page 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Lisa Svensson
Plaintiff,

V.

Putnam Investments, et al
Defendant.

Civil Action Number
04-12711-PBS

May 2, 2005

### SCHEDULING ORDER

Saris, D.J.,

Fact Discovery deadline: 2/1/06

Plaintiff's expert designation deadline: 3/1/06

Defendant's expert designation deadline: 4/1/06

Expert discovery deadline: 5/1/06

Summary Judgment Motion filing deadline: 6/1/06

Opposition to Summary Judgment Motions: 7/1/06

Hearing on Summary Judgment or Pretrial Conference: 7/12/06 at 2:00 p.m.

Case to be referred to Mediation program: Fall, 2005

By the Court,

/s/ Robert C. Alba
Deputy Clerk