UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON, <br><br>                  Plaintiff, <br><br> v. <br><br> PUTNAM INVESTMENTS LLC, f/k/a PUTNAM INVESTMENTS, INC. and LAWRENCE J. LASSER, <br><br>                  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION <br> )   NO. 04-12711 PBS <br> ) <br> ) <br> ) <br> ) |

## PUTNAM INVESTMENTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Putnam Investment LLC, f/k/a Putnam Investments, Inc. ("Putnam") hereby opposes the Plaintiff Lisa Svensson's ("Ms. Svensson") Motion to Compel her Second Request for Production of Documents and Things.

## INTRODUCTION

At the September 15, 2006 Scheduling Conference this Court made clear that discovery in this case -- which has been on-going for almost a year and a half -- should be brought to swift conclusion. Ms. Svensson's Motion to Compel her Second Request for the Production of Documents and Things is calculated to prevent this from happening. Indeed, the 72 categories of documents requested by Ms. Svensson are objectionable for a host of reasons. Specifically, the requests (1) largely fail to provide any basis for believing that responsive documents exist or would be relevant to one of her claims; (2) are grossly overbroad and burdensome, and, for example, would put Putnam to the task of restoring scores of email boxes, and spending thousands of hours and dollars reviewing potentially millions of emails, without any particularized showing that those emails will produce anything relevant to this

litigation; (3) seek information about 91 former and current Putnam employees, whom Putnam asserts are not Ms. Svensson's legal comparators, for purposes of discovery or otherwise[1]; (4) seek to improperly try the gender discrimination cases of those 91 by requesting thousands of pages of burdensome and irrelevant information, despite Putnam having provided a wealth of information about each of the 91, including salary, bonus, title held, position held, length of tenure, terminations, birthdates, and the like, and; (5) continue to demand documents that Putnam has already produced, or has stated do not exist.

### A.    Electronic Discovery

Particularly taxing and objectionable are Ms. Svensson's requests, pressed some 18 months after discovery commenced, for all "communications" and information about the 91. The majority of Ms. Svensson's requests call for Putnam to restore and search the electronic mailboxes of scores of former and current employees. When Ms. Svensson filed her first motion to compel documents nearly a year ago, largely consisting of requests for email communications, Putnam explained in its opposition:

> On any given day, an employee may send and receive in excess of 100 emails, such that searching for any communications by any of Putnam's thousands of current and former employees about a broad range of undefined subject matters would constitute an undue burden and expense to Putnam. . . There is no 'smart search' that can be done. . . therefore, production of responsive documents would require the review of

---

[1]    Putnam continues to assert its position that these 91 are not Ms. Svensson's legal comparators. For example, among Ms. Svensson's 91 comparators are her boss, a subordinate who reported to her, people who worked at different times in wholly different departments, individuals whose tenure at Putnam never overlapped with hers, people performing different jobs, and people reporting to wholly different supervisors.

Solely in an effort to resolve discovery disputes and keep the discovery process moving, Putnam agreed to provide certain information about these individuals in response to Ms. Svensson's interrogatories. Putnam also agreed to unredact previously produced documents with respect to those 91. At no time, however, has Putnam conceded -- for purposes of discovery or otherwise -- that these individuals are Ms. Svensson's legal comparators. Putnam made this clear at the July 11, 2006 hearing on Ms. Svensson's Rule 30(b)(6) Notice, stating, "For purposes of trying to get beyond this dispute . . we have **agreed that we will answer the interrogatories with respect to the 91** which plaintiffs have chosen **without in any way agreeing that that is the appropriate universe of comparators**" (emphasis added.)

potentially hundreds of thousands of emails, the overwhelming majority of which have no bearing on the present action.

At the December 13, 2005 hearing on this matter, cognizant of the burden and difficulty of electronic discovery, this Court ordered a limited review of electronic mailboxes of certain present and former Putnam employees who had direct interaction with Ms. Svensson. The process of restoring and reviewing those electronic mailboxes proved to be both burdensome and costly -- a point explained to Ms. Svensson in August when Putnam requested that she consider narrowing the scope of her second document request. In an email from Putnam's counsel to Ms. Svensson's counsel, Putnam explained:

> to search the email files of 6-8 people for emails regarding Lisa (which we did last winter), we had to review in excess of 100,000 emails. You now want us to review the emails boxes of many more people with respect to at least your list of 20 comparators. We have conservatively estimated that, under your proposal, we would be required to review as many as 10 million emails. Assuming only 30 seconds per email, that would require 3400 man-days to review the emails you request - an enormously burdensome, expensive and time-consuming process - with no assurance that there is even anything in the emails that is relevant to this case.

Now, nine months after Ms. Svensson first requested Putnam restore and search electronic mailboxes, she has returned to this Court, exponentially expanding her electronic-discovery requests. Given the numbers of mailboxes that she wishes searched, and the number of potential search subjects, Putnam will need to restore and review potentially millions of emails[2] -- despite the fact that the 91 are not Ms.

---

[2] As discussed above, Putnam reviewed approximately 100,000 emails when it searched the email boxes of several people for information about Ms. Svensson. Because Putnam's email system during the relevant time frame did not permit Boolean searches of email boxes, the only way to perform a search for emails about a given individual is to search for any email to or from that individual, that is copied to that individual, blind copied to that individual, or that mentions that individual. Unfortunately, such a search also captures all firm-wide and department-wide emails. Since Putnam had between 3000 and 7000 employees, a search for emails to, from, copied or blind copied to Ms. Svensson, or that mentioned Ms. Svensson from 1999 to 2003 yielded roughly 100,000 emails from just a few mailboxes. Again, due to the inability to perform Boolean searches, it is not possible to perform searches on more than one person at a time. Hence, a search about a second individual has to be performed separately, and can be expected to capture another 100,000 emails, including all of the same firm wide and department wide emails (all of which will need to be reviewed for responsiveness). Added to the difficulty of performing the searches that Ms. Svensson requests is that it takes approximately 15-20 minutes simploy to retrieve

Svensson's legal comparators. Moreover, this is not a search for emails that Ms. Svensson <u>knows</u> existand that are material and relevant. Rather, it is a search for emails that <u>might</u> exist, without any particular reason to believe that they are material or relevant. Discovery is not "a fishing expedition." *Milazzo v. Sentry Ins.*, 856 F.2d 321 (1st Cir. 1988). This Court has recognized that electronic discovery is enormously burdensome and potentially endless. *See Cognex Corp. v. Electric Scientific Indus. Inc.,* 2002 WL 2309413 (D.Mass., July 2, 2002). As such, Ms. Svensson's requests for additional discovery of electronic mailboxes should be denied.

