**Exhibit B**

# Putnam's Stalling Tactics Implement a Strategy to Impede Svensson's Discovery

| Date | Elapsed Days | Event | Document Reference |
|---|---|---|---|
| 8/9/2005 | | Plaintiff serves the original interrogatories August 9, due within 30 days. | |
| 10/1/2005 | **53** | After a 30-day extension, Putnam refuses on Oct 1, to answer any interrogatories because Svensson served "too many." | |
| 10/20/2005 | **72** | Svensson reduces the number of interrogatories to 16, and Putnam agrees to answer this new list within one week. | |
| 11/17/2005 | **100** | Putnam files motion for protective order of confidentiality | |
| 11/18/2005 | **101** | Putnam answers only 9 of 16 interrogatories and refuses to answer the other seven. | |
| 1/20/2006 | **164** | Hearing on confidentiality motion results in Court's instruction to negotiate an agreement. | |
| 2/8/2006 | **183** | Agreement on confidentiality is reached, containing a side letter in which Putnam agrees to: | |

**Exhibit B**

| Date | Elapsed Days | Event | Document Reference |
|---|---|---|---|
| | | ▪ Unredact previously redacted documents that were redacted solely for confidentiality reasons. | "Per our discussion, within five (5) business days after the later of (a) entry of the protective order of the court, or (b) your provision of the list of comparators and claims described below, **we will produce those portions of previously redacted documents that were redacted solely for confidentiality reasons** - that is, solely for due to the fact that the protective order was not in place." |
| | | ▪ Provide unredacted portions of previously redacted documents that relate to persons Svensson believes to be her comparators as long as Svensson provides that list, together with a list of claims to which those comparators relate. | "In addition, **if you provide us with a list of persons who Svensson believes to be her comparators (together with some indication as to the specific claims to which those comparators relate), we will produce unredacted portions of the previous redacted documents that relate to those comparators (with respect to those claims)** to the extent that a.) such redacted information was previously the subject of a document request, and b.) we believe that a reasonable case can be made that the individual comparator in question is a comparator for purposes of the identified claims."  *Source: Side letter agreement, dated February 8, 2006* |
| 2/23/2006 | **198** | Confidentiality order entered.  Unredacted documents due from Putnam in 5 days, per side letter agreement.  Svensson directs Putnam to the first | *Source: e-mail from Moloney to Rodriques* |

2

**Exhibit B**

| Date | Elapsed Days | Event | Document Reference |
|---|---|---|---|
|  |  | supplemental answers to interrogatories for the list of comparators required by the side letter. |  |
| 2/28/2006 | **203** | Putnam requests clarification on which comparators relate to which claims. | "However, the list in the interrogatories does not indicate which people are comparators for which claims, as the side letter specifically contemplated.  Instead, Ms. Svensson has identified the list of similarly situated people referred to in various paragraphs of the Amended Complaint.  The problem is that those paragraphs often refer to multiple claims (see, e.g., answers to interrogatory 17), and the answers do not indicate which of the people listed are comparators for which claim.  As a result, it is impossible for us to decide whether we agree that a given individual is a comparator for a given claim for side letter purposes."<br><br>*Source: e-mail from Rodriques to Moloney* |
|  |  | Documents from Putnam arrive on schedule per side letter agreement but **despite Putnam's commitment, the documents provided are 89.7% redacted.** |  |

**Exhibit B**

| Date | Elapsed Days | Event | Document Reference |
|---|---|---|---|
| 3/2/2006 | **205** | Svensson provides list of employment actions by paragraph from the complaint, and maps each of the comparators to the appropriate employment action. | "All of this information was provided to you by my e-mail to you on February 23. There was no legitimate reason for Putnam, as appears to have been the case, to have been deliberately obtuse in its reading of the e-mail, the supplement to the answers to interrogatories and the respective paragraphs and counts of the amended complaint. **Putnam, having made the agreement set out in the side letter, which was intended to assist in moving this case along, now appears to be looking for excuses not to live up to its agreements and to delay our preparation of our case**."<br><br>Source: e-mail from Moloney to Rodriques, March 3, 2006 |
| 3/3/2006 | **206** | Putnam acknowledges that Svensson provided the list of comparators by claim as requested, but for the first time raises the additional requirement to sort the list based on claims and counts. The additional request was never included in the side letter agreement . Putnam declares its document production obligation complete despite having produced no additional documents as to comparators. | "Our position with respect to the recent production is clearly set forth in my letter of February 28. **You undertook to provide us with relevant comparators with respect to each of Ms. Svensson's discrimination claims (e.g., promotion, termination, demotion, etc.), not the counts in her complaint.** As you are aware, several of her counts involve multiple claims (the comparators for which are necessarily different), and for many of her counts the whole concept of comparators is inapposite. Your email reflects Ms. Svensson's continued misunderstanding of the comparators concept. If you have specific questions with respect to our production, I would be happy to try to answer them. **Otherwise, we have produced the documents that we agreed to produce."**<br><br>Source; e-mail from Rodriques to Moloney; march 3, 2006 |

**Exhibit B**

| Date | Elapsed Days | Event | Document Reference |
|---|---|---|---|
| 3/14/2006 | **217** | In further attempt to respond to Putnam's request, Svensson provides another list of comparators, this one a list of names grouped by employment action taken. | "Please reply with Putnam's response to the attached as per the requirements of the Side Letter and within the time limits set forth therein." <br><br> Source: e-mail from Moloney to Rodriques; March 14, 2006 |
| 3/23/2006 | **226** | Over two hundred days after the original interrogatories were served, and five months after the reduced number of interrogatories were served and lengthy negotiation of a confidentiality agreement and side letter, and hours of discussion over the list of comparators, Putnam claims that no one on the list is a comparator and refuses any additional production. This sequence of events raises questions as to the Putnam's true motivation in the negotiation: whether to find compromise or simply cause delay. | "The new list of comparators that you have provided will not, consistent with the criteria in our side letter, result in our 'un-redacting" any additional, previously-produced documents or portions thereof." <br><br> Source: e-mail from Rodriques to Moloney; March 23, 2006 |