## Exhibit C

**Answers to Interrogatories and Unredaction of Produced but Redacted Documents Concerning <u>any</u> Comparators Only After Court Acts on June 21 and July 11, 2006, but Answers and Unredacted Documents Not Received Until September 1, 2002, 52 Days Later.**

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 6/21/2006 |  | After over 200 days of fruitless discussion and negotiation, Svensson files motion to compel answers to interrogatories. At the hearing on June 21, the Court gives the parties 14 days to negotiate a list of comparators. | Court states, "Okay. Fourteen days. I don't like the direction that this is going in. I want you to work together and see if you can come up with a common list of comparators that you can agree on." <br><br> Source: Transcript, Hearing June 21,. 2006, p. I-20, ll, 17-20 |

**Exhibit C**

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 6/22/2006 | 1 | Svensson proposes using categories rather than names in developing comparator list to avoid "cherry-picking." | "Any identification by name of individuals for comparators by either side in this case is likely to produce claims by the other side of 'cherry picking.' <br><br>To avoid such arguments, it seems to me not only better and simpler but also **fair to both sides** to do the following on comparator issue insofar as it is a discovery matter and given the protective order concerning confidentiality: <br><br>1. **On the pay issue**, all persons in the IMD who..., were participants in the Putnam Associates and Partners Incentive Compensation Plan...; <br>2. **On the failure to promote issue**, all persons in the IMD who...were Senior Vice-Presidents plus any person hired in by Putnam from the outside during that period as Managing Director and/or Partner; <br>3. **On the demotion issue**, any portfolio manager on any team in the IMD..., and any such person who, in that period, was demoted or voluntarily or involuntarily transferred from one team or function to another; and, <br>4. **On the termination issue**, all persons in the IMD who...held the rank of Senior Vice President or above." <br><br>Source: e-mail from Moloney to Rodriques; June 22, 2006 |
|  |  | Putnam's response 20 minutes later fails to respond to the proposal. | "What is it -- generally at least -- that you want about each person given that the proposed universe of people is large?" <br><br>Source; e-mail from Kociubes to Moloney, June 22, 2006 |

2

**Exhibit C**

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 6/23/2006 | 2 | Putnam follows up the next day with more questions about the precise number of proposed comparators, once again failing to respond to the proposal put forward by Svensson to avoid cherry picking. | "...In the meantime, **we are confused** about something. In Lisa's 4th affidavit, and at the hearing, you referred to her 91 comparators - those that both of us briefed. In the amended interrogatory answers that Lisa filed on June 16, Lisa lists more than 91 distinct people as "similarly situated." The ints list close to 100 distinct individuals. Some of the 91 are not in the int answers and vice versa. Some of those on the int answers are not in Investments, and a number left Putnam before 1999. It would be helpful if, before we meet, we could get a definitive list of who the comparators are - that is, about whom are you seeking discovery."<br><br>Source: e-mail from Rodriques to Moloney; June 23, 2006 |
|  |  | Svensson's analysis shows a difference of 2 names: 89 on the interrogatories and 91 on the subsequent list. This information along with reconciliation is passed along in the June 28, 2006 conference call. |  |
| 6/28/2006 | 7 | Two plus hour conference call with Attorneys Moloney and Weir and Kociubes and Rodriques re: interrogatories and 30(b)(6). |  |

3

**Exhibit C**

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 6/30/2006 | 9 | Approximate 1-hour continuation of June 28 conference call with Attorneys Moloney and Weir and Kociubes and Rodriques re: interrogatories and first document request, second request for documents, and 30(b)(6).<br><br>**Positions:**<br><br>**Interrogatories and document requests**<br>- **Putnam:** Documents provided-to-date constitutes a sufficient response to both first and second requests if unredacted.<br>- **Svensson:** Entitled to unredacted documents from both the first and second requests and answers to interrogatories on all 91 comparators, including total compensation.<br><br>**Rule 30(b)(6) deposition**<br>- **Putnam:** Svensson is not entitled to both documents and 30(b)(6) witnesses on the same topics.<br>- **Svensson:** Svensson is entitled to both and should not have to barter one for the other. | Source e-mail from Moloney to Rodriques, July 7, 2006 |

4

**Exhibit C**

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 7/7/2006 | 16 | After lengthy negotiations, Svensson makes the following offer to Putnam:<br><br>**Svensson agrees to accept Putnam's representation that it does not keep records on "marital status" and "children."**<br><br>Because **Putnam does not agree that Svensson is entitled to any documents responsive to the second request**, Svensson offers to ask the court to continue the hearing so Svensson can make motions on the comparator issues for both document requests.<br><br>**Svensson offers to conduct the Rule 30(b)(6) on a vastly reduced scope** (3 topics instead of 34): the topics being documents the court orders, documents the Putnam unredacts that have previously been produced (both requests), and termination of Svensson.<br><br>**Putnam's response to Svensson's offer:**<br><br>Interrogatories/Document Production: **Agrees to answers interrogatories regarding the 91 comparators** (Svensson understands this to include total compensation). Document production not addressed.<br><br>Rule 30(b)(6) deposition: The scope of the Rule 30(b)(6) is still too broad, that **a reduction from 34 to 3 topics does not constitute "meaningful progress," and the Magistrate should decide the issue.** | Source e-mail from Moloney to Rodriques, July 7, 2006<br><br>"As we said when we spoke a week ago, we would be prepared to answer the interrogatories as propounded with respect to your alleged 91 comparators to the extent that Putnam can do so, subject to the caveats outlined in our conversation and your letter. We outlined our concerns about the 30(b)(6) deposition, and you and Jack agreed to try to narrow the topics in a way that make it possible to conduct a 30(b)(6) examination. We don't seem to be making meaningful progress on that issue, so it makes sense to just go ahead and present that issue to the Magistrate on Tuesday."<br><br>Source: e-mail from Rodriques to Moloney July 7, 2006 |

## Exhibit C

| Date | Elapsed Days | Event | Documentation (bold emphasis added) |
|---|---|---|---|
| 7/11/2006 | 20 | Parties announce **agreement on the 91 comparators for purposes of interrogatory answers** No agreement reached on either of the two document requests.<br><br>Court orders Svensson to "retailor" the Rule 30(b)(6) topics. | |
| 9/1/2006 | 72 | **52 days after the July 11 hearing Putnam serves answers to interrogatories and produces unredacted versions of previously produced but redacted documents.** | |