Exhibit F

**Putnam's Refusal To Accept or to Make any Counter-proposal to Svensson's August 4, 2006, Revised Scope of her Second Document Request Evidences Putnam's True Intent:  To Consume Time and Resist Discovery**

| Date | Elapsed Days | Event<br>(bold emphasis added) | Documentation<br>(bold emphasis added) |
|---|---|---|---|
| 7/18/2006 | | Conference call with Attorneys Weir and Moloney and, Kociubes and Rodriques -- discussions of document requests that remain outstanding after the July 11, 2006, hearing.  During the call, Putnam requests Bates numbers of redacted documents that Svensson wants unredacted as to the 91 comparators | |
| 7/24/2006 | 6 | Svensson provides the requested list of Bates numbers. | ". . . Denise Whitlock of my office will be sending to you, in furtherance of our discussions as to resolving the RPOD issues, a list of the Bates numbered pages that Putnam has produced redacted in whole or in part that we seek unredaction of as to one or more of the '91'  . . ."<br><br>" The following is a list of Bates numbered pages relative to the matter described in Atty. Moloney's email of 07/21/06...."<br><br>Source: e-mail from Moloney to Kociubes and Rodriques; July 21, 2006; e-mail from paralegal Denise Whitlock to Kociubes and Rodriques, July 24, 2006 |

1

Exhibit F

| Date | Elapsed Days | Event<br>(bold emphasis added) | Documentation<br>(bold emphasis added) |
|---|---|---|---|
| 7/27/2006 | 9 | Conference call continues with Attorneys Weir, Kociubes and Rodriques. After reviewing the Bates numbers, Putnam agrees to unredact previously redacted documents re: the 91 comparators, given the court's directions and the agreement at the July 11, 2006, hearing regarding interrogatory answers. Parties acknowledge the agreement covers documents already produced. | |
| 8/4/2006 | 17 | Based on discussions in conference calls, **Svensson sends a substantially revised proposal** that greatly **limits the scope of the second request for production. Except for** information as to **total compensation, not one of the categories as revised asks for documents as to more than 27 of the 91 comparators, with some of the categories covering as few as seven** comparators. The e-mail requests are now **limited to e-mails to or from only ten identified decision-makers.** For the categories as to which Putnam claims no documents exist, Svensson **offers to accept sworn statements** to that effect. The proposal is submitted to Putnam with request to respond by August 11, 2006. | "**Pursuant to your request during our July 27, 2006 conference call, I have reviewed Plaintiff's second document reques**t . . . For the purpose of providing you with a proposal to resolve our discovery dispute...without court intervention. **The following proposal represents the minimum Plaintiff believes necessary in order to prove her case** . . ."<br><br>Source: e-mail from Weir to Kociubes and Rodriques, August 4, 2006 |
| 8/11/2006 | 24 | **Putnam rejects** Svensson's August 4 proposal, refuses to make a counter-proposal, and **indicates that it will produce none of the documents requested by the Svensson in the Second RPOD absent a court orde**r. | "You indicated in your e-mail that your proposal is [Svensson's] bottom-line position. We take you at your word, so **it does not look like we will be able to resolve this short of your filing a motion.**"<br><br>Source: e-mail from Kociubes to Weir; August 11, 2006 |

2

Exhibit F

| Date | Elapsed Days | Event<br>(bold emphasis added) | Documentation<br>(bold emphasis added) |
|---|---|---|---|
| 8/31/2006 | 44 | Svensson responds to Putnam. | "I have further considered your email of August 11th responding to my 8/04/06 email proposal for resolution of the anticipated motion to compel with respect to the second request for production of Putnam documents. I note for the record as follows:<br><br>1) **After 2 months of telephone negotiations concerning the second request for production of documents, I agreed to your request during the July 27, 2006 discussion to reduce the scope of our request for production to only those documents necessary to prove Plaintiff's case at trial;**<br><br>2) **My August 4, 2006 email represented a significant compromise, e. g. by significantly reducing the 91 comparators in this case to far more manageable numbers for purposes of the second document request**;<br><br>3) While you invited us to further reduce the scope of our compromise proposal, **your August 11, 2006 response provided no counterproposal whatsoever**, **failed to deal with the discrete documents sought** by Plaintiff in response to certain of the requests, **and failed to offer to provide a single document beyond those which you are supposedly producing tomorrow;**<br><br>4) **You offered some numbers concerning the volume of emails** which would have to be searched (**which appear to us to be wildly inflated), but did not advise us as to the methods utilized in making these calculations, nor did it offer us an opportunity to have the search undertaken by our own representatives; and** |

3

Exhibit F

| Date | Elapsed Days | Event<br>(bold emphasis added) | Documentation<br>(bold emphasis added) |
|---|---|---|---|
| | | | 5) **Your response must be seen as part of an overall effort by Putnam since last Fall to thwart legitimate efforts at obtaining relevant discovery in this case, while speciously arguing that it is Plaintiff who is seeking to delay the orderly completion of the discovery process.**<br><br>Accordingly, I hereby decline your suggestion that I further dilute Plaintiff's second document request, and will proceed with the motion to compel as soon as I have determined whether your document production tomorrow fully unredacts all previously-produced documents with respect to all 91 comparators.<br><br>Source: e-mail from Weir to Kociubes, August 29, 2006 |
| 9/1/2006 | 45 | Putnam provides answers to interrogatories and unredacted versions of documents previously produced per the agreement reached at and in connection with the hearing on July 11, 2006, 52 days earlier. | |
| 9/29/2006 | 73 | In the process of researching items missing from the September 1 document production, Svensson discovers that Putnam made production of total compensation information for only some of the comparators for some of the years in question; produced incomplete ratings information for 2003, and incomplete manager ratings for partners. Svensson includes these on the list of Information/Documents Not Produced provided to Putnam on September 29, 2006. | Source; e-mail from Moloney to Kociubes, September 29, 2006 |

Exhibit F

| Date | Elapsed Days | Event<br>(bold emphasis added) | Documentation<br>(bold emphasis added) |
|---|---|---|---|
| 10/4/2006 | 78 | **Attorney Rodriques claims that he is "confused"** by Svensson's September 29 list of missing items/information. | Source: voicemail message from Rodriques to Moloney |
| 10/10/2006 | 84 | Plaintiff files motion to compel production of documents.<br><br>Putnam's failure to have provided even one counter proposal and the ensuing three month delay call into question once again the true motive behind its negotiation posture | |

5