UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA SVENSSON,                          )
                                        )
                            Plaintiff,  )
                                        )
          v.                            )
                                        )          CIVIL ACTION
PUTNAM INVESTMENTS, LLC,                )          NO.  12711-PBS
                                        )
                            Defendant.  )
                                        )
                                        )
                                        )
                                        )

**PUTNAM INVESTMENT' OPPOSITION TO THE PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER TO STRIKE PARAGRAPHS 5A-
5G OF THE BREEN AFFIDAVIT AND REQUEST FOR ORAL
ARGUMENT**

Defendant Putnam Investments LLC ("Putnam") hereby opposes the Plaintiff's motion for a protective order to strike paragraphs 5A - 5G of the affidavit of Jeremy Breen ("Breen").  As grounds for its opposition, Putnam states that Breen's affidavit does not proffer inadmissible hearsay because (1) Breen relied on his own knowledge and experience as a litigation technology specialist in formulating his opinions; and (2) pursuant to Fed. R. Evid. 703, expert witnesses, such as Breen, are permitted to consult with other experts in forming their opinions.

First, as noted in his deposition, Breen has worked in the litigation technology industry for approximately 5 years, and on a daily basis, serves as a liaison between attorneys and electronic-discovery vendors.  Breen Affidavit at ¶¶ 3-4.  Indeed, Breen states that the estimates he provided in subparagraphs 5 are "[b]ased on *my experience* working with vendors . . ."  *Id*. at ¶ 5 (emphasis added).

Second, Breen's conversation with electronic-discovery vendor David Deppe is not inadmissible hearsay within the meaning of Fed. R. Evid. 801(c) because it is data "reasonably relied upon by experts in the particular field in forming opinions or inference upon the subject," and such data may be "made known to the expert." Fed. R. Evid. 703. *See also,* Fed. R. Evid. 703 Advisory Committee Notes

> Facts or data upon which expert opinions are based may, under the rule, be derived from three possible sources. . . The third source contemplated by the rule consists of *presentation of data to the expert outside of court and other than by his own perception. . . .* Thus a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X rays (emphasis added).

Thus, Breen's conversation with Mr. Deppe is not inadmissible hearsay within the meaning of Fed. R. Evid. 801(c).

For the foregoing reasons, Putnam respectfully requests that this Court deny the Plaintiff's motion for a protective order to strike subparagraphs 5A - 5G of the Breen affidavit, and grant such other relief as is just.

Request for a hearing and oral arguments,
**PUTNAM INVESTMENTS, LLC**
By its attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO #665231
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: January 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 8, 2007

/s/ Joseph L. Kociubes, BBO #276360

LITDOCS/666423.1/0398860-0000312913