```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

* * * * * * * * * * *   *      Civil Action No. 04-12711-PBS
                        *
LISA SVENSSON           *
                        *      BBO No. 351000
        Plaintiff,      *
                        *      Memorandum of Plaintiff Lisa
v.                      *      Svensson in Support of her
                        *      Motion for Orders
                        *      Amending the Schedule
                        *      so as to Require Plaintiff's
PUTNAM INVESTMENTS,     *      Expert Reports to be Filed
LLC et al.,             *      Within 30 days From the
                        *      Receipt of the Transcript
        Defendants.     *      of the Rule 30(b)(6)
                        *      Deposition of Defendant
                        *      Putnam Investments, LLC, and
* * * * * * * * * * *   *      Defendants' Expert Reports to
                               be Filed Within 30 days
                               of the Filing of Plaintiff's
                               Expert Reports, and amending
the dates for the Filing of Motions for Summary.
```

Plaintiff Lisa Svensson ("Svensson") has moved the court to enter an order amending the present schedule for the events of this case in regard to: (to enter orders amending the present schedule for the events of this case as follows:

1. In regard to the filing of expert reports by deleting therefrom the dates of February 1, 2007, and March 1, 2007, for the filing of Svensson's expert reports and for those of defendants, respectively, and by substituting therefor, for Svensson, within 30 days from the receipt of the transcript of the completed Rule 30(b)(6)

      deposition of Putnam, and for defendants, within 30 days from the filing of Svensson's expert reports; and,

2. In regard to the filing of motions for summary judgment and oppositions thereto, by amending the dates therefor, presently April 1, 2007, and April 15, 2007, respectively, by requiring motions for summary judgment to be filed within 30 days of the filing of defendants' expert reports, and any oppositions thereto within 14 days thereafter.

    The grounds for this motion are as follows:

    The original schedule for the events of this case, as entered by the court (Saris, D.J.) on May 2, 2005, required fact discovery to close on February 1, 2006, and plaintiff's expert reports to be filed approximately 30 days later, on March 1, 2006, and defendants expert reports to be filed approximately 30 days later, on April 1, 2006. By orders entered January 20, 2006, and March 9, 2006, the court (Bowler, M. J.) amended the schedule by, among other things, extending the fact discovery period to June 1, 2006.

    On September 15, 2006, as the result of a series of hearings in this case in June, July and August 2006, and events in this case resulting therefrom, the court (Bowler, M. J.) further amended the schedule by extending the fact discovery period to December 31, 2006, and requiring Svensson's expert

reports to be filed approximately 30 days later, by February 1, 2007, and defendants' expert reports to be filed approximately 30 days later, by March 1, 2007.  The court also ordered that motions for summary judgment and oppositions thereto to be filed by April 1 and April 15, 2007, respectively.

After Putnam's motion to quash Svensson's Rule 30(b)(6) deposition of Putnam had been denied by the court on October 26, 2006, Svensson, on November 29, 2006, a date agreed to by the parties, commenced the Rule 30(b)(6) deposition of Putnam but Putnam terminated the deposition before it was completed and, on December 4, 2006, filed a motion to quash any further Rule 30(b)(6) deposition testimony.

On January 10, 2007, following a hearing on January 4, 2007, the court (Bowler, M. J.), denied the Putnam motion and ordered Putnam to resume the deposition.[1]

Yesterday, January 11, 2007, Svensson's counsel (Kevin F. Moloney) in a telephone conversation with Putnam's counsel (Joseph Kociubes) requested dates on which both the 30(b)(6) witness and counsel could be available for the resumption of the

---

[1] "...The deposition shall resume albeit limited to the designated topics and lasting no more than two hours and seven minutes. Although Putnam may lodge objections at the deposition, "the examination shall proceed, with the testimony being taken subject to the objection." Fed. R. Civ. P. 30(c). The forgoing "'provision means that, as a general rule, instructions not to answer questions at a deposition are improper.'" Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 40 (D.Mass.2001). A "party may instruct a deponent not to answer only when necessary to preserve [a] privilege" or to "enforce a limitation on evidence directed by the court." Id...."

3

deposition so that the resumption of the deposition could take place as soon as practicable.  Svensson's counsel is awaiting appropriate response information from Putnam's counsel. Thus, Svensson's 30(b)(6) deposition of Putnam, through no fault of Svensson, is not complete and the date for the resumption of the deposition is under discussion but not yet set.

It therefore is impossible to provide the approximate 30 day period between the end of fact discovery (which now will not take place until the completion of the 30(b)(6) deposition) and the presently required February 1, 2007, date for the filing of plaintiff's expert report, which was provided for by agreement of the parties and by orders by both District Judge Saris and Magistrate Judge Bowler.  If the relief requested is not granted Svensson will be unduly prejudiced.

Accordingly, Svensson requests the court to enter orders amending the present schedule for the events of this case as follows:

    1.   In regard to the filing of expert reports by deleting therefrom the dates of February 1, 2007, and March 1, 2007, for the filing of Svensson's expert reports and for those of defendants, respectively, and by substituting therefor, for Svensson, within 30 days from the receipt of the transcript of the completed Rule 30(b)(6) deposition of Putnam, and for

4

      defendants, within 30 days from the filing of Svensson's expert reports; and,

2. In regard to the filing of motions for summary judgment and oppositions thereto, by amending the dates therefor, presently April 1, 2007, and April 15, 2007, respectively, by requiring motions for summary judgment to be filed within 30 days of the filing of defendants' expert reports, and any oppositions thereto within 14 days thereafter.[2]

<u>REQUEST FOR HEARING AND ORAL ARGUMENT</u>.

Svensson requests a hearing and oral argument.

<u>CERTIFICATE AS TO COMPLIANCE WITH LOCAL RULE 37.1</u>.

On January 11, 2006, counsel for Svensson, Kevin F. Moloney, in a telephone conversation with Putnam's counsel, Joseph Kociubes, requested Putnam's assent to the allowance of this motion. On January 12, 2007, Svensson's counsel received an e-mail from Putnam's counsel that, "We will not agree to extend...."

                                            LISA SVENSSON, plaintiff

                                            By her attorneys

                                            BARRON & STADFELD, P.C.

---

[2] Svensson reserves her right to request additional time beyond 14 days for her to file an opposition to a motion for summary judgment upon receipt of such a motion as suggested by the court at the September 15, 2006, hearing. See Transcript, p. 12.

/s/ Kevin F. Moloney
Kevin F. Moloney     BBO No. 351000
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569

and

/s/ John K. Weir
John K. Weir, admitted PHV
JOHN K. WEIR LAW OFFICES, LLC
300 Park Avenue, Suite 1700
New York, New York 10022
Tel.: 212.572.6374

Dated: January 12, 2006

Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney

Dated: January 12, 2006.

6

[_____.1]