```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| LISA SVENSSON,<br><br>     Plaintiff,<br><br>     v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a<br>PUTNAM INVESTMENTS, INC. and<br>LAWRENCE J. LASSER,<br><br>     Defendants. | CIVIL ACTION NO. 04-12711-PBS |

### ORDER

April 10, 2007

Saris, U.S.D.J.

This is an employment discrimination action brought by plaintiff Lisa Svensson, an investment analyst, who alleges that defendant Putnam unfairly compensated, failed to promote, demoted, and terminated her because of her gender. Plaintiff objects to the orders of the magistrate judge entered on January 9, 2007 and January 17, 2007. The magistrate judge ruled on the motion to compel the production of documents for 15 of the 76 document requests, urging the parties to work out the rest. She also granted Putnam's motion to terminate discovery.

As background, discovery has been ongoing for three years, and the time period has been extended twice. It has been rancorous and contentious, necessitating lengthy hearings before the magistrate judge.

The parties do not agree about what matters are still in dispute, and the record is often confusing.  Plaintiff contends that there are 91 comparators, a number which defendants did not dispute for discovery purposes only.  Plaintiff has winnowed down the number of comparators for the different employment actions, and has filed multiple memoranda withdrawing or modifying many categories of document requests.

On February 15, 2007, I ruled I was not going to begin discovery again under the 2006 e-discovery amendments to the Federal Rules of Civil Procedure and would not require defendants to answer new interrogatories about the computer system.  Defendants believe that I also ruled that production of e-documents was not required at all.  I clarify that if an e-document is responsive to a document request, and retrievable with reasonable effort, it must be produced.  Putnam must make reasonable efforts to find electronic documents through appropriate word searches with respect to the 10 decisionmakers and the comparators specified by plaintiff for the years 1999 to 2003 for each allegedly unlawful action.

Putnam argues that the word searches requested by plaintiff are too broad and expensive.  Plaintiff disputes this contention and the parties' experts disagree on expense.  The electronic discovery shall be paid for by plaintiff, but shall be reimbursable by defendants if plaintiff prevails.  Plaintiff may

select the technical consultant to do the search if the amount charged is less than defendant's consultant.  Alternatively defendant may pay the difference between the expense if it wants to use its own technical expert.  I find that plaintiff should bear the expense as an initial matter because this is the second document request, the word search is broad, and defendants have already paid for one e-mail search.

With this background in mind, I rule as follows:

    Svensson Request No. 8: **ALLOWED**, including PDPRs.

    Svensson Request No. 15: **ALLOWED**.

    Svensson Request No. 16: **ALLOWED**

    Svensson Request No. 17: **ALLOWED**.

    Svensson Request No. 18: **ALLOWED**.

    Svensson Request No. 19:  **ALLOWED**.

    Svensson Request No. 28:  **DENIED** as defendants state the documents have been produced.

    Svensson Request No. 29: **DENIED**, but defendants shall produce its standard release.

    Svensson Request No. 30, 31: **DENIED** as none exists.

    Svensson Request No. 32: **ALLOWED**

    Svensson Request No. 33: **DENIED** unless the documents mention plaintiff.

    Svensson Request No. 34: **DENIED**.

Svensson Request No. 36-37: **ALLOWED**.

Svensson Request No. 38: **ALLOWED**.

Svensson Request No. 39: **ALLOWED**.

Svensson Request No. 40: **ALLOWED**.

Svensson Request No. 43: **DENIED**.

Svensson Request No. 45-49: **ALLOWED** to the extent the documents reference plaintiff or the stocks she picked.

Svensson Request No. 50-54, 61, 75, 76: Defense counsel shall submit an affidavit supporting the claim of attorney-client privilege or protection under the work-product doctrine.

Svensson Request No. 56-60: **ALLOWED**.

Svensson Request No. 62: **DENIED**.

Svensson Request No. 63: **ALLOWED**.

Svensson Request No.65-69: **DENIED**.

Svensson Request No.70: **DENIED** as none exists.

Svensson Request No. 71-73: **ALLOWED**.

Svensson Request No. 74: **DENIED** except as related to performance evaluations and employment actions.  Private personal data need not be produced.

All supplementation shall be made in 60 days.  Within 30 days after production, plaintiff may take 7 hours of a deposition under Fed.R.Civ.P. 30(b)(6) regarding the new documents.  The

parties shall prepare an alternative briefing schedule consistent with this timetable.

          /s/ Patti B. Saris
PATTI B. SARIS
United States District Judge