UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>     Plaintiff,<br><br> v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a<br>PUTNAM INVESTMENTS, INC. and<br>LAWRENCE J. LASSER,<br><br>     Defendants. | CIVIL ACTION<br>NO. 04-12711 PBS |

**DEFENDANT PUTNAM INVESTMENTS' MOTION FOR
AN EXTENSION OF TIME TO COMPLY WITH THE
COURT'S APRIL 10, 2007 ORDER**

  Defendant Putnam Investments ("Putnam"), by its attorneys, hereby moves for an extension of time until July 31, 2007, to comply with the Court's discovery Order of April 10, 2007 (the "Order"). Since the issuance of the Order, Putnam has proceeded to locate, restore and download electronic materials that are the subject of the Court's Order. That process had taken longer than the 60 days contemplated by the Court's Order, however, Putnam needs additional time to complete the process. Putnam states the following in support of its motion:

  1. The Court's Order ordered that the additional discovery, including certain e-discovery, be completed within 60 days. Compliance with the Order requires searches for emails to or from 10 present or former Putnam employees for the period from 1999-2003. The Court also ordered that Ms. Svensson pay for the e-

discovery, and that she give Putnam the search terms that she wished to have Putnam use in conducting the searches, after giving careful thought to what search terms made the most sense in light of the potential for overbroad search results.

2. After the Order issued, Putnam began the process of locating and restoring the emails to be searched. As it turns out, the subject emails were located on over 205 backup tapes, which needed to be identified and retrieved from storage. Emails to or from the 10 decision makers on those 205 tapes then had to be restored to Putnam's email Extender system, which is the program to which all Putnam emails prior to June 2004 are restored as part of email recovery efforts. Because Putnam used a different email system (cc:Mail) in 1999, for that year a second conversion step was necessary, at additional time and expense. Given the number of tapes involved and the cumbersome nature of the email restoration process, the process took several weeks. Putnam hired a vendor to perform this conversion at a total cost of $4,125.00 (Putnam has informed Ms. Svensson's counsel of this expense, and the basis for it, but Ms. Svensson has yet to reimburse Putnam for the expense, despite a request that she do so.)

3. The process of restoring the pool of potential emails to Putnam's email Extender system was completed on or about May 22, 2007, at which time the email searches could have commenced. Putnam's counsel informed Ms. Svensson's counsel of that fact and suggested that Ms. Svensson provide her suggested search terms. Ms. Svensson's counsel declined to do so, indicating that Ms. Svensson was unwilling to proceed with the search until she knew the size of the email pool to be searched. Putnam explained that the size of the email pool for just the 10 decision makers' emails could not be determined. That is because the restored emails had

been restored to Putnam's email Extender database, and were now part of a huge database that, once given search terms, could be searched in its entirety using the Extender system's search tool for emails on specific topics involving the 10 decision makers. However, given the nature of the Extender database, it was impossible for Putnam to determine the size of just that portion of the Extender database that the emails to or from the 10 target decision makers represented. See email attached as Exhibit A.

4.  Given Ms. Svensson's reluctance to proceed without knowing the size of the pool of emails for the 10 decision makers, Putnam offered an alternative. Despite the fact that the Extender software could be used to perform the searches starting immediately, Putnam offered to undergo another conversion process in which Putnam would "download" the emails from Extender to a set of local computers. Once that download was completed, the emails could be transferred to an external hard drive and delivered to a vendor which could conduct the searches at a price to be agreed upon. Although it would take more time, and cost more money, to conduct this second download, this process would allow Ms. Svensson to determine the size of the email pool to be searched. As a further accommodation to Ms. Svensson, Putnam offered to perform this download internally at no cost to Ms. Svensson. See email attached as Exhibit B. Ms. Svensson's counsel agreed with this approach and indicated that Putnam should go ahead with the download.

5.  Unfortunately, this additional download proceeded more slowly than Putnam anticipated. Despite the fact that Putnam used up to 5-6 computers at any one time to perform the download, the download process consumed several weeks. This is largely attributable to system constraints. For example, searches could only

be performed on 6 months worth of emails at a time without taxing the system. In addition, a number of the 10 decision makers are former employees whose emails could not be located and downloaded without performing as many as 10 different searches for their emails, since the Extender system's "to" and "from" search tool cannot be used to locate the emails of former employees. Putnam's counsel kept Ms. Svensson's counsel informed of the status of Putnam's recovery efforts throughout the process.

