UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>           Plaintiff,<br><br>     v.<br><br>PUTNAM INVESTMENTS LLC and<br>LAWRENCE J. LASSER,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 04-12711-PBS<br>)<br>)<br>)<br>)<br>) |

**PUTNAM'S RESPONSE
TO PLAINTIFF'S MOTION FOR CLARIFICATION**

Putnam Investments LLC, ("Putnam") responds to plaintiff Lisa Svensson's motion for clarification (Docket No. 191) as follows:

**1. Plaintiff attempts to reargue her motion and broaden the already ruled-upon search terms.**

Plaintiff's motion for clarification (filed without conferring with Putnam's counsel) is not a motion to clarify, but rather an attempt to reargue her position and expand the scope of the electronic search.[1]  The Order states: "the parties shall use

---

[1] The other parts of Plaintiff's motion for clarification seek clarification of obvious scrivener's errors, which could have been resolved had Plaintiff conferred with Putnam as required by the Local Rule.  Putnam assumed this Court meant "(a)" when it mentioned "(d)" because it was discussing the connector to be used in the search.  Putnam also assumed the Court's reference to "last name (say, Michael)" referred to first names.

- 2 -

'Near10' **or** a search term for "same paragraph." (emphasis added). As Plaintiff concedes, the Concordance database cannot be searched by "same paragraph" or even by "same sentence" – it must be searched with a numerical connector. The Court's Order is clear that this connector should be the "Near10" connector. Plaintiff argues that the effect of the Court's Order was "not to restrict the results to only within 10 words but also to include the rest of the paragraph." But that is not what the Order says - it gives Putnam the *option* of using NEAR10 or a same paragraph command. In the guise of attempting to "clarify" the Court's perfectly clear Order, Ms. Svensson now simply attempts to argue that for a broader NEAR30 connector.

### 2. A search using a NEAR10 connector is more than adequate, and results in over 17,000 records to be reviewed.

Plaintiff gives no reason why a NEAR10 connector is inadequate, nor can she. In the current 16GB database, such a search (before certain first names are paired with last names)[2] yields 17,848 records to be reviewed. These results include all documents where one of Plaintiff's words appears within 10 words before or 10 words after one of Plaintiff's names, and vice versa -- that is, in 20-word text samples. Such a search is highly likely to produce the most responsive documents, and results in a more reasonable review and search burden. As it is, reviewing more than 17,000 records to locate and produce "non-privileged responsive

---

[2] See Part 3, below.

documents" (as ordered by the Court), will require, at a minimum, 150 attorney hours.[3]

### 3. No clarification is necessary concerning the first name/last name issue since the Court's Order clearly states that common first names can be searched with last names.

In its Order, the Court stated "if there are many people with the same last [sic] names (say, Michael), the search can be limited by requiring the last name as well." Putnam assumes that the Court intended that if there are many people with the same <u>first</u> names, Putnam can pair those first names with last names. There are nine first names that each appear in more than 10,000 of the 125,551 records in the 16GB database. To comply with the Order, Putnam will thus pair the following nine first names with the last names listed in the chart below to reduce the search burden and increase the accuracy of the search:

| Plaintiff's Original Search Term | Resulting number of documents in 16GB database (125,551 records) | Pairings |
|---|---|---|
| Josh* | 10,768 | (Josh* ADJ Brooks*) or (Josh* ADJ Byrne*) |
| Beth* | 11,099 | (Beth* ADJ Cotner*) |
| Steve* | 43,104 | (Steve* ADJ Dexter*) or (Steve* ADJ Gorman*) or (Steve* ADJ Oler*) or (Steve* ADJ Oristaglio*) |

---

[3] This number will certainly increase, as it does not include any additional records from the 6GB "de-duped" database not yet searched, which Putnam must obtain from the vendor.

|       |        |                                                                                     |
|-------|--------|-------------------------------------------------------------------------------------|
| Tom*  | 13,380 | Tom* ADJ Haslett*                                                                   |
| Joe*  | 15,365 | Joe* ADJ Joseph*                                                                    |
| Jeff* | 19,975 | (Jeff* ADJ Knight*) or (Jeff* ADJ Lindsey*)                                         |
| Sandy*| 12,250 | Sandy * ADJ Mehta*                                                                  |
| Dan*  | 25,489 | (Dan* ADJ Clark*) or (Dan* ADJ Miller*)                                             |
| Mike  | 12,773 | (Mike* ADJ Mufson*) or (Mike* ADJ Nance*) or (Mike* ADJ Stack*) or (Mike* ADJ Yogg*)|
| Chris | 13,539 | (Chris* ADJ Miller*) or (Chris* ADJ O'Malley*)                                      |

### 4. Plaintiff's continued effort to expand the search is delaying and increasing the cost of the search and review process.

Having received the Court's Order, Putnam promptly engaged its vendor to run the search in the manner ordered by the Court. The vendor began doing so, but that effort has now been stopped once again in light of Plaintiff's motion to clarify. Each time Plaintiff changes her search terms or attempts to expand her search (she has done so twice already), Putnam is forced to put its search and review efforts on hold, resulting in delay and additional expense

### Conclusion

**WHEREFORE,** Putnam hereby requests that Plaintiff's motion for clarification be denied.

- 4 -

- 5 -

                    **Putnam Investments LLC,**

                    By its attorneys,

                    /s/ Joseph L. Kociubes, BBO #276360
                    Joseph L. Kociubes, BBO #276360
                    Louis A. Rodriques, BBO #424720
                    Allyson E. Kurker, BBO #665231
                    Jennifer L. Holden, BBO #663467
                    **BINGHAM MCCUTCHEN LLP**
                    150 Federal Street
                    Boston, MA  02110-1726
                    617.951.8000

Dated: September 7, 2007

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 7, 2007.

    /s/ Joseph L. Kociubes, BBO #276360