UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | Civil Action No. 04-12711-PBS |
| LISA SVENSSON | * | BBO No. 351000 |
| Plaintiff, | * | Memorandum |
| v. | * | of |
| | * | Plaintiff Lisa Svensson |
| PUTNAM INVESTMENTS, LLC | * | in Support of her Motion |
| et al., | * | for Sanctions, Pursuant |
| | * | to 28 U.S.C. § 1927 |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * | | |

1. <u>Introduction</u>.

Plaintiff Lisa Svensson ("Svensson") submits this memorandum in support of her Motion for Sanctions, Pursuant to 28 U.S.C. § 1927.

2. <u>Facts and Procedural Background</u>.

Svensson incorporates by reference herein her Memorandum in Support of her Motion for Sanctions, Pursuant to Fed. R. Civ. P. 37(c), filed herewith.

3. <u>Argument</u>.

3.1. <u>Because defendant Putnam, through the strategy and tactics of its counsel, has violated its duties under the rules to supplement and correct its initial disclosures, its responses to interrogatories and its responses to requests for documents, and has filed to comply with the rules regarding disclosure and production of information and data considered by its expert, thus multiplying the proceedings in this case unreasonably and vexatiously, the Court should enter sanctions pursuant to 28 U.S.C. § 1927.</u>

Section 1927 of Title 28 of the U.S. Code provides that,

> Any attorney or other person admitted to conduct cases in any court of the United States ... <u>who so multiplies the proceedings</u> ... <u>unreasonably and vexatiously</u> may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct

(Emphasis added.)  An objective standard applies.  <u>Cruz</u> v . <u>Savage</u>, 896 F.2d 626. 631-32 (1st Cir. 1990).

In Cruz, the United States Court of Appeals for the First Circuit held that, while more than negligence is required, subjective bad faith is not a prerequisite to sanctions under § 1927. The court stated:

> Our prior decisions reveal ... that <u>while an attorney's bad faith will always justify sanctions under section 1927, we do not require a finding of subjective bad faith</u> as a predicate to the imposition of sanctions. …. Behavior is "vexatious" when it is harassing or annoying, regardless of whether it is intended to be so. Thus, <u>if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed</u> under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. <u>It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice.</u>"… Yet, we agree with other courts considering this question that section 1927's requirement that the multiplication of the proceedings be "vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence…. Finally, in assessing whether an attorney acted unreasonably and vexatiously in multiplying proceedings, <u>the district courts</u> in this circuit <u>should apply an objective standard</u>.

(Emphasis added.)

Section 1927 sanctions may be imposed for discovery violations. In <u>In re Lincoln North Associates Limited Partnership</u>, 163 B.R. 403 (Brktcy. D. Mass. 1993), the court, noting FDIC's "persistent recalcitrance with respect to document production," imposed § 1927 sanctions because of "the disregard by the FDIC and its counsel of both the orders of this Court and agreements made with the Debtor's counsel concerning discovery." <u>Id</u>. at 410. In <u>Fusco</u> v. <u>Medeiros</u>, 965 F.Supp. 230 (D.R.I. 1996), the court imposed § 1927 sanctions because the attorney had protracted the litigation by, among other things, "failing to produce discovery in a timely and/or responsive manner." <u>Id</u>. at 255. <u>See</u> also <u>Perkins</u> v. <u>General Motors Corp</u>., 965 F.2d 597, 601 (8th Cir. 1992) (sanctions under § 1927 justified in Title VII sexual harassment suit where, among other things, plaintiff had failed to disclose the identity of a witness during discovery); 2 <u>Discovery Proceedings in Federal Court</u> § 22:3 (3d ed. 2007) ("28 U.S.C.A. § 1927

2

is a basis for sanctioning attorney misconduct in discovery proceedings"). In Fulford v. Consolidated Rail Corp., 815 F.2d 703, 1987 WL 36698 (6th Cir. 3/10/87) (unpublished), the United States Court of Appeals for the Sixth Circuit stated:

