UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | Civil Action No. 04-12711-PBS | |
| LISA SVENSSON | BBO No. 351000 | |
| Plaintiff, | Motion | |
| v. | of | |
| | Plaintiff Lisa Svensson | |
| PUTNAM INVESTMENTS, LLC et al., | to Compel Concerning Expert Deposition | |
| Defendants. | and for Sanctions, Pursuant to Fed. R. Civ. P. 37(c) | |
| * * * * * * * * * * * * * * * * * | and Request for Hearing and Oral Argument and Certificate as to Compliance With L.R. 7.1(a) | |

Plaintiff Lisa Svensson ("Svensson"), for the reasons set out in detail in her memorandum in support of this motion, filed herewith, concerning the failures and refusals of defendant Putnam Investments, LLC ("Putnam") to have complied with its disclosure, discovery, supplementation and correction obligations under Fed. R. Civ. P. 26, 30, 33 and 34, including disclosure and production with respect to its expert, and its deliberate efforts to thwart Svensson's reasonable discovery requests, moves to compel concerning expert deposition and requests the Court to impose sanctions as specifically authorized under Rules 37(c)(1) and 37(b)(2)(A)(i)-(iv), as follows:

1. The entry of an order striking defendant Putnam's Answer to the complaint, denying Putnam's motion for summary judgment, and setting this case for trial in May 2008 on the issue of the quantum of Svensson's damages; or,

2. If that relief be denied, the entry of an order denying Putnam's motion for summary judgment, and the entry of a finding that the evidence with respect to all the officer-level investment professionals in the Investment Management Division at Putnam for the years 1999-2004, had it been produced by Putnam in discovery, would have shown that Putnam discriminated on the basis of gender with respect to promotions, demotions, compensation and terminations in that division for each of the years in question, and informing the jury of the Court's order and instructing them that they are entitled to conclude, based upon Putnam's conduct

        in withholding such evidence from Svensson, that Putnam discriminatorily treated Ms. Svensson in regard to each of the above referred to employment actions; or,

3. If that relief be denied, the entry of an order staying all proceedings in this case, requiring Putnam to produce fully unredacted documents and tangible things that are: (a) responsive to any of Svensson's discovery requests by interrogatory or request for production; and, (b), that were provided to, or discussed with, Putnam's expert; and directing Putnam thereafter to produce a Rule 30(b)(6) witness for deposition testimony not subject to the day and hour limit of Rule 30(d)(2), concerning any matter raised by the documents (or information contained therein) that are to be produced in unredacted form or by the Bloom expert report, and directing that Svensson's expert, White, be permitted to prepare a supplemental Report within a reasonable time after the Rule 30(b)(6) deposition transcript has been prepared, and directing that the Bloom report, dated April 13, 2007, be stricken, and imposing all costs, including reasonable attorneys' fees, occasioned by this additional discovery and trial preparation upon Putnam.

Irrespective of which of the above-stated sanctions, all of which are authorized expressly by Rule 37, are ordered by the Court, Svensson requests the Court to enter the following additional relief:

1. The entry of an order, pursuant to Rule 37(c)(1)(A), imposing monetary sanctions upon Putnam in the full amount of Svensson's costs, including reasonable attorneys' fees, occasioned by Putnam's repeated failures and refusals to have provided relevant and necessary discovery to Svensson, including, without limitation, the costs and fees incurred by Svensson in excessive and burdensome motion practice, futile negotiations, depositions based upon limited information, and renewal of such depositions based upon Putnam's unilateral decisions to terminate depositions or to instruct witnesses not to answer relevant questions, all of which were directly associated with Putnam's failures and refusals to comply with its obligations under the discovery rules between November, 2005, and the date of this motion;

2. The entry of an order, pursuant to Rule 37(c)(1)(A), directing that the full cost incurred by Svensson for White's January 2007 Report be borne by Putnam; and,

3. The entry of an order granting such other and further relief as may be appropriate in the circumstances.

The grounds for this motion are set forth in Svensson's memorandum in support of this motion that is filed herewith.

<u>Request for Hearing and Oral Argument</u><u>Certificate as to Compliance with Local Rule 7.1(a)</u>.

Counsel for Svensson conferred on January 18, 2008, with Putnam's counsel but no agreement as to the within motion was reached.

        LISA SVENSSON, plaintiff,

        By her attorneys,

        BARRON & STADFELD, P.C.

        /s/ Kevin F. Moloney_____
        Kevin F. Moloney  BBO No. 351000
        100 Cambridge Street, Suite 1310
        Boston, Massachusetts 02114
        Tel: 617.723.9800/531.6569

        and

        /s/ John K. Weir_____
        John K. Weir, admitted PHV
        JOHN K. WEIR LAW OFFICES, LLC
        300 Park Avenue, Suite 1700
        New York, New York 10022
        Tel.: 212.572.6374

Dated: January 18, 2008

<u>Certificate of Service</u>.

    This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Kevin F. Moloney_____

Dated: January 18, 2008

[420970.1]