UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA SVENSSON,<br><br>                Plaintiff,<br><br>    v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a<br>PUTNAM INVESTMENTS, INC. and<br>LAWRENCE J. LASSER,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO.  04-12711 PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE
PORTIONS OF THE FIFTH AND SIXTH AFFIDAVITS
OF LISA SVENSSON AND THE AFFIDAVIT OF KEVIN F. MOLONEY**

      Defendants Putnam Investments LLC, f/k/a Putnam Investments, Inc. ("Putnam") and Lawrence J. Lasser ("Lasser") move to strike portions of the Fifth and Sixth Affidavits of Plaintiff Lisa Svensson ("Svensson"), as well as Exhibit B to the Affidavit of Kevin F. Moloney ("Moloney Affidavit"), all filed by Svensson on February 15, 2008, in connection with her opposition to Putnam's motion for summary judgment.  Putnam and Lasser state the following in support of their motion to strike:

      1.     Exhibit B to the Moloney Affidavit and the documents therein referenced should be stricken.  Exhibit B lists some 79 documents, many of them containing multiple pages and many, if not most, never cited in Svensson's Opposition to the Motions for Summary Judgment. The Federal Rules of Civil Procedure require that affidavits "shall be made on personal knowledge, set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).

Documents are appropriately part of a summary judgment record *only* if they are admissible and not hearsay. *FDIC v. Roldan Fonseca,* 795 F.2d 1102, 1110 (1st Cir. 1986) (because receipts submitted to support opposition to summary judgment constituted inadmissible hearsay, party failed to comply with *Rule 56(e)*). Svensson makes no effort to satisfy the requirements of Fed. R. Evid. 801 or 803, by demonstrating that each documents listed in Exhibit B is either an admission of a party or a business record subject to an exception to the hearsay rule. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990) (hearsay evidence not considered on a motion for summary judgment). Moreover, "to be admissible on a motion for summary judgment, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) *and the affiant must be a person through whom the exhibits would be admitted into evidence.*" *Bonacorso Construction Co., v. Master Builders, Inc.,* 1991 WL 72796, *3, Civ. A. No. 87-1827 (D. Mass. 1991) (quotations omitted; emphasis added); *Nolla Morell v. Riefkohl*, 651 F.Supp. 134, 140 (D.P.R. 1986) (same); *Fremaint v. Ford Motor Co.,* 258 F.Supp.2d 24, 28 (D.P.R. 2003) (granting summary judgment where "[w]orse yet for plaintiff, contrary to Rule 56(e) requirements, the documents submitted with his opposition are unsubstantiated, conjectural, and fail to set forth the competency of the persons providing the statements."). Nor is the fact that Putnam produced the documents in discovery a sufficient basis for authenticating them for inclusion in a summary judgment record. *Dodi v. The Putnam Companies*, 94 F.3d 640, 1996 WL 489998, *3 (1st Cir. 1996) (unpublished) (affirming district court decision granting motion to strike portions of a documents submitted in support of summary judgment, noting "[w]e fail to see how the fact that a document was presented in discovery suffices to authenticate the document or lay the foundational requirements of Rule 803(6) or Rule 801(d)(2)(D)."). Having failed to satisfy the requirements of Rule 56(e), Exhibit B and the documents listed therein are inadmissible on this record and should be stricken.

A/72441708.1/0398860-0000312913

2.     Paragraphs 17 and 19 of Svensson's Fifth Affidavit lack foundation and contain Svensson's conclusory statements about female representations at various levels of Putnam and on various investment teams, over time. Svensson's "evidence" is immaterial because it is completely anecdotal, with no contextual evidence concerning the size of the female populations generally, or the number of women eligible for and considered for promotion to Partner or for inclusion on the investment teams in question. Nor does Svensson's affidavit purport to account for other non-discriminatory reasons for any alleged gender disparity, such as sample size, random chance or experience and ability. Absent such a statistical context, Svensson's "evidence" is meaningless. *See, e.g., Sullivan v. Liberty Mutual Insurance Company*, 444 Mass. 34, 55-56 (2005).

3.     Paragraphs 19 and 27 of the Fifth Affidavit should be stricken because they contain conclusory statements, without foundation, of Svensson's belief that certain investment teams were "off limits" to women, or that her performance was such that she should have been Putnam's most highly-ranked Analyst in 2002. Conclusory statements of belief are not "evidence" appropriate for inclusion in a summary judgment record. *See Ingram v. Brink's, Inc.,* 414 F.3d 222, 228-29 (1st Cir. 2005) ("summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation."); *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 431 (1st Cir. 2005) (nonmoving party may not rely upon "conclusory allegations, improbable inferences, and unsupported speculation.") (citations and quotations omitted). In addition, Svensson's assessment of her own performance is irrelevant. *Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 15 (1st. Cir. 1998) (plaintiff's "personal opinion regarding his own job qualifications is not sufficiently probative on the issue of pretext.").

4.     Paragraphs 5, 6, 9, 12, 16, 17 and 18 or Svensson's Sixth Affidavit should be stricken to the extent that these paragraphs contain Svensson's own conclusory assessment of her

- 4 -

performance and the performance of other Putnam employees. As noted above, such assessments by Svensson are irrelevant. *Shorette, supra; Ingram, supra*.

5.   Paragraphs 7, 8, 17, 18, 22, 23, 30 and 31 of Svensson's Sixth Affidavit should be stricken because they lack foundation, contain conclusory statements and speculation by Svensson concerning various matters, such as the motives and actions of unnamed Putnam employees, as well as the relative performance and compensation of other Putnam employees. Such conclusory statements are not appropriately part of the summary judgment record. *Ingram, supra; Rodriguez, supra*.

6.   Paragraphs 21 and 34 of Svensson's Sixth Affidavit should be stricken because portions are based upon unauthenticated (and thus inadmissible) documents, because other portions lack foundation and because still other portions simply are inadmissible conclusory statements. See paragraph 1 above.

- 5 -

WHEREFORE, Putnam and Lasser respectfully request that this Court strike portions of the Fifth and Sixth Affidavits of Lisa Svensson, along with Exhibit B to the Affidavit of Kevin F. Moloney, and grant such other relief as is just.

        **PUTNAM INVESTMENTS LLC,**

        By its attorneys,

        /s/ Joseph L. Kociubes, BBO #276360
        Joseph L. Kociubes, BBO #276360
        joe.kociubes@bingham.com
        Louis A. Rodriques, BBO #424720
        **BINGHAM MCCUTCHEN LLP**
        150 Federal Street
        Boston, MA  02110-1726
        617.951.8000

        and

        **LAWRENCE J. LASSER**

        By his attorneys,

        /s/ David S. Rosenthal
        David S. Rosenthal (BBO #429260)
        drosenthal@nixonpeabody.com
        Erika M. Collins (BBO #657243)
        Nixon Peabody LLP
        100 Summer Street
        Boston, MA 02110
        (617) 345-1000

Dated: February 22, 2008

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2008.

                                                      /s/ Jennifer L. Holden, BBO #663467

A/72441708.1/0398860-0000312913