UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **LISA SVENSSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **NO. 04-12711 PBS** |
| **PUTNAM INVESTMENTS LLC, f/k/a PUTNAM** | ) | |
| **INVESTMENTS, INC. and LAWRENCE J. LASSER,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF DAVID S. ROSENTHAL

David S. Rosenthal, on oath, deposes and says:

1.      I am the attorney of record for Lawrence J. Lasser in this matter.

2.      Annexed hereto as Exhibits 1, 5 and 7 are true or correct copies of documents produced in discovery in this action.

3.      Annexed hereto as Exhibit 2 is a true and correct copy of the pertinent pages of Putnam's Associates and Principals Compensation Plan.

4.      Annexed hereto as Exhibit 3 are true and correct copies of pages from the transcript of the Rule 30(b)(6) deposition of Richard B. Tibbetts.

5.      Annexed hereto as Exhibits 4 and 6 are true and correct copies of pages from the Rule 30(b)(6) deposition of Mary McNamee.

6.      Annexed hereto as Exhibit 8 are true and correct copies of pages from the transcript of the deposition of Joshua Brooks.

Sworn to under the pains and penalties of perjury this 25th day of February, 2008.

/s/ David S. Rosenthal _____
David S. Rosenthal

Dated: February 25, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

/s/ David S. Rosenthal_____
David S. Rosenthal

10918687 1

# EXHIBIT 1

PUTNAM INVESTMENTS, INC.

PROFIT GROWTH INCENTIVE COMPENSATION PLAN

Restated Effective as of January 1, 1996

1. **PURPOSE**

The purpose of the Plan is to reward the contributions of
selected senior professionals and other employees of the Putnam
Companies at the discretion of the President, and to establish a
basis for their sharing in the organization's success,
recognizing that they are key contributors to results which are
achieved, and may be key contributors in the achievement of
future strategic business objectives.

The Plan provides incentives that are based on growth in
profits of the Putnam Companies.  Through these incentives,
Putnam strives to attract, retain, and motivate senior

PRM 01365

professionals who will continue to achieve the highest levels of performance results in the investment management business.

2.   DEFINITIONS

When used in the Plan, the words and phrases listed below shall have the following meanings:

2.1.   "Award" means a series of payments made to an individual with respect to an Award Year, based on the amount of his Total Dollar Award.

2.2.   "Award Account" means a bookkeeping account maintained in connection with a Participant's Long-Term Award and 50 percent of his Short-Term Award.

2.3.   "Award Year" means a calendar year with respect to which an Award is made to a Participant.

2.4.   "Awards Pool" means a dollar amount calculated in accordance with Article 4.

2.5.   "Carryover Amount" has the meaning specified in the last sentence of Article 4.

2.6.   "Deferral Account" means a bookkeeping account

-2-

PRM 01366

maintained in connection with a Participant's voluntary deferral, if any, of all or a portion of an Award under the Plan pursuant to Section 3.2.

2.7.  "<u>Deferral Election Period</u>" means the period prior to the end of a calendar year as announced by the President for the making of deferral elections with respect to the Deferral Eligible Amount for such calendar year.

2.8.  "<u>Deferral Eligible Amount</u>" for any calendar year in which a deferral election may be made means the sum of the following amounts credited to the Participant's Award Account under the Plan (if and to the extent any amount has been credited to the Participant for the Award Year in question), as of the date such amounts would otherwise have been paid under the Plan: the second installment of a Short-Term Award for the Award Year preceding the Deferral Election Period, the first installment of a Long-Term Award for the second Award Year preceding the Deferral Election Period, the second installment of a Long-Term Award for the third Award Year preceding the Deferral Election Period, and the third installment of a Long-Term Award for the fourth Award Year preceding the Deferral Election Period.  The first installment of a Short-Term Award for the Award Year which includes the Deferral Election Period is not included in the Deferral Eligible Amount.

-3-

PRM 01367

2.9. "Long-Term Award" means that portion of a Participant's Award that is payable pursuant to Section 6.2.

2.10. "MMC" means Marsh & McLennan Companies, Inc.

2.11. "NYSE" means the New York Stock Exchange.

2.12. "Options" means investment media that a Participant may propose in connection with an Award Account pursuant to Section 6.3 or a Deferral Account pursuant to Section 8.3. The media available as Options with respect to Short-Term Awards, Long-Term Awards and Deferral Accounts are Putnam Funds.

2.13. "Participant" means an employee of a Putnam Company who receives an Award under the Plan.

