```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


* * * * * * * * * * * * *    Civil Action No. 04-12711-PBS
                         *
LISA SVENSSON            *
                         *   BBO No. 351000
          Plaintiff,     *
                         *   Plaintiff's Emergency Motion
v.                       *   for Relief Pursuant to
                         *   Fed. R. Civ. P. 56(f)
PUTNAM INVESTMENTS,      *   Concerning Putnam's Expert
LLC et al.,              *
                         *   and
          Defendants.    *   Verification
                         *
* * * * * * * * * * * * *
```

On an emergency basis, but without requesting the court to change the May 12, 2008, trial date, plaintiff Lisa Svensson ("Svensson") moves the court in regard to the defendants' motions for summary judgment, to grant her relief, pursuant to Fed. R. Civ. P. 56(f), in connection with the information and documents that were considered but not reviewed, and the documents and information that were considered and reviewed, by defendant Putnam Investments, LLC's expert, for the following reasons and purposes:

    1.   Svensson has supported her oppositions, filed February 15, 2008, to the motions for summary judgment of defendants Lasser and Putnam Investments, LLC ("Putnam") by the report of her expert, Paul F. White, PhD., her responses to the defendants

respective Rule 56.1 Statements of Fact and her Fifth and Sixth Affidavits.

    2.   The following is a summary of the main points set out in detail in Svensson's memorandum in support of her Motion to Compel Concerning Expert Deposition and for Rule 37(c) Sanctions and her memorandum in support of her Motion pursuant to 28 U.S.C. § 1927, for Sanctions, which are under advisement by the Magistrate Judge:

    2.1  Putnam, having represented to this court in hearings before the Magistrate Judge on December 13, 2005 and June 21, 2006, for example, that Svensson no or virtually no comparators (at best a "handful" ("5 or 6")), made available to its expert, one Bloom, following the start of his participation in this case in July 2006, information and data as to the all of the investment professionals in the Putnam Investment Management Division ("IMD") for the several years involved, which, for 2003, example, numbered 344. Bloom reviewed some of this information and data and decided not to analyze other parts of the available data.

    2.2  Putnam did not produce the data that Bloom in his December 18, 2006, deposition admitted that he had reviewed and included in his report until November 26,

2

     2007, which was after the November 15, 2008, court ordered Rule 30(b)(6) deposition of Putnam and was eight months after Svensson's expert served his report in March 2007.

2.3. For his report and analysis, Svensson's expert had Putnam produced information as to only 91 of the "344" investment professionals in the IOMD, far less by the hundreds than what Putnam had furnished to its expert.

2.4. Putnam's motion for summary judgment makes use of the disparity in information and data supplied to the respective through Blooms criticism of White's report for lacking in analysis of enough data about enough professional in the IMD.

2.5. Putnam has not produced the data and information that Bloom decided not to make a part of his analysis such as, among other things, data and information as to the quality of the performance in the workplace of the hundreds of investment professionals in the Investment Management Division, factors that Svensson's expert deems very significant to any meaningful analysis for this case, and compensation data for IMD professionals whom Bloom decided to exclude from his analysis.

2.6. All of the data and information that Bloom reviewed and the data he decided not to report upon should have

been produced to Svensson by no later than December 13, 2005 when the Magistrate Judge held a hearing on Svensson's motion to compel production.

3. Accordingly, Svensson, pursuant to Fed. R. Civ. P. 56(f), and without requesting a change n the May 12, 2008, trial date, requests the court to grant the following relief:

(a) An order requiring Putnam to produce all information and data concerning all of the investment professionals in the Investment Management Division for the several years at issue that had been available to Bloom but which Bloom decided not to include in his analysis and report, including, without limitation, performance information and data and compensation information and data;

(b) An order allowing Svensson to take a Rule 30(b)(6) deposition of Putnam on the information and data referred to in part (a) above; and,

(c) An order allowing Svensson's expert to review and analyze (1) the data produced on November 26, 2007, and (2) the data to be produced; and,

(d) An order granting leave to Svensson for the filing of a supplemental expert report.

Signed under the penalty for perjury this 25th day of February 2008.

                LISA SVENSSON, plaintiff,

                By her attorneys,

                BARRON & STADFELD, P.C.

                /s/ Kevin F. Moloney_____
                Kevin F. Moloney  BBO No. 351000
                100 Cambridge Street, Suite 1310
                Boston, Massachusetts  02114

        Tel.: 617.723.9800/531.6569

        and

        /s/ John K. Weir_____
        John K. Weir, Admitted PHV
        John K. Weir Law Offices, LLC
        300 Park Avenue, Suite 1700
        New York, New York, 10022
        Tel.: 212.572.5374

Dated: February 25, 2008

### Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Kevin F. Moloney_____
        Kevin F. Moloney BBO No. 351000
        BARRON & STADFELD, P.C.
        100 Cambridge Street, Suite 1310
        Boston, Massachusetts 02114
        Tel.: 617.723.9800/531.6569

Dated: February 25, 2008

[423626.1]

Case 1:04-cv-12711-PBS    Document 257    Filed 02/25/2008    Page 6 of 6