UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>                Plaintiff,<br><br>v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a PUTNAM INVESTMENTS, INC. and LAWRENCE J. LASSER,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION<br>NO. 04-12711 PBS |

**OPPOSITION OF DEFENDANT PUTNAM INVESTMENTS
TO PLAINTIFF'S EMERGENCY MOTION FOR RELIEF PURSUANT
TO FED. R. CIV. P. 56(F) CONCERNING PUTNAM-AUTHORED DOCUMENTS**

Defendant Putnam Investments, LLC ("Putnam") hereby opposes Plaintiff Lisa Svensson's ("Svensson") Emergency Motion for relief Pursuant to Fed. R. Civ. P. 56(f), and states the following in support of its opposition:

1. On February 22, 2008, Putnam filed a motion to strike portions of the affidavits filed by Svensson in opposition to Putnam's motion for summary judgment. As part of its motion to strike, Putnam sought to strike Exhibit B to the Affidavit of Kevin F. Moloney, which contained some 250 pages of material that was not authenticated or admissible in evidence, as required by Fed. R. Civ. P. 56(e). Although the material had been produced by Putnam in discovery, Putnam's motion to strike pointed the Court to First Circuit authority holding that that fact, without more, did not support inclusion of the material in the summary judgment record because the material must independently satisfy the hearsay and other rules governing the admissibility of evidence. *See Dodi v. The Putnam Companies*, 94 F.3d 640, 1996 WL 489998, *3 (1st Cir. 1996).

2. In her emergency motion filed pursuant to Rule 56(f), Svensson does not argue that the documents have been properly authenticated or that they are admissible on the current record. Nor does she (or can she) argue that the mere fact that the documents were produced by Putnam in discovery is sufficient. Instead, Svensson asks the Court for the second time to continue the summary judgment hearing to enable her to conduct a Rule 30(b)(6) deposition so that she can authenticate the 250 pages of material attached to the Moloney Affidavit. This request should be denied because Svensson has failed utterly to satisfy the demands of Rule 56(f).

3. First, "a party seeking to postpone the adjudication of a summary judgment motion on the ground of incomplete discovery must explain why, in the exercise of due diligence, he has been unable to obtain the necessary information." *Vargas-Ruiz v. Golden Arch Development, Inc.*, 368 F.3d 1, 5 (1st. Cir. 2004). Further, "[t]o savor the balm of Rule 56(f), a party must act in a timely fashion," *Mass. School of Law at Andover v. Am. Bar Ass'n,* 142 F.3d 26, 44 (1st Cir. 1998). In such a motion, "[t]he movant must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, *and (2) 'demonstrate good cause for failure to have conducted the discovery earlier*.' " *Mattoon v. City of Pittsfield*, 980 F.2d 1, 7 (1st Cir. 1992) (emphasis added), quoting *Price v. General Motors Corp.,* 931 F.2d 162, 164 (1st Cir. 1991); *see also Mass. School of Law,* 142 F.3d at 44 ("the motion must set forth good cause to explain the movant's failure to have conducted the desired discovery at an earlier date."). Svensson's emergency motion offers no explanation for her failure to authenticate the disputed documents during discovery. Nor could she offer any plausible explanation since this is her fifth request to extend discovery, and since she has conducted 13 depositions, *including three Rule 30(b)(6) depositions* (the last of which was authorized by the Court for the *express purpose* of addressing documents produced in discovery).

4. Second, a plaintiff seeking relief under Rule 56(f) must demonstrate that the requested discovery "will, if obtained, suffice to engender an issue both genuine and material."

*Vargas, supra* at 4.  Specifically, the Rule 56(f) motion must itself "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *C.B. Trucking, Inc. v. Waste Management, Inc.,* 137 F.3d 41, 44 (1st Cir. 1998); *see also Kozikowski v. Toll Bros., Inc.*, 354 F.3d 16, 26 (1st Cir. 2003) (affirming denial of additional discovery where "the [plaintiffs] have not explained why they could not conduct the three depositions during the time for which they asked, nor have they demonstrated whether certain facts, if brought up on additional discovery, would influence the outcome of the motion.").  Once again, Svensson makes no attempt to explain how the particular documents attached to the Moloney Affidavit "suffice" to create a genuine issue of material fact on any particular claim, especially where, as here, the claims to which the documents relate are time-barred.  Because Svensson has failed to satisfy the requirements of Rule 56(f), her emergency motion should be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, Putnam prays that this Court deny Plaintiff's Emergency Motion for Relief Pursuant to Rule 56(f) Concerning Putnam Authored Documents.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
joseph.kocuibes@bingham.com
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO #665231
Jennifer L. Holden, BBO #663467

BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: February 26, 2008

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 26, 2008.

                                          /s/ Jennifer Holden, BBO #663467
                                          jennifer.holden@bingham.com