UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA SVENSSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>PUTNAM INVESTMENTS LLC, f/k/a PUTNAM INVESTMENTS, INC. and LAWRENCE J. LASSER,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 04-12711 PBS<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF DEFENDANT PUTNAM INVESTMENTS
TO PLAINTIFF'S EMERGENCY MOTION FOR RELIEF PURSUANT
TO FED. R. CIV. P. 56(F) CONCERNING PUTNAM'S EXPERT**

Defendant Putnam Investments, LLC ("Putnam") hereby opposes Plaintiff Lisa Svensson's ("Svensson") Emergency Motion for relief Pursuant to Fed. R. Civ. P. 56(f) Concerning Putnam's Expert, and states the following in support of its opposition:

1. On February 25, 2008, during the evening before the scheduled hearing on Putnam's motions for summary judgment, Svensson filed an emergency motion seeking (a) to delay consideration of Defendants' motions for summary judgment, and (b) an order compelling production of a additional discovery concerning the hundreds of investment professionals employed by Putnam during the period from 1999-2003, as well as a fourth Rule 30(b)(6) deposition. In support of her motion, Svensson re-hashes her arguments made in support of her motion to compel further expert discovery, filed with the Court in January 2008 and now *sub judice*. These are also the identical arguments made by Svensson in support of her emergency motion to continue the summary judgment hearing, filed with the Court on February 22, 2008,

and denied by the Court on February 25, 2008. In opposition to this latest attempt by Svensson to avoid consideration of Defendants' summary judgment motions, Putnam incorporates the arguments made in its Opposition to Svensson's Motion to Compel Expert Discovery (Docket # 215). In addition, Putnam makes the following points.

2.   Svensson's Emergency Motion continues to assert – without citation of any evidence – that Putnam's expert (Professor David Bloom) has not turned over to Svensson all of the data he considered in forming his opinions. The facts are to the contrary. As detailed in Putnam's Opposition to Svensson's Motion to Compel (Docket #215), Professor Bloom testified that he has turned over to Svensson all of the data that he considered in forming his opinions. There is simply no contrary evidence. (Svensson's Verification of her Emergency Motion adds nothing to this factual issue, since she has no personal knowledge of what data Professor Bloom considered.) Read carefully, what Svensson is really asking for is additional eleventh hour discovery, since she asks for an Order that Putnam produce all data that Professor Bloom had "available to him" but did not in fact consider. Svensson's Emergency Motion, ¶ 3(a). However, Rule 26 requires production of only the data that Bloom considered in forming his opinions, not the data that he might have asked for and received had he chosen to do another analysis. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (requiring production of "all opinions the witness will express," and "the data or other information *considered by the witness in forming them*.") (emphasis added). Again, Professor Bloom has testified that he has turned over to Svensson *all of the data that he considered in forming his opinions*.

3.   Apart from the above, Svensson's Emergency Motion should be denied because Svensson has failed utterly to satisfy the demands of Rule 56(f). First, "a party seeking to postpone the adjudication of a summary judgment motion on the ground of incomplete discovery must explain why, in the exercise of due diligence, he has been unable to obtain the necessary information." *Vargas-Ruiz v. Golden Arch Development, Inc.*, 368 F.3d 1, 5 (1st. Cir. 2004). "The movant must (1) articulate a plausible basis for the belief that discoverable materials exist

which would raise a trialworthy issue, *and (2) 'demonstrate good cause for failure to have conducted the discovery earlier.*' "  *Mattoon v. City of Pittsfield*, 980 F.2d 1, 7 (1st Cir. 1992)(emphasis added), quoting. *Price v. General Motors Corp.,* 931 F.2d 162, 164 (1st Cir.1991).  Svensson's emergency motion offers no explanation as to why she could not have raised this issue before she filed her motion to compel on January 18, 2008.  As briefed in opposition to Svensson's Motion to Compel, Professor Bloom identified all of the data that he considered *in April 2007*.  Putnam produced the data which Professor Bloom considered on November 26, 2007 (the day before the date proposed by Svensson for an exchange of expert data; in fact, Svensson did not produce her expert's data until several weeks later).  Svensson thus waited nearly 2 months to file her motion to compel the data that she now seeks and (as set forth in Putnam's Opposition to her motion to compel) has not yet even asked her expert to analyze the data considered by Professor Bloom.  *See Mass. School of Law at Andover v. Am. Bar Ass'n,* 142 F.3d 26, 44 (1st Cir. 1998) ("To savor the balm of Rule 56(f), a party must act in a timely fashion.")

    4.    Second, a plaintiff seeking relief under Rule 56(f) must demonstrate that the requested discovery "will, if obtained, suffice to engender an issue both genuine and material." *Vargas, supra* at 4.  Specifically, the Rule 56(f) motion must itself "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 44 (1st Cir. 1998).  For example, in *Mattoon, supra*, the First Circuit held that Rule 56(f) relief was inappropriate where the supporting affidavits failed to

> demonstrate a realistic prospect that further discovery would disclose evidence sufficient to defeat the motion for summary judgment, which was granted largely on legal rather than factual grounds. Particularly, and most importantly, the Rule 56(f) affidavit merely conjectures that something might be discovered but provides no realistic basis for believing that further discovery would disclose evidence of an *ongoing SDWA violation* -- without which there could be no genuine issue of material fact for trial….Furthermore, appellants failed to *identify* any specific fact they would expect to discover, even though they were forewarned by the magistrate judge that their reliance on Rule 56(f) relief would

oblige them 'to specify precisely what information they have reasonable grounds to expect would be disclosed that would generate genuine and material disputes of fact.'

*Mattoon,* 980 F.2d at 8 (citations omitted).  Here, Svensson offers no basis for believing that the additional data she seeks will "suffice" to create a genuine issue of material fact on any particular claim.  This is especially so where (a) her own expert's analysis of Svensson's self-selected 91 comparators has failed to find evidence of gender discrimination, and (b) Professor's Bloom's analysis (which Svensson has not even asked her expert to review) reaches the same conclusion.  Because Svensson has failed to satisfy the requirements of Rule 56(f), her emergency motion should be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, Putnam prays that this Court deny Plaintiff's Emergency Motion for Relief Pursuant to Rule 56(f) Concerning Putnam's Expert.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
joseph.kocuibes@bingham.com
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO #665231
Jennifer L. Holden, BBO #663467

BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: February 26, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 26, 2008.

      /s/ Jennifer Holden, BBO #663467
      jennifer.holden@bingham.com