UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lisa Svensson,<br><br>                    Plaintiff,<br><br>     v.<br><br>Putnam Investments LLC,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 04-12711-PBS<br>)<br>)<br>)<br>) |

**RESPONSE OF PUTNAM INVESTMENTS TO PLAINTIFF'S CLARIFICATION
CONCERNING HER COMPENSATION CLAIMS**

Defendant, Putnam Investments, LLC ("Putnam"), responds to the Clarification filed by Plaintiff, Lisa Svensson ("Svensson") concerning her compensation claims as follows:

1. In her Clarification, Svensson states that she intends to pursue a claim for pay discrimination under the Massachusetts Equal Pay Act ("MEPA") for calendar years 2002 and 2003. Svensson's MEPA claims for 2002 and 2003 are time-barred because, contrary to the assertion in her "Clarification," the statute of limitations for MEPA runs from the day when Svensson filed her federal court complaint on December 27, 2004, and *not* when she filed her MCAD charge on March 1, 2004. That is because the Massachusetts Commission Against Discrimination ("MCAD") *does not enforce MEPA* (and, as such, there is no requirement of administrative exhaustion). *See* Putnam's Reply to Svensson's Supplemental Memorandum Opposing Summary Judgment at 9, fn 7 [Docket #303]. Because Svensson was terminated on September 15, 2003, more than one year before she filed her MEPA claim on December 27, 2004, Svensson did not receive any allegedly discriminatory pay within the limitations period, and her claim is time barred. *Id.*

2. In her Clarification, Svensson also states that she intends to pursue a claim for pay discrimination under Title VII and ch. 151B for 2002 and 2003. These claims also are time-barred. Under both statutes, the relevant cut-off date is May 6, 2003, 300 days before the filing

of her MCAD charge, since the MCAD *does* enforce these statutes.  Nonetheless, Svensson's 2002 compensation claim is time-barred because all decisions concerning her 2002 salary and her bonus for 2002 (paid in March 2003) were made in March 2002 and March 2003 respectively, before the May 6, 2003 cut-off date for her Title VII and 151B claims.  In light of the Supreme Court's ruling in *Ledbetter v. Goodyear Tire & Rubber Co.,* 127 S.Ct. 2162, 2165 (2007), Svensson's receipt of allegedly discriminatory pay thereafter does not toll the running of the limitations period.  *See* Putnam's Memorandum in Support of its Motion for Summary Judgment at 14-15 [Docket #206].  Svensson's Title VII and ch. 151B compensation claim for 2003 is time-barred because all decisions concerning her 2003 salary were made by March 2003, before the May 6, 2003 limitations cut-off date.  *Id*.

As for her 2003 bonus, Svensson has no compensation claim as such for two reasons. First, Svensson did not receive a bonus for 2003 because she was not employed when 2003 bonuses were paid in March 2004.  Thus she cannot claim that she received a 2003 bonus that was less than that paid to similarly situated men.  Second, Svensson has not and cannot claim that terminated males received bonuses under circumstances similar to hers.  At best, Svensson has a speculative claim to a 2003 bonus as an element of damage in connection with her termination claim -- not a separate "compensation" claim

3.  Svensson also has failed to articulate a prima facie case of gender discrimination in compensation, or to demonstrate that Putnam's reasons for its pay decisions were pretextual.  In the Memorandum and Order issued on April 9, 2008 (pp. 16-17) [Docket #317], the Court deferred decision on Svensson's compensation claims, noting that Svensson failed to brief her Title VII and ch. 151B claims (Order p. 17) and that she failed to present any specific evidence in support of her MEPA claims (Order p. 16).  Svensson has not remedied those failures in her Clarification.  Thus, Putnam's analysis demonstrating that Svensson has failed either to establish a prima facie case of pay discrimination or to adduce any evidence that Putnam's specific pay decisions were pretextual, remains unanswered.  *See* Putnam's Memorandum in Support of its Motion for Summary Judgment at 18-21 [Docket #206].

## CONCLUSION

For the reasons stated above, Putnam requests this Court dismiss with prejudice Svensson's MEPA, Title VII, and ch. 151B compensation claims.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO #665231
Jennifer L. Holden, BBO #663467
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: April 15, 2008

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April15, 2008.

/s/ Jennifer L. Holden
Jennifer L. Holden,  BBO #663467