UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>                 Plaintiff,<br><br>                 v.<br><br>PUTNAM INVESTMENTS, LLC AND LAWRENCE J. LASSER,<br><br>                 Defendants | CIVIL ACTION<br>NO. 12711-PBS |

**PUTNAM'S MOTION *IN LIMINE* TO EXCLUDE STATISTICALLY INSIGNIFICANT EVIDENCE AND TO PREVENT SVENSSON FROM REFERRING TO SUCH EVIDENCE UNLESS AND UNTIL IT HAS BEEN ADMITTED**

Defendant, Putnam Investments ("Putnam"), moves *in limine* for an order excluding purported statistical evidence that does not satisfy the applicable standards of admissibility for statistical evidence, and preventing plaintiff, Lisa Svensson ("Svensson"), from referring to any such evidence until it has been admitted.

Svensson may seek to introduce purported statistical analyses through her own testimony and/or the testimony of her expert, Paul F. White, Ph.D. ("Dr. White"), to support her claim that Putnam made gender-based employment decisions. Neither Svensson's testimony nor Dr. White's analysis show a statistically significant pattern of sex-discrimination with respect to Putnam's compensation, demotion or termination practices, and should be excluded.

    **A.**    **Statistical Evidence Must Be Statistically Significant**

To be admissible, statistical evidence must be "statistically significant." *See, e.g. Rathbun v. Autozone,* 361 F.3d 62, 79 (1st Cir. 2004) (statistical analysis purported to demonstrate employer's conduct conformed to a general pattern of discrimination not admissible in the "absence of any indication of statistical significance."); *Cruz-Ramos v. Puerto Rico Sun*

*Oil Co.*, 202 F.3d 381, 385 (1st Cir. 2000) (plaintiff's "burden was to adduce facts tending to show that Sun furloughed him because of his age, and he cannot carry that burden simply by a comparison of ages within a sample that lacks statistical significance."). As a general rule, statistical significance is shown when the difference between the expected value and the observed number is "greater than two or three standard deviations" *Hazelwood Sch. District v. United States,* 433 U.S. 299, 308 n.14 (1977). As Dr. White conceded, statistical significance is required to ensure that factors other than sex animus did not play a role in the alleged adverse decision. (White Dep. 51).

Dr. White concedes that he could find no statistically significant pattern with respect to Putnam's compensation, demotion and termination practices. Thus, Dr. White found:

- *Demotion from Portfolio Manager:* A slightly higher (but not statistically significant) ratio of *men* were transferred from portfolio management than women. White Dep. 143-144. ("Mr. Kociubes: And do I then assume that fewer females were demoted from portfolio manager than you would have expected? Dr. White: Yes.").
- *Compensation:* There was no statistically significant gender disparity in total compensation for 2002 or 2003 (the only years for which Svensson has asserted compensation claims). *See* Appendix B of White Report; White Dep. 50-53 (for total compensation in 2002, "the difference … was not statistically significant," and for 2003, it was "correct" that "there was no statistical significance").
- *Termination:* When Dr. White performed "detailed calculations for the comparison between male and female named comparators for the plaintiff's termination claim," he found that "none of the[ ] results [were] statistically significant." White Report at 11.

This evidence should not be presented to the jury.

      **B.**     **Svensson's Other "Pseudo-Statistical" Evidence is Not Admissible.**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court held that a "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579 (1993). The case law applying the *Daubert* standard to statistical evidence requires the purported evidence to be of statistical significance. *See* Part A, above.

Svensson may seek to refer to or introduce "pseudo-statistical" raw data, anecdotes, averages, or other legally insufficient statistical evidence concerning Putnam's Investment Division. In her supplemental Opposition to summary judgment, Svensson attempted to perform

a pseudo-statistical analysis of Putnam's Investment Division using raw data from Dr. White's report.[1] Not only does Svensson lack the qualifications to perform any expert statistical analysis, but her "analysis" did nothing more than purport to show that the *percentage* of women in Putnam's officer ranks declined over time, or that men received more promotions on average. Assertions of "averages" cannot bolster the admissibility of Svensson's statements. *See Lamphere v. Brown University*, 685 F.2d 743, 750 (1st Cir. 1982) (holding that "the numerical disparity between men and women at particular job levels at Brown by itself is not probative," as "[t]he statistics, though striking upon first reading, may simply reflect an absence of qualified female applicants, rather than pervasive sex discrimination."). The First Circuit has held that such "evidence" is inadmissible. *Hillstrom v. Best Western Hotel,* 354 F.3d 27 (1st Cir. 2003) (affirming grant of summary judgment, holding plaintiff's evidence – that roughly 75% of all individuals terminated by [the decision-maker] were over 40 and that 87% of those terminated were male – invalid because "absent evidence of the characteristics of the universe of employees supervised by [the decision-maker], those figures are not probative"); *Bennett v. Saint-Gobain Corp.,* 453 F.Supp.2d 314, 229 ("changing demographics of the law department" was not probative of age-discrimination, although the "average age . . . fell from 52 to 48" because there was "no evidence that the decrease [was] statistically significant."); s*ee also Morales v. ICI Paints, Inc.,* 383 F.Supp.2d 304 (D.P.R. 2005) ("[t]he numbers submitted by plaintiff, even if admissible, in and of themselves have no meaning nor has [s]he submitted any other admissible evidence pointing to a disparity probative of discriminatory intent."). Because Svensson's lay

---

[1] For example, Svensson's statistical evidence of discrimination for promotion to Managing Director was that "the total number of MDs in the Investment Division was 42. Nine, or 21%, were female." (Exhibit E). Svensson's statistical evidence of pay differentials is that "after her demotion, Svensson was paid as the average male Analyst from her comparator group, but had almost twice the investment experience and Putnam tenure." (Exhibit F). Finally, Svensson purports to show anecdotal evidence of gender discrimination with respect to promotion to Portfolio Manager because 6 males were appointed to positions to which she believed she was qualified. (Exhibit G). Of course, none of this "evidence" is statistically significant (or even relevant), because it fails to account for factors other than sex animus.

analyses do not meet the admissibility standards set forth in the applicable case law, these analyses should not be presented to the jury.

## CONCLUSION

For the reasons stated herein, Putnam moves that this Court exclude statistical evidence that is statistically insignificant and order that Svensson may not refer to such evidence unless and until it has been admitted.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: April 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2008.

/s/ Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com

- 4 -

A/72474591.2/0398860-0000312913