UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PUTNAM INVESTMENTS, LLC and<br>LAWRENCE J. LASSER,<br><br>　　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 12711-PBS<br>)<br>)<br>)<br>)<br>) |

**PUTNAM'S MOTION *IN LIMINE* TO EXCLUDE
ANECDOTAL EVIDENCE CONCERNING OTHER EMPLOYEES**

Defendant, Putnam Investments ("Putnam"), moves *in limine* to exclude anecdotal evidence concerning other employees, including comparator and "me too" evidence, unless and until plaintiff, Lisa Svensson ("Svensson"), establishes that the employee is similarly situated to her, and that the proffered evidence is relevant to her claim. Putnam also seeks an order precluding Svensson from referring to such evidence unless and until it has been admitted.

**A.　Anecdotes Concerning Other Employees Should Be Excluded Unless and Until an Adequate Foundation Is Laid.**

Svensson's pretrial submissions demonstrate that she intends to try her case by creating "mini-trials" about Putnam's promotion, demotion, compensation and/or termination decisions or actions concerning other Putnam employees. Determining whether such comparator evidence is admissible in the first instance is a matter for the Court to determine. *See, e.g. Anderson v. Boston School Committee,* 105 F.3d 762, 765 (1st Cir. 1997) (affirming district court's decision to exclude plaintiff's comparator evidence at trial because "plaintiff had not carried his burden of showing that the white employee cases were 'similarly situated' to that of plaintiff, in order to lay a basis for the admission of the evidence.")

- 2 -

Svensson must convince this Court that proffered evidence concerning other employees is relevant to the determination of her case. *See generally Matthews v. Ocean Spray Cranberry, In*c., 426 Mass. 122, 130 (1997). This is a two-step process. First, the employee in question must be an appropriate legal comparator. That is, "the employees must be similar in terms of performance, qualifications, conduct and any other relevant characteristics or circumstances." *Bennett v. Saint Gobain Corp.*, 453 F.Supp.2d 314 (D.Mass. 2006), aff'd, 507 F.3d 23 (1st Cir. 2007). Employees are not legal comparators if they have "differentiating or mitigating circumstances that would distinguish their situations." *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994). "As with all comparative evidence, it is the plaintiff's burden to demonstrate that she is comparing apples to apples." *Rathbun v. Autozone*, *Inc.,* 361 F.3d 62 (1st Cir. 2004).

Second, the adverse action in question must be the same as or substantially identical to the action of which Svensson complains. In this case, Svensson complains that Putnam terminated, demoted, or disparately paid her on account of her gender. Putnam has proffered and will proffer legitimate non-discriminatory reasons for the adverse actions about which Svensson complains. Comparator evidence is relevant only to the extent that a male comparator (as defined above) who engaged in the same or substantially identical behavior was treated more favorably than was Svensson. The cases make clear that evidence about other employees whose experiences are "wholly unlike [Svensson's] own" or which bear nothing other than a "passing resemblance" to her case, should be excluded. *Conward v. Cambridge School Committee,* 171 F.3d 12, 20 (1st Cir. 1999). Therefore, Svensson should be precluded from introducing evidence concerning other Putnam employees who were (or were not) terminated, demoted, or paid differently based on situations "wholly unlike [her] own." *Conward,* 171 F.3d at 20.

Finally, even if this Court finds that Svensson has legal comparators, Svensson should be precluded from testifying about Putnam's treatment of other employees to the extent that her testimony is based on hearsay and not upon her personal knowledge. *Com. v. Adjutant*, 443

Mass. 649, 664 (2005) ("opinions are often formed based on rumor or other unreliable hearsay sources, without any personal knowledge on the part of the person holding that opinion.").

### B. Anecdotal Evidence by Putnam Personnel Should Be Excluded.

Svensson also may seek to call witnesses to testify that they also were discriminated against by Putnam, (so-called "me-too" evidence). Such evidence is admitted "sparingly" (*Cummings v. Standard Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001)) because it poses a serious risk that a "trial within a trial" will ensue. *Wyvill v. United Companies Life Ins. Co.,* 212 F.3d 296 (5th Cir. 2000). The First Circuit prohibits such anecdotal "me-too" evidence premised upon an employee's mere belief that she was discriminated against based on her protected class because "evidence of this sort does little more than corroborate what was undisputed: that members of the protected class were terminated." *Goldman v. First National Bank*, 985 F.2d 1113, 1119-21 (1st Cir. 1993). Rather, "me too" evidence typically is admitted only when an employee can testify as to direct evidence of discrimination. *See, e.g. Cummings,* 265 F.3d at 61 (permitting "me too" evidence that manager told plaintiff's colleague he was "too old for the job").

The issue at trial is whether Putnam terminated, demoted, or disparately paid Svensson based on her gender. Svensson does not establish that claim by calling another employee who merely testifies to her belief that she was terminated because she was a female. For example, during discovery, Svensson deposed Lauren Allansmith, a former Putnam employee, presumably because Allansmith also believes Putnam terminated her based on her gender. The facts surrounding Allansmith's termination, however, are nothing like those involving Svensson: Allansmith was one of many employees laid off as part of a reduction-in-force a year after Svensson's termination, and not because she refused to accept her supervisor's redefined job description. Unless Svensson establishes the specific and very limited predicate for the admission of anecdotal and "me-too" evidence, such evidence should be excluded.

## CONCLUSION

For the reasons stated herein, Putnam moves that this Court exclude evidence by or about Putnam personnel until Svensson establishes that the employee is a legal comparator and/or that the "me too" evidence is relevant and not unduly prejudicial.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: April 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2008.

/s/ Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com

- 4 -