# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Lisa Svensson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 04-12711-PBS |
| Putnam Investments LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PUTNAM INVESTMENTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY SETTLEMENTS, SEPARATION DOCUMENTS, OR SUBSEQUENT CORPORATE TRANSACTIONS

Defendant, Putnam Investments ("Putnam"), moves *in limine* for an order excluding the fact of or terms of any settlement agreement made by Putnam with securities regulators or otherwise. Putnam further moves to exclude the fact of or terms of any separation agreement between Putnam and any of its former employees. Finally, Putnam seeks an order preventing Svensson from referring to such settlements or separation agreement. Such settlement agreements or separation agreements, and the information contained therein, are irrelevant to any of Svensson's allegations of gender discrimination and to whether Putnam acted wrongfully with respect to Svensson. Any attempt by Svensson to reference or admit this irrelevant information is an attempt improperly to prejudice Putnam by distracting the Court from the facts and circumstances unique to Svensson's claims.

### A. The Court Should Preclude Evidence Concerning or Referencing the Fact of or Terms of Any Settlement Agreement, Including Between Putnam and Any Securities Regulator.

Unproven allegations, whether contained in settlement agreements with regulators or otherwise, should not be used as evidence to prove Svensson's allegations. There are several clear reasons for excluding the fact of, or reference to, such settlement documents.

First, admission of such evidence is inconsistent with public policy, which strongly favors the voluntary settlement of claims if the parties can reach agreeable terms. *See* M. Graham, *Handbook on Federal Evidence* § 480.1 at 428-31. Such evidence is presumptively inadmissible because "the offer or compromise involves a purchase or attempt to purchase peace rather than an admission of liability." M. Graham, *Handbook on Federal Evidence* § 408.1, at 428-41 (4th ed. 1996). The fact that parties to a lawsuit reached a settlement does not tend to show a defendant was liable in that action any more than it tends to show a claim was frivolous. *See Highland Capital Man't v. Schneider,* 2008 WL 286769, No. 02 Civ. 8098 (S.D.N.Y. Jan. 31, 2008) ("Rule 408 embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials as a means of establishing or disproving liability.") (quotations omitted). Thus, the admission of settlements as purported proof of liability in subsequent cases would undermine public policy by deterring parties from making efforts voluntarily to settle their disputes. Admitting such documents would also improperly assign weight to a result that was not the product of a hearing but solely an agreement between the parties. For this reason, evidence of settlement agreements are inadmissible.

Second, settlements agreements should be excluded because they are <u>not</u> adjudications of fact and contain <u>no</u> admissions of wrongdoing. Entering into a settlement agreement or consent decree "is not a decision on the merits and therefore does not adjudicate the legality of any action." *Beatrice Foods v. F.T.C.*, 540 F. 2d 303 (7th Cir. 1976); *McInnis v. A.M.F., Inc.,* 765 F.2d 240, 247 (1st Cir. 1985) ("such evidence [of settlements] is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions."). To the contrary, where a matter is resolved by settlement, "no issues have been litigated or decided," and settlement agreements contain "no concession or admission of fact." *SEC v. Pace*, 173 F.Supp.2d 30, 34 (D.D.C. 2001). Based on this reasoning, courts routinely exclude from subsequent proceedings evidence of settlements with regulators. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892-94 (2d Cir. 1976) (holding that

settlements between a regulatory agency and a private corporation cannot be used as evidence in subsequent litigation against that private corporation); *accord*, *New Jersey Turnpike Auth. v. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 473 (D.N.J. 1998) ("there is no question that Occidental entered into the 1990 [regulatory settlement] . . . in order to compromise a disputed claim; accordingly, FED. R. EVID. 408 bars reliance upon it as evidence of liability"); *In re Blech Sec. Litig.*, 2003 U.S. Dist. LEXIS 4650, at *11 (S.D.N.Y. 2003) ("SEC [consent] judgments are inadmissible"); *see also generally Cole v. Rosenberg*, 2000 WL 1459850 at *5 (S.D.N.Y. 2000) (<u>allegations</u> of misconduct are not proof of anything; <u>evidence</u> of misconduct is required).

Third, settlement agreements which are <u>unrelated to the facts of this gender discrimination case</u> are simply irrelevant to this case. *See* Fed. R. Evid. 403. Even if there were any potential probative value to such evidence (and Putnam can envision none), it would be substantially outweighed by the danger that referencing or admitting such agreements would confuse the issues or mislead the jury. *See id.*

### B. This Court Should Preclude Evidence Referencing Any Separation Agreement between Putnam and its Former Employees.

This Court should preclude evidence of or relating to separation agreements between Putnam and other former employees. Such agreements are neither probative nor relevant to any of Svensson's claims of gender discrimination, and will only tend to confuse or mislead the jury. *See* Fed. R. Evid. 403. Because Svensson never signed a separation agreement with Putnam, reference to the fact of or terms of other <u>signed</u> separation agreements are entirely unrelated to her claims. The separation agreements were produced in discovery because Svensson alleged that they were arguably relevant to her retaliation claim. That claim has been dismissed by the Court.

### C. This Court Should Preclude Evidence of Corporate Transactions.

During discovery, and at least one hearing in this matter, Svensson has made references to the recent acquisition of Putnam by Power Corporation from Marsh & McLennan and referred

to the purchase price paid by Power.  Putnam requests that this Court exclude all such evidence as being wholly irrelevant to Svensson's claims.

## CONCLUSION

For the reasons stated above, Putnam requests that this Court grant this motion and bar evidence of the irrelevant settlements, separation agreements and corporate transactions discussed above.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes, BBO #276360
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
Allyson E. Kurker, BBO #665231
Jennifer L. Holden, BBO #663467
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: April 22, 2008

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2008.


/s/ Jennifer L. Holden
Jennifer L. Holden,  BBO #663467