UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * *   Civil Action No. 04-12711-PBS
                        *
LISA SVENSSON           *
                        *   BBO No. 351000
        Plaintiff,      *
                        *   Plaintiff Svensson's
v.                      *   Motion, in limine, to Admit
                        *   in Evidence the Annexed
                        *   Summaries Pursuant to
PUTNAM INVESTMENTS, LLC,*   Fed. R. Evid. 1006
et al.,                 *   and
                        *   Memorandum in Support
        Defendants.     *   and
                        *   Request for Hearing and
* * * * * * * * * * * * *   Oral Argument
```

### Motion.

Pursuant to Fed. R. Evid. 1006, plaintiff Lisa Svensson ("Svensson") moves this court, in limine, for an order permitting her to introduce in evidence, as exhibits at trial, the summary charts annexed hereto as Exhibits 1-26.[1]  The grounds for this opposition are set forth in the following memorandum.

### Memorandum.

Svensson submits this memorandum of law in support of her motion in limine.

---

[1] Because the charts, Exhibits 1-26, may contain confidential information, Svensson, in compliance with this court's confidentiality order, is filing this motion via the court's ECF system without the charts and is filing paper copies of the charts with the court, under seal, together with a motion to impound.  Paper copies of the charts are also being served on counsel for Putnam.

1.  Facts.

This is a complex case in which Svensson relies, in part, on thousands of pages of documentary evidence to establish that defendant Putnam Investments, LLC ("Putnam"), engaged in gender discrimination against her in its decisions concerning her promotion, demotion, termination and compensation. Svensson's pretrial disclosures list more than 450 separate exhibits, many of which consist of multiple pages and many of which are Putnam internal email communications. Putnam has identified approximately 60 additional documentary exhibits.

Among other complexities, Svensson's proof of discrimination requires that the jury understand, among other things,

- --the Putnam business organizational hierarchy,
- --the numbers of women and men holding positions comparable to various positions held by Svensson during various time periods,
- --how Putnam's employment decisions impacted the representation of women in Putnam's Investment Management Division over a series of years,
- --how Svensson's compensation compared to compensation awarded to males in comparable positions during the relevant years, and
- --how Svensson's career path at Putnam compared to the career paths of comparable males.

While such information can be derived from the exhibits relied upon by Svensson, locating that information from among the hundreds of exhibits, consisting of thousands of pages, would be a daunting, nearly impossible, endeavor for the jury.

2.   <u>Argument</u>.

In order to assist the jury in its consideration of the voluminous exhibits, this court should allow Svensson to introduce in evidence, as exhibits at trial, the 26 summary charts annexed hereto as Exhibits 1-26.

Federal Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

This is exactly the kind of complex case in which summary charts will assist the jury and should be admitted in evidence.

"It is hard to imagine an issue on which a trial judge enjoys more discretion that as to whether summary exhibits will be helpful." <u>United States</u> v. <u>Milkiewicz</u>, 470 F.3d 390, 398 (1st Cir. 2006).  Svensson satisfies the requirements of Rule 1006. In order to admit a summary chart under Rule 1006, the proponent must "show that the voluminous source materials are what the proponent claims them to be and that the summary accurately summarizes the source materials.  In this case, each of the source documents will have been authenticated and admitted in

evidence before Svensson offers the summary charts.[2] Putnam will have copies of the source documents and will, therefore, have ample opportunity to assess whether the charts accurately summarize the source documents.

To authenticate the charts themselves, Svensson will testify concerning the method by which she created them. Neither such testimony nor the charts themselves constitute expert opinion, as they merely summarize information set forth in other exhibits and evidence, and do not purport to analyze such information in any manner requiring knowledge beyond that of a lay person.

3. Conclusion.

For all of the foregoing reasons, and because admission of the summary charts will, without question, aid the jury in its consideration of the evidence, this court should enter an order allowing Svensson to introduce the summary charts annexed hereto as Exhibits 1-26.

Request for Hearing and Oral Argument.

Svensson requests a hearing and oral argument on her motion

---

[2] A rule 1006 summary may be admitted in evidence in addition to, not just instead of, the underlying documents. Milkiewicz, 470 F.3d at 397.

4

<u>in limine</u>.

                          LISA SVENSSON, plaintiff,

                          By her attorneys,

                          BARRON & STADFELD, P.C.

                          /s/ Kevin F. Moloney_____
                          Kevin F. Moloney  BBO No. 351000
                          100 Cambridge Street, Suite 1310
                          Boston, Massachusetts  02114
                          Tel.: 617.723.9800/531.6569

                          and

                          /s/ John K. Weir_____
                          John K. Weir, Admitted PHV
                          John K. Weir Law Offices, LLC
                          300 Park Avenue, Suite 1700
                          New York, New York, 10022
                          Tel.: 212.572.6374

Dated: April 29, 2008

                    Certificate of Service.

    This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                          /s/ Kevin F. Moloney_____

Dated: April 29, 2008

[428932.1]