5UNITED STATES DISTRICT COURT<br/>
DISTRICT OF MASSACHUSETTS

LISA SVENSSON,

       Plaintiff,

       v.

PUTNAM INVESTMENTS, LLC

       Defendant.

CIVIL ACTION
NO. 04-12711-PBS

## **DEFENDANT, PUTNAM INVESTMENTS' PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Civ. P. 51, and this Court's Pretrial Order dated April 8, 2008, defendant, Putnam Investments LLC ("Putnam"), requests that this Court include the attached instructions in its charge to the jury in this matter. Each proposed instruction is set forth on a separate page for ease of reference. Putnam reserves the right to submit revised and supplemental instructions as appropriate at the close of the evidence.

                                        **PUTNAM INVESTMENTS, LLC,**
                                        By its attorneys,
                                        /s/ Joseph L. Kociubes
                                        Joseph L. Kociubes, BBO #276360
                                        joe.kociubes@bingham.com
                                        Louis A. Rodriques, BBO #424720
                                        louis.rodriques@bingham.com
                                        Allyson E. Kurker, BBO #665231
                                        allyson.kurker@bingham.com
                                        Jennifer L. Holden, BBO #663467
                                        jennifer.holden@bingham.com
                                        **BINGHAM MCCUTCHEN LLP**
                                        150 Federal Street
                                        Boston, MA  02110-1726
                                        617.951.8000

Dated: May 5, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 5, 2008.


                                /s/ Allyson E. Kurker, BBO #665231

                                allyson.kurker@bingham.com


                                            -2-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 1

### (Background)

In this case, plaintiff alleges that defendant discriminated against her on account of her sex. In particular, plaintiff alleges that defendant's 2002 transfer of plaintiff from defendant's International Growth team to defendant's Global Equity Research team constituted a demotion and was motivated by her gender. Plaintiff next alleges that in 2002 and 2003 defendant paid her less than it paid similarly-situated male employees, and that it did so because she is a woman. Finally, plaintiff alleges that defendant terminated her employment on September 15, 2003, because of her sex.

For its part, defendant denies that its 2002 decision to transfer plaintiff from International Growth to Global Equity Research was a demotion, or that the decision was in any way motivated by plaintiff's sex. Defendant also denies that it paid plaintiff less than similarly-situated men. Finally, defendant denies that plaintiff's sex played any role in its decision to terminate her.

What each of plaintiff's claims has in common is the allegation that she claims she suffered an adverse employment action because she is a woman. I will instruct you about each of plaintiff's claims in turn. Before turning to plaintiff's specific claims, however, I will give you some general instructions that apply to all of plaintiff's claims.

A/72505985.7/0398860-0000312913

**PUTNAM'S PROPOSED JURY INSTRUCTION NO. 2**

**(Determinative Cause)**

As I mentioned, what each of plaintiff's claims have in common is the allegation that she suffered an adverse employment action because she is female. To establish each such claim, plaintiff must prove to you by a preponderance of the credible evidence that defendant had a discriminatory animus (and I shall define "discriminatory animus" in a moment) against plaintiff because she was female, and that that animus was the determinative cause for the particular employment action about which plaintiff is complaining. By "determinative cause," I mean that plaintiff must have established by a preponderance of the evidence that if she were not female, defendant would not have taken the action in question.[1]

---

[1] *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 508 (2001); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 141 (2000); Model Civil Jury Instructions for the District Courts of the Ninth Circuit, §11.5.1 (1997 ed.); Model civil Jury Instructions for the District Courts of the Eighth Circuit, §5.01 (1999 ed.).

