UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *    Civil Action No. 04-12711-PBS
                         *
LISA SVENSSON,           *
                         *     BBO No. 351000
        Plaintiff,       *
                         *     Plaintiff Svensson's Initial
v.                       *     Proposed Jury Instructions
                         *
                         *
PUTNAM INVESTMENTS, LLC, *
et al.,                  *
                         *
        Defendants.      *
                         *
* * * * * * * * * * * * * *
```

Plaintiff Lisa Svensson ("Svensson") submits the following

initial proposed jury instructions:

**Instruction No. 1**

To prevail on a claim of intentional discrimination, Svensson must prove by a preponderance of the evidence that her gender was a motivating factor in defendant Putnam's decisions to not to promote her, to demote her, to terminate her employment and regarding her compensation. Svensson's gender was a motivating factor if you conclude that it made a difference in Putnam's decision, even though other factors may have also influenced that decision. Svensson may prove, that Putnam intentionally discriminated against her either by direct evidence of discrimination or by indirect or circumstantial evidence which would allow you to infer discriminatory intent.

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133 (2000)

**Title VII and G.L. c. 151B Disparate Treatment Claims**

**Instruction No. 2**

In order to prove her claims that Putnam discriminated against her on the basis of her gender in its promotion, demotion, termination and compensation decisions, Svensson must first establish a so-called <u>prima facie</u> case. If she does so, Putnam's must then offer a legitimate, nondiscriminatory reason for the adverse employment actions against Svensson. If Putnam does so, it becomes Svensson's burden to present sufficient evidence to show both that Putnam's articulated reason is a pretext (<u>i.e.</u> that the articulated reason was not the real reason) and that the true reason is discriminatory. If you find that Putnam's articulated reason for any particular adverse employment action against Svensson is a pretext, then you may also infer that Putnam's real reason for that action was discriminatory.

<u>McDonnell Douglas Corp</u>. v. <u>Green</u>, 411 U.S. 792 (1973);

<u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133 (2000);

<u>Straughn</u> v. <u>Delta Air Lines, Inc</u>., 250 F.3d 23, 34 (1st Cir. 2001).

**Instruction No. 3**

You may find that Svensson has established a <u>prima</u> <u>facie</u> case of discrimination on her termination claim if you find that she has offered evidence that:

    (1) she is female;

    (2) she was qualified for, and performing her job at a level that met Putnam's legitimate expectations;

    (3) she was nevertheless dismissed; and,

    (4) after her departure, Svensson's job duties were taken over in substantial part by a male no more qualified than she was for the duties in question.

<u>Rodriguez-Torres</u> v. <u>Caribbean Forms Manufacturer, Inc.</u>, 399 F.3d 52, 58 (1st Cir. 2005)<u>; Feliciano de La Cruz</u> v. <u>El Conquistador Resort & County Club</u>, 218 F.3d 1, 5 (1st Cir.2000).

**Instruction No. 4**

You may find that Svensson has established a <u>prima facie</u>
case of discrimination on her failure to promote claim if you
find that she has offered evidence that:

(1) she is female;

(2) she was qualified for the position in question;

(3) she was not asked to fill the position; and,

(4) Putnam filled the position with a male no more
qualified than she was for the duties in
question.

<u>Ingram</u> v. <u>Brink's Inc.</u>, 414 F.3d 222, 230 (1st Cir. 2005),
citing <u>Rathbun</u> v. <u>Autozone, Inc.</u>, 361 F.3d 62, 71 (1st Cir.2004)

**Instruction No. 5**

You may find that Svensson has established a <u>prima facie</u> case of discrimination on her demotion claim if you find that she has offered evidence that:

> (1) she is female;
>
> (2) she was performing her job at a level that met Putnam's legitimate expectations;
>
> (3) she was nevertheless demoted; and,
>
> (4) after her demotion, Svensson's job duties were taken over in substantial part by a male no more qualified than she was for the duties in question.

