UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>          Plaintiff,<br><br>     v.<br><br>PUTNAM INVESTMENTS, LLC,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 04-12711-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
IN LIMINE TO ADMIT IN EVIDENCE TWENTY-SIX SUMMARIES,
AND DEFENDANT'S OBJECTIONS TO ADMISSION OF SUMMARIES AS CHALKS**

Defendant, Putnam Investments LLC ("Putnam"), opposes plaintiff, Lisa Svensson's ("Svensson"), motion *in limine* to admit summaries pursuant to Fed. R. Evid. 1006. Putnam also objects to the use of many of the proffered slides as chalks.

**I.     PLAINTIFF'S MOTION IN LIMINE AND ANNEXED DOCUMENTS SHOULD NOT BE ADMITTED INTO EVIDENCE OR USED AS CHALKS**

   **A.     Svensson's Motion and Designations Are Late, and Unfairly Prejudice Putnam**

On April 8, 2008, the Court ordered all parties to file and serve motions *in limine* and exhibit lists by Tuesday, April 22, 2008, and to file and serve any oppositions to these motions and objections to the proposed exhibits by Tuesday, April 29, 2008. Ignoring the Court's Order, Svensson's filed a motion *in limine* on April 29, 2008 (one week late) to admit into evidence 26 never-before-seen charts. Although the charts cite the source materials on which they are based, Svensson did not provide the bulk of the source material to Putnam until May 1, 2008, eleven days before trial. This delayed filing has prejudiced Putnam in its preparation for trial and is an

appropriate basis for refusing to allow Svensson to admit the charts pursuant to Fed. R. Evid. 1006. *See Air Safety, Inc. v. Roman Catholic Archbishop of Boston,* 94 F.3d 1, *8 (1st Cir. 1996) (excluding proposed summaries, holding that "[c]ommon sense dictates that this guaranteed access [to the summaries and sources is] designed to give the opponent the ability to check the summary's accuracy and prepare for cross-examination"); *see also Jade Trading, LLC v. United States,* 67 Fed. Cl. 608 (Fed. Cl. 2005) (excluding "summary charts" from evidence because they failed to comply with Rule 1006 when they were not identified with any specificity until approximately one month before a two-week trial and party was unable to articulate any compelling reason for its failure to timely identify sources for items in the summaries).

### B. Svensson's Charts Are Not Appropriate "Summaries" Under Rule 1006

Federal Rule of Evidence 1006 provides: "The contents of *voluminous* writings, recordings, or photographs *which cannot conveniently be examined in court* may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006 (emphasis added). In determining whether a document should be considered a "summary" under Rule 1006, the First Circuit has held that a mere few pages of documents does not constitute "voluminous writings." *See Javelin Investment, S.A. v. Municipality of Ponce,* 645 F.2d 92, 96 (1st Cir. 1986) (summary not appropriate where the source documents "were simple, short and straightforward," concluding "these ten pages together are not the type of 'voluminous writings ... which cannot conveniently be examined in court.'"); *see also United States v. Milkiewicz,* 470 F.3d 390 (1st Cir. 2006) ("Charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous originals."). As set forth in the individual objections below, the source documents for many of the proffered slides are not the "voluminous" documents contemplated by Rule 1006.

Second, to be admissible pursuant to Rule 1006, summaries "must fairly represent the underlying documents and be 'accurate and nonprejudicial.'" *Id.* at 398 (citations omitted). Those underlying documents must also "be otherwise admissible and remain subject to the usual objections under the rules of evidence." As such, "Rule 1006 evidence is objectionable if the

voluminous source material on which it is based is inadmissible." *Id.* at 396. Thus, Svensson must not only show that the sources are voluminous - she must also lay an appropriate foundation for the admissibility of the summaries and "must show that the voluminous source materials are what [she] claims them to be and that the summary *accurately summarizes the source materials.*" *Id* (emphasis added). Moreover, if the charts are factually inaccurate, not only can they not be admitted as evidence, they may not be used as chalks. The accuracy of many of the slides is disputed, as is the admissibility of some of the underlying source material.

Third, to be admissible as summaries pursuant to Rule 1006, the summaries may not be argument. Rather, they must simply and accurately summarize the voluminous evidence. *See, e.g., Air Safety,* 94 F.2d at 7, n.14 ("the court's concern is to ensure that the jury is not misled or confused by selective emphasis"); *United States v. Grajales-Montoya,* 117 F.3d 356, 361 (8th Cir. 1997) (excluding chart that "restates and distills other properly admitted exhibits" because "such a summary is a written argument."). As set forth in more detail below, many of Svensson's proposed charts are objectionable on one or more of the above bases, and may thus not be admitted as exhibits under Rule 1006, and may not be used as chalks under rule 611(a).

