UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISA SVENSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION |
| PUTNAM INVESTMENTS, LLC, | ) NO. 04-12711-PBS |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## DEFENDANT PUTNAM INVESTMENTS' MOTION TO QUASH PLANTIFF'S TRIAL SUBPOENA *DUCES TECUM*

Defendant, Putnam Investments LLC ("Putnam"), moves to quash the trial subpoena *duces tecum* served on Putnam by plaintiff, Lisa Svensson ("Svensson") on May 6, 2008. The grounds for this motion are as follows:

1. Svensson's trial subpoena *duces tecum* is attached hereto as Exhibit A. As is evident from the subpoena, Svensson seeks to compel production of, among other things, a wide range of documents on the eve of trial, including detailed job histories for 11 persons never before identified by plaintiff as relevant to this case (and never designated by plaintiff as a comparator) (Ex. A, (Pl. Proposed Ex. 263)); detailed compensation data and all performance reviews for those same 11 persons (Ex. A, Pl. Proposed Exs. 275, 278); resumes of 102 persons (including Svensson's 91 alleged comparators about whom she already has obtained extensive discovery (Ex. A, Pl. Proposed Ex's 279 and 280)); Putnam's Officer Directories for various years (Ex. A, (Pl. Proposed Ex. 276)); and, 48 SEC filings (see Ex. A generally).

2. All of the information that is the subject of Svensson's subpoena *duces tecum* could have been sought in discovery, and indeed extensive information of the same type has been

furnished by Putnam to Svensson concerning her 91 alleged comparators throughout this case. For example, Svensson's subpoena seeks job histories and compensation data for 11 new individuals of the same type previously furnished to Svensson concerning her 91 alleged comparators. Indeed, she describes the compensation data that she seeks as "compensation data *of the kind* furnished to" Putnam's expert, and produced to plaintiff months ago. (Ex. A, Pl. Proposed Ex. 275, emphasis added). She seeks resumes for her 91 comparators and 11 new individuals, which she easily could have asked for in discovery. She seeks Officer Directories for years 1997-2003, even though she requested Officer Directories for years 2003-2005 in discovery, and despite the fact that *the Court ruled in April 2007 that Putnam need not produce those directories*. *See* Exhibit B hereto (April 10, 2007 Order), denying Request 43. Finally, she seeks to compel production of 48 SEC filings that (a) she could have asked for in discovery, and (b) are available from the SEC at www.edgar-online.com.

3. On these facts, the law in this district is clear that Svensson's subpoena is improper and should be quashed. First, where the effect is to obtain discovery from a party, this Court has ruled that a Fed. R. Civ. P. 45 subpoena *duces tecum* may not be served upon a party *at all* since the rule is directed at non-parties. *See, e.g. Alper v. United States*, 190 F.R.D. 281, 283 (D.Mass. 2000) ("[w]hile the language of Rule 45 ... may ... not be crystal clear, it is apparent ... that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45."); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996) ("Rule 45, to the extent it concerns discovery, is still directed at non-parties" because "Rule 34 governs the discovery of documents in the possession or control of the parties themselves."); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D.Mass.1988) ("Discovery of documents from a party is not accomplished pursuant to Rule 45(b), F.R.Civ.P. That rule governs discovery of documents in the possession, custody and/or control of non-parties.") *See also,* 9A Wright and Miller: Federal Practice and Procedure § 2452 (1995) ("Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of the deposition.")).

