UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>      Plaintiff,<br><br>v.<br><br>PUTNAM INVESTMENTS, LLC,<br><br>      Defendant. | CIVIL ACTION<br>NO. 04-12711-PBS |

**PUTNAM'S MOTION TO EXCLUDE EVIDENCE ABOUT SO-CALLED "COMPARATORS" UNLESS AND UNTIL SVENSSON LAYS AN ADEQUATE FOUNDATION THAT THE EMPLOYEE IS A LEGAL COMPARATOR**

Defendant Putnam Investments ("Putnam") moves to exclude alleged comparator testimony and evidence unless and until Svensson lays an adequate foundation that the employee is a legal comparator.

1. During her direct examination, plaintiff has testified that she believes that she is properly compared with various male and female members of the Growth, Value and Core teams, as well as members of Global Equity Research. Putnam objected to this line of questioning, but the Court overruled Putnam's objection.

2. In support of her assertions, Plaintiff has offered nothing more than her conclusory opinion that (a) she was as well qualified as each and every member of the Growth, Value and Core teams, as well as all members of Global Equity Research group, for the positions that they held or that became open at any time; (b) she had as much or more investment, Putnam, and industry experience as they; and (c) her performance was just as good as theirs for compensation and other purposes. Plaintiff offered no specific factual support for these conclusory assertions. For example, she did not testify about the specific investment, industry or

Putnam experience of any given individual, and she did not identify the qualifications necessary for any given portfolio manager or analyst position or the qualifications possessed by any of the individuals to whom she purports to compare herself. Nor did plaintiff explain how she is as or more qualified for a specific position than any of the persons she identified. Insofar as compensation and performance is concerned, plaintiff did not produce any evidence concerning the performance of any of the individuals she identified, or provide any factual basis for her general assertion that her performance was better. Plaintiff also asserted in general terms that all of the individuals she identified were compared against one another, but plaintiff offered no explanation as to how she has personal knowledge about what factors were considered in setting compensation, or which individuals were compared with one another.

      3. "As with all comparative evidence, *it is the plaintiff's burden* to demonstrate that she is comparing apples to apples." *Rathbun v. Autozone, Inc.*, 361 F.3d 62 (1st Cir. 2004) (emphasis added). A legal comparator is an employee who objectively is "similar [to plaintiff] in terms of performance, qualifications, conduct and any other relevant characteristics or circumstances." *Bennett v. Saint Gobain Corp.*, 453 F.Supp.2d 314 (D.Mass. 2006), aff'd, 507 F.3d 23 (1st Cir. 2007). Employees are not legal comparators if they have "differentiating or mitigating circumstances that would distinguish their situations." *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994).

      4. To meet her burden, plaintiff must produce a *specific factual basis* for her legal position that each of her named comparators meets the criteria laid out by the cases. *Rodriguez v. Smithkline Beecham Pharmaceutical, Puerto Rico, Inc.*, 62 F.Supp.2d 374, 382 (D.P.R. 1999), aff'd, 224 F.3d 1 (1st Cir. 2000). The First Circuit has ruled consistently that plaintiff's conclusory assertions about her performance and qualifications, and the performance and qualifications of others, is inadmissible and not competent testimony and certainly does not suffice to meet her burden. *Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 15 (1st. Cir. 1998).

      5. Plaintiff now proposes to introduce detailed compensation information and employment histories concerning 91 individuals that she claims are her comparators. This list of

91 people includes some people about whom plaintiff has offered her summary opinion are her comparators. It also includes many people about whom plaintiff has not so testified. As to none has plaintiff proffered the kind of specific factual evidence that warrants a conclusion that the 91 are her legal comparators. Indeed, plaintiff's own testimony to date establishes the contrary. For example, the 91 includes 8 individuals who served as CIOs, as well as 12 "Directors" who, unlike plaintiff, managed teams of portfolio managers and had department level management responsibilities, (and/or were traders, or served in wholly separate investment groups (such as Currency)). Plaintiff testified that CIOs and Directors have more responsibilities than portfolio managers and analysts, and it is undisputed that plaintiff never served as a CIO or Director.

6. It also appears that plaintiff intends to introduce data concerning the compensation and employment histories of hundreds of other investment professionals at Putnam during the period from 1998-2003. Plaintiff has offered no specific factual evidence that all of these hundreds of individuals are her legal comparators, nor would any such assertion be plausible. Much of the data relates to years that are no longer relevant to this case (e.g., compensation data for years prior to 2002). This data was considered by Putnam's expert in connection with *his* report, but any testimony about the conclusions of Putnam's expert in plaintiff's case is premature.

7. Putnam will be prejudiced if plaintiff is permitted to introduce evidence about the compensation of CIOs, Directors, or any other Putnam employee *who is not her legal comparator*. Thus, Putnam requests that plaintiff be precluded from further testifying about alleged comparators, or introducing evidence concerning the same, unless and until she establishes that each *objectively* was "similar in terms of performance, qualifications, conduct and any other relevant characteristics or circumstances" *Bennett*, 453 F.Supp.2d 314, aff'd, 507 F.3d 23 (1st Cir. 2007), and did not have "differentiating or mitigating circumstances that would distinguish their situations." *Smith*, 40 F.3d at 17. This is <u>Svensson's</u> burden. *Rathbun,* 361 F.3d 62 ("As with all comparative evidence, *it is the plaintiff's burden* to demonstrate that she is comparing apples to apples.") (emphasis added).

**WHEREFORE**, Putnam respectfully requests that the Court preclude plaintiff from further testifying or introducing evidence about alleged comparators unless and until she satisfies this Court's legal comparator requirements.

**PUTNAM INVESTMENTS, LLC,**

By her attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: May 15, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 15, 2008.

                                        /s/ Allyson E. Kurker, BBO# 665231
                                        allyson.kurker@bingham.com

A/72538110.2/0398860-0000312913