UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA SVENSSON,

Plaintiff,

v.

PUTNAM INVESTMENTS, LLC

Defendant.

CIVIL ACTION
NO. 04-12711-PBS

## DEFENDANT, PUTNAM INVESTMENTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, defendant, Putnam Investments LLC ("Putnam"), requests that

this Court include the attached instructions in its charge to the jury in this matter. Each proposed

instruction is set forth on a separate page for ease of reference. Putnam reserves the right to

submit revised and supplemental instructions as appropriate at the close of the evidence.

Dated: May 23, 2008

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
617.951.8000

A/72535185.3

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on May 23, 2008.


/s/ Allyson E. Kurker, BBO #665231

allyson.kurker@bingham.com

A/72535185.3

**PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 1**
**(Disparate Impact - Elements)**

All of the claims that I have described to you so far are claims that defendant took one or more adverse employment action against plaintiff because she is a female.  This is a so-called "disparate treatment" type of claim.  Plaintiff also alleges, however, that she has a "disparate impact" claim against defendant.  In order to succeed on a disparate impact claim, plaintiff must first prove, by a preponderance of the evidence, that defendant utilizes a *specific*, facially neutral policy or practice in making employment decisions .  By facially neutral, I mean a policy or practice that does not appear to be discriminatory on its face.  Examples of such a facially neutral policy might be something like a height requirement, or something like a minimum test score that an employee must have to qualify for a job.  Such requirements are facially neutral because, on their face, they are not gender-related.

Once plaintiff proves that defendant utilizes a specific, facially neutral policy or practice in making employment decisions, plaintiff must next prove by a preponderance of the evidence that the specific facially neutral policy or practice is has a disparate impact on women.  For example, using my height requirement example, plaintiff would need to prove not only the existence of the height requirement, but also that the height requirement has a disproportionately negative impact on women.  If plaintiff fails to prove by a preponderance of the evidence both the existence of a specific, facially neutral policy or practice being utilized by defendants, and that that policy causes a disproportionately negative impact on women, you must rule for defendant.[1]

---

[1] *Ward's Cove Packing Co., Inc. v. Antonio*, 490 U.S. 642, 656-68(1989)

**PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 2**
**(Disparate Impact - Defense to Disparate Impact Claim; Burden of Proof)**

If plaintiff proves by a preponderance of the evidence both the existence of a specific,

facially neutral policy or practice being utilized by defendants, and that that policy causes a

disproportionately negative impact on women, you must next consider whether defendant has

established a defense to plaintiff's disparate impact claim.  To do so, defendant must produce

evidence that that "challenged practice serves, in a significant way, the legitimate employment

goals of the employer."[2]  "[T]here is no requirement that the challenged practice be "essential" or

"indispensable" to the employer's business for it to pass muster."[3]  While defendant must

produce evidence of this business need for the challenged policy or practice, the burden of

persuading you, by a preponderance of the evidence, of both the existence of a specific, facially

neutral policy or practice being utilized by defendants, and that that policy causes a

disproportionately negative impact on women that is not justified by employer's articulated

business need, remains at all times on plaintiff.[4]

---

[2] *Ward's Cove Packing Co., Inc. v. Antonio*, 490 U.S. 642, 659 (1989)
[3] *Id.*
[4] *Id.*

A/72535185.3

**PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 3**
**(Effect of Refusal to Accept Redefined Role)**

As I noted above, plaintiff must establish, by a preponderance of the evidence that the person or persons who terminated her employment had a discriminatory animus against the plaintiff because she is a female and that that animus was the determinative cause for the decision to terminate plaintiff's employment. If you conclude that defendant terminated plaintiff because she refused to accept her manager's decision to redefine her duties, you should find for defendant. This is true even if you conclude that plaintiff *believed* that the decision to redefine her duties was motivated by her gender.[5]

---

[5] *Hazel v. U.S. Postmaster General*, 7 F3rd 1 (1st. Cir. 1993)

**PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 4**
**(Mitigation of Damages; Effect of Refusal to Accept Redefined Role)**

If you conclude that plaintiff refused to accept her manager's decision to redefine her duties, you should conclude that plaintiff failed to mitigate her damages and you should not award her any back pay or front pay damages. This is true even if you conclude that the decision to redefine her duties was motivated by her gender. That is because plaintiff's obligation, as part of her duty to mitigate her damages, was to accept the redefined duties as a way of mitigating her damages, and separately to pursue any remedies that she might have.[6]

---

[6] *Hazel v. U.S. Postmaster General*, 7 F3rd 1 (1st. Cir. 1993)

A/72535185.3

## PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 5
### (Mixed Motive; Defense to Mixed Motive)

If plaintiff fails to prove by a preponderance of the evidence that her gender was not the determinative cause of any one or more of the alleged adverse employment actions about which she complains - her termination, her move to GER, her compensation or the fact that she did not receive an open portfolio manager position after May 6, 2003 - you should next consider whether her gender was a substantial motivating factor in any one of these decisions by defendant.  Once again, plaintiff bears the burden of proving by a preponderance of the evidence that her gender was a substantial motivating factor in the particular decision in question, even though defendant may have had other legitimate non-discriminatory reasons for that particular decision.

If you find that plaintiff has proven by a preponderance of the evidence that her gender was a substantial motivating factor in the particular decision in question, but that defendant also had other legitimate reasons for its decision, you should next consider whether defendant would have made the same decision if it had not taken plaintiff's decision into account in making the particular decision in question.  Defendant bears the burden of proving, by a preponderance of the evidence, that it would have made the same decision if it had not taken plaintiff's decision into account in making the particular decision in question.  If you find that Defendant has proven, by a preponderance of the evidence, that it would have made the same decision if it had not taken plaintiff's decision into account in making the particular decision in question, you may not award plaintiff any damages.[7]

---

[7] *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 31 (1st Cir.2003); 42 U.S.C. § 2000e-5(g)(2)(B) (2008)

A/72535185.3