UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *    Civil Action No. 04-12711-PBS
                          *
LISA SVENSSON,            *
                          *    BBO No. 351000
        Plaintiff,        *
                          *    Plaintiff Svensson's
v.                        *    Additional Supplemental
                          *    Proposed Jury Instructions.
                          *
PUTNAM INVESTMENTS, LLC,  *
et al.,                   *
                          *
        Defendants.       *
                          *
* * * * * * * * * * * * * *
```

Plaintiff Lisa Svensson ("Svensson") offers the following additional supplemental proposed jury instructions concerning: (a) the relevance of other Putnam investment professionals opinions as to whether Svensson had the failings relied upon by Putnam as reasons for its adverse actions against her and (b) the proper measure of damages if Svensson's demotion was illegal but her termination was legal.

For the court's convenience, the instructions are sequentially numbered beginning at No. 47, following the last of Svensson's supplemental proposed initial jury instructions.

**Instruction No. 47 (Evidence of other Putnam investment professionals' opinions as to whether Svensson had the failings relied upon by Putnam as reasons for its adverse actions against her)**

The non-discriminatory reasons articulated by Putnam for its adverse actions against Svensson are: (1) alleged management dishonesty; (2) alleged poor performance; (3) alleged the need to prevent her from "hurting people"; and (4) alleged insubordination. In determining whether any of these proffered reasons is Putnam's real reason or, instead, is a pretext for discrimination, you may consider evidence that other investment professionals at Putnam did not regard Svensson's as having one or more of these failings.


Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 35 (1st Cir. 2001) (plaintiff may show pretext by showing that the proffered explanation is not believable and the circumstances are such that the falsity of the proffered reason taken together with other facts, suggests a discriminatory motivation).

**Instruction No. 48 (damages if demotion illegal but termination legal)**

Even if you find that Svensson's termination was not discriminatory, if you find that Putnam's demotion of Svensson to Research Analyst, thereby depriving her of the Portfolio Manger position, was discriminatory, the period for which you may award her damages on the demotion claim is not limited to, and may extend beyond, the date of her termination.

Svensson reserves the right to further supplement these proposed jury instructions.

```
                              LISA SVENSSON, plaintiff,

                              By her attorneys,

                              BARRON & STADFELD, P.C.


                              /s/ Kevin F. Moloney
                              Kevin F. Moloney    BBO No. 351000
                              Roger T. Manwaring  BBO NO. 548614
                              100 Cambridge Street, Suite 1310
                              Boston, Massachusetts  02114
                              Tel.: 617.723.9800/531.6569

                              and

                              /s/ John K. Weir
                              John K. Weir, Admitted PHV
                              John K. Weir Law Offices, LLC
                              300 Park Avenue, Suite 1700
                              New York, New York, 10022
                              Tel.: 212.572.6374
```
Dated: May 23, 2008

Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney

Dated: May 23, 2008




[431138.1]