UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *    Civil Action No. 04-12711-PBS
                           *
LISA SVENSSON,             *
                           *    BBO No. 351000
        Plaintiff,         *
                           *    Plaintiff Svensson's
v.                         *    Memorandum of Law
                           *    Concerning the Availability
                           *    of Pre-Judgment Interest
PUTNAM INVESTMENTS, LLC,   *    on Svensson's Title VII
et al.,                    *    and c.151B Claims.
                           *
        Defendants.        *
                           *
* * * * * * * * * * * * * *
```

In accordance with this court's request, plaintiff Lisa Svensson ("Svensson") submits this memorandum of law concerning the availability of pre-judgment interest on her claims under Title VII and Massachusetts G.L. c. 151B.

If Svensson prevails on her c.151B claim this court should award pre-judgment interest on the back pay damages, at the rate of 12% per annum pursuant to Massachusetts G.L. c. 231, §6B, from the date when Svensson filed this judicial action. Blockel v. J.C. Penney Co., Inc., 337 F.3d 17, 29 (1st Cir. 2003) (affirming District Court's award of pre-judgment interest at 12% under c.231, §6B on plaintiff's c.151B claim); Slavi v. Suffolk County Sheriff's Dept., 67 Mass. App. Ct. 596, 608-610 (2006). Prejudgment interest under c.151B is added ministerially after the verdict. Foley v. City of Lowell, Massachusetts, 948 F.2d 10, 17 (1st Cir. 1991)

If Svensson prevails on both her c.151B and Title VII claims, then she is entitled to choose whether to take her damages (and pre-judgment interest) under the state or federal statute. In Foley, the court stated:

> It is equally well accepted, however, that in cases where parallel claims are brought under both federal and state laws, and the damages recovered are duplicative, i.e., not segregated into separate federal and state components, a prevailing plaintiff is entitled to select the body of law under which the damages will be paid. …. Hence, Foley, who prevailed on both his federal and state civil rights claims, was entitled to the undiminished fruits of his state-law victory. And under Mass.Gen.L. ch. 231, § 6B, those fruits included prejudgment interest, to be added ministerially *after* the verdict, not factored into the jury calculus.

948 F.2d at 17. (Emphasis added). See also McDonough v. City of Qunicy, 353 F.Supp.2d 179, 191 (D.Mass. 2005); Mendoza v. Union Street Bus Co., Inc., 876 F.Supp. 8, 12 (D. Mass. 1995).[1] Svensson chooses to take her damages under c.151B and to have prejudgment interest calculated under c.231, §6B at the rate of 12%. As noted in Foley, prejudgment interest under c.151B is added ministerially after the verdict.

---

[1] Conway v. Electro Switch Corp., 825 F.2d 593 (1st cir. 1987), in which the court held that the District Court judge could choose whether to award pre-judgment interest under state of federal law, is not applicable. As the Court of Appeals for the First Circuit noted in Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 77-78 (1st Cir. 2001):

"Our precedents may have created some confusion, … but we think that the district judge did have to use the Rhode Island rate. The rate of interest on an award is commonly treated as a matter of substantive law, and so as to a state claim, state law customarily governs in deciding

2

If Svensson were to prevail on her Title VII claim, but not on the c.151B claim[2] then the award of pre-judgment interest would be within this court's discretion. <u>Troy</u> v. <u>Bay State Computer Group, Inc.</u>, 141 F.3d 378, 383 (1st Cir. 1998); <u>McDonough</u>, 353 F.Supp.2d at 191.

LISA SVENSSON, plaintiff,

By her attorneys,

BARRON & STADFELD, P.C.

/s/ Kevin F. Moloney
Kevin F. Moloney    BBO No. 351000
Roger T. Manwaring  BBO NO. 548614
100 Cambridge Street, Suite 1310
Boston, Massachusetts  02114
Tel.: 617.723.9800/531.6569

and

---

whether interest is required or permitted and, if so, in what amount….

National says that in this case we do not know whether the judgment rested on federal or state grounds.  In some cases, this might matter….  Here, however, the applicable federal and state claims appear to be wholly symmetrical so far as Diane Conetta's claims are concerned….  Thus, it is fair to treat the judgment as affording her an option to have it rest on federal *or* state law, whichever affords her the better interest rate….

By contrast, in <u>Conway</u>*,* this court believed that a higher interest rate applied under Massachusetts law, <u>but that under state law at the time, the decision *whether* to award prejudgment interest for the statutory claim at issue at all was confided to the judge's discretion. 825 F.2d at 601-02.</u> On this premise, the district judge surely did have the discretion to choose between the federal rate (which applied automatically to the federal claim) and the higher but discretionary state rate (for the state claim). Rhode Island law, however, makes the award at the higher rate mandatory."

As Massachusetts law also now makes an award of prejudgment interest mandatory, this court must afford Svensson the opportunity to choose whether to take prejudgment interest under federal or Massachusetts law.

[2] A situation which Svensson submits is not possible given that the elements of the claims are such that Svensson would necessarily succeed under c.151B if she prevailed under Title VII.

```
                              /s/ John K. Weir
                              John K. Weir, Admitted PHV
                              John K. Weir Law Offices, LLC
                              300 Park Avenue, Suite 1700
                              New York, New York, 10022
                              Tel.: 212.572.6374
```
Dated: May 27, 2008

## Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

```
                              /s/ Kevin F. Moloney
```

Dated: May 27, 2008

[431257.1]