UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *    Civil Action No. 04-12711-PBS
                         *
LISA SVENSSON,           *
                         *    BBO No. 351000
         Plaintiff,      *
                         *    Plaintiff Svensson's
v.                       *    Comments Concerning and
                         *    Objections to the Court's
                         *    Draft Jury Instructions.
PUTNAM INVESTMENTS, LLC, *
et al.,                  *
                         *
         Defendants.     *
                         *
* * * * * * * * * * * * * *
```

Plaintiff Lisa Svensson ("Svensson") offers the following comments concerning, and makes the following objections to, this court's draft jury instructions, dated May 27, 2008.

Instruction No. 10:

This instruction, concerning the definition of a demotion, should instruct that a transfer may result in a demotion when, among other things, it results in an objectively less prestigious job. See Svensson's Proposed Instruction No. 40.

Instruction No. 12:

This Instruction should advise the jury that:

(1) Discriminatory remarks or actions by Putnam investment professionals who were involved in decisions concerning the adverse employment actions taken against Svensson, or remarks or actions by persons who had influence over those decision-makers or in the

decision making process, may constitute evidence that Putnam's actions against Svensson were motivated by discrimination;

(2) Discriminatory remarks or actions by Putnam investment professionals who were not decision-makers (and who were not in a position to influence decision-makers) with regard to Putnam's adverse employment actions against Svensson may constitute evidence of discrimination so long as there is other evidence of discrimination; and,

(3) Such discriminatory remarks or actions by non-decision-makers (who were not in a position to influence decision-makers) may support an inference that a discriminatory atmosphere existed at Putnam, which the jury may consider when determining whether Putnam's proffered reasons for its adverse actions against Svensson are pretexts for discrimination.

See Svensson's Proposed Instruction Nos. 20-22.

Instruction No. 15:

This instruction should inform the jury more specifically concerning the ways in which Svensson may prove that Putnam's proffered non-discriminatory reason for its adverse actions against Svensson is in fact a pretext for discrimination:

(1)   that the proffered reason is not believable (See Svensson's Proposed Instruction No. 10);

(2)   weaknesses or contradictions in Putnam's proffered

reasons (<u>See</u> Svensson's Proposed Instruction No. 11);

or,

(3)   that Putnam has altered its proffered reasons for the

employment action. I<u>d</u>.

<u>Instruction No. 17</u>:

Svensson objects to this instruction because Putnam has asserted that it had four reasons for terminating Svensson, not just insubordination.

<u>Instruction No. 19</u>:

This instruction should refer to the possibility of punitive damages.

<u>Instruction No. 20</u>:

This instruction should tell the jury that in addition to all lost salary and employment benefits that Svensson would have earned but for Putnam's discriminatory actions, Svensson is entitled to any increases in such salary or other compensation which the jury finds she would have received.

In addition, this instruction should advise the jury that the rate of compensation to be used in its calculation of damages depends upon whether the demotion from Portfolio Manager to Analyst was discriminatory.  <u>See</u> Svensson's Proposed Instruction No. 34.

Svensson also objects to the last sentence of this instruction. <u>See</u> Svensson's Proposed Instruction No. 48.

<u>Instruction No. 21</u>:§§

This instruction should inform the jury that the rate of compensation to be used in its calculation of front pay damages depends upon whether the demotion from Portfolio Manager to Analyst was discriminatory.  See Svensson's Proposed Instruction No. 35.

It also should define "comparable employment" that the rate of compensation to be used in its calculation of damages depends upon whether the demotion from Portfolio Manager to Analyst was discriminatory.  See Svensson's Proposed Instruction Nos. 44-45.

Instruction No. 26:

This instruction should charge the jury that Svensson was not required to make the greatest possible effort to obtain new, comparable employment, but only an honest good faith effort.  With regard to what constitutes comparable employment, this instruction should indicate that Svensson is not required to seek or accept employment outside reasonable commuting distance, not required to go into another line of work, nor required to accept a demotion or take a demeaning position.  Further, it should instruct that in determining what is comparable other employment, if the jury finds that the demotion from Portfolio Manager to Analyst was discriminatory, then the other employment must be compared to the Portfolio Manager position at Putnam.  See Svensson's Proposed Instruction Nos. 45.

Instruction No. 27:

Svensson objects to this instruction as it is not warranted by the facts in evidence.  There is not evidence that the so-called "newly defined job" created by Brooks as of August 28, 2003, was of a

like nature to the position of Associate Director of Research in GER with portfolio management responsibilities for the Natural Resources Trust fund position Svensson had held.

Instruction No. 31:

The sentence of this instruction which begins "[a]lternatively ..." should include, immediately prior to the ending period, the words "and their discriminatory nature" in order to accurately instruct the jury as to the discovery rule.  See Svensson's Proposed Instruction Nos. 32.

Instruction No. 31:

This instruction should not include as a "meaningful difference" or "mitigating circumstance" who the comparator's supervisor was or what team the comparator worked on.  The differences between the immediate supervisors of Svensson and the comparator do not prevent the comparator from being similarly situate.  See Svensson's Proposed Instruction Nos. 38.

Nor does the fact that Svensson worked on a different team than the proposed comparator.  See Svensson's Proposed Instruction No. 17. This instruction should instruct the jury to look beyond job titles and focus on similarities or differences in job duties.  See Svensson's Proposed Instruction Nos. 16.

Additional instruction:

The court should include Svensson's Proposed Instruction No. 18 which states that evidence that Putnam discriminated against other

similarly situated females may be considered as evidence that a discriminatory atmosphere existed at Putnam.

LISA SVENSSON, plaintiff,

By her attorneys,

BARRON & STADFELD, P.C.

/s/ Kevin F. Moloney_____
Kevin F. Moloney    BBO No. 351000
Roger T. Manwaring  BBO NO. 548614
100 Cambridge Street, Suite 1310
Boston, Massachusetts  02114
Tel.: 617.723.9800/531.6569

and

/s/ John K. Weir_____
John K. Weir, Admitted PHV
John K. Weir Law Offices, LLC
300 Park Avenue, Suite 1700
New York, New York, 10022
Tel.: 212.572.6374

Dated: May 28, 2008

Certificate of Service.

    This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney_____

Dated: May 28, 2008

[431____.1]