UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SVENSSON,<br><br>                  Plaintiff,<br><br>    v.<br><br>PUTNAM INVESTMENTS, LLC,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 04-12711-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, PUTNAM INVESTMENTS' PROPOSED SUPPLEMENTAL
JURY INSTRUCTION WITH RESPECT TO EQUITABLE TOLLING**

Pursuant to Fed. R. Civ. P. 51, defendant, Putnam Investments LLC ("Putnam"), requests that this Court include the following instruction with respect to equitable tolling in its charge to the jury in this matter.

**PUTNAM'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 1**
**(Equitable Tolling)**

If you find that plaintiff experienced an adverse employment action when she was transferred from International Growth to Global Equity Research, you must next determine whether she filed a timely claim that the adverse action was the result of gender discrimination. Ordinarily, a plaintiff must file a discrimination clam within 300 days of the alleged adverse action -- in this case, within 300 days of March 12, 2002.[1]  Plaintiff did not do this.

---

[1] *See* Plaintiff's Trial Exhibit # 104, an email from Lisa Svensson to Steve Oristaglio, dated March 12, 2002, which demonstrates that she had been informed by Mr. Oristaglio before that date that she was being moved to GER.

- 2 -

However, plaintiff's claim still may be deemed timely if she proves by a preponderance of the evidence that Putnam held out the possibility of employment in other divisions or positions -- in particular, the possibility that she would be considered for Portfolio Manager positions as they became available. If plaintiff proves that Putnam did hold out such possibilities to her, she also must prove, by a preponderance of the evidence, that:

1. it was reasonable for her to believe that her transfer to GER was temporary; or
2. these possibilities offered by Putnam "lulled" her into not filing discrimination claims against Putnam so as to avoid jeopardizing a possible future transfer to portfolio management; or
3. these possibilities were "affirmatively misleading" and caused her to be unaware of the discriminatory animus with respect to her transfer.

If you find that plaintiff has met her burden with respect to one of the above three conditions by a preponderance of the evidence, you must determine whether one of these three conditions continued to exist at all times prior to May 6, 2003. If you find that plaintiff has failed to establish all of the above by a preponderance of the evidence, you must answer "no" to QA1.

**PUTNAM INVESTMENTS, LLC,**

By its attorneys,

/s/ Joseph L. Kociubes
Joseph L. Kociubes, BBO #276360
joe.kociubes@bingham.com
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Allyson E. Kurker, BBO #665231
allyson.kurker@bingham.com
Jennifer L. Holden, BBO #663467
jennifer.holden@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: May 28, 2008

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 28, 2008.

      /s/ Allyson E. Kurker, BBO #665231
      allyson.kurker@bingham.com