**B.    Burdensome and extraneous personnel documentation about the 91**

Dozens of Ms. Svensson's requests seek burdensome and extraneous detailed personnel information about each of the 91. As noted, Putnam has previously provided all basic personnel information about each of the 91 concerning each of Ms. Svensson's claims. Thus Putnam provided: (1) salary and bonus data (relevant to Ms. Svensson's equal pay claim); (2) information about any of the 91 who were transferred or demoted (relevant to Ms. Svensson's demotion claim); (3) lists of everyone considered for, and elected to, Managing Director (relevant to her denial of promotion claim), and; (4) a list noting whether each of the 91 left Putnam's employ, and if so, whether on a voluntary or involuntary basis (relevant to Ms. Svensson's termination claim). Attached hereto as Exhibit A are spreadsheets containing a sampling of the detailed information provided concerning the 91. Ms. Svensson can thus look at objective data and determine whether there is a basis for believing Putnam discriminated on the basis of gender.

Apparently, Ms. Svensson now realizes that the substantial information she received concerning the 91 fails to establish a pattern of gender discrimination since she

---

each set of 500 emails. Given the number of target email boxes and subject employees to Ms. Svensson's request, Putnam will need restore and review literally millions of emails, a process that literally will take months of work. All of this has been explained repeatedly to Ms. Svensson's counsel.

now seeks detailed personnel documentation concerning virtually every employment decision made regarding each of the 91.  It seems that Ms. Svensson intends to try the gender discrimination cases of each of the 91 in an effort somehow to prove her own case.  This is not a class action lawsuit; Ms. Svensson does not need, for example, the personnel files or 360 reviews of any of the 91 to make her case.  This is not trial by anecdote; cherry-picking a given performance review for one of the 91 will not prove gender discrimination.  What it will do is force Putnam to defend every employment action it has taken concerning any of the 91, thereby converting Ms. Svensson's case into a trial of 91 separate cases.

Over the past year and a half, Ms. Svensson has had ample opportunity to obtain the information she needs to develop her case.  She has already received (1) in excess of 4000 pages of documents; (2) critical information about the 91 that can be used to create a statistical basis for determining whether Putnam discriminated on the basis of gender, and; (3) more than 70 hours of deposition testimony from 10 former and current Putnam employees.  Without a particularized showing that she needs additional information to establish the basis of her claims, Ms. Svensson's Motion to Compel should be denied.

## II.    SPECIFIC RESPONSES

With respect to each Request, Putnam responds as follows:

REQUEST NO. 1

> All documents and things concerning the criteria actually used by the persons participating in the decision making process in deciding whether to select Svensson or any of the identified males or identified females for appointment to or election as a Managing Director or Portfolio Manager in the period since January 1, 1999, whether by promotion from within the IMD, another division of Putnam or as a lateral hire from another entity.

RESPONSE NO. 1

> To the extent this Request seeks documents relating to the Plaintiff, such documents have been produced in response to the Plaintiff's first request for the production of documents.  Putnam objects to the balance of the Request on the

grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing, Putnam will produce its Career Development Guide for Equity Portfolio Manager.

ARGUMENT

- A number of deponents have already testified concerning the criteria to become Managing Director and Portfolio Manager.

- Putnam has already produced all documents setting forth such written criteria concerning this title and position, respectively.

REQUEST NO. 2

All documents and things concerning the results of the application of the criteria referred to in the immediately preceding category to Svensson, any of the identified males or any of the identified females.

RESPONSE NO. 2

To the extent this Request seeks documents relating to the Plaintiff, such documents have been produced in response to the Plaintiff's first request for the production of documents. Putnam objects to the balance of the Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects on the grounds set forth in its Opposition to the Plaintiff's motion to compel further answers to her interrogatories ("Putnam's Opposition") on file with the Court.

ARGUMENT

- Putnam has already produced all lists naming each of the 91 considered for Managing Director, along with a list of those elected for each of 1999 - 2003.

- With respect to documents concerning who should be appointed to Portfolio Manager, this request would require Putnam to search an indefinite number of email boxes for 22 individuals. The request would require Putnam to locate and review potentially hundreds of thousands of emails, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- With respect to requests for information about Portfolio Managers, Ms. Svensson fails to provide any basis to believe that responsive documents exist

that would be relevant to one of Ms. Svensson's claims.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 3

In regard to the identified males and the identified females who were not promoted from within Putnam to Portfolio Manager or Managing Director but were hired on a lateral basis from anther entity in the period since January 1, 1999, all documents and things concerning communication between or among those persons participating in the decision making process as to the persons who should be elected or appointed to the position of Managing Director or Portfolio Manager, and which documents and things concerned evaluation of, or action or decision made, taken or recommended or proposed to be made to taken, in regard to any one or more of such persons.

RESPONSE NO. 3

Putnam objects to this Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam also objects on the grounds set forth in Putnam's Opposition on file with the Court. Putnam further objects to this request on the grounds that the Request is incomprehensible to the point that it is unclear what additional information the Plaintiff seeks.

ARGUMENT

- Ms. Svensson's argument fails to explain why employees hired laterally are relevant to one of her claims. Because, as Ms. Svensson has learned in discovery, there was no fixed number of Managing Directors, there is no basis for believing that any laterally hired male was given the title of Managing Director to the exclusion of Ms. Svensson.

- A search for any "communication" about decisions to elect or appoint these 4 individuals would require Putnam to restore and review potentially hundreds of thousands of emails without any basis for believing that relevant communications exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 4

In regard to the identified males and the identified females who were not promoted from within Putnam but were hired as a Managing Director or Portfolio Manager on a lateral basis from another entity in the period since January 1, 1999, all documents and things prepared or received by or on behalf of any one or more of the persons participating in the decision making process as to the persons who should be so appointed or elected to Managing Director or Portfolio Manager, and which documents and things concerned evaluation of, or action or decision made, taken or recommended or proposed to be made or taken, in regard to any one or more of such persons.

RESPONSE NO. 4

Putnam objects to this Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam also objects on the grounds set forth in Putnam's Opposition on file with the Court. Putnam further objects on the grounds that the Request is incomprehensible to the point that it is unclear what additional information the Plaintiff seeks.

ARGUMENT

- Ms. Svensson's argument fails to explain why employees hired laterally are relevant to one of her claims. Because, as Ms. Svensson has learned in discovery, there was no fixed number of Managing Directors, there is no basis for believing that any laterally hired male was given the title of Managing Director to the exclusion of Ms. Svensson.

- A search for any "communication" about decisions to elect or appoint these 4 individuals would require Putnam to restore and review potentially hundreds of thousands of emails without any basis for believing that relevant communications exist, and thus is grossly overbroad and burdensome for the

reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 5

In regard to Svensson and the identified males and identified females and the pools of persons for consideration for appointment or election as Managing Director or Portfolio Manager at any time in the period since January 1, 1999, all documents and things concerning communication between or among those persons participating in the decision making process as to who should be included in or excluded from such pools, and which documents and things concerned evaluation of, or action or decision made, taken or recommended or proposed to be made or taken, in regarding to Svensson, any of the identified males and/or any of the identified females concerning inclusion in, or exclusion from, such pools.