6. Putnam completed the download process on June 14, after the June 11 deadline set by the Court. Putnam still does not have any proposed search terms from Ms. Svensson's counsel. Once Putnam receives Ms. Svensson's proposed search terms, it can deliver those terms along with the email database to an outside vendor, which can process the emails and estimate the cost of the search. The search can then be conducted, and the resulting emails reviewed for responsiveness and privilege, and production can occur. Putnam expects this process to consume at least another 30 days and requests that the deadline for completing the e-discovery be extended until July 31, 2007. There are no other pending Court deadlines that would be impacted by this extension.

7. By voice mail on June 11, 2007, and by email on June 13, 2007, Putnam's counsel asked to discuss with Ms. Svensson's counsel an extension of the deadline for compliance with the Order, but has received no reply to either request.

- 5 -

WHEREFORE, Putnam respectfully requests that the Court extend the deadline for compliance with its April 10, 2007 Order until July 31, 2007, and grant such other relief as is just.

By her attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
Louis A. Rodriques, BBO #424720
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
617.951.8000

Dated: June 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 14, 2007.

/s/ Joseph L. Kociubes, BBO #276360

# EXHIBIT A

Case 1:04-cv-12711-PBS    Document 179-2    Filed 06/14/2007    Page 1 of 6

LITDOCS/553164.1

## Rodriques, Louis A.

**From:** Rodriques, Louis A.
**Sent:** Tuesday, May 22, 2007 10:44 AM
**To:** 'kevin f. moloney'; Kociubes, Joseph L.; KFM Home
**Cc:** john k. weir; Kurker, Allyson E.
**Subject:** RE: Svensson v Putnam

```
Kevin:

In his last email to you Joe explained the general basis for the restoration cost
of $4,125.  The details are as follows.  The email that needed to be restored from
the backup tapes was located on three separate backup systems: Netbackup, Arcserve,
and cc:Mail.  For all three backup systems, the media was recalled from storage
and the data on the media was located and cataloged.  From that point, the email
was archived and indexed into Putnam's Email Extender database.  The Netbackup
system media, which consisted of email files from 2002 to the present, was
processed to the email archive server and indexed into the Email Extender
database.  The Arcserve system media, which consisted of email files for the years
2000 and 2001, was restored from approximately 40 Arcserve tapes, processed to the
email archive server and indexed into the Email Extender database.  The cc:Mail
system, which consisted of email files for the year 1999, had two sets of media.
 The first set of media is called  cc:Mail hub Post Office.  Once located, the
email files were merged into an Arcserve database in an isolated environment and
indexed into the Email Extender database.  Each merger took approximately 6-8 hours
to complete.  The second set of media is called  cc:Mail databases.  Once located,
the media was migrated to an isolated Lotus Notes server.  The media was then
exported to tape and processed to the email archive server.  The restored email
files were then indexed into the Email Extender database.  The work was performed
by Gardner Resources, a vendor that Putnam uses to perform work of this type from
time to time.

Before turning to the remaining questions in your email, let me explain the nature
and status of the database.  What Putnam has done so far is to ensure that all of
the emails for the individuals in question have been restored from the back-up tapes
to Putnam's Lotus Notes Email Extender database.  This required a restoration from
some 205 different back-up tapes.  It is important to note, however, that these 205
tapes contained only a fraction of the email universe in question.  That is because
a number of these individuals had had substantial portions of their emails restored
previously in connection with other matters.  Had Putnam needed to restore all
emails for all 10 individuals for the entire period in question, Putnam would have
been required the review a substantial number of additional tapes.  Obviously, the
$4,125 charge includes only the cost of restoring those tapes for the time
period for which those individuals had not already had their email restored.

Now that the emails have been restored, they can be searched.  There are two ways
to do that. First, they can be searched internally (at Putnam that is) using the
Email Extender software.  There is no way to tell the volume of the email universe
to be searched, however, because all of the emails that have been restored for this
and any other matter now exist on the same server in one large mass of emails.
That is simply how Email Extender works.  Short of running a search that is
intended to retrieve all emails to and from each individual for the entire time
period in question, there is no way to know the size of the 10 email accounts for
the years in question.  The way we would proceed with an internal search would be
that a Bingham paralegal would take the search terms that you provide and would run
the searches on the Email Extender system.  The results would be reviewed for
```

responsiveness, privilege and the like, and would be produced. The cost would be the cost of the paralegal's time in running these searches, and lawyers' time reviewing the emails, etc. There is no way to know the cost of that search since we still have no idea what you propose as search terms.