> In the case at bar, the [district] court found that the documents produced by Conrail after plaintiff had rested his case were ones which had been requested by plaintiff during discovery and that their intentional withholding was, as testified to by Conrail's attorney, "a tactical decision." Clearly, the statute does not require a party to establish actual prejudice or surprise by the tardy revelation of pertinent evidence. It is sufficient if the withheld evidence caused an increase in time and expense incurred by the opposing party in developing a claim about which he was not fully informed. And, as we explained in Jones, subjective bad faith is not the criteria by which such an award must be judged. Rather, such award is justified if the court finds that valuable legal resources were consumed unnecessarily as a result of willful concealment or delay in producing documents essential for case preparation. The court so found in this case, and we ascertain no abuse of discretion in such a finding. Therefore, the decision of the district court is AFFIRMED.

Id. at *8. (Emphasis added, footnote reference omitted.)

As shown by the entries on the docket in this case and in detail in Svensson's Memorandum in Support of her Motion for Sanctions, Pursuant to Fed. R. Civ. P. 37(c), filed herewith, the proceedings in the present case have been multiplied unreasonably and vexatiously by the strategy and tactics that the attorneys for defendant Putnam Investments, LLC ("Putnam"), both outside counsel and inside counsel, have employed in this matter. This is particularly the case as to the issue of comparators and the information and data that Putnam refused to provide to Svensson and her expert but which Putnam provided to its expert and which Putnam is using in support of its motion for summary judgment, all in violation of the discovery rules.

The strategy and tactics of Putnam's counsel have caused great delay in this matter. They also have caused Svensson and her attorneys to spend an enormous number of hours litigating over Putnam's spurious contentions that Svensson has no or virtually no comparators and that the information she sought as to the other officers, both male and female, in the Putnam Investment Management Division was not

3

relevant, only to have Putnam after discovery was closed by order on motion by Putnam, make available to its expert the very data that she had sought, have its expert base his report on it and then have him attack Svensson's expert who did not have the same data, for not having enough data. The strategy and tactics so employed by counsel for Putnam should not be countenanced.

3.2.  <u>Conclusion and relief requested</u>.

As the proceedings in this case have been multiplied in a manner vexatious and unreasonable within the meaning of § 1927, and in light of the deliberate efforts to thwart Svensson's reasonable discovery requests and the failures and refusals on the part of Putnam and counsel to have complied with Putnam's discovery obligations under Fed. R. Civ. P. 26, 30, 33 and 34, Svensson requests the Court to impose sanctions as specifically authorized by § 1927 as follows:

1. The entry of an order imposing monetary sanctions in the full amount of Svensson's costs, including reasonable attorneys' fees, occasioned by Putnam's repeated failures and refusals to have provided relevant and necessary discovery to Svensson, including, without limitation, the costs and fees incurred by Svensson in excessive and burdensome motion practice, futile negotiations, depositions based upon limited information, and renewal of such depositions based upon Putnam's unilateral decisions to terminate depositions or to instruct witnesses not to answer relevant questions, and the cost incurred by Svensson for her expert's January 2007 Report, all of which were directly associated with, and caused by, the failures and refusals to comply with Putnam's obligations under the discovery rules between November 2005 and the date of the filing of Svensson's motion for § 1927 sanctions; and,

3. The entry of an order granting such other and further relief as may be appropriate in the circumstances.

LISA SVENSSON, plaintiff,

By her attorneys,

BARRON & STADFELD, P.C.

        /s/ Kevin F. Moloney\
Kevin F. Moloney   BBO No. 351000\
100 Cambridge Street, Suite 1310\
Boston, Massachusetts 02114

Tel: 617.723.9800/531.6569

and

/s/ John K. Weir\
John K. Weir, admitted PHV\
JOHN K. WEIR LAW OFFICES, LLC\
300 Park Avenue, Suite 1700\
New York, New York 10022\
Tel.: 212.572.6374

Dated: January 18, 2008

<u>Certificate of Service</u>.

    This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Kevin F. Moloney

Dated: January 18, 2008

[420957.1]