2.14. "Plan" means the Putnam Investments, Inc. Profit Growth Incentive Compensation Plan as set forth in this document.

2.15. "Plan Profit" means the operating income of the Putnam Companies for an Award Year, reduced by all expenses other than (a) taxes and (b) bonus payments, including, without limitation, payments made pursuant to this Plan, the Putnam Investments, Inc. Partners Incentive Compensation Plan, the Putnam Investments, Inc. Associates and Principals Incentive Compensation Plan and any similar bonus plan maintained by the

-4-

PRM 01368

Putnam Companies for senior management employees.

2.16.    "Président" means the President of Putnam Investments, Inc., or his designee.

2.17.    "Putnam" means Putnam Investments, Inc. and each subsidiary thereof. A subsidiary means any business organization in which Putnam Investments, Inc. owns, directly or indirectly, more than 50% of the voting or beneficial interests.

2.18.    "Putnam Company" means any of Putnam, Putnam Advisory Company, Inc., Putnam Mutual Funds Corp., Putnam Fiduciary Trust Company, and Putnam Management, Inc.; "Putnam Companies" means all of the foregoing.

2.19.    "Putnam Fund" means an investment company for which Putnam Management, Inc. serves as investment advisor, or for which Putnam Mutual Funds Corp. is principal underwriter, provided that the President of Putnam may from time to time limit the choice of investment companies in which Award Accounts or Deferral Accounts may be considered to be invested.

2.20.    "Retirement" means the termination of one's employment under circumstances that the President determines as qualifying as retirement for purposes of the Plan.

PRM 01369

# EXHIBIT 2

PUTNAM INVESTMENTS, INC.

ASSOCIATES AND PRINCIPALS INCENTIVE COMPENSATION PLAN

———————————————

Effective as of January 1, 1996

———————————————

1.  <u>PURPOSE</u>

The purpose of the Plan is to reward the contributions of
selected senior managers and professional staff members of the
Putnam Companies at the discretion of the President, and to
establish a basis for their sharing in the organization's
success, recognizing that they are key contributors to results
which are achieved.  The Plan provides annual incentives that are
based on the profits of the Putnam Companies.  Through these
incentives, Putnam strives to attract, retain, and motivate
managers and professional staff who will continue to achieve the
highest levels of performance results in the investment
management business.

2.   <u>DEFINITIONS</u>

When used in the Plan, the words and phrases listed below shall have the following meanings:

2.1.   "<u>Award</u>" means a payment made to an individual with respect to an Award Year.

2.2.   "<u>Award Year</u>" means a calendar year with respect to which an Award is made to a Participant.

2.3.   "<u>Awards Pool</u>" means a dollar amount calculated in accordance with Article 4.

2.4.   "<u>Base Percentage</u>" means a percentage of Plan Profit designated as described in Article 4.

2.5.   "<u>MMC</u>" means Marsh & McLennan Companies, Inc.

2.6.   "<u>Participant</u>" means an employee of a Putnam Company who receives an Award under the Plan.

2.7.   "<u>Plan</u>" means the Putnam Investments, Inc. Associates and Principals Incentive Compensation Plan as set forth in this document.

2.8.   "Plan Profit" means the operating income of the Putnam Companies for an Award Year, reduced by all expenses other than (a) taxes and (b) bonus payments, including, without limitation, payments made pursuant to this Plan, the Putnam Investments, Inc. Partners Incentive Compensation Plan, the Putnam Investments, Inc. Profit Growth Incentive Compensation Plan, and any similar bonus plan maintained by the Putnam Companies for senior management employees.

2.9.   "President" means the President of Putnam Investments, Inc., or his designee.

2.10.   "Putnam" means Putnam Investments, Inc. and each subsidiary thereof.  A subsidiary means any business organization in which Putnam Investments, Inc. owns, directly or indirectly, more than 50% of the voting or beneficial interests.

2.11.   "Putnam Company" means any of Putnam Investments, Inc., Putnam Advisory Company, Inc., Putnam Mutual Funds Corp., Putnam Fiduciary Trust Company, and Putnam Management, Inc.; "Putnam Companies" means all of the foregoing.

2.12.   "Retire" means to terminate one's employment under circumstances that the President determines as qualifying as retirement for purposes of the Plan.