-4-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 3

### (Discriminatory Animus – Direct and Circumstantial Evidence)

Discriminatory animus means that someone acts with a discriminatory intent, motive or state of mind. Sometimes intent can be proved directly; for example, by a witness describing what her state of mind was or by a witness testifying to what a defendant said that would be reflective of his or her state of mind. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace.[2]

Intent or state of mind also can be proven indirectly or circumstantially. I shall give you some examples of indirect or circumstantial evidence momentarily. The law does not draw any distinction between the weight to be given to direct and circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference argued from the evidence must, however, be a reasonable inference.[3]

---

[2]   *Wynn & Wynn v. MCAD*, 431 Mass. 665, 666-67 n.20 (2000); *Fernandez v. Costa Bros. Masonry*, 199 F.3d 572, 581-83 (1st Cir. 1999).

[3]   *Brown v. Commonwealth*, 407 Mass. 84, 89 (1990); *Abraham v. City of Woburn*, 383 Mass. 724, 729-30 (1981).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 4

### (Circumstantial Evidence -- Similarly Situated Males)

One type of circumstantial evidence of discrimination can be when a plaintiff points to males who were similarly situated to her, but who did not suffer the same adverse employment action.  Who is a similarly situated male varies given the type of claim that a plaintiff asserts.  As a general matter, for another employee to be similarly situated to plaintiff, that employee must be similar in terms of performance, qualifications, conduct or any other factor that the employer uses in making decisions about employment actions.[4]  An individual is not similarly situated to the plaintiff if there are meaningful differences between her and him that help explain why the defendant treated the two differently.[5]  Put another way, it is plaintiff's burden to persuade you "that she is comparing apples to apples."[6] "The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated."[7]  Only when employees are similarly situated to plaintiff in the manner I have described, can you infer anything about defendant's treatment of such employees as evidence of sex discrimination.

---

[4]    *Matthews v. Ocean Spray Cranberry, In*c., 426 Mass. 122, 130 (1997), quoting *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994).

[5]    *Rodriguez-Cuervos v. Walmart Stores, Inc.*, 181 F.3d 15, 21 (1st Cir. 1999).

[6]    *Rathbun v. Autozone, Inc.,* 361 F.3d 62 (1st Cir. 2004).

[7]    *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989).

-6-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 5

### (Circumstantial Evidence -- Statistics)

The parties in this case have offered statistical evidence in support of their positions. Statistical evidence also can be circumstantial evidence of discrimination. Statistical evidence is used to help a jury determine whether an employer's conduct conformed to a general pattern of discrimination. However, statistical evidence only is relevant when it is considered "statistically significant."[8] As a general rule, statistical significance is shown when the difference between the expected value and the observed number is "greater than two or three standard deviations."[9] Averages, percentages, raw data, and anecdotes are insufficient to establish statistical significance.[10] This type of information is not reliable because it cannot control for factors or variables other than discrimination.[11]

---

[8]    *Cruz-Ramos v. Puerto Rico Sun Oil Co.*, 202 F.3d 381, 385 (1st Cir. 2000).

[9]    *Hazelwood Sch. District v. United States,* 433 U.S. 299, 308 n.14 (1977).

[10]    *Lamphere v. Brown University*, 685 F.2d 743, 750 (1st Cir. 1982); *Hillstrom v. Best Western Hotel,* 354 F.3d 27 (1st Cir. 2003).

[11]    *Hillstrom v. Best Western Hotel,* 354 F.3d 27 (1st Cir. 2003).

A/72505985.7/0398860-0000312913

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 6

### (Speculation)

A plaintiff's speculation concerning the reasons for the adverse action cannot be used to prove a claim that defendant discriminated against her because of gender.[12]  A plaintiff's own perceptions or the perceptions of her co-workers, about the adequacy of plaintiff's own performance are irrelevant because they do not shed any light on whether the decision-maker based his or her employment decisions on performance-related considerations.[13]

---

[12]    *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 6 (1st Cir. 1998).

[13]    *Dávila v. Corporación de Puerto Rico Para La Difusión Pública,* 498 F.3d 9, 17 (1st Cir. 2007); *McMillan v. Mass. Society for Prevention of Cruelty to Animals*, 140 F.3d 288, 301 (1st Cir. 1998).