<u>Mulero-Rodriguez</u> v. <u>Ponte, Inc.</u>, 98 F.3d 670, 673 (1st Cir.1996); <u>Gonzalez Lartigue</u> v. <u>West</u>, 124 F.Supp.2d 125, 130 (D.P.R. 2000), citing <u>Feliciano de La Cruz</u> v. <u>El Conquistador Resort & County Club</u>, 218 F.3d 1, 5 (1st Cir.2000);.

**Instruction No. 6**

You may find that Svensson has established a <u>prima</u> <u>facie</u> case of discrimination on her unequal compensation claim if you find that she has offered evidence that:

(1) she is female;

(2) that she performed her job in keeping with Putnam's legitimate expectations for investment professionals in the Investment Management Division; and,

(3) that she was paid less than males who held the same or comparable positions in the Investment Management Division.

<u>Rathbun</u> v. <u>Autozone, Inc.</u>, 361 F.3d 62, 77 (1st Cir. 2004).

**Instruction No. 7**

If you find that Svensson has established a <u>prima</u> <u>facie</u> case on any one or more of her claims, you must then consider, with respect to each such claim, whether Putnam has offered one or more legitimate, nondiscriminatory reasons for each adverse employment action it took against Svensson.  A legitimate, nondiscriminatory reason is a reason or explanation which is reasonably determined by you to be unrelated to Svensson's gender.  If you find that Svensson has established a <u>prima</u> <u>facie</u> case, but that Putnam has not articulated a legitimate, nondiscriminatory reason for each adverse employment action against Svensson, then you must find that Putnam has unlawfully discriminated against Svensson.

<u>McDonnell Douglas Corp</u>. v. <u>Green</u>, 411 U.S. 792 (1973).

**Instruction No. 8**

If you find that Svensson has established a <u>prima</u> <u>facie</u> case

on any one or more of her claims, and that Putnam has

articulated a legitimate, nondiscriminatory reason for each

adverse employment action against Svensson, it becomes

Svensson's burden to prove to you that the reason articulated by

Putnam is a pretext (<u>i.e.</u> that the articulated reason is not

Putnam's real reason) and that a substantial motivating factor

for Putnam's adverse employment actions against Svensson is

discriminatory.  If you find that Putnam's articulated reason

for any particular adverse employment action against Svensson is

a pretext, then you may also infer that Putnam's real reason for

that action was discriminatory.

<u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133 (2000);

<u>Straughn</u> v. <u>Delta Air Lines, Inc</u>., 250 F.3d 23, 34 (1st Cir.

2001); <u>Santiago-Ramos</u> v. <u>Centennial P.R. Wireless Corp.</u>, 217

F.3d 46, 54 (1st Cir. 2000), quoting <u>Thomas</u> v. <u>Eastman Kodak</u>

<u>Co.</u>, 183 F.3d 38, 56 (1st Cir. 1999).

**Instruction No. 9**

There is no mechanical formula for finding pretext.

Che v. MBTA, 342 F.3d 31, 39 (1st Cir. 2003).

**Instruction No. 10**

Svensson may establish pretext by showing either that one or more of the adverse employment actions against Svensson was: (i) more likely motivated by discrimination than by the explanation proffered by Putnam; or (ii) that the proffered explanation is not believable and the circumstances are such that the falsity of the proffered reason, taken together with other facts, suggests a discriminatory motivation.

Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 35 (1st Cir. 2001).

**Instruction No. 11**

Svensson may show that Putnam's proffered reasons are pretextual by various means, including evidence of discriminatory comments made by a decision-maker or those in a position to influence the decision-maker, by showing, among other things: (1) weaknesses or contradictions in Putnam's proffered reasons; or (2) that Putnam has altered its proffered reasons for the employment action.

Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 55-56 (1st Cir. 2000); Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000); Clark v. Lincare, Inc., 2005 WL 1721213, * 12 (D. Mass. 7/21/05).

**Instruction No. 12**

You may also find that Putnam's proffered reasons for its adverse employment actions against Svensson are pretextual if you find that Putnam relied upon sexual stereotypes in making the adverse employment decision.

Centola v. Potter, 183 F.Supp.2d 403, 409 (D.Mass. 2002).

**Instruction No. 13**

Svensson may show that Putnam's stated reasons for its adverse employment actions against her are a pretext by providing evidence that other Putnam present or former male employees, who were similarly situated to Svensson, were treated differently.