Finally, before turning to the Putnam's specific objections, it is worth noting that Svensson's motion asks the Court to admit all 26 charts in bulk, without her having established a foundation that the material underlying the charts is relevant, non-hearsay and accurate. Both Rule 1006 and Rule 611(a) (governing the use of summary chalks not admitted into evidence) make clear, however, that Svensson must establish such a foundation before her charts can either be admitted as summaries or used as summary chalks. *See United States v. Sawyer,* 85 F.3d 713, 740 (1st Cir.1996) (Rule 1006 summaries must be based upon "evidence independently established in the record"); *United States v. Milkiewicz,* 470 F.3d 390, 397 ("A summary chart used as a pedagogical device must be linked to evidence previously admitted"). It is premature to rule on the charts in the abstract unless and until foundations have been established.

C.  **Putnam's Individual Objections to Svensson's Proposed Summaries**

1.  **"Comparison of Number of Total Putnam Employees with Number of Investment Division Officers, 1998-2003"**

Putnam objects to this chart because it is not a summary; the selections from the 46 pages of underlying source materials are not "voluminous" as required by Fed. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. The IMD Officer numbers that appear on the charts are different from those in the underlying source material, making the chart factually inaccurate. In addition, Putnam objects to this chart on relevance grounds, because this chart compares total Putnam employees with Investment Division Officer, and not to all Officers. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

2.  **"Putnam Division Officers by Gender (1998) and (as of 9/15/03)"**

Putnam objects to these two charts because they are not summaries; the selections from the 18 pages of underlying source materials are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The IMD Officer numbers that appear on the charts are different from those in the source material, making the chart factually inaccurate. Also, Putnam objects to these charts on relevance grounds because the ratio of males to females in 1998 and again in 2003 (as opposed to any other years) is not relevant to Svensson's claims. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

3.  **Putnam Investment Division Managing Directors by Gender (2000) and (as of 9/15/03)**

Putnam objects to these two charts because they are not summaries; the selections from the 18 pages of underlying source materials are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. Each chart is factually inaccurate based upon the source documents cited. Also, Putnam objects to these charts on relevance grounds because Svensson's promotion to Managing Director claim

has been dismissed. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

### 4. Terminations of Female MD's between 12/31/99 and 9/15/03

Putnam objects to this chart because it is not a summary; the selections from the 10 pages of underlying source materials are not "voluminous" as required by Fed. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. The chart is factually inaccurate and incomplete because it does not include female promotions to MD or male MDs who were terminated. Putnam also objects to this chart on relevance grounds because Svensson's claim that she should have been promoted to Managing Director has been dismissed, and Svensson was never a Managing Director. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

### 5. Number of Male Partners v. Female Partners in the Investment Division (1999 to 9/15/03)

Putnam objects to these two charts because it they are not summaries; the selections from the 46 pages of underlying source materials are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. First, the partner numbers that appear on the charts are different from those in the underlying source material. Putnam also objects to these charts on relevance grounds because Svensson was never a Partner nor was she ever eligible to be a Partner, as it was grades above her position. The charts are also irrelevant because they compare male and female Investment Division Partners rather than male and female Partners. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

### 6. "2002 Compensation Data Supplied to Bloom by Functional Title"

Putnam objects to this chart because it is not a summary; the selections from the 12 pages of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. Putnam objects to this chart as irrelevant unless and until Dr. Bloom testifies as a witness. Putnam further

objects to the "average compensation" calculations as irrelevant; averages indicate nothing as to statistical significance. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

### 7. "2002 Compensation Data for the "91" by Functional Title"

Putnam objects to this chart because it is not a summary; the selections from the 13 pages of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. Putnam objects to this chart because the data on the chart does not all appear in the cited source material. Putnam further objects to this chart as lacking foundation unless and until Svensson can establish that these 91 individuals chosen by Svensson are all her legal comparators. Putnam further objects to the "average compensation" calculations as irrelevant; averages indicate nothing as to statistical significance. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

### 8. "Distribution of Functional Titles and Compensation in Data Supplied to Bloom (2002)"

Putnam objects to this chart because it is not a summary; the selections from the 4 pages of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. Putnam also objects to this chart as irrelevant unless and until Dr. Bloom testifies as a witness. Putnam further objects to the "average compensation" calculations as irrelevant; averages indicate nothing as to statistical significance. Finally, Putnam objects to this chart on foundation grounds because the source material nowhere indicates that the "lowest to highest functional titles" are as they are listed in the chart. This appears to be simply Svensson's unilateral assertion about the hierarchy of titles. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