- 2 -

4.  Second, even if a subpoena *duces tecum* directed to a party in connection with a trial could be proper in some circumstances,[1] Svensson's trial subpoena, served six-days before trial, is an improper exercise of Rule 45 power since it is nothing more than an attempt to circumvent the discovery rules by seeking documents that (i) could have been requested during discovery; and/or (ii) were requested in discovery, but which this Court has ruled were not discoverable.  As noted above, the documents and data sought by plaintiff "clearly constitute[ ] 'discovery' within the meaning of Rules 26 and 34 and, as a result, come[ ] up against the court's discovery schedule."  *Alper*, 190 F.R.D. at 283.  This Court has ruled that a trial subpoena that seeks "formal discovery -- that is, discovery which invokes the authority of the Court…after the discovery deadline" should be quashed because it "unnecessarily lengthens discovery process, and diverts the parties' attention from the post-discovery aspects of preparing a case for Trial" *id.,* quoting *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 177 F.R.D. 443, 443 (D.Minn. 1997); *Dodson v. CBS Broadcasting Inc.,* No. 02 Civ. 9270, 2005 W.L. 3177723 (S.D.N.Y. Nov. 29, 2005) ("trial subpoenas [duces tecum] may not be used, however, as means to engage in discovery after the discovery deadline has passed.").

5.  Third, Svensson's subpoena *duces tecum* should be quashed because it imposes unfair and improper burdens on Putnam on the eve of trial.  There can be no explanation as to why Svensson did not seek the information she now requests during the discovery process.  By waiting until the eve of trial, Svensson's subpoena has the effect of diverting Putnam's "attention from the post-discovery aspects of preparing a case for trial."  *Alper*, 190 F.R.D. at 283.  Moreover, Putnam has asserted relevance, hearsay and foundation objections to all of the

---

[1] Occasionally, courts in other jurisdictions have ruled that a trial subpoena duces tecum directed to a party may be proper in very limited circumstances (such as to ensure that the original of a document is brought to the trial), but *not* to obtain information that could have been obtained in discovery.  *Rice v. United States*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995); *BASF Corp. v. Old World Trading Co.*, 1992 WL 24076 *2 (N.D. Ill. Feb. 4, 1992).

documents that Svensson seeks.  For example, the 11 new individuals about whom Svensson seeks discovery are not her legal comparators and have never been identified by Svensson as such in this case.  Similarly, Svensson seeks SEC documents for certain funds with which she had no connection and for years (2008 and 1998, for example) which bear no relationship to any issue in this case.  (*See* Exhibit A).  By failing to request such documents in discovery, and instead seeking them via subpoena *duces tecum*, Svensson has circumvented the normal objection process set forth in Fed. R. Civ. P 34.  The result is that Svensson is forcing Putnam and the Court to deal with what amounts to new discovery requests "on the fly."  That fact alone is an independent basis for quashing the subpoena.  *Alper*, 190 F.R.D. at 284 (plaintiff's "last minute effort to obtain documents" raised significant evidentiary problems because "the court [ ] had no prior notice" and "[j]udicial resources would surely be wasted."  *Id.*

For the foregoing reasons, Putnam respectfully requests that this Court grant Putnam a protective order quashing plaintiff's trial subpoena.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: May 7, 2008

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2008.


/s/ Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
District of Massachusetts

Subpoena,
Pursuant to
Fed. R. Civ. P. 45,

To:   Keeper of the Records
Putnam Investments, LLC
One Post Office Square
Boston, Massachusetts

Please take notice that, pursuant to Fed. R. Civ. P. 45,[1] you are required to appear and testify as to your knowledge at the trial of Lisa Svensson v. Putnam Investments, LLC f/k/a Putnam Investments, Inc. et al., United States District Court, District of Massachusetts, Civil Action No. 04-12711-PBS, at 9:00 a.m. on Monday, May 12, 2008, in Judge Saris' courtroom at the John Joseph Moakley Courthouse, One Courthouse Way, Boston, Massachusetts 02110.[2]

You also are required to bring with you and produce at that time and place the documents and tangible things identified in Exhibit "B," annexed hereto.

Hereof fail not, as you will answer your default under the penalties in the law in that behalf made and provided.

Kevin F. Moloney
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310

---

[1] A copy of Fed. R. Civ. P. 45(c) and (d), as required by Fed. R. Civ. P. 45(a)(1)(D), is annexed hereto as Exhibit "A" on pp. 3-5, hereof.
[2] You need not appear at the above stated time if, prior to May 9, 2008, you give plaintiff's counsel reliable (in the opinion of such counsel) written assurances that you will appear promptly on telephone notice.