RESPONSE NO. 5

Putnam objects to this Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further states that this court, in response to Plaintiff's November 5, 2005 Motion to Compel Defendant's Production of Documents has already limited Putnam's obligation to produce communications between and among its personnel; and Putnam has already produced such information in accordance with this court's prior ruling.

ARGUMENT

- Because Ms. Svensson's name appeared on a list of potential nominees to Managing Director for each of 1999 - 2003, that one or more of the 91 also appeared on that list is not relevant to any of her claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 10 former or

current Putnam employees, run 91 searches, and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist.  Thus the request is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 6

In regard to the identified males and the identified females who were not promoted from within Putnam but were hired as a Managing Director or Portfolio Manager on a lateral basis from another entity in the period since January 1, 1999, all documents and things prepared or received by or on behalf of any one or more of the persons participating in the decision making process as to who should be so elected or appointed, and which concerned evaluation of, or action or decision make, taken or recommended or proposed to be made or taken, in regard to Svensson, any one or more of the identified males and/or any of the identified females in such pools.

RESPONSE NO. 6

Putnam objects to this Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Putnam further objects to the Request on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Ms. Svensson's argument fails to explain why employees hired laterally are relevant to one of her claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 10 former or current Putnam employees, run 91 searches, and review potentially hundreds

of thousands or millions of emails without any basis for believing that relevant documents exist.  Thus the request is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 7

All 360s prepared or received by any person at Putnam in or for any one or more of the reporting periods since January 1, 1999, in regard to Svensson or any one or more of the identified males and/or any one or more of the identified females.

RESPONSE NO. 7

To the extent this Request seeks documents relating to the Plaintiff, such documents have been produced in response to the Plaintiff's first request for the production of documents.  Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Putnam further objects on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 33 former or current Putnam employees.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Ms. Svensson's argument fails to provide any basis to suggest that documents responsive to this request exist that would be relevant to one of her claims exist.

REQUEST NO. 8

> All documents and things concerning year end reviews, performance reviews, Investment Division & ISD Human Resources Updates, PDPRs and other documents analyzing or evaluating work performance in the IMD, that were prepared or received by any person at Putnam in or for any one or more of the reporting periods since January 1, 1999, in regard to Svensson, any one or more of the identified males and/or one or more of the identified females.

RESPONSE NO. 8

> To the extent this Request seeks documents relating to the Plaintiff, such documents have been produced in response to the Plaintiff's first request for the production of documents.  Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks materials beyond the scope of discovery because they are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Putnam further objects on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 9

> All documents and things concerning the factual basis(es) of any numerical score in any 360s, year end reviews, performance reviews, Investment Division & ISD Human Resources Updates, PDPRs and/or other documents concerning analysis or evaluation of work performance in the IMD, that were prepared or received by any person at Putnam in or for any one or more of the reporting periods since January 1, 1999, in regard to Svensson, any one or more of the identified males and/or any one or more of the identified females.

RESPONSE NO. 9

> The 360s and performance reviews are self-explanatory; and Putnam does not possess any document or other thing that provides a factual basis of any numerical score for any type of performance review. To the extent this Request seeks the underlying performance reviews of the Plaintiff, Putnam has provided those documents in response to the Plaintiff's first request for documents. To the extent this request seeks the underlying performance reviews of the identified males or females, Putnam objects to the Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- As Putnam stated in its initial response to this request, no relevant documents exist.

REQUEST NO. 10

> All documents and things concerning the organizational structure and/or jurisdiction of the IMD as existing at any time or from time to time in the period since January 1, 1999.

RESPONSE NO. 10

> Putnam objects to this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects to producing documents concerning the period after the Plaintiff's termination, on the ground that such information is unrelated to the instant litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Without limiting the foregoing, Putnam will produce organizational charts responsive to the Request.

ARGUMENT

- Putnam has previously produced all documents relevant to this request.

REQUEST NO. 11

> All documents and things concerning the administrative reporting relationships within the IMD as existing at any time or from time to time in the period since January 1, 1999.

RESPONSE NO. 11

> To the extent that the Plaintiff seeks information other than that contained in the organizational charts, Putnam objects on the grounds that the Plaintiff has failed

to define "administrative reporting relationship" and the lack of a definition has rendered the request vague, ambiguous, and difficult to understand. Without limiting the foregoing, Putnam will produce the organizational charts responsive to the Request in response to Request No. 10.

ARGUMENT

- Putnam has previously produced all documents relevant to this request.

REQUEST NO. 12

All documents and things concerning the membership, structure and/or jurisdiction of the Operating Committee as existing at any time or from time to time in the period since January 1, 1999.

RESPONSE NO. 12

Putnam objects to this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.

- This request would require Putnam to restore the email boxes of scores of former and current employees, and run a searches with no outer limits. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 13

All documents and things concerning the membership, structure and/or jurisdiction at any time or from time to time in the period since January 1, 1999, of the IDMC.

RESPONSE NO. 13

Putnam objects to this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence.  Without limiting the foregoing, Putnam will produce documents responsive to the Request.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of scores of former and present employees, and run 91 separate searches on each.  The request would require Putnam to locate and review potentially hundreds of thousands of emails, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 14

All documents and things concerning the membership, structure and/or jurisdiction of any committee or entity howsoever known or described, other than the IDMC or the Operating Committee, which had or has any administrative function or responsibility concerning Svensson, any of the identified males and/or any of the identified females in the IMD as existing at any time or from time to time in the period since January 1, 1999.

RESPONSE NO. 14

Putnam objects to this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of scores of former and present employees, and run 91 separate searches on each. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 15

All documents and things concerning the actual criteria used by Putnam for deciding whom of Svensson, the identified males and/or the identified females should be or would be demoted in the period since January 1, 2002:

A. From Portfolio Manager to any other professional position within the IMD;

B. From ADR to any other professional position within the IMD;

C. From CIO to any other professional position within the IMD;

D. From ADR to Analyst within the IMD; and/or

E. From CIO to ADR within the IMD.

RESPONSE NO. 15

Putnam objects inasmuch as it did not "demote" Svensson during the relevant time period. Putnam has already produced all documents with respect to any transfer of the Plaintiff. Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 22 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of scores of former and present employees, and run 22 separate searches on each. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 16

All documents and things concerning the results of the application of the criteria referred to in the immediately preceding category to Svensson, any of the identified males and/or any of the identified females who were Portfolio Managers, ADRs, CIOs or holders of other IMD investment professional positions.

RESPONSE NO. 16

> Putnam objects inasmuch as it did not "demote" Svensson during the relevant time period. Putnam has already produced all documents with respect to any transfer of the Plaintiff. Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 22 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of scores of former and present employees, and run 22 separate searches on each. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 17

> In regard to Svensson, any of the identified males and/or any of the identified females who were selected for consideration for possible demotion to take place in the period since January 1, 2002 (whether or not actually demoted) from Managing Director or from Portfolio Manager or other professional position in the IMD, all documents and things concerning communication between or among the persons participating at any time or from time to time in the decision making process to so consider Svensson, any of the identified males and/or any of the

identified females, and which communication concerned evaluation of, or action or decision made, taken, recommended or proposed to be made or taken, in regard to any of such persons.