There is a second option. We could run a search that is intended to retrieve all emails to and from each individual for the entire time period in question, regardless of content, and download all of those emails from the Email Extender system to a hard drive. We could then deliver that drive to a vendor hired by Putnam. The vendor could then run the searches and deliver the results to Bingham for review and production. This option will allow us to learn the actual size of the 10 email universes in question, but only at the additional cost of doing the download, which needn't be done to run the searches on the Email Extender system. The cost associated with this approach would be (a) the cost of the download (a Bingham paralegal would do the download), (b) the vendor's cost in running the searches, and (c) Bingham's charges in connection with the review and production. There is no way to know what we are talking about in terms of cost without knowing the size of the download and the search terms.

In short, the first option eliminates the cost of the download (which is not necessary to doing the searches on Email Extender), substitutes the cost of a Bingham paralegal for the cost of a vendor, but offers no information about the actual size of the 10 email universes being searched. The second option will allow us to determine the overall size of the 10 email universes to be searched, but only at the additional cost of doing the download. If it is important to you to know the size of the database to be searched in order to decide what searches you want to run, I would suggest that we perform the download, determine the size of the resulting universe of emails, and then deliver the hard drive to a vendor for an estimate of the cost of a search. It should not take more than a couple of days of a paralegal's time to run the download (which may have to take place over several days given the demands on the system). Let me know how you would like to proceed

Lou


Louis Rodriques
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
Direct Dial:  617-951-8340
Direct Fax:  617-345-5050


*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal.  Thank you.*

*You should recognize that responses provided by means of this email are akin to ordinary telephone or face-to-face conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.*

# EXHIBIT B

## Rodriques, Louis A.

**From:** Rodriques, Louis A.
**Sent:** Friday, May 25, 2007 2:26 PM
**To:** 'kevin f. moloney'; Kociubes, Joseph L.; kfm @ h
**Cc:** john k. weir; Kurker, Allyson E.
**Subject:** RE: ... In order to fulfill the requirements that Judge Saris....

Kevin:

In the interest of moving this along cost-effectively, Putnam is prepared to do the download internally. Given the size of the universe to be searched and downloaded, and competing demands on the system and the personnel involved, Putnam expects that the download will be accomplished over a several day period. Putnam is closed Monday, but nonetheless hopes to be able to accomplish this next week. I will keep you informed of the progress as I learn of it.

Lou


Louis Rodriques
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
Direct Dial:  617-951-8340
Direct Fax:  617-345-5050


*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.*

*You should recognize that responses provided by means of this email are akin to ordinary telephone or face-to-face conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.*


**From:** kevin f. moloney [mailto:kfm@barronstad.com]
**Sent:** Thursday, May 24, 2007 2:46 PM
**To:** Kociubes, Joseph L.; kfm @ h; Rodriques, Louis A.
**Cc:** john k. weir
**Subject:** ... In order to fulfill the requirements that Judge Saris....

Joe and Lou:

    I write in response to Lou's 05 22 07 e-mail. In order to fulfill the requirements that Judge Saris set down concerning cost shifting if there is to be a search of the e-mails of the

ten decision-makers, and to estimate in any reliable way the cost of such an actual search, we need to be advised, as I have mentioned in prior communications, of the total amount of GBs of data that will have to be searched.

In order to determine the number of GBs, which is necessary for obtaining reliable and competitive vendor costs for the actual search (we are reviewing our original search terms for revision and refinement purposes), the e-mails of the ten decision-makers, on a to, from, cc and bcc basis, should be retrieved from all of the other e-mail data, and downloaded to a hard drive. However, before requesting you to do this, we need to know how many hours and at what hourly rate you estimate the cost of a paralegal's time would be to retrieve and download to a hard drive the e-mails of the ten decision-makers. We see this process as basically a machine endeavor not requiring much in the way of people time.

Once that downloading has been accomplished, both sides will be able to know the amount of GBs involved.

Moving to the other aspect of your e-mail, that Putnam intends to try to saddle plaintiff with Putnam's costs for your firm's review and analysis of the e-mails that the actual search process brings to light for attorney-client privilege and other reasons, we reject that suggestion as it is not based upon relevant case law (see the memorandum attached); and the April 10 order of the court states nothing to the contrary.

Please provide the information requested in the second paragraph, above.

Thank you.

/s/ *Kevin F. Moloney*



100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.723.9800/531.6569
Fax: 617.523.8359
e-mail: kfm@barronstad.com

6/14/2007