-3-

# EXHIBIT 3

Putnam Investments by Richard Tibbetts

1

1           Volume:  I

2           Pages:  1-210

3           Exhibits:  1-5

4       UNITED STATES DISTRICT COURT

5         DISTRICT OF MASSACHUSETTS

6   Civil Action No. 04-12711-PBS

7   - - - - - - - - - - - - - - - - - - - - - - - -

8   LISA SVENSSON,

9               Plaintiff,

10      v.

11  PUTNAM INVESTMENTS, LLC, f/k/a PUTNAM

12  INVESTMENTS, INC., and LAWRENCE J. LASSER,

13              Defendants.

14  - - - - - - - - - - - - - - - - - - - - - - - -

15         Rule 30(b)(6) Deposition of

16            Putnam Investments, LLC

17         By Richard B. Tibbetts, Designee

18         Wednesday, November 29, 2006

19            10:14 a.m. to 4:00 p.m.

20            Barron & Stadfeld, P.C.

21             100 Cambridge Street

22            Boston, Massachusetts

23

24         Reporter:  Daria L. Romano, RPR/CRR

Putnam Investments by Richard Tibbetts

152

1    A.    Within the investment division, yes.

2    Q.    And who would make the determination

3    as to the magnitude of the incremental increase

4    in compensation if you were designated a

5    franchise player?

6    A.    It differed by group, but ultimately

7    it was the senior most person in the group, the

8    senior managing directors of each of the

9    different business units, and that was driven

10   off of how much Larry had allocated to each of

11   those groups.

12        So after these individuals were

13   identified, Larry allocated money or equity, as

14   the case may be, to each of those senior

15   managing directors, and then those senior

16   managing directors worked with their human

17   resources representatives and their managers to

18   distribute those awards.

19   Q.    Okay.  And can you explain the

20   difference conceptually between a franchise

21   player and a key player?

22   A.    Incrementally I guess is the way to

23   describe it, and that is that a franchise player

24   was truly someone should they leave the firm

# EXHIBIT 4

Mary McNamee

1

1    Volume:  I

2    Pages:  1-268

3    Exhibits:  1-51

4

5           UNITED STATES DISTRICT COURT

6            DISTRICT OF MASSACHUSETTS

7    Civil Action No. 04-12711-PBS

8    - - - - - - - - - - - - - - - - - - x

9    LISA SVENSSON,

10                 Plaintiff,

11    vs.

12    PUTNAM INVESTMENTS, LLC, f/k/a PUTNAM

13    INVESTMENTS, INC. and LAWRENCE J.

14    LASSER,

15                 Defendants.

16    - - - - - - - - - - - - - - - - - - x

17    RULE 30(b)(6) DEPOSITION OF PUTNAM INVESTMENTS, LLC BY

18            ITS DESIGNEE MARY McNAMEE

19           Thursday, November 15, 2007

20            Barron & Stadfeld

21            100 Cambridge Street

22            Boston, Massachusetts

23           10:05 a.m. to 6:26 p.m.

24       Reporter:  Karen A. Morgan, CSR/RPR

Mary McNamee

89

1    then at the time I was part of covering the

2    institutional business so I was responsible for putting

3    the book together for the institutional business.

4        Q.    And once compiled the book would then be

5    delivered to Larry Lasser's office?

6        A.    Yes, and he could review it.

7        Q.    Did there ever come a time when you or HR got

8    input from Mr. Lasser concerning his conclusions after

9    reading the book?

10       A.    Well, I think it was more just a rubber stamp

11   at that point.  I don't recall any specific time in

12   which he got the book and said, oh, take out this

13   people or take out that person.  He generally let the

14   managers go with who they recommended.

15       Q.    Do you know whether he had any conversations

16   with Mr. Oristaglio concerning any conclusions that he

17   formulated after reading the book?

18       A.    That I don't know.

19       Q.    Do you know whether Mr. Lasser ever made any

20   comments respecting the nomination of Lisa Svensson to

21   the managing director?

22       A.    In 2001?

23       Q.    At any time.

24       A.    No, I do not.

# EXHIBIT 5

PRM 01792

INVESTMENT DIVISION
Officer Nominations
IDMC Meeting: February 17, 2000

| Managing Director Nominations | Jack Morgan | Joe Cassaro | Brett Browning | Danielle Peters | Kathie Cohen | Steve Ortaglio | Tim Reflection | Tom Reflection | Chris MacDiliet | Justin Scott |
|---|---|---|---|---|---|---|---|---|---|---|
| John Buselli | No | Yes | Yes | - | No* | No | No* | No | Yes | Yes |
| Jeff Lindsey | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes |
| Elizabeth MacElree-Jones | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | No* | No |
| Michael Mufson | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | No* | No* |
| Yumiko Sai | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes |
| Leo Smith | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes | Yes |
| Lisa Svensson | - | No | No | - | No | No | No | No | No | No |
| Rosemary Thomsen | Yes | Yes | No* | Yes | No* | Yes | Leaning toward Yes | Yes | Yes | No* |
| Manoy Weiss | Yes | Yes | Yes | Yes | - | Yes | Mixed | Yes | Yes | Yes |
| Michael Vogg | No | No | No | No | No* | No | No | No | Yes | No |