A/72505985.7/0398860-0000312913

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 7

### (At-Will Employment)

There are two other important issues for you to keep in mind in deciding whether plaintiff has proven by a preponderance of the evidence that defendant had a discriminatory animus against her because she is a female, and that that animus was the determinative cause of an adverse employment action against plaintiff by defendant. First, plaintiff was an at-will employee of defendant. In the case of an at-will employee, an employer can discharge that employee, or alter that employee's job or conditions of employment, for almost any reason or for no reason whatsoever.[14] An employer may not, however, take such an action against an employee because the employee is a female.[15]

---

[14]　*Jackson v. Action for Boston Community Dev. Inc.,* 403 Mass. 8, 9 (1988).

[15]　Title VII of the Civil Rights Act of 1964, 42. U.S.C. 2000e, et seq. ("Title VII") and Mass. Gen. Laws Ch. 151B ("Ch. 151B").

-9-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 8

### (Business Judgment Rule)

Second, the laws governing discrimination are not intended to be a vehicle for courts or juries to second-guess business decisions; nor are these laws intended to transform the courts or the jury into personnel managers.[16]  In considering plaintiff's claims, it is not relevant whether you believe that defendant's reasons for its actions were good or important reasons or reasons which you yourself would adopt or approve.  Employment actions, even those which may seem to you to be arbitrary or unfair, do not constitute unlawful employment discrimination, unless the employment action was based on a discriminatory animus.[17]  Similarly, you need not agree with defendant's assessment of plaintiff's conduct or performance. In fact, any opinion that the employment decisions at issue were erroneous, unfair, or that they reflected poor judgment, is irrelevant.  The only relevant question is whether defendant's decision to take an adverse employment action against plaintiff was made out of discriminatory animosity or bias toward her based on her sex.  Unless plaintiff persuades you by a preponderance of the credible evidence that defendant had a discriminatory bias towards her AND that that bias was the determinative cause of the decision to take the adverse action, you must find for defendant.[18]

---

[16]     *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 823 (1st Cir. 1991).

[17]     *Weber v. Community Teamwork, Inc.*, 434 Mass. 761, 778 (2001).

[18]     *Kelly v. Airborne Freight Corp.,* 124 F.3d 64, 69-70 (1st Cir. 1997); *Brunner v. Stone & Webster Engineering*, 413 Mass. 698, 704 (1992).

In summary, to prevail on her claims against defendant, plaintiff has the burden of proving both of the following by a preponderance of the credible evidence:

(1)     that defendant had a discriminatory animus against plaintiff because she is female; and

(2)     that defendant's discriminatory animus was the determinative cause of its decision to take an adverse employment action against plaintiff, or put differently, that but for her gender, defendant would not have taken that action.[19]

Only if you find that plaintiff have proved these elements, should your verdict be for plaintiff.  If you find that she failed to prove any of these elements by a preponderance of the evidence, your verdict must be for defendant.

---

[19]     *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 508 (2001); Model Civil Jury Instructions for the District Courts of the Ninth Circuit, §11.5.1 (1997 ed.); Model civil Jury Instructions for the District Courts of the Eighth Circuit, §5.01 (1999 ed.).

-11-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 9

### (Demotion - Adverse Employment Action)

I will now turn to plaintiff's specific claims. Plaintiff first alleges that defendant demoted her in 2002 when it moved her from its International Growth team to its Global Equity Research team. Plaintiff also alleges that defendant made the decision to transfer her to Global Equity Research because she is a woman. In considering this claim, you first must first decide whether plaintiff suffered an adverse employment action when defendant moved her from International Growth to Global Equity Research. An "adverse employment action" is one that materially and negatively changes the conditions of plaintiff's employment.[20] You should keep in mind that an employee's displeasure at a personnel action cannot, standing alone, render it materially adverse.[21] If you decide that defendant's decision to move plaintiff to its Global Equity Research team was not an adverse employment action, then you must find for defendant.

---

[20]    *Armery v. Potter*, 497 F.Supp.2d 134, 141 (D.Mass. 2007); *Gu v. Boston Police Dep't,* 312 F.3d 6, 14 (1st Cir. 2002).