Conward v. Cambridge Sch. Comm., 171 F.3d 12, 19 (1st Cir. 1999). See also Rathbun v. Autozone, Inc., 361 F.3d 62, 76 (1st Cir. 2004); Kosereis v. State of Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 44 (1st Cir. 2001); Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997).

Instruction No. 14

In determining whether other Putnam employees are "similarly situated" to Svensson, such that their treatment by Putnam sheds light on Svensson's discrimination claims, reasonableness is the touchstone.  Exact correlation between Svensson and the other investment professionals is neither likely nor necessary.  The persons with whom Svensson compares herself (in other words "comparators") need not be perfect replicas but they must bear a reasonably close resemblance with respect to the pertinent facts and circumstances.  At bottom, you, the jury, must determine whether a prudent person, looking objectively at the circumstances, would think them roughly equivalent and similarly situated.

Kosereis v. State of Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 44 (1st Cir. 2001); Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989); Clark v. Lincare, Inc., 2005 WL 1721213, * 11 (D. Mass. 7/21/05), quoting Conward v. Cambridge Sch. Comm., 171 F.3d 12, 10 (1st Cir. 1999).

**Instruction No. 15**

In determining whether another Putnam investment professional is similarly situated to Svensson, you should examine the performance, qualifications and conduct of the other person as compared to Svensson's performance, qualifications and conduct and you should consider the presence or absence of differentiating or mitigating circumstances that would distinguish their situations.

Benham v. Lenox Savings Bank, 118 F.Supp.2d 132, 147 (D. Mass. 2000). See also Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 751 (1st Cir. 1996); Traux v. City of Portsmouth, 2001 WL 716120, *15 (D.N.H. 6/18/01); Cardona v. U.P.S., 79 F.Supp.2d 35, 43 (D.P.R. 2000); Griel v. Franklin Medical Center, 71 F.Supp.2d 1, 12 (D.Mass. 1999); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 130 (1997).

**Instruction No. 16**

In determining whether another Putnam investment professional is similarly situated to Svensson, you should look beyond the similarity, or difference, in job title, to determine whether Svensson and the other person was actually performing the same or comparable employment duties and stands in a comparable situation.

Carey v. Mt. Desert Island Hosp., 156 F.3d 31, 38 (1st Cir. 1998); Benham v. Lenox Savings Bank, 118 F.Supp.2d 132, 148-49 (D. Mass. 2000); City of Boston v. MCAD, 47 Mass.App.Ct. 816, 822 (1999).

**Instruction No. 17**

The fact that Svensson and another investment professional may have held different positions within the Putnam Investment Management Division, or held similar positions on different Putnam portfolio management teams or in different departments, does not prevent them from being similarly situated.  In like manner, the fact that Svensson and another Portfolio Manager managed different Putnam investment funds does not prevent them from being similarly situated.




Rossiter v. IBM, Corp., 2005 WL 2722929, *10 (D. Mass. 10/24/05); Nakai v. Wickes Lumber Co., 906 F.Supp. 698, 704-05 (D. Me. 1995).  See Diamond v. T. Rowe Price Assoc., Inc., 852 F.Supp. 372 (D.Md. 1994); Sobol v. Kidder Peabody & Co., 49 F.Supp.2d 208 (S.D.N.Y 1999).

**Instruction No. 18**

Svensson has offered evidence concerning Putnam's allegedly discriminatory treatment of other female investment professionals.  If you find that Svensson's evidence establishes that Putnam more likely than not discriminated against other female investment professionals, you may infer from it that a discriminatory atmosphere existed at Putnam, which you may consider when determining whether Putnam's proffered reasons for its adverse actions against Svensson are pretexts for discrimination.

Conway v. Electro Switch Corp., 825 F.2d 593, 596-98 (1st Cir. 1987).  See also Cummings v. Standard Register Co., 265 F.3d 56, 63-64 (1st Cir. 2001); Koster v. Trans World Airlines, 181 F.3d 24, 33-34 (1st Cir. 1999); Carey v. Mt. Desert Island Hospital, 156 F.3d 31, 37-38 (1st Cir. 1998); Brennan v. GTE Government Systems Corp., 150 F.3d 21, 27-28 (1st Cir. 1998); Brown v. Trustees of Boston University, 891 F.2d 337 (1st Cir. 1989).