A/72523484.2/0398860-0000312913

9.    **"Distribution of Functional Titles and Compensation of the '91'"**

Putnam objects to this chart because it is not a summary; the selections from the 5 pages of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. Putnam objects to this chart on foundation grounds, as it should not be introduced unless and until Svensson can establish that her 91 self-selected comparators are, in fact, legal comparators. Putnam further objects to the "average compensation" calculations as irrelevant; averages indicate nothing as to statistical significance. Finally, Putnam objects to this chart on foundation grounds because the source material nowhere indicates that the "lowest to highest functional titles" are as they are listed in the chart. This appears to be simply Svensson's assertion as to the hierarchy of titles. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

10.    **"Female Total Compensation as a % of Male Total Compensation ("91" Comparators)**

Putnam objects to this chart because it is not a summary; the selections from the 23 pages of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. First, the data on the chart cannot be derived from the cited source material. Putnam also objects to this chart as lacking foundation unless and until Svensson can establish that her 91 self-selected comparators are, in fact, legal comparators. Putnam further objects to the "average compensation" calculations as irrelevant; averages indicate nothing as to statistical significance (even if a foundation were laid as to the 91). The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

11.    **"Comparison of Putnam Assets Under Management With Franchise Players' (All Male) Total Compensation, 2001 to 2003."**

Putnam objects to this chart because it is not a summary; the selections from the 30 pages (plus an undisclosed number of pages from the Marsh & McLennan Annual Reports) of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart

is objectionable as an exhibit or chalk for the following additional reasons. There is inadequate citation to the underlying source materials. As a result it is impossible to determine what data in the source material is being used to generate the charts. Putnam further objects on foundation and relevance grounds, since the source material indicates that "franchise players" were identified by Putnam in the year 2001 only. Despite that fact, the chart suggests that such the franchise designation was used in 2002 and 2003, a "fact" nowhere reflected in the source material. As a result, the chart is not an appropriate summary - it represents argument by Svensson. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

      12.      **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Rob Bloemker; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Rob Bloemker**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Rob Bloemker is her legal comparator. Putnam further objects to Svensson's use of 2003 compensation in the second chart, because she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

      13.      **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Joshua Byrne; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Joshua Byrne**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not

- 8 -

"voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Joshua Byrne is her legal comparator. Putnam further objects to Svensson's use of 2003 compensation in the second chart, because she was terminated prior to receiving bonus compensation for that year. . Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

> 14. **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Simon Davis; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Simon Davis**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Simon Davis is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, because she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

A/72523484.2/0398860-0000312913

15. **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Stephen Dexter; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Stephen Dexter**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Stephen Dexter is her legal comparator. Putnam further objects to Svensson's use of 2003 compensation in the second chart, because she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

16. **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Jeff Knight; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Jeff Knight**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Jeff Knight is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, as she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts

should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

> 17.  Career Track Comparison with "Franchise Players" Lisa Svensson vs. Shigeki Makino; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Shigeki Makino

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Shigeki Makino is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, as she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

> 18.  Career Track Comparison with "Franchise Players" Lisa Svensson vs. James Prusko; Career Track Comparison with "Franchise Players" Lisa Svensson vs. James Prusko

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that James Prusko is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, as she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not

appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

> **19.** **Career Track Comparison with "Franchise Players" Lisa Svensson vs. Paul Scanlon; Career Track Comparison with "Franchise Players" Lisa Svensson vs. Paul Scanlon**

Putnam objects to these two charts because they are not summaries; the selections from the two pages of underlying source materials for the first chart, and 18 for second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Paul Scanlon is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, as she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

> **20.** **Comparison of Putnam Assets Under Management With Key Players' (Male & Female) Total Compensation, 2001 to 2003**

Putnam objects to this chart because it is not a summary; the selections from the 30 pages (plus an undisclosed number of pages from the Marsh & McLennan Annual Reports) of underlying source materials are not "voluminous" as required by Red. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. There is inadequate citation to the underlying source materials, such that Putnam cannot tell which information is being used to generate the charts. Putnam also objects on foundation and relevance grounds, since the source material indicates that "key players" were identified by Putnam in the year 2001 only. Despite that fact, the chart suggests that such a key player designation was used in 2002

- 12 -

and 2003, a "fact" nowhere reflected in the source material. As a result, the chart is not an appropriate summary - it represents argument by Svensson. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

21. **Comparison of Putnam Growth Funds with Other Funds in 2001 (1-Year, as of 11/30/01)**

Putnam objects to these two charts because it they are not summaries; the selections from "Morningstar Fund Reports" are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. There is inadequate citation to the underlying source materials, as it is unclear which specific charts were used to create this summary. Putnam further objects to these charts because the underlying source materials are inadmissible on foundation, relevance, and hearsay grounds. Further, Putnam objects to these two charts as irrelevant to Svensson's claims. The charts also contain factual inaccuracies when compared to the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