Counsel of record for plaintiff
Lisa Svensson

Dated: May 6, 2008

<u>Return of Service</u>.

Service of the within subpoena accepted on behalf of
the within named,

By his/her attorney,

_____
Joseph L. Kociubes

May __, 2008

[424480.1]

**Exhibit A**

<u>Fed. R. Civ. P. 45(c)</u> Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

3

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(d) Duties in Responding to Subpoena.

(1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

4

(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

5

EXHIBIT B

(The numbers on the left margin correspond to the numbers on
Svensson's Amended Disclosures re: exhibits)

263. ERS_JOB_SUMMARY_BY_EMPLID documents[1] for the following
     persons:

                    Cronin, Kevin
                    Jacobs, Jerome
                    Kaufman, Jeffrey
                    Kohli, William
                    Maloney, Kevin
                    Meehan, Thalia
                    O'Toole, Brian
                    Peacher, Stephen
                    Pearson, Walton
                    Waldman, David
                    Wyke, Richard
                    Pearson, Walton

***

274. Hutcherson notes of investigation of Lisa Svensson in the
     period since 06 01 03

275. Compensation data of the kind[2] furnished to Bloom for the
     following persons:

                    Cronin, Kevin
                    Jacobs, Jerome
                    Kaufman, Jeffrey
                    Kohli, William
                    Maloney, Kevin
                    Meehan, Thalia
                    O'Toole, Brian
                    Peacher, Stephen
                    Pearson, Walton
                    Waldman, David
                    Wyke, Richard
                    Pearson, Walton

276. Putnam Officer Directories: 08 97, 05 98, 12 99, 07 00, 07
     01, 07 02, 07 03   *denied in discovery*

278  PDPRs[3] [4]for the following persons:

---

[1] For the same periods of time as produced in discovery for the 91 persons
(males and females) identified in Svensson's fourth affidavit.
[2] And for the periods of time as furnished to Bloom

Cronin, Kevin
Jacobs, Jerome
Kaufman, Jeffrey
Kohli, William
Maloney, Kevin
Meehan, Thalia
O'Toole, Brian
Peacher, Stephen
Pearson, Walton
Waldman, David
Wyke, Richard
Pearson, Walton

279. Resumes for the 91 persons (males and females) identified in Svensson's fourth affidavit

280. Resumes for the following persons:

Cronin, Kevin
Jacobs, Jerome
Kaufman, Jeffrey
Kohli, William
Maloney, Kevin
Meehan, Thalia
O'Toole, Brian
Peacher, Stephen
Pearson, Walton
Waldman, David
Wyke, Richard
Pearson, Walton

and the following if objections made on grounds of authenticity of the documents referred to in the corresponding items of Svensson's amended disclosures:

291. SEC Form NSAR-B for the Putnam Global Equity Fund, filed as of 12 29 04

---

[3] PDPR is used herein to refer to documents that in the Rule 30(b)(6) deposition of Putnam, Tibbetts referred to as the "generic" performance review forms.

[4] For the same periods of time as produced in discovery for the 91 persons (males and females) identified in Svensson's fourth affidavit.

2

292. SEC Form N-1A for the Putnam New Opportunities Fund, dated January 28, 2008

293. SEC Forms N-1A for the Putnam International Growth Fund, dated October 30, 1999, October 26, 2000, and October 30, 2001

294. SEC Forms N-1A, for the Putnam Global Growth Fund, dated February 28, 2001 and the Putnam Global Equity Fund, dated June 29, 2001

295. SEC Filing NSAR B Putnam Global Equity Fund filed as of 12 29 04

296. SEC Fund Prospectus (form 485) for the Putnam Global Equity Fund as of 03 01 04

297. SEC Form 497 Prospectus Supplement dated 07 16 01 for the Global Growth Fund

* * *

331. Global Growth Fund Prospectus filed with the SEC, dated 02 28 02

* * *

333. SEC form N-1A, 02 27, 2003, Global Equity Fund Prospectus

* * *

379. SEC Filing NSAR B Putnam Global Equity Fund filed as of 12 29 04 describes the settlement with the SEC and the Commonwealth of Massachusetts