RESPONSE NO. 17

Putnam objects inasmuch as it did not "demote" Svensson during the relevant period. Putnam has already produced all documents with respect to any transfer of the Plaintiff. Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 29 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 7 former and present employees, and run 29 separate searches on each. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 18

In regard to Svensson, any of the identified males and/or any of the identified females who were considered for demotion to take place in the period since January 1, 2002 (whether or not actually demoted) from Managing Director of from Portfolio Manager or other professional position in the IMD, all documents

and things concerning communication between or among the persons participating in the decision making process to so consider Svensson, any of the identified males and/or any of the identified females, and which communication concerned evaluation of, or action or decision made, taken or recommended or proposed to be made or taken, in regard to, any of such persons.

RESPONSE NO. 18

Putnam objects inasmuch as it did not "demote" Svensson during the applicable period. Putnam has already produced all documents with respect to any transfer of the Plaintiff. Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 7 former and present employees, and run 91 separate searches on each. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 19

In regard to Svensson, any of the identified males and/or any of the identified females who actually were demoted in the period since January 1, 2002, from Managing Director or from Portfolio Manager or other professional position in

the IMD, all documents and things concerning communication between or among the persons participating in the decision making process as to who of Svensson, any of the identified males and/or any of the identified females actually would be demoted, and which communication concerned evaluation of, or action or decision made, taken or recommended or proposed to be made or taken, in regard to, any one or more of such persons.

RESPONSE NO. 19

Putnam objects inasmuch as it did not "demote" Svensson during the applicable period. Putnam has already produced all documents with respect to any transfer of the Plaintiff. Putnam objects to the balance of this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 7 former and present employees, and run 91 separate searches on each.  The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 22

All documents and things concerning the Putnam policy in the period since January 1, 1999, in regard to persons of the status and position of persons such as

Darren Peers (Peers) concerning payment or reimbursement of tuition costs for the MBA degree.

RESPONSE NO. 22

Putnam objects to this Request on the grounds that is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without limiting the foregoing, Putnam will produce documents responsive to the Request.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

REQUEST NO. 23

All documents and things concerning communication between or among Putnam, any affiliate of Putnam, Peers, NWQ Investment Management Company, LLC ("NWQ"), any affiliate of NWQ and/or any other persons) concerning Peers' leaving his employment at Putnam, compliance with, or satisfaction, fulfillment or other disposition of, the terms, provisions and/or condition of Peers' employment at Putnam, or financial obligations.

RESPONSE NO. 23

Putnam objects to this Request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the Plaintiff has already fully deposed Mr. Peers on the subject of this request. Without limiting the foregoing, Putnam will produce responsive documents.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

REQUEST NO. 24

All documents and things concerning the payment to, or reimbursement of, any person concerning tuition costs of Peers' MBA degree.

RESPONSE NO. 24

Without limiting the foregoing, please see Putnam's response to Request 23.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

REQUEST NO. 25

All document and things prepared or received by Putnam concerning the satisfaction, fulfillment or other disposition of the terms and conditions of Peers' employment in regard to the payment to, or reimbursement of, any person or tuition costs of Peers' MBA degree.

RESPONSE NO. 25

Without limiting the foregoing, please see Putnam's response to Request 23.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at

    PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

REQUEST NO. 26

All documents and things concerning communication between or among Putnam, any affiliate of Putnam, Peers, NWQ, any affiliate of NWQ and/or any other persons concerning the making, maintaining and/or furnishing by Peers to, or receipt by, Putnam, of any diary, notes or other documents or things concerning Svensson or any of the identified males and/or of the identified females prepared by Peers.

RESPONSE NO. 26

Putnam represents Mr. Peers in connection with this litigation, and objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine. Furthermore, Putnam has already produced all such information not covered by such privileges in response to the Plaintiff's first request for the production of documents.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at

    PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

REQUEST NO. 27

All documents and things concerning communication between or among Putnam, any affiliate of Putnam, Peers, NWQ, any affiliate of NWQ and/or any other persons(s) concerning the testimony or possible testimony in a deposition or at trial in this case by Peers or by any of the identified males and/or any of the identified females who at the time of such communication were no longer in the employ of Putnam.

RESPONSE NO. 27

Putnam objects to this request on the grounds that it seeks disclosure of information that is not discoverable due to the attorney-client privilege and the attorney work-product doctrine.

ARGUMENT

- Putnam has previously produced a document responsive to this request, at PRM 2803, which shows NWQ's reimbursement of Peers' MBA tuition.

- No documents responsive to the remainder of this request exist.

REQUEST NO. 28

All documents and things concerning the factual basis of any numerical or other rating, evaluation, analysis or score concerning Svensson in connection with consideration of her by Putnam in the period since January 1, 1999, for promotion; demotion; salary or other compensation increase; salary or other compensation decrease; and/or other employment action.

RESPONSE NO. 28

Putnam objects to this request on the grounds that it is incomprehensible to the point that it is unclear what additional information the Plaintiff seeks. Putnam also objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court. Putnam further objects to this request on the grounds that Plaintiff's failure to define "numerical or other rating" has rendered the request vague, ambiguous, and difficult to understand. Plaintiff's performance reviews are self-explanatory; and Putnam does not possess any document or other thing that provides a factual basis of any numerical score for any type of performance review. To the extent this request seeks the underlying performance reviews of the Plaintiff, Putnam has provided those documents in response to the Plaintiff's first request for documents. To the extent that the Plaintiff seeks information concerning her promotions, transfer, or any other employment action, Putnam has already produced such information in response to the Plaintiff's first request for the production of documents. To the extent this Request seeks information relating to the Plaintiff's compensation, Putnam will produce responsive documents.

ARGUMENT

- Putnam has previously produced all documents relevant to this request in unredacted form.

REQUEST NO. 29

The terms and conditions offered by Putnam in the period since January 1, 2002, to any of the identified males and/or any of the identified females in connection with leaving the employ of Putnam by any of such persons, whether voluntarily or involuntarily.

RESPONSE NO. 29

Putnam objects to this Request on the grounds that it is unduly vague and ambiguous, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam also objects on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Ms. Svensson fails to explain why the details of other employees' Separation Agreements are relevant to her claims. Putnam requires every employee leaving Putnam's employ on a voluntary or involuntary basis, and who receives a severance package, to sign a Separation Agreement waiving claims against the Company.

REQUEST NO. 30

All documents and things concerning any notes, minutes or other document of or in regard to meetings or decisions of the Putnam trustees in the period May - September 2003 concerning directed brokerage commissions.