*One More Year

s:\v\wv99\temp\IDMC Mg-Officer Nominations.xls

# EXHIBIT 6

Mary McNamee

1

1                                 Volume:  I

2                                   Pages:  1-268

3                                 Exhibits:  1-51

4

5               UNITED STATES DISTRICT COURT

6                DISTRICT OF MASSACHUSETTS

7  Civil Action No. 04-12711-PBS

8  - - - - - - - - - - - - - - - - - - x

9  LISA SVENSSON,

10             Plaintiff,

11  vs.

12  PUTNAM INVESTMENTS, LLC, f/k/a PUTNAM

13  INVESTMENTS, INC. and LAWRENCE J.

14  LASSER,

15            Defendants.

16  - - - - - - - - - - - - - - - - - - x

17  RULE 30(b)(6) DEPOSITION OF PUTNAM INVESTMENTS, LLC BY

18          ITS DESIGNEE MARY McNAMEE

19         Thursday, November 15, 2007

20           Barron & Stadfeld

21           100 Cambridge Street

22           Boston, Massachusetts

23         10:05 a.m. to 6:26 p.m.

24       Reporter:  Karen A. Morgan, CSR/RPR

Mary McNamee

164

1    Q.    Do you understand the sentence that says,

2    quote, there are no magic formulas or heroes I hate to

3    remind Larry?

4    A.    Yes.

5    Q.    What does that mean?

6    A.    That there's really no -- it's not going to

7    happen overnight.  You can't just blink your eyes with

8    a magic wand and says things will be corrected, that it

9    takes time to rebuild a team.

10    Q.    Was it contemplated that the Growth team

11    would be rebuilt?

12    A.    Yes, it was and it was.

13    Q.    And who was to make the decision as to how it

14    would be rebuilt?

15    A.    That would be Steve O primarily because he

16    headed up all of Growth and then ultimately once Tim

17    moved, he and Tim would have helped as well and then

18    once when -- that continued through 2002 and Ed

19    Haldeman joined and became co-CIO with Steve, they

20    both, you know, I'm assuming would have handled that

21    charge together.

22    Q.    Would Larry Lasser have played a role?

23    A.    He would have played a role and he would have

24    wanted them to come up with the idea and the plan and

Mary McNamee

165

1    then pass it by him for approval.

2            MR. WEIR:   Next exhibit in order PRM 14147

3    and 14148.

4            (Exhibit No. 28 marked for

5            identification.)

6        Q.   Let me show you what has been marked as

7    Exhibit 28 for identification and ask you if you can

8    identify it?

9        A.   It's an e-mail from Denise Selden to Steve

10   Oristaglio copying Sandy Costa who was Steve's

11   assistant dated March 25, 2002, subject regarding

12   Equity org chart, Steve's version.

13       Q.   And the second page of the document is the

14   org chart?

15       A.   Okay.

16       Q.   Is that correct?

17       A.   Yes, it is because it's a forwarded e-mail

18   from Sandy Costa.  Here it is Equity org chart for

19   Denise Selden.

20       Q.   And how would this org chart have been

21   prepared?

22       A.   It was probably prepared by Sandy Costa who

23   was Steve's admin.