[21]    *Billings v. Town of Grafton*, 515 F.3d 39 (1st Cir. 2007), quoting *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir. 1996).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 10

### (Demotion - Determinative Cause)

If you decide that plaintiff suffered an adverse employment action when defendant transferred her from International Growth to Global Equity Research, you next must consider defendant's intent, or state of mind, when it transferred plaintiff -- that is, you must determine whether defendant took this personnel action because plaintiff is a woman.[22]

To demonstrate this, plaintiff must prove to you by a preponderance of the credible evidence that defendant had a discriminatory animus against plaintiff because she is female, and that that animus was the determinative cause for the decision to transfer her to Global Equity Research. Again, by "determinative cause," I mean whether plaintiff has established by a preponderance of the evidence that if she were not female, defendant would not have moved her to Global Equity Research.[23]

---

[22]    *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 508 (2001); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 141(2000); Model Civil Jury Instructions for the District Courts of the Ninth Circuit, §11.5.1 (1997 ed.); Model civil Jury Instructions for the District Courts of the Eighth Circuit, §5.01 (1999 ed.).

[23]    *Id.*

-13-

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 11

### (Demotion - Similarly Situated Males)

If you decide that plaintiff suffered an adverse employment action when she was transferred to the Global Equity Research department, determining whether defendant treated similarly situated employees differently may be considered by you in determining whether plaintiff's gender was the determinative cause of the decision to transfer her.  For a demotion claim, if plaintiff wishes to point to defendant's treatment of a similarly situated male, she first must establish by a preponderance of the evidence that the male had nearly identical job responsibilities as plaintiff, performance as bad as or worse than plaintiff's, and reported to the same supervisor as plaintiff.[24]  Plaintiff must then establish that the male was not demoted and that there are no material differences between the comparable male employee and the plaintiff that might explain why the male was not demoted.[25]  Only if employees are similarly situated to plaintiff in the manner I have described should you consider defendant's treatment of such employee as potential evidence of sex discrimination.

---

[24]     *Mack v. Great Atlantic and Pacific Tea Co. Inc.*, 871 F.2d 179, 182 (1st Cir. 1989); *Rodriguez-Cuervos v. Walmart Stores, Inc.*, 181 F.3d 15, 20-21 (1st Cir. 1999).

[25]     *Id.*

A/72505985.7/0398860-0000312913

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 12

### (Compensation -- Comparable Male Employees)

Plaintiff's next claim is that Putnam paid her less than comparable males, and that it did so because she is a woman.  To succeed on this claim, plaintiff must first prove, by a fair preponderance of the evidence, that she was performing a job that was the same as or substantially similar to a job being performed by a male, and that defendant paid the male employee more than it paid plaintiff.  When considering whether the male's job was substantially similar, you should consider any and all factors that distinguish one job from another, such as day-to-day responsibilities, an employees' level in the organization, experience, relative performance or any other factor that defendant takes into account in setting compensation.[26]  Only if plaintiff convinces you by a preponderance of the evidence that she was paid less than a similarly situated male, as I have described that phrase, may you consider whether gender was the determinative cause for that decision.

---

[26]     *Jancey v. School Committee of Everett*, 427 Mass. 603, 604 (1998).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 13

### (Compensation – Determinative Cause)

If you decide that plaintiff has identified similarly situated males who were paid more than she, you now must consider defendant's state of mind, or intent, when it made the decision to pay plaintiff less than those similarly situated males. You may not find for the plaintiff unless you determine that defendant that had a discriminatory animus against plaintiff because she is female, and that that animus was the determinative cause for the decision to pay her less than a similarly situated male. Again, by "determinative cause," I mean whether plaintiff has established by a preponderance of the evidence that if she were not female, defendant would not have paid her less than a similarly situated male. If you find that other reasons explain why defendant paid similarly situated men more than plaintiff, you may not find defendant liable.[27]