**Instruction No. 19**

In determining whether Putnam's articulated  reasons for its adverse employment actions against Svensson are pretexts for discrimination, you may consider evidence that Putnam failed to discipline, or treated less severely, similarly situated male investment professionals for misconduct that a person reasonably would believe was as serious or more serious than the misconduct which Putnam claims justified its adverse employment actions against Svensson.

Conward v. Cambridge School, 1998 WL 151248, *3 (D. Mass. 3/24/98). See also Che v. MBTA, 342 F.3d 31, 38-39 (1st Cir. 2003); Kosereis v. Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003); Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 447 (1995); Lopez v. Target Corp., 2005 WL 1812466, *4 (Mass. Super. 6/9/05); Davis v. Jenny Craig, Inc., 1998 WL 1181152, * 11 (Mass. Super. 11/30/98)

**Instruction No. 20**

In determining whether Putnam's articulated  reasons for its adverse employment actions against Svensson are pretexts for discrimination, you may consider evidence of discriminatory remarks or actions by Putnam investment professionals who were involved in decisions concerning the adverse employment actions taken against Svensson, or remarks or actions by persons who had influence over those decision-makers or in the decision making process.  Such remarks or actions may constitute evidence that Putnam's actions against Svensson were motivated by discrimination.

Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 79 (1st Cir. 2005).  See also Straughn v. Delta Airlines, Inc., 250 F.3d 23, 35 (1st Cir. 2001); Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 55 (1st Cir. 2000); Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 676 (1st Cir. 1996); Russell v. McKinney Hospital, 235 F.3d 219, 229 (5th Cir. 2000).

**Instruction No. 21**

In determining whether Putnam's articulated reasons for its adverse employment actions against Svensson are pretexts for discrimination, you may consider evidence of discriminatory remarks or actions by Putnam investment professionals who were not decision-makers (and who were not in a position to influence decision-makers) with regard to Putnam's adverse employment actions against Svensson.  While such remarks or actions of non-decision-makers , standing alone, do not provide sufficient basis on which to find that Putnam discriminated against Svensson, you may consider the remarks as evidence of discrimination so long as there is other evidence of discrimination.

Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 18 (1st Cir. 2007)

**Instruction No. 22**

In determining whether Putnam's articulated legitimate non-discriminatory reasons for its adverse employment actions against Svensson are pretexts for discrimination, you may consider evidence of discriminatory remarks or actions by Putnam investment professionals who were not decision-makers (and who were not in a position to influence decision-makers) with regard to Putnam's adverse employment actions against Svensson. While such remarks or actions of non-decision-makers, standing alone, do not provide a sufficient basis on which to find that Putnam discriminated against Svensson, you may infer from such evidence that a discriminatory atmosphere existed at Putnam, which you may consider when determining whether Putnam's proffered reasons for its adverse actions against Svensson are pretexts for discrimination.

Conway v. Electro Switch Corp., 825 F.2d 593, 596-98 (1st Cir. 1987).  See also Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 18-19 (1st Cir. 2007); Cummings v. Standard Register Co., 265 F.3d 56, 63-64 (1st Cir. 2001)

**Instruction No. 23**

If you find that Putnam's articulated reason for any particular adverse employment action against Svensson is a pretext, then you may also infer that Putnam's real reason for that action was discriminatory.

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133 (2000); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 34 (1st Cir. 2001).

**Instruction No. 24**

With regard to Svensson's claim for discrimination under Massachusetts G.L. c. 151B, if you find that even one of Putnam's proffered legitimate, non-discriminatory reasons for a particular adverse employment action against Svensson is a pretext, you may infer that Putnam's real reason for that action was discriminatory.

Abramian v. President and Fellows of Harvard College, 432 Mass. 107, 117 (2000); Dragonas v. School Committee of Melrose, 64 Mass. App. Ct. 429, 442 (2005).