22. **Putnam Growth Team Before Reorganization (December 31, 2001); Movement of Growth Team Members in the Reorganization; Putnam Growth Team After Reorganization (June 30, 2006); Putnam Growth Team After Reorganization (March 31, 2003)**

Putnam objects to these four charts because it they are not summaries; the selections from the 3 pages from the first chart, 3 pages from the second chart, 4 pages from the third chart, and 4 pages from the fourth chart are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. Putnam objects to these charts because they contain hearsay. Moreover, the conclusory language in the charts (i.e. "transferred," "replaced," "assigned," etc.) does not appear in the underlying source documents, and thus represents argument by Svensson, rather than a summary permitted by Rule 1006. Putnam further objects to these charts because they are inaccurate and incomplete and because

A/72523484.2/0398860-0000312913

they cannot be generated from the source documents. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

### 23. Comparison of Career Track and Investment Performance: Svensson v. Dexter

Putnam objects to these two charts because they are not summaries; the selections from the 8 pages of underlying source materials for the first chart, and the 18 pages for the second chart, are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. The "grid" from the first chart indicating a hierarchy of positions does not summarize the source material, but instead represents Svensson's argument as to which positions were more important than others. Putnam also objects to these charts as lacking foundation unless and until Svensson can establish that Dexter is her legal comparator. Putnam also objects to Svensson's use of 2003 compensation in the second chart, as she was terminated prior to receiving bonus compensation for that year. Finally, the charts do not appear to accurately reflect the compensation data included in the source material. These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

### 24. Equity Portfolio Management Jobs Filled Between March 2002 and September 15, 2003 (seven charts for seven teams)

Putnam objects to these seven charts because they are not summaries; the selections from the 49 pages of underlying source materials for these charts are not "voluminous" as required by Fed. R. Evid. 1006. The charts are objectionable as an exhibit or chalk for the following additional reasons. These charts are not summaries because they contain conclusory language (i.e. "replacements," "replaced by") that does not appear in the underlying source documents, and thus represents argument by Svensson rather than a summary permitted by Rule 1006. Putnam also objects to these charts to the extent they relay information concerning positions available at Putnam before May 2003, as any promotion claim for such positions is time-barred and/or has been dismissed. Finally, Putnam further objects to the "departure" and "replacement" charts as irrelevant; such selective raw numbers indicate nothing as to statistical significance.

These charts should thus not be admitted as exhibits under Rule 1006, nor, in light of the above objections, may they be used as chalks.

### 25. Comparison: Professional Experience of Svensson v. Brooks

Putnam objects to this chart because it is not a summary; the selections from the 8 pages of underlying source materials for this chart are not "voluminous" as required by Fed. R. Evid. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. Putnam further objects to this chart on foundation grounds, as the underlying source materials do not confirm the accuracy of the chart. Putnam further objects to this chart as irrelevant, as Brooks was her supervisor and the decision-maker with respect to her termination, and this is not an appropriate legal comparator. The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

### 26. Putnam discovered early in 2000 that two male CIOs were engaged in "excessive short-term trading," a practice that had an "adverse effect on all shareholders."

Putnam objects to this chart because it is not a summary as defined by Fed. R. Evid. 1006. The title and language in the chart ("Putnam fails to monitor…"), in addition to its layout, make clear that this chart is *argument*, and is not summarizing any "voluminous" underlying sources as required by Fed. R. E. 1006. The chart is objectionable as an exhibit or chalk for the following additional reasons. The proposed chart is irrelevant since the so-called market timing [frequent trading] is an irrelevant comparison to this case under First Circuit law (*Conward v. Cambridge Sch. Comm.,* 171 F.3d 12, 20 (1st Cir. 1999)) and the mentioned individuals were terminated in any case. The chart is incomplete and inaccurate factually, as it fails to include the female who was also terminated with Scott and Kamshad for market timing activity. The chart is also objectionable because it relies on underlying documents that include inadmissible hearsay, such as allegations in an SEC Complaint against Putnam. Putnam further objects because the chart mischaracterizes the underlying sources, resulting in factual inaccuracies. Further, the chart references settlements with the SEC which are irrelevant, unduly prejudicial, and inadmissible. Putnam further objects to these charts as lacking foundation unless and until

- 16 -

Svensson proves that Omid Kamshad and Justin Scott are her legal comparators for the termination claim.  The chart should thus not be admitted as an exhibit under Rule 1006, nor, in light of the above objections, may it be used as a chalk.

## CONCLUSION

Wherefore, Putnam requests that this Court exclude Svensson's charts as summaries under Rule 1006, and exclude Svensson's charts as chalks under Rule 611(a)  unless and until she establishes accuracy and lays a proper foundation for each individual chart.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: May 7, 2008

A/72523484.2/0398860-0000312913

- 17 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2008.

    /s/ Jennifer L. Holden, BBO #663467
    jennifer.holden@bingham.com