380. SEC Fund Prospectus (form 485) for the Putnam Global Equity Fund as of 03 01 04 describing that rapid exchange hurts fund holders

381. SEC Form 497 Prospectus Supplement dated 07 16 01 for the Global Growth Fund

382. SEC Form 497 Prospectus Supplement dated 02 14 03 for the Global Natural Resources Fund

383. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 1998

3

384. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 1999

385. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 2000

386. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 2001

387. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 2002

388. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 2003

389. Marsh & McLennan Annual Report on form 10-K for the year ending 12 31 2004

***

417. Putnam Capital Appreciation Fund Form 485BPOS Prospectus, filed 09 29 99

418. Putnam Capital Opportunities Fund Form 485BPOS Prospectus, filed 08 30 03.

419. Putnam Diversified Equity Trust Form 485APOS Prospectus, filed 04 28 99

420. Putnam Equity Income Fund Form 485BPOS Prospectus, filed 03 29 01

421. Putnam Europe Growth Fund Form 485BPOS Prospectus, filed 10 30 01

422. Putnam Fund for Growth and Income Form 485BPOS Prospectus, filed 02 25 98.

423. Putnam Global Equity Fund Form 497 Prospectus, Supplement, filed 12 10 03.

424. Putnam Global Growth Fund Form 485APOS Prospectus, filed 12 24 98

425. Putnam Global Growth Fund Form 497 Prospectus, Supplement, filed 08 30 02.

426. Putnam Global Natural Resources Fund Form 485BPOS Prospectus, filed 12 29 03.

427. Putnam Growth and Income Fund Form 485BPOS Prospectus, filed 02 27 03.

428. Putnam Growth and Income Fund II Form 485BPOS Prospectus, filed 03 29 01.

429. Putnam Health Sciences Trust Form 485BPOS Prospectus, filed 12 28 00.

430. Putnam High Yield Trust Form 485APOS Prospectus, filed 10 30 98.

431. Putnam International Growth Fund Form 485BPOS Prospectus, filed 10 30 01.

432. Putnam International Growth Fund Form 485BPOS Prospectus, filed 10 30 02.

433. Putnam International New Opportunities Fund Form 485BPOS Prospectus, filed 01 30 03.

434. Putnam International Voyager Fund Form 485BPOS Prospectus, filed 12 30 02.

435. Putnam Investors Fund Form 485B24E Prospectus, filed 11 29 95.

436. Putnam Investors Fund Form 485BPOS Prospectus, filed 11 27 02.

437. Putnam Investors Fund Form 485BPOS Prospectus, filed 11 28 00.

438. Putnam New Opportunities Fund Form 485BPOS Prospectus, filed 10 27 00.

439. Putnam OTC and Emerging Growth Fund Form 485BPOS Prospectus, filed 11 28 00.

440. Putnam Small Cap Value Fund Form 485BPOS Prospectus, filed 06 30 03.

441. Putnam Utilities Growth and Income Fund Form 485BPOS Prospectus, filed 02 25 03

442. Putnam Vista Fund Form 485BPOS Prospectus, filed 11 29 99

443. Voyager Fund Form 497 Prospectus, Supplement filed 06 30 03.

444. Putnam Voyager II Fund Form 485BPOS Prospectus, filed 04 27 01.

6

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
LISA SVENSSON,                )
                              )
         Plaintiff,           )
                              )
    v.                        )  CIVIL ACTION NO. 04-12711-PBS
                              )
PUTNAM INVESTMENTS LLC, f/k/a )
PUTNAM INVESTMENTS, INC. and  )
LAWRENCE J. LASSER,           )
                              )
         Defendants.          )
_____)
```

**ORDER**

April 10, 2007

Saris, U.S.D.J.

This is an employment discrimination action brought by plaintiff Lisa Svensson, an investment analyst, who alleges that defendant Putnam unfairly compensated, failed to promote, demoted, and terminated her because of her gender. Plaintiff objects to the orders of the magistrate judge entered on January 9, 2007 and January 17, 2007. The magistrate judge ruled on the motion to compel the production of documents for 15 of the 76 document requests, urging the parties to work out the rest. She also granted Putnam's motion to terminate discovery.