RESPONSE NO. 30

Putnam objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam also objects on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Ms. Svensson fails to provide any basis for believing that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 31

All documents and things concerning communication between or among, Haldeman, Lasser and any of the Putnam trustees in the period May - September 2003 concerning directed brokerage commissions.

RESPONSE NO. 31

Putnam objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Ms. Svensson fails to provide any basis for believing that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 32

All documents and things concerning coverage reports for O'Malley and the identified males and/or the identified females for each of the reporting periods in 2002, 2003, 2004, 2005 and 2006.

RESPONSE NO. 32

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Ms. Svensson does not craft any argument in response to Putnam's objection.

REQUEST NO. 33

All documents and things concerning communication between or among Stoev and Morgan or other persons at Putnam in regard to the termination of Stoev's employment and the stated reasons for it.

RESPONSE NO. 33

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Mr. Stoev's greencard application explains Putnam's basis for believing that Mr. Stoev should be issued a green card. Mr. Stoev's greencard application thus has no colorable relevance to any of the issues raised in the Plaintiff's Amended Complaint.

REQUEST NO. 34

All documents and things concerning the "green card" application for Stoev that Morgan filled out.

RESPONSE NO. 34

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Mr. Stoev's greencard application explains Putnam's basis for believing that Mr. Stoev should be issued a green card. Mr. Stoev's greencard application thus has no colorable relevance to any of the issues raised in the Plaintiff's Amended Complaint.

REQUEST NO. 35

All documents and things concerning calendar entry(ies) (Lotus notes or otherwise) for Haldeman concerning any communication with Peers.

RESPONSE NO. 35

No such documents exist.

ARGUMENT

- No such documents exist.

REQUEST NO. 36

All documents and things concerning communication between Morgan and Allansmith in the period 2002-2004 concerning comments upon or other feedback as to Allansmith's work performance.

RESPONSE NO. 36

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that Ms. Allansmith is Ms. Svensson's legal comparator.

- Putnam has already provided all objective data necessary to determine if Putnam treated women in a discriminatory manner.  Ms. Svensson is not a plaintiff in a class action lawsuit.

REQUEST NO. 37

All documents and things concerning communication in the period 2002-2004 between Morgan and McNamee, Scordato and/or Brooks concerning Svensson's or Allansmith's work performance or reasons or justifications for Svensson or Allansmith leaving Putnam's employment.

RESPONSE NO. 37

With respect to the Plaintiff, Putnam has already produced communications between Morgan, McNamee, Scordato and/or Brooks, in response to the Plaintiff's first request for the production of documents.  With respect to Ms. Allansmith, Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- As Putnam stated in its initial response to this Request, it has already produced documents responsive to this request with respect to Ms. Svensson.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that Ms. Allansmith is Ms. Svensson's legal comparator.

- Putnam has already provided all objective data necessary to determine if Putnam treated women in a discriminatory manner. Ms. Svensson is not a plaintiff in a class action lawsuit.

REQUEST NO. 38

All documents and things concerning GER Active Portfolio Performance in the period January 1, 1999, through September 15, 2003, for Svensson or any of the identified males and/or the identified females.

RESPONSE NO. 38

With respect to the Plaintiff, Putnam will produce documents responsive to this Request. With respect to the balance of the Request, Putnam objects on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam did not terminate Ms. Svensson because she was a poor "stock picker." It removed her supervisory responsibilities when it discovered that she was mismanaging subordinates. Therefore, this request is not material to any of the issues raised in the Amended Complaint.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 39

All documents and things concerning comparisons in work performance in the period January 1, 1999, through September 15, 2003, of Svensson, any of the identified males and/or any of the identified females.

RESPONSE NO. 39

Putnam has produced all of the Plaintiff's performance reviews in response to Plaintiff's first request for the production of documents. Putnam objects to the balance of the Request on the grounds it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam did not terminate Ms. Svensson because she was a poor "stock picker." It removed her supervisory responsibilities when it discovered that she was mismanaging subordinates. Therefore, this request is not material to any of the issues raised in the Amended Complaint.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

- This request would require Putnam to restore and review the email boxes of 20 former or current Putnam employees. The request would require Putnam

to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 40

All documents and things, including, without limitation Human Resources Action Request and Requisition for Employee documents, concerning the move or transfer of any of the identified males out of GER in the period since January 1, 1999.

RESPONSE NO. 40

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made transfers in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 7 former or current Putnam employees.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 43

Putnam's Officers' Directories for the years 2003-2005.

RESPONSE NO. 43

The Putnam Officer's Directory is a listing of personal contact information for 1,296 officers of Putnam, and as such, this Request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Ms. Svensson states she needs Officer Directories because they provide information with regard to the "titles and job responsibilities" of the 91. Ms. Svensson's argument ignores the fact that Putnam has already provided this information, (and much more) that enable Ms. Svensson to compare "one person to another and positions and responsibilities from one year to another."

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

REQUEST NO. 44

All documents and things concerning bonus worksheets prepared or maintained at any time or from time to time in the period since January 1, 1999, in regard to the teams of which Svensson, any of the identified males and/or any of the identified females were members, including, without limitation, Core International, Core Domestic, Core Growth (later called Large Cap Growth), Value, Specialty Growth and GER.

RESPONSE NO. 44

With respect to the Plaintiff, Putnam will produce documents concerning her bonus worksheets. With respect to the balance of the Request, Putnam objects on the grounds that it is overbroad, burdensome and seeks information that is irrelevant an not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already unredacted for the 91 previously produced bonus worksheets. Any additional search would be duplicative of Putnam's already extensive production.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 former or current Putnam employees.

REQUEST NO. 45

All documents and things concerning the reports, analyses, measurements and/or rankings of the types included in documents LS-501, 503-506 for any of the identified males and any of the identified females, prepared in the period since January 1, 1999.

RESPONSE NO. 45

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to

improperly try the gender discrimination cases of 20 former or current Putnam employees.

REQUEST NO. 46

All documents and things concerning the reports, analyses, measurements and/or rankings of the types included in document LS-502 for the fund referred to and for the other Putnam funds, which were prepared in the period since January 1, 1999.

RESPONSE NO. 46

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

REQUEST NO. 47

All documents and things concerning attribution reports of the type included in LS-507-512 for the fund referred to and any other funds, which were prepared in the period since January 1, 1999.

RESPONSE NO. 47

> Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam did not terminate Ms. Svensson because she was a poor "stock picker."  It removed her supervisory responsibilities when it discovered that she was mismanaging subordinates.  Therefore, this request is not material to any of the issues raised in the Amended Complaint.

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

REQUEST NO. 48

> All documents and things concerning sector level performance index ranks of the type included in LS-513-515 prepared in the period since January 1, 1999.

RESPONSE NO. 48

> Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam did not terminate Ms. Svensson because she was a poor "stock picker." It removed her supervisory responsibilities when it discovered that she was mismanaging subordinates. Therefore, this request is not material to any of the issues raised in the Amended Complaint.

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

REQUEST NO. 49

All documents and things concerning scorecards and second scorecards in regard to O'Malley, other MBAs and any of the identified males and/or any of the identified females prepared or maintained in the period since January 1, 1999.

RESPONSE NO. 49

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam did not terminate Ms. Svensson because she was a poor "stock picker." It removed her supervisory responsibilities when it discovered that

she was mismanaging subordinates.  Therefore, this request is not material to any of the issues raised in the Amended Complaint.

- This request would require Putnam to restore the email boxes of 20 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Putnam has already provided all objective data necessary to determine if Putnam made decisions in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 20 former or current Putnam employees.

REQUEST NO. 50

The "notes" prepared by Tibbetts, which, "according to the Putnam privilege log, concerned "female partners."

RESPONSE NO. 50

Putnam objects to this Request on the grounds that such documents are protected by the attorney-client privilege and the work-product doctrines, as so noted in Putnam's privilege log.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 51

The "undated" "notes" by an "unknown" author to an unidentified recipient, which, according to the Putnam privilege log, concerns "Svensson employment history."

RESPONSE NO. 51

Putnam objects to this Request on the grounds these documents were created by Putnam's Human Resources Office at the request of outside counsel, Louis Rodriques, and thus, are protected by the attorney-client privilege and the work-product doctrines, as so noted in Putnam's privilege log.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 52

The 1998 "maternity leave summary" prepared, according to the Putnam privilege log, by an "unknown" author for an unidentified recipient.

RESPONSE NO. 52

Putnam objects to this Request on the grounds these documents were created by Putnam's Human Resources Office at the request of outside counsel, Louis Rodriques, and thus, are protected by the attorney-client privilege and the work-product doctrines, as so noted in Putnam's privilege log.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 53

The September 3, 2003, "e-mail re: litigation forwarded with e-mail from [Attorney] Rodriques…" authored by McNamee and sent to the recipient, Brooks, as referred to in the Putnam privilege log but redacted so as to not disclose only the words used by the author or Attorney Rodriques in a "communication," within the meaning of U.S. v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950), each other, but disclosing the other words and information in either of the e-mails, including, without limitation, the identity of the author, the identity of the recipient(s), the date and time of the transmission and the words in the subject line.

RESPONSE NO. 53

Putnam objects to this Request on the grounds that such documents are protected by the attorney-client privilege and the work-product doctrines, as so noted in Putnam's privilege log.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 54

The August 27, 2003, "e-mail re:  Draft termination agreement" from author Hadley to recipients McNamee and Attorney Rodriques, as referred to in the Putnam privilege log but redacted so as to not disclose the words used by the author or Attorney Rodriques in  a "communication," within the meaning of U.S. v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950), with each other but disclosing the other words and information in the e-mail, including, without limitation, the identity of the author, the identity of the recipient(s), the date and time of the transmission, the words in the subject line and the attachment.

RESPONSE NO. 54

Putnam objects to this Request on the grounds that such documents are protected by the attorney-client privilege and the work-product doctrines, as so noted in Putnam's privilege log.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 55

All documents and things concerning the amounts and types of compensation, including, without limitation, salary and bonus, paid or payable to Svensson, the identified females and the identified females for each of the years 1999-2004.

RESPONSE NO. 55

With respect to the Plaintiff, Putnam has already produced documents and things responsive to this Request in response to the Plaintiff's first request for the production of documents.  With respect to the balance of the Request, Putnam objects on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already produced the salary and bonus information for each of the 91 for years 1999 - 2003. Ms. Svensson cannot have "a second bite at the apple" and now request compensation information, such as equity, that she did not initially request.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

REQUEST NO. 56

All documents and things identifying any of the identified males and any of the identified females who left the employ of Putnam on a voluntary basis in the period 1999 to date.

RESPONSE NO. 56

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already produced worksheets detailing which of the 91 left Putnam's employ, and whether it was on a voluntary or involuntary basis.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam terminated employees in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 14 former Putnam employees.

- This request would require Putnam to restore the email boxes of 14 former or current Putnam employees, review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents

exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- Putnam notes the irony that Ms. Svensson only is concerned with females she believes were involuntarily terminated from Putnam, even though the list provided by Putnam names twice as many men among the 91 who were involuntarily terminated.

REQUEST NO. 57

All documents and things concerning the circumstances and reasons for the voluntary terminations referred to in the immediately preceding category.

RESPONSE NO. 57

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already produced worksheets detailing which of the 91 left Putnam's employ, and whether it was on a voluntary or involuntary basis.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam terminated employees in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 14 former Putnam employees.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information about 14 individuals Ms. Svensson believes were involuntarily terminated. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant

documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- Putnam notes the irony that Ms. Svensson only is concerned with females she believes were involuntarily terminated from Putnam, even though the list provided by Putnam names twice as many men among the 91 who were involuntarily terminated.

REQUEST NO. 58

All documents and things identifying any of the identified males and any of the identified females who left the employ of Putnam on an involuntary basis in the period 1999 to date.

RESPONSE NO. 58

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already produced worksheets detailing which of the 91 left Putnam's employ, and whether it was on a voluntary or involuntary basis.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam terminated employees in a discriminatory manner.  This request seeks to improperly try the gender discrimination cases of 14 former Putnam employees.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information about 14 individuals Ms. Svensson believes were involuntarily terminated. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant

documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- Putnam notes the irony that Ms. Svensson only is concerned with females she believes were involuntarily terminated from Putnam, even though the list provided by Putnam names twice as many men among the 91 who were involuntarily terminated.

REQUEST NO. 59

All documents and things concerning the circumstances and reasons for the involuntary terminations referred to in the immediately preceding category.

RESPONSE NO. 59

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already produced worksheets detailing which of the 91 left Putnam's employ, and whether it was on a voluntary or involuntary basis.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

- Putnam has already provided all objective data necessary to determine if Putnam terminated employees in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 14 former Putnam employees.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information about 14 individuals Ms. Svensson believes were involuntarily terminated. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant

documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- Putnam notes the irony that Ms. Svensson only is concerned with females she believes were involuntarily terminated from Putnam, even though the list provided by Putnam names twice as many men among the 91 who were involuntarily terminated.

REQUEST NO. 60

All documents and things concerning any severance package agreed to buy Putnam and any of the identified males and/or any of the identified females in regard to his or her leaving the employ of Putnam (whether voluntarily or involuntarily) in the period 1999 to date.

RESPONSE NO. 60

With respect to the Plaintiff, Putnam has already produced documents and things responsive to this Request in response to the Plaintiff's first request for the production of documents. With respect to the balance of this Request, Putnam objects on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court. Putnam further objects on the grounds that this request is duplicative of the documents sought in Request No. 29.

ARGUMENT

- Putnam has already produced worksheets detailing which of the 91 left Putnam's employ, and whether it was on a voluntary or involuntary basis.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims. Ms. Svensson fails to explain why the details of another employee's severance package is relevant to her claims.

- Putnam has already provided all objective data necessary to determine if Putnam terminated employees in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 14 former Putnam employees.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information about 14 individuals Ms. Svensson believes were involuntarily terminated. The request would require Putnam to locate and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist, and thus is grossly overbroad and burdensome for the reasons stated in this Introduction.

- Putnam notes the irony that Ms. Svensson only is concerned with females she believes were involuntarily terminated from Putnam, even though the list provided by Putnam names twice as many men among the 91 who were involuntarily terminated.

## REQUEST NO. 61

- All documents and things concerning communication between or among Putnam, any affiliate of Putnam, and Landes, Eckland and/or Oristaglio/or any other person(s) concerning the testimony or possible testimony in a deposition or at trial in this case by Landes, Eckland and/or Oristaglio.

## RESPONSE NO. 61

Putnam objects to this request on the grounds that it seeks disclosure of information that is not discoverable due to the attorney-client privilege and the attorney work-product doctrine.

## ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

- Messrs. Landes, Eckland and Oristaglio are no longer in Putnam's employ. Therefore, this request calls for Putnam to restore and search each of its 3000 employees electronic mailboxes to find documents (that may or may not exist) that may be responsive. So far as Putnam is aware, no one from the Company

has communicated with Messrs. Eckland or Landes regarding testifying on deposition or at trial. Any communication with Mr. Oristaglio was either a logistical email to arrange for his testimony, or a substantive email that rendered legal advice.

**REQUEST NO. 62**

All documents and things concerning identifying or stating the total bonus pool available to Putnam for each since January 1, 1999.

**RESPONSE NO. 62**

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT**

- Putnam has already provided all objective data necessary to determine if Putnam awarded bonuses in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 present and former Putnam employees.

- This request fails to provide any basis to suggest that responsive documents exist would be relevant to one of Ms. Svensson's claims. Ms. Svensson fails to explain how the total dollar amount of the bonus pool is relevant to proof of discrimination against her.

**REQUEST NO. 63**

All documents and things concerning identifying or stating the total bonus pool available to the IMD for each year since January 1, 1999.

**RESPONSE NO. 63**

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT**

- Putnam has already provided all objective data necessary to determine if Putnam awarded bonuses in a discriminatory manner. This request seeks to

improperly try the gender discrimination cases of 91 present and former Putnam employees.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims. Ms. Svensson fails to explain how the total dollar amount of the bonus pool is relevant to proof of discrimination against her.

REQUEST NO. 64

All documents and things concerning the amounts of the bonuses allocated for each year since January 1, 1999, to such of the identified males and the identified females persons receiving a bonus.

RESPONSE NO. 64

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- Putnam has already provided all objective data necessary to determine if Putnam awarded bonuses in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of 91 present and former Putnam employees.

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claims.

REQUEST NO. 65

The "anonymous" letter concerning Warren, which is referred to at p. 357 of the McNamee deposition.

RESPONSE NO. 65

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Mr. Warren, like Ms. Svensson, was terminated. By definition, therefore, Mr. Warren is not a legal comparator of Ms. Svensson.

- The conduct for which Putnam discharged Ms. Svensson must be <u>nearly identical</u> to that engaged in by an employee outside the protected class <u>whom Putnam</u> retained. *Conward v. The Cambridge, School Committee,* 171 F.3d 12, 19 (1st Cir.1999). Because mismanaging subordinates and the behavior of Mr. Warren were not "nearly identical" this request is not legally relevant.

REQUEST NO. 66

All documents and things concerning the language used and/or the behavior of Warren of the type referred to at pp. 18-21 and 357 of the McNamee deposition.

RESPONSE NO. 66

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Mr. Warren, like Ms. Svensson, was terminated. By definition, therefore, Mr. Warren is not a legal comparator of Ms. Svensson.

- The conduct for which Putnam discharged Ms. Svensson must be <u>nearly identical</u> to that engaged in by an employee outside the protected class <u>whom Putnam retained</u>. *Conward v. The Cambridge, School Committee,* 171 F.3d 12, 19 (1st Cir.1999). Because mismanaging subordinates and the behavior of Mr. Warren were not "nearly identical" this request is not legally relevant.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information or communications about Mr. Warren's behavior.

REQUEST NO. 67

All documents and things concerning communication between Lasser or Haldeman and the Human Relations Department at Putnam and/or any other

person concerning the language used by and/or behavior of Warren referred to at pp. 18-21 and 357 of the McNamee deposition.

RESPONSE NO. 67

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Mr. Warren, like Ms. Svensson, was terminated.  By definition, therefore, Mr. Warren is not a legal comparator of Ms. Svensson.

- The conduct for which Putnam discharged Ms. Svensson must be <u>nearly identical</u> to that engaged in by an employee outside the protected class <u>whom Putnam retained</u>.  *Conward v. The Cambridge, School Committee,* 171 F.3d 12, 19 (1st Cir.1999).  Because mismanaging subordinates and the behavior of Mr. Warren were not "nearly identical" this request is not legally relevant.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information or communications about Mr. Warren's behavior.

REQUEST NO. 68

All documents and things concerning the investigation of Warren by Tibbetts, which is referred to at p. 358 of the McNamee deposition.

RESPONSE NO. 68

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Mr. Warren, like Ms. Svensson, was terminated.  By definition, therefore, Mr. Warren is not a legal comparator of Ms. Svensson.

- The conduct for which Putnam discharged Ms. Svensson must be <u>nearly identical</u> to that engaged in by an employee outside the protected class <u>whom Putnam retained</u>.  *Conward v. The Cambridge, School Committee,* 171 F.3d

12, 19 (1st Cir.1999).  Because mismanaging subordinates and the behavior of Mr. Warren were not "nearly identical" this request is not legally relevant.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information or communications about Mr. Warren's behavior.

- As these requests recognize, Ms. Svensson has already deposed Ms. McNamee and Mr. Tibbetts at length about this subject matter.

REQUEST NO. 69

If the "investigation" of Warren was not "handled" as the McNamee deposition states, by Tibbetts, but was "handled" in whole or in part by one or more other persons, all documents and things concerning the investigation of Warren by such other person or persons.

RESPONSE NO. 69

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Mr. Warren, like Ms. Svensson, was terminated.  By definition, therefore, Mr. Warren is not a legal comparator of Ms. Svensson.

- The conduct for which Putnam discharged Ms. Svensson must be <u>nearly identical</u> to that engaged in by an employee outside the protected class <u>whom Putnam retained</u>.  *Conward v. The Cambridge, School Committee,* 171 F.3d 12, 19 (1st Cir.1999).  Because mismanaging subordinates and the behavior of Mr. Warren were not "nearly identical" this request is not legally relevant.

- This request would require Putnam to restore and review email boxes of an indefinite number of former and present Putnam employees for information or communications about Mr. Warren's behavior.

REQUEST NO. 70

All documents and things concerning the compensation figures, studies and statistics referred to in the Allansmith deposition at pp. 88-90.

RESPONSE NO. 70

> The compensation figures, studies and statistics referenced in the Allansmith deposition were performed by Ms. Allansmith, and Putnam does not possess any documents concerning such information. Putnam further objects on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

- Putnam has already provided all objective data necessary to determine if Putnam treated females in a discriminatory manner.

- Ms. Svensson's "argument" does not respond to Putnam's objection, and states only that the documents are "relevant" and "Putnam should be required to produce them."

- This request fails to provide any basis to suggest that responsive documents exist that would be relevant to one of Ms. Svensson's claim.

- Putnam restates its initial objection.

REQUEST NO. 71

> All documents and things concerning the Women's leadership Forum referred to at p. 180 of the Haldeman deposition.

RESPONSE NO. 71

> Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects on the ground that the Women's Leadership Forum (referred to at p. 180 of the Haldeman deposition) was not formed until after the plaintiff's termination.

ARGUMENT

- The cases relied upon by Ms. Svensson to suggest that evidence of a corporate state of mind or a discriminatory atmosphere is relevant beyond the time period of the plaintiff's employment are inapposite. The cases Ms. Svensson relies upon concern situations where there was direct evidence of discrimination. As for the plaintiff's termination, no such evidence exists, nor

will pouring through every document mentioning the Women's Leadership Forum likely provide such evidence.

- This request would require Putnam to restore the email boxes of scores of former or current Putnam employees who may have been involved with the Women's Leadership Forum, and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist; thus the request is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 72

All documents and things concerning studies, analyses and reports and the results thereof by or on behalf of the above referred to Women's Leadership Forum.

RESPONSE NO. 72

Putnam objects to this Request on the grounds that the Request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects on the ground that the Women's Leadership Forum (referred to at p. 180 of the Haldeman deposition) was not formed until after the plaintiff's termination.

ARGUMENT

- The cases relied upon by Ms. Svensson to suggest that evidence of a corporate state of mind or a discriminatory atmosphere is relevant beyond the time period of the plaintiff's employment are inapposite. The cases Ms. Svensson relies upon concern situations where there was direct evidence of discrimination. As for the plaintiff's termination, no such evidence exists, nor will pouring through every document mentioning the Women's Leadership Forum likely provide such evidence.

- This request would require Putnam to restore the email boxes of scores of former or current Putnam employees who may have been involved with the Women's Leadership Forum, and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents

exist; thus the request is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 73

All documents and things concerning communication from Haldeman to any other person and to Haldeman from any other person in regard to any one or more of the subject matters of the two immediately preceding categories.

RESPONSE NO. 73

Putnam objects to this Request on the grounds that the Request is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Putnam further objects on the ground that the Women's Leadership Forum (referred to at p. 180 of the Haldeman deposition) was not formed until after the plaintiff's termination.

ARGUMENT

- The cases relied upon by Ms. Svensson to suggest that evidence of a corporate state of mind or a discriminatory atmosphere is relevant beyond the time period of the plaintiff's employment are inapposite. The cases Ms. Svensson relies upon concern situations where there was direct evidence of discrimination. As for the plaintiff's termination, no such evidence exists, nor will pouring through every document mentioning the Women's Leadership Forum likely provide such evidence.

- This request would require Putnam to restore the email boxes of scores of former or current Putnam employees who may have been involved with the Women's Leadership Forum, and review potentially hundreds of thousands or millions of emails without any basis for believing that relevant documents exist; thus the request is grossly overbroad and burdensome for the reasons stated in this Introduction.

REQUEST NO. 74

The personnel files of Allansmith, DeChristopher, O'Malley, Peers and Warren.

RESPONSE NO. 74

Putnam objects to this Request on the grounds that it is overbroad, burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds set forth in Putnam's Opposition on file with the Court.

ARGUMENT

- This is not a class action lawsuit, and access to an employee's most private information is improper. Putnam has already provided all objective data necessary to determine if Putnam treated women in a discriminatory manner. This request seeks to improperly try the gender discrimination cases of other former or current Putnam employees to prove Ms. Svensson's case.

- For the reasons stated in its Opposition to Ms. Svensson's Motion to Compel Answers to Interrogatories, Putnam does not agree that these individuals are Ms. Svensson's legal comparators.

- Ms. Svensson offers no explanation concerning the relevance of these particular files.

REQUEST NO. 75

All documents and things concerning communication within Putnam in regard to the issue of "deprivation of [Svensson's] management responsibilities,"[3] which communication took place in the period prior to the Brooks' presenting to Svensson on August 28, 2003, of a document with three options concerning the status of her employment.

RESPONSE NO. 75

Putnam has already produced non-privileged communications and documents responsive to this Request in response to the Plaintiff's first request for the production of documents. All privileged communications have been noted in Putnam's privilege log. Putnam further states that this court, in response to Plaintiff's November 5, 2005 Motion to Compel Defendant's Production of Documents has already limited Putnam's obligation to produce communications between and among its personnel; and Putnam has already produced such information in accordance with this court's prior ruling.

---

[3] As used in the Brooks deposition at p. 184.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

REQUEST NO. 76

All documents and things concerning communication within Putnam in regard to the issue of "deprivation of [Svensson's] management responsibilities" and/or termination of her employment, which communication took place in the period following the Brooks presentation to Svensson referred to in the immediately preceding category, and the termination of Svensson's employment on September 15, 2003.

RESPONSE NO. 76

Putnam has already produced non-privileged communications and documents responsive to this request in response to the Plaintiff's first request for the production of documents. All privileged communications have been noted in Putnam's privilege log. Putnam further states that this court, in response to Plaintiff's November 5, 2005 Motion to Compel Defendant's Production of Documents has already limited Putnam's obligation to produce communications between and among its personnel; and Putnam has already produced such information in accordance with this court's prior ruling.

ARGUMENT

- Putnam continues to respond that because these documents were either prepared for, or directed to, Putnam's counsel, they are within the protection of the attorney-client and work-product privileges.

### III.     CONCLUSION

For the foregoing reasons, Putnam respectfully requests that this Court deny the Plaintiff's motion to compel and grant such other relief as is just.

                              **PUTNAM INVESTMENTS, LLC**
                              By its attorneys,


                              /s/ Joseph L. Kociubes
                              Joseph L. Kociubes, BBO #276360
                              Louis A. Rodriques, BBO #424720
                              Allyson E. Kurker, BBO #665231
                              **BINGHAM MCCUTCHEN LLP**
                              150 Federal Street, Boston, MA  02110
                              (617) 951-8000


October 19, 2006

## <u>Certificate of Service</u>

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<u>/s/ Allyson E. Kurker</u>

October 19, 2006