24       Q.   Did HR have any input into the determination

# EXHIBIT 7

RBT-112-1/3/01

## 1999 Performance Profiles
### Investment Division

| Dept | DeptID | Name | Off. Title | Job Title | Hire Date | Plan | Performance Rating | Performance Trend | Potential | Replacement Measure |
|---|---|---|---|---|---|---|---|---|---|---|
| Large Cap Growth | V29002 | England, Richard B. | ✓ SVP | Sr. Portfolio Manager | 1992-12-31 | AP | | 4 | 5 | 5 |
| Large Cap Growth | V29002 | Lindsey, Jeffrey R. | ✓ SVP | Sr. Portfolio Manager | 1994-04-25 | AP | 5 | 4 | 4 | 5 |
| Large Cap Growth | V29002 | Santos, David J. | ✓ SVP | Portfolio Manager | 1986-10-20 | AP | 3 | 4 | 3 | 4 |
| Large Cap Growth | V29002 | Weiss, Manuel | SVP | Sr. Portfolio Manager | 1987-05-04 | AP | 4 | 4 | 3 | 4 |
| Mid Cap Growth | V29003 | Clark, Dana F. | ✓ VP | Portfolio Manager | 1987-06-29 | AP | √4 | 4 | 4 | 3 |
| Mid Cap Growth | V29003 | Parker, Margery C. | ✓ SVP | Portfolio Manager | 1997-12-29 | AP | 2 | 4 | (2) | 3 |
| Mid Cap Growth | V29003 | Wetlaufer, Eric | ✓ MD | CIO, Mid Cap Growth | 1997-11-03 | AP | √3 | 3 | | 3 |
| Specialty Growth | V21013 | Gillis, Roland | MD | Director, Specialty Growth | 1995-03-08 | AP | √4.5 | 4 | 4 | 5 |
| Specialty Growth | V21013 | Hadden, Peter J. | ✓ SVP | Sr. Analyst | 1992-12-31 | AP | 3 / 4 | 4 | 3 | 4 |
| Specialty Growth | V21013 | Moore, Gerald I. | ✓ VP | Sr. Analyst | 1997-08-18 | AP | √4 | 4 | 3 | 4 |
| Specialty Growth | V21013 | Muffson, Michael J. | ✓ SVP | Sr. Portfolio Manager | 1993-06-01 | AP | √5 | 4 | 4 | 5 |
| International Growth | V21027 | Dexter, Stephen P. | ✓ SVP | Sr. Portfolio Manager | 1999-06-14 | AP | 3 / 3.4 | | 3 | 3 |
| International Growth | V21027 | Morgan, Kelly A. | ✓ MD | Sr. Portfolio Manager | 1996-12-02 | AP | 4.8 | 3 | 3 | 5 |
| International Growth | V21027 | Svensson, Lisa H. | ✓ SVP | Portfolio Manager | 1994-07-18 | AP | √8 | 5 | 5 | 5 |

REDACTED

s:\hr\review\mcmgr\perf profiles\1999 .xls

PRM 03548

# EXHIBIT 8

## Copy of Transcript

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NUMBER: 04-CV-12711(PBS)

LISA SVENSSON,

      Plaintiff,

VS.

PUTNAM INVESTMENTS LLC,
f/k/a PUTNAM INVESTMENTS,
INC, and LAWRENCE J. LASSER

      Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**DEPOSITION OF**

**JOSHUA HUNTINGTON BROOKS**

November 17, 2005
11:44 a.m.

Barron & Stadfeld, P.C.
100 Cambridge Street
Boston, Massachusetts

Amanda Stevens, Notary Public and
Professional Shorthand Reporter within and
for the Commonwealth of Massachusetts



Jack Daniel
Court Reporting & Video Services Inc.

Technologies you can use • Experience you can Trust

141 Portland Street, Suite 200, Boston, Massachusetts 02114
Phone: 617.557.0039 • Toll Free: 866.814.0039 • Fax: 617.557.0040
www.jackdanielreporting.com

185

1  discussed it with Kelly and Mary McNamee,

2  but I don't recall.   I would imagine I

3  also would have discussed it with Steve

4  Oristaglio and potentially Ed Haldeman.

5      Q.   Do you recall ever having a

6  discussion with Larry Lasser?

7      A.   I remember once the decision had

8  been made that we were going to offer Lisa

9  these alternatives, I do remember that

10  Larry mentioned to me he had heard about

11  that.  I assumed at the time he had heard

12  from HR, but I wasn't certain and I didn't

13  ask.

14      Q.   Was this a face-to-face meeting or

15  a telephone discussion?

16      A.   No, it would have been face to

17  face.

18      Q.   Do you remember the context?

19      A.   It was, I believe, at the end of a

20  regular meeting I would have had with Ed,

21  Steve and Larry, the purpose of which was

22  to discuss progress on research, how

23  things were going, et cetera.

24      Q.   Was this a regular meeting?



**Jack Daniel**
**Court Reporting & Video Services** Inc

Technologies you can use • Experience you can Trust

Direct Dial:      617.557.0039
Toll Free:        866.814.0039
Toll Free Fax:    866.557.0041
www.jackdanielreporting.com

141 Portland Street, Suite 200
Boston, Massachusetts 02114