---

[27]    *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 508 (2001); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 141 (2000).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 14

### (Compensation -- Determinative Cause/Statistical Significance)

Both plaintiff and defendant have offered statistical evidence which they argue supports their respective positions that gender either was, or was not, the determinative cause in setting plaintiff's compensation.  Statistical evidence may be considered by you in determining whether or not there was a pattern or practice of paying females less than males.  As a reminder, such statistical evidence must be "statistically significant" as I defined that phrase earlier; mere averages, raw data and anecdotes are insufficient because they cannot account for other variables.[28]

---

[28]     *Hillstrom v. Best Western Hotel,* 354 F.3d 27 (1st Cir. 2003).

A/72505985.7/0398860-0000312913

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 15

### (Termination -- Determinative Cause)

Plaintiff's final claim is that defendant terminated her employment because she is a woman.  To demonstrate this, plaintiff must prove by a preponderance of the credible evidence that the person or persons who made the decision to terminate plaintiff had a discriminatory animus against plaintiff because she is female, and that that animus was the determinative cause for the decision to terminate plaintiff's employment.  Again, by "determinative cause," I mean whether plaintiff has established by a preponderance of the evidence that if she were not female, defendant would not have terminated her.  As I mentioned earlier, whether or not you agree with the reasons for terminating plaintiff, or whether or not you think them to be fair, is immaterial.  The sole issue is whether plaintiff has demonstrated by a preponderance of the credible evidence that the person who made the decision to terminate plaintiff acted from a discriminatory animus against plaintiff because she was female, and that that animus was the determinative cause for the decision to terminate plaintiff's employment.[29]

---

[29]    *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 508 (2001); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 141 (2000).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 16

### (Termination -- Similarly Situated Employees)

In determining whether plaintiff's gender was the determinative cause in defendant's decision to terminate her, you may consider whether defendant treated similarly situated males more favorably.  For a termination claim, a similarly situated male is one who had the same or comparable job as plaintiff,[30] who committed the same or nearly identical offense as plaintiff,[31] and who reported to the same supervisor as plaintiff.[32]  Put another way, before you may consider evidence of a similarly situated male who was not terminated, you must conclude that the male had the same or nearly identical job as plaintiff, committed the same or nearly identical offense as plaintiff, and reported to the same supervisor as plaintiff.  You also should consider whether there are circumstances that might explain why defendant treated plaintiff differently from how it treated the similarly situated male.  Only if plaintiff establishes by a preponderance of the evidence that a male employee is similarly situated to plaintiff in the manner I have described, and only where there are no circumstances that distinguish their situations, can you consider defendant's treatment of the male employee as potential evidence of sex discrimination.

---

[30]    *Abramian v. President & Fellows of Harvard College*, 432 Mass. 107, 114 (2000); *Jimenez v. Bancomercio de Puerto Rico*, 174 F.3d 36, 42 (1st Cir. 1999).

[31]    *Conward v. Cambridge School Committee,* 171 F.3d 12 (1st Cir. 1999).

[32]    *Champagne v. Servistar Corp.*, 138 F.3d 7, 13 (1st Cir. 1998); *Rodriguez-Cuervos v. Walmart Stores, Inc.*, 181 F.3d 15, 20-21 (1st Cir. 1999).

### PUTNAM'S PROPOSED JURY INSTRUCTION NO. 17
#### (General Damage Instructions)

If you decide that plaintiff has proven by a preponderance of the evidence that she suffered an adverse employment action and that defendant took the adverse personnel action against her because she is a woman, you should consider damages.  In doing so, it is your duty to determine the amount necessary to place plaintiff in the economic position in which she would have been had plaintiff not suffered the specific adverse employment action.[33]  The fact that I charge you on the measurement of damages is not, and should not be considered by you to be, any indication that I think damages should be awarded.  I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider.

---

[33]     *Conway v. Electro Switch Corp.,* 402 Mass. 385, 388 (1988).

20

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 18

### (Damages – Speculation)

The purpose of an award of compensatory damages is to make plaintiff whole for losses that she has proven she suffered because of defendant's alleged discriminatory personnel action. Plaintiff bears the burden of proving her damages. If she does not prove them, you cannot award them. Although some uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence.[34]

---

[34]    *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, (1988); *Rombola v. Cosindas*, 351 Mass. 382, 385, (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.,* 342 Mass. 603, 608 (1961).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 19

### (Demotion - Damages)

If you decide that plaintiff has proven by a preponderance of the evidence that she suffered an adverse employment action when defendant moved her from International Growth to Global Equity Research, and that defendant took this personnel action against her because she is a woman, you should consider what damages, if any, were caused by that move. In deciding what damages, if any, plaintiff suffered as a result of her move to Global Equity Research, you must decide what damages resulted solely from that move, as opposed to damages that may have resulted from other actions that defendant may or may not have taken regarding plaintiff. For example, any damages that you conclude plaintiff may have suffered as a result of her move to Global Equity Research would be cut off as of the date her employment with defendant terminated unless you separately conclude that defendant terminated plaintiff because of her sex.[35]

---

[35]     *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, (1988).

22

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 20

### (Compensation -- Damages)

If you decide that plaintiff has proven by a preponderance of the evidence that defendant paid her less than a comparable male employee, and that defendant did so because she is a woman, you should consider what damages, if any, were caused by that decision. Plaintiff bears the burden of proving the amount that she would have received had defendant not discriminated against her. As with plaintiff's demotion claim, in deciding what damages, if any, plaintiff suffered as a result of defendant's alleged decision to pay her less than a comparable male, you must decide what damages resulted solely from that decision, as opposed to from other actions that defendant may or may not have taken regarding plaintiff. For example, any shortfall in pay that you conclude plaintiff may have suffered would be cut off as of the date her employment with defendant terminated unless you separately conclude that defendant terminated plaintiff because of her sex. [36]

---

[36]     *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388 (1988).

A/72505985.7/0398860-0000312913

## <u>PUTNAM'S PROPOSED JURY INSTRUCTION NO. 21</u>
### (Termination – Damages – Back Pay)

If you decide that plaintiff has proven by a preponderance of the evidence that defendant terminated her because she is a woman, you should consider what damages, if any, resulted from her termination.  The first element of plaintiff's claimed damages is back pay.  Back pay is the amount of plaintiff's lost earnings, if any, from the date plaintiff's employment with defendant was terminated until the present.  With regard to back pay or lost wages, you should award plaintiff the amount that she is able to prove, by a preponderance of the evidence, she would have earned had she remained an employee of defendant from her termination date until the time of trial, but-for the alleged discriminatory termination, less the amount she did earn or reasonably could have earned in a comparable job.[37]

In seeking back pay, plaintiff is asking you to award her the compensation that she would have received had she remained employed by defendant.  Like all other elements of damages in this case, back pay damages may not be speculative. The award must be based on just and reasonable inferences from the evidence, and then only if you find that defendant unlawfully discriminated against plaintiff.[38] Events that have occurred at defendant since plaintiff's termination may be relevant to your determination as to whether plaintiff would have remained employed by defendant, and how likely it is that she would have earned the amount

---

[37]  *Conway v. Electro Switch Corp.,* 402 Mass. 385, 388 (1988); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 661-62 (1976).

[38]  *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 824 (1997).

24

that she now seeks in damages.[39]  As with all other elements of damage, plaintiff bears the burden of establishing her back pay damages by a preponderance of the evidence.

---

[39]     *Linn v. Andover Newton Theological Sch.,,* 874 F.2d 1, 8-9 (1st Cir. 1989).

25

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 22

### (Termination -- Damages -- Front Pay)

If plaintiff proves to you by a preponderance of the evidence that defendant unlawfully discriminated against her because she is a woman, plaintiff may be entitled to front pay.  Front pay awards compensate the plaintiff from the conclusion of trial until she reasonably can obtain comparable employment.  An award of front pay, however, is not supposed to catapult the plaintiff into a better position than she would have enjoyed had she not been terminated.[40]

Like all other elements of damages in this case, front pay damages may not be speculative.  The award must be based on just and reasonable inferences from the evidence, and only if you find that defendant unlawfully discriminated against plaintiff.[41]  Because front pay necessarily involves an attempt to predict the future, you should be especially careful to ensure that plaintiff has demonstrated by a preponderance of the evidence that she has suffered front pay damages in the amount that she seeks.[42]

---

[40]     *Horney v. Westfield Gage Co.*, 211 F. Supp. 2d 291, 322 (D. Mass. 2002) (*rev'd on other grounds*); *Handrahan v. Red Roof Inns, Inc.*, 48 Mass. App. Ct. 901, 902, (Mass.App.Ct. 1999); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388-89 (1988).

[41]     *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 824 (1997).

[42]     *Cummings v. Standard Register Co.,* 265 F.3d 56, 66 (1st Cir.2001).

26

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 23

### (Termination -- Damages -- Front Pay (con't))

In determining whether to award front pay, and the length of the potential award, you should consider and weigh the following factors:

1. whether plaintiff has produced evidence sufficient to establish that she would have remained employed at defendant through the time until which you award front pay;

2. the amount of compensation plaintiff probably would have earned while employed by defendant between now and the date through which you award front pay;

3. the amount of earnings that plaintiff probably will have received from another employer until her retirement.  This, of course, would <u>reduce</u> any front pay award to plaintiff.[43]

You may not award plaintiff front pay for a period longer than she establishes she would have remained working with defendant.[44]  You should be wary of awarding "front pay that extends over many years to an estimated retirement date. . . since 'the greater the period of time upon which a front pay award is calculated in a case involving an at-will employee the less likely it is that the loss of future earnings can be demonstrated with any degree of certainty or can

---

[43]     *Horney v. Westfield Gage Co.,* 211 F. Supp. 2d 291, 323 (D. Mass. 2002) (rev'd on other grounds), quoting *Peyton v. DeMario,* 287 F.3d 1121, 1130 (D.C. Cir. 2002).

[44]     *Linn v. Andover Newton Theological Sch.,* 874 F.2d 1, 8-9 (1st Cir. 1989); *Handrahan v. Red Roof Inns, Inc.,* 48 Mass. App. Ct. 901, 902, (Mass.App.Ct. 1999).

reasonably be attributed to the illegal conduct of the employer.'"[45]    Plaintiff's "subjective intent to remain in the [defendant's] employ until retirement [does] not entitle her to front pay for the remainder of her work life."[46]

Also, because determining front pay involves predicting the future, you should take special care to ensure that the amounts the plaintiff claims she would have earned in the future at defendant or another employer are not speculative. Again, events that have occurred at defendant since plaintiff's termination may be considered by you in connection with your decision.[47]

When considering these factors, you should keep in mind that you may not award plaintiff front pay unless she provides "the essential data necessary to calculate a reasonably certain front pay award."[48]

---

[45]    *Cummings v. Standard Register Co.,* 265 F.3d 56, 66 (1st Cir.2001) (quoting *Conway v. Electro Switch Corp.*, 402 Mass. 385 (1988)).

[46]    *Horney v. Westfield Gage Co.*, 211 F. Supp. 2d 291, 323 (D. Mass. 2002) (rev'd on other grounds), quoting *Peyton v. DeMario*, 287 F.3d 1121, 1130 (D.C. Cir. 2002).

[47]    *Linn v. Andover Newton Theological Sch.*, 874 F.2d 1, 8-9 (1st Cir. 1989).

[48]    *Horney v. Westfield Gage Co.*, 211 F. Supp. 2d 291, 323 (D. Mass. 2002) (*rev'd on other grounds*), quoting *Peyton v. DeMario*, 287 F.3d 1121, 1130 (D.C. Cir. 2002).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 24

### (Termination -- Damages -- Mitigation)

If defendant proves that plaintiff failed to make reasonable efforts to obtain other comparable business or employment opportunities, you should reduce the amount of any damages by the amount she reasonably would have earned.  In other words, if plaintiff failed to make reasonable efforts to find other work, so that her alleged monetary damages are greater than they would have been had she done so, you cannot award her damages for the amount of the avoidable and unnecessary increase.[49]

If defendant shows that it is more likely than not that plaintiff failed to make a reasonable attempt to apply for a comparable job at comparable wages, and that it was reasonably likely that plaintiff would have obtained one of those comparable jobs if she had applied, then you must conclude that plaintiff failed to mitigate her damages properly.[50]

---

[49]     *Kolb v. Goldring, Inc.,* 694 F.2d 869, 872 (1st Cir. 1982); *McKenna v. Commissioner of Mental Health*, 347 Mass. 674 (1964).

[50]     *Assad v. Berlin-Boylston Regional School Comm.,* 406 Mass. 649, 656-7 (1990); *Black v. School Comm. of Malden*, 369 Mass. 657, 661-662 (1976).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 25

### (Termination -- Damages -- Emotional Distress)

To be entitled to an award for emotional distress, plaintiff must prove by a preponderance of the evidence that she suffered emotional distress as a result of the discrimination that she claims she suffered. Any award you make for emotional distress should be based on just and reasonable inferences from the evidence, not guesswork or sympathy.[51]

If you find that plaintiff has been discriminated against, you must not simply infer that she experienced emotional distress. She must prove a causal connection between her emotional distress, if any, and defendant's discrimination, if any, by substantial evidence.[52]

---

[51]    *Koster v. TransWorld Airlines, Inc.,* 181 F.3d 24, 35-36 (1st Cir. 1999).

[52]    *Boston Public Health Comm. v. Mass. Comm. Against Discrimination*, 67 Mass.App.Ct. 404, 410-411 (2006).

A/72505985.7/0398860-0000312913

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 26

### (Termination -- Damages -- Punitive Damages)

In addition to compensatory damages, you may assess punitive damages for sex discrimination.    However, you may award punitive damages against a defendant only if "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to [plaintiff's] protected rights."[53] If you award punitive damages, you should do so because you feel, based on the evidence you have seen, that defendant's conduct deserves condemnation, that defendant acted outrageously, and that you want to send a message to make sure that defendant does not engage in such conduct again.

Finally, in considering plaintiff's claim for punitive damages, I further instruct you that you may not award punitive damages against defendant if you find that it made a good-faith effort to prevent discrimination in the workplace.[54]

**Note to the Court:** In *Dartt*, the Supreme Judicial Court remanded for a new trial, and in doing so specifically held that the issue of punitive damages should not go to the jury in the new trial. The Supreme Judicial Court has specifically held that the facts of a case must warrant a charge on punitive damages. *Id*

---

[53]    *Dartt v. Brown Ferris Industries*, 427 Mass. 1, 17-18 (punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or reckless indifference to the rights of others.); *see also, Rowlett v. Anheuser-Busch, Inc.,* 832 F.2d 194, 205 (1st Cir. 1987), *citing Smith v. Wade*, 461 U.S. 30, 56, (1983) (Title VII race discrimination case)(punitive damages only appropriate where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the ... protected rights of others.").

[54]    *Kolstad v. American Dental Association*, 527 U. S. 526 (1999); *Romano v. U-Haul International*, 233 F. 3d 655, 669 (1st Cir. 2000), cert. denied, 122 S. Ct. 41 (2001).

## PUTNAM'S PROPOSED JURY INSTRUCTION NO. 27

### (Termination -- Damages -- Interest)

You may not include any amount for interest in an award of damages to plaintiff.  The clerk of courts will calculate the appropriate amount.[55]

---

[55]     *Griffin v. General Motors Corp.*, 380 Mass. 362, 367 (1980); *D'Amico v. Cariglia*, 330 Mass. 246 (1953).

32