**Statute of Limitations for Title VII and c.151B Claims**

**Instruction No. 25**

Putnam has asserted that certain of Svensson's claims under
Title VII and Massachusetts G.L. c.151B are time barred.  If you
find that any such adverse employment actions alleged by
Svensson occurred after May 6, 2003, then you must find that the
claims are not time barred.  Alternatively, if you determine
that any of the adverse employment actions occurred prior to May
6, 2003, then you must determine whether, based on the evidence
before you, Svensson neither knew or reasonably should have
known prior to May 6, 2003, not only that the adverse employment
action had occurred but also that the true motivation for the
employment action was discrimination.  If you so find, then you
must find that the claim is not time barred.


Silvestris v. Tantasqua Regional School District, 446 Mass. 756,
767 (2006).

**Instruction No. 26**

Putnam asserts that Svensson's claim arising from her demotion from Portfolio Manager to research analyst is time barred. If you find that Putnam discriminated against Svensson with regard to her demotion from Portfolio Manager to research analyst, then you must determine whether, at the time of her demotion, Putnam held out to her the possibility that, after an undefined time in the research department, she would be allowed to return to a Portfolio Manager position. If you find that Putnam did hold out to Svensson the possibility that the demotion was only temporary you must then determine whether Svensson reasonably believed that Putnam would consider her for Portfolio Manager positions as they became available and reasonably delayed filing her discrimination claims against Putnam in order not to jeopardize a possible future promotion.

Alternatively, if you find that Putnam promoted Svensson to Assistant Director of Research in or about January 2003, at which time she assumed certain portfolio management duties, then you must determine whether, as a result of these actions, Svensson reasonably believed that Putnam would consider her for Portfolio Manager positions as they became available and reasonably delayed filing her discrimination claims against Putnam in order not to jeopardize a possible future promotion.

Wheatley v. American Telephone and Telegraph Co., 418 Mass. 394, 398 (1994); Ross v. Raytheon Co., 2001 WL 1455863, *2-3 (11/1/01); Hill v. Suntory Water Group, Inc., 2003 WL 25278767 (Mass. Super. 1/30/03); Harrison v. Kraft Foods, Inc., 2007 WL 3232552, *2-3 (D. Mass. 10/30/07)

**Title VII and G.L. c. 151B Disparate Impact Claim**

**Instruction No. 27**

In this case, Svensson claims that Putnam has caused an adverse impact on persons of her gender.  An adverse or disparate impact is established if an employer uses a particular employment practice, which is neutral in its treatment of different groups on its face, but in fact has a significant adverse effect on the basis of gender.  To find an adverse impact, you do not need to consider whether Putnam intended to discriminate against women.  You must focus on the consequences or results of the employment practice or decision making process at issue.  Svensson is not required to identify a particular or specific practice or element of a decision making process that caused the disparate impact if the practices or elements cannot be separated in your analysis.

If you decide that Svensson has proven an adverse or disparate impact, then you must decide in favor of Svensson. Otherwise, you must decide in favor of Putnam on this claim.

Wards Cove Packing Co. v. Antonio, 490 U.S. 642 (1989).

**Instruction No. 28**

Disparate impact may be established by Svensson through the use of statistical evidence of the impact of Putnam's employment policies on females in the workforce.

**MEPA Claim**

**Instruction No. 29**

Svensson has asserted a claim under the Massachusetts Equal Pay Act ("MEPA").  MEPA prohibits different compensation for individuals who perform "comparable" work.

<u>Gu</u> v. <u>Boston Police Department</u>, 312 F.3d 6, 15 (1st Cir. 2002).

**Instruction No. 30**

In order to prevail on her MEPA claim, it is <u>not</u> necessary for Svensson to prove that Putnam intentionally discriminated against her.

<u>Mullenix</u> v. <u>Forsyth Dental Infirmary for Children</u>, 965 F.Supp. 120, 148 (D. Mass. 1996).

**Instruction No. 31**

With regard to Svensson's claim under the Massachusetts Equal Pay Act ("MEPA"), in determining whether Svensson was paid less than a male who performed comparable work was paid, you must engage in a two step analysis.  First, you must determine whether the substantive content of the jobs is comparable, that is, whether the duties of the jobs have important common characteristics.  Positions that are so dissimilar in their substantive content that a reasonable person would regard them as categorically separate are not "comparable."  If the jobs are not comparable, you must find for Putnam on the MEPA claim.  If they are comparable, you must then proceed to the second step of the analysis.

In the second step of the MEPA analysis, you must determine whether the two positions entail comparable skill, effort, responsibility, and working conditions.

If you find (1) that the jobs are comparable, (2) that they entail comparable skill, effort, responsibility, and working conditions, and (3) that Svensson was nevertheless paid less, then you must find for Svensson on the MEPA claim.


Jancey v. Sch. Comm. of Everett, 421 Mass. 482, 489-90 (1995). See also Mullenix v. Forsyth Dental Infirmary for Children, 965 F.Supp. 120, 148 (D. Mass. 1996).

**Statute of Limitations for MEPA Claim**

**Instruction No. 32**

Putnam has asserted that Svensson's claims under the Massachusetts Equal Pay Act ("MEPA") are time barred.  If you find that any such adverse employment actions alleged by Svensson occurred after May 1, 2003, then you must find that the claims are not time barred.  Alternatively, if you determine that any of the adverse employment actions occurred prior to May 1, 2003, then you must determine whether, based on the evidence before you, Svensson neither knew or reasonably should have known prior to May 1, 2003, not only that the adverse employment action had occurred but also that the true motivation for the employment action was discrimination.  If you so find, then you must find that the claim is not time barred.

Silvestris v. Tantasqua Regional School District, 446 Mass. 756, 767 (2006).

**Compensatory Damages**

**Instruction No. 33**

If you determine that Putnam is liable to Svensson on any one or more of her claims, then you must determine the damages which she has sustained by reason of the discrimination practiced against her and which are necessary to compensate her for her loss.  Such damages include what is referred to as "back pay," and what is referred to as "front pay."

Instruction No. 34

You may award as actual damages an amount that reasonably compensates Svensson for any lost aggregate compensation, which includes salary, bonuses and the value of Putnam stock grants or options, taking into consideration any increases in such elements of aggregate compensation, that Svensson would have received had she not been discriminated against.

If you find that Putnam's demotion of Svensson was discriminatory, then you should award Svensson, as back pay, the sum of: (1) for the time period after her demotion but prior to her termination, the difference between the aggregate compensation which Svensson was paid as a research analyst and the higher compensation she would have received as Portfolio Manager; and (2) for the time period after her termination and through the date of your verdict, the full amount of the aggregate compensation, including increases in compensation, that she would have received as a Portfolio Manager during that time period.

Alternatively, if you find that Svensson's demotion claim is time barred, or if you find for Putnam on that claim, then you should award to Svensson, as back pay, the aggregate compensation, including increases in compensation, that she would have earned as a research analyst from the date of her termination through to the date of your verdict.

42 U.S.C. 2000e-5g (Title VII of the 1964 Civil Rights Act);
Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 847-
848, 121 S. Ct. 1946, 150 L. Ed. 2d 62 (2001); Lorillard v.
Pons, 434 U.S. 575, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978);
Albemarle Paper Co. v. Moody, 422 U.S. 405, 421-422, 45 L. Ed.
2d 280, 95 S. Ct. 2362 (1975); Morrison v. Circuit City Stores,
317 F. 3d 646, 671-673 (6th Cir. 2003); Faris v. Lynchburg
Foundry, 769 F.2d 958 (4th Cir. 1985); Blim v. Western Electric
Co., 731 F.2d 1473 (10th Cir. 1984).

**Instruction No. 35**

You shall also calculate separately, as front pay damages, a monetary amount equal to the present value of the aggregate compensation (salary, bonus and the value of other compensation) that Svensson  would have earned had she not been discriminated against during the period from the date of your verdict until the date in the future when Svensson would have voluntarily retired, minus any sums she can reasonably be expected to earn in other future employment.

If you find that Putnam's demotion of Svensson was discriminatory, then you should calculate your award based on her level of aggregate compensation as a Portfolio Manager, including increases in aggregate compensation.

Alternatively, if you find that Svensson's demotion claim is time barred, or if you find for Putnam on that claim, then you should calculate your award based on her level of aggregate compensation, including increases, as a research analyst.

See 42 U.S.C. 2000e-5g (Title VII of the 1964 Civil Rights Act).

**Punitive Damages Under title VII and Massachusetts G.L. c. 151B**

**Instruction No. 36**

If you find in favor of Svensson on her claim, you should consider whether Svensson is entitled to punitive damages in addition to any award of actual compensatory damages.

To establish entitlement to punitive damages, Svensson must prove, by a preponderance of the evidence, that:

1.    Putnam acted with malice or reckless indifference to Svensson's rights; and,

2.    Putnam should be held liable for its employees' unlawful conduct.

Malice or reckless indifference may be found where Putnam is motivated by an evil motive or intent or acts with reckless or callous indifference to the rights of Svensson to be free of discrimination.  In making this determination, you should be aware that a finding by you that Putnam is liable for unlawful discrimination does not automatically mean that Putnam is liable for punitive damages. For example, if Putnam believes in good faith that its actions were not discriminatory, it could not be said that Putnam was acting with malice or reckless indifference to Svensson's rights and, as such, punitive damages should not be awarded.

In determining whether Putnam should be held liable for the actions or decisions of its employees in this case, the law

provides that punitive damages may only be assessed against
Putnam when the unlawful conduct was committed by an important
or high-ranking managerial employee and Putnam failed to make
good faith efforts to comply with the law.

You should be aware that an employee employed in a
managerial capacity does not include every supervisory employee.
Rather, to be employed in a managerial capacity, the employee
must be an "important" member of the Putnam's management. You
should evaluate factors such as the type of authority and
discretion given by Putnam to the employee in making this
determination. The mere fact that an employee is given a title
such as "manager" or "director" does not automatically mean that
the employee is employed in a managerial capacity. Rather, an
employee who acts in a managerial capacity for purposes of
punitive damages is one who has the power to make independent
decisions regarding personnel matters, who has the authority to
determine company policy or who has the authority to approve
personnel actions.

In determining whether Putnam has engaged in good faith
efforts to comply with the law, you should consider any relevant
factor demonstrating Putnam's efforts, or lack thereof, to
comply with the law against discrimination, including such
factors as whether Putnam has instituted an anti-discrimination

policy, and whether Putnam has trained its managerial personnel with respect to equal employment opportunity laws.

If you find that Svensson has proven each of these elements, then you are permitted, but not required, to assess punitive damages against Putnam. Punitive damages are awarded in exceptional cases as a punishment to the defendant and a warning to others not to engage in similar unlawful conduct.

The amount of punitive damages, if appropriate, is within your discretion. Punitive damages must bear a reasonable relationship to Svensson's actual injury. However, no single numerical equation exists to easily relate punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.   the impact or severity of Putnam's conduct;

2.   the amount of time Putnam conducted itself in this manner;

3.   the amount of compensatory damages;

4.   the potential profits Putnam may have made from this conduct;

5.   the attitudes and actions of Putnam's top management after the misconduct was discovered;

6.   the effect of the damages award on Putnam's financial
     condition; and,

7.   any punishment Putnam may receive from other sources.

42 U.S.C. §1981a; Kolstad v. American Dental Ass'n, 527 U.S.
526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); Zimmerman v.
Associates First Capital Corp., 251 F.3d 376 (2d Cir. 2001).

Svensson reserves the right to supplement these initial proposed jury instructions.

LISA SVENSSON, plaintiff,

By her attorneys,

BARRON & STADFELD, P.C.

/s/ Kevin F. Moloney_____
Kevin F. Moloney     BBO No. 351000
Roger T. Manwaring   BBO NO. 548614
100 Cambridge Street, Suite 1310
Boston, Massachusetts  02114
Tel.: 617.723.9800/531.6569

and

/s/ John K. Weir_____
John K. Weir, Admitted PHV
John K. Weir Law Offices, LLC
300 Park Avenue, Suite 1700
New York, New York, 10022
Tel.: 212.572.6374

Dated: May 7, 2008

Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney_____

Dated: May 7, 2008

[429512.1]