As background, discovery has been ongoing for three years, and the time period has been extended twice. It has been rancorous and contentious, necessitating lengthy hearings before the magistrate judge.

The parties do not agree about what matters are still in dispute, and the record is often confusing. Plaintiff contends that there are 91 comparators, a number which defendants did not dispute for discovery purposes only. Plaintiff has winnowed down the number of comparators for the different employment actions, and has filed multiple memoranda withdrawing or modifying many categories of document requests.

On February 15, 2007, I ruled I was not going to begin discovery again under the 2006 e-discovery amendments to the Federal Rules of Civil Procedure and would not require defendants to answer new interrogatories about the computer system. Defendants believe that I also ruled that production of e-documents was not required at all. I clarify that if an e-document is responsive to a document request, and retrievable with reasonable effort, it must be produced. Putnam must make reasonable efforts to find electronic documents through appropriate word searches with respect to the 10 decisionmakers and the comparators specified by plaintiff for the years 1999 to 2003 for each allegedly unlawful action.

Putnam argues that the word searches requested by plaintiff are too broad and expensive. Plaintiff disputes this contention and the parties' experts disagree on expense. The electronic discovery shall be paid for by plaintiff, but shall be reimbursable by defendants if plaintiff prevails. Plaintiff may

2

select the technical consultant to do the search if the amount
charged is less than defendant's consultant.  Alternatively
defendant may pay the difference between the expense if it wants
to use its own technical expert.  I find that plaintiff should
bear the expense as an initial matter because this is the second
document request, the word search is broad, and defendants have
already paid for one e-mail search.

With this background in mind, I rule as follows:

    Svensson Request No. 8: **ALLOWED**, including PDPRs.

    Svensson Request No. 15: **ALLOWED**.

    Svensson Request No. 16: **ALLOWED**

    Svensson Request No. 17: **ALLOWED**.

    Svensson Request No. 18: **ALLOWED**.

    Svensson Request No. 19:  **ALLOWED**.

    Svensson Request No. 28:  **DENIED** as defendants state the
documents have been produced.

    Svensson Request No. 29: **DENIED**, but defendants shall
produce its standard release.

    Svensson Request No. 30, 31: **DENIED** as none exists.

    Svensson Request No. 32: **ALLOWED**

    Svensson Request No. 33: **DENIED** unless the documents mention
plaintiff.

    Svensson Request No. 34: **DENIED**.

Svensson Request No. 36-37: **ALLOWED**.

Svensson Request No. 38: **ALLOWED**.

Svensson Request No. 39: **ALLOWED**.

Svensson Request No. 40: **ALLOWED**.

Svensson Request No. 43: **DENIED**.

Svensson Request No. 45-49: **ALLOWED** to the extent the documents reference plaintiff or the stocks she picked.

Svensson Request No. 50-54, 61, 75, 76: Defense counsel shall submit an affidavit supporting the claim of attorney-client privilege or protection under the work-product doctrine.

Svensson Request No. 56-60: **ALLOWED**.

Svensson Request No. 62: **DENIED**.

Svensson Request No. 63: **ALLOWED**.

Svensson Request No.65-69: **DENIED**.

Svensson Request No.70: **DENIED** as none exists.

Svensson Request No. 71-73: **ALLOWED**.

Svensson Request No. 74: **DENIED** except as related to performance evaluations and employment actions. Private personal data need not be produced.

All supplementation shall be made in 60 days. Within 30 days after production, plaintiff may take 7 hours of a deposition under Fed.R.Civ.P. 30(b)(6) regarding the new documents. The

4

parties shall prepare an alternative briefing schedule consistent with this